McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
Jared Gordon, #227980
Janae D. Lopes, #291427
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.  '17 CV 0192 AJB NLS <br><br> **COMPLAINT FOR:** <br><br> 1) **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 ET SEQ.;** <br> 2) **VIOLATION OF CALIFORNIA'S COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT (CALIFORNIA PENAL CODE § 502);** <br> 3) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;** <br> 4) **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200; AND** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, SATMODO, LLC, a California limited liability company, ("Plaintiff"),

hereby submits this Complaint against WHENEVER COMMUNICATIONS, LLC,

d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, and HENAA

1  BLANCO (collectively referred to as "Defendants"), and alleges as follows:

## I.
## PARTIES

4      1.    Plaintiff is a California limited liability company, with its principal place of business located at 239 Laurel St., Suite 101, San Diego, CA 92101. Plaintiff's business consists of satellite phone sales and rentals.

7      2.    Defendant, WHENEVER COMMUNICATIONS, LLC (hereinafter "Whenever Communications"), based on Plaintiff's information and belief is a Nevada limited liability company, doing business as SatellitePhoneStore.com, and is headquartered in Sarasota, Florida.

11      3.    Defendant, HENAA BLANCO, based on Plaintiff's information and belief, is a citizen of Nevada, and is an officer, director and/or managing agent of Whenever Communications, with power to bind and make decisions on behalf of Whenever Communications.

15      4.    In addition, based on information and belief, other owners, officers and/or members of Whenever Communications authorized, ratified and approved the actions as alleged in this Complaint, and are included as DOES 1 through 50 herein. Once these owners, officers and/or members names are made known to the Plaintiff, it will amended this Complaint accordingly.

## II.
## JURISDICTION AND VENUE

22      5.    Plaintiff's first cause of action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. Accordingly, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, in that the matters in dispute arise under federal statute.

25      6.    In addition, the matter in controversy exceeds the sum of $75,000, and the parties are citizens of different states, in that Plaintiff is deemed a California citizen, and Defendants are Nevada citizens or deemed to be Nevada or Florida citizens, for the purposes of 28 U.S.C. §1332.

7.     The Court has supplemental jurisdiction of Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(a), as they are so related to Plaintiff's federal law claims that they form part of the same case or controversy.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the District, both Plaintiff and Defendants regularly conduct business within this District, and Plaintiff's principal place of business and the computers through which it conducts its business as alleged herein are located within the District.

### III.
### INTRODUCTION

9.     This action arises out of Defendants' intentional and systematic fraudulent clicking on Plaintiff's paid search advertisements on various search engines, including Google, Bing, and Yahoo!, with the intent to harm Plaintiff. Online search advertisers, such as Plaintiff and Defendant Whenever Communications, LLC, generally pay the search engine each time someone clicks on their advertisements on the search results from the search engine. Upon information and belief, online search advertisers typically set a maximum amount per click, and a maximum daily or monthly budget they are willing to spend, for their search advertising campaigns. Plaintiff pays the various search engines for each click on Plaintiff's paid search advertisements, and Plaintiff sets a daily budget for the maximum amount it is willing to spend with each search engine. After the number of clicks, whether legitimate or fraudulent, causes Plaintiff to reach that budget, Plaintiff is effectively cut-off from further competition for valid clicks and the business that flows from valid clicks.

10.    "Click fraud" is the practice of generating clicks with a fraudulent or malicious intent, wherein the online search advertisements of an advertiser are clicked on for the sole purpose of forcing the advertiser to pay for the click despite the fact that the person or entity making the click has no intention of buying the advertised services or products.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO
STREET

11.     Upon Plaintiff's information and belief, Defendants have employed a click fraud scheme to exhaust Plaintiff's and other competitors' daily search advertising budgets, so that Defendants can monopolize the top positions of search engine advertisements, substantially reducing the amount Defendants pay to obtain top placement ads, and prematurely and fraudulently shutting out Plaintiff and other competitors from the market for the day.  Even after receiving correspondence from Plaintiff's counsel demanding that this fraudulent and unfair behavior cease, Defendants blatantly disregarded the request and continued their click fraud scheme. Plaintiff has been damaged as a result of this fraudulent click scheme, and therefore seek damages and other relief through this Complaint.

## IV.
## BACKGROUND FACTS FOR CLAIMS

### A.     Facts Regarding Industry

12.     Plaintiff and Defendant, Whenever Communications, are two of the three largest competitors in the online sale and rental of satellite phones.  In their industry, companies buy phones wholesale and then use the Internet to sell and rent these phones to online customers.

13.     Upon information and belief, Whenever Communications is the biggest online sales and rental company in the industry, and therefore has great knowledge of the industry, as well as Plaintiff's operations.

14.     The majority of sales and rentals in this industry are heavily reliant on the company's online presence.  Therefore, competitors are constantly transmitting their advertisements via search engines, presenting advertisements and updating those ads, as well as constantly bidding for advertisements against their direct competitors on the search engine websites.

15.     Based on the nature of the industry and the relatively large number of visitors and customers of Plaintiff over time, Plaintiff, and therefore other competitors in the industry, can determine the odds a click on an advertisement will produce a sale.

Each click has a probability that it will result in a sale, which is referred to as the conversion rate, and is commonly measured throughout the industry. Each of the search engines that provide online search advertising prohibit fraudulent clicks in their contracts with their search advertisers.

**B.    Facts Regarding Competition Between Plaintiff and Defendants**

16.    As stated above, Plaintiff and Whenever Communications are two of the three largest competitors in the sale and rental of the satellite phones, and are therefore direct competitors in the industry.

17.    Based on this direct competition, Plaintiff and Whenever Communications compete and advertise to the same pool of customers.

18.    If Plaintiff and/or other competitors in the online satellite phone market reach their daily search advertising budgets, then they stop competing for the day, and costs for search advertisements for the remaining online satellite phone competitors go down.   Therefore, not only did the Defendants' click fraud scheme directly harm Plaintiff, but it also had a correlating affirmative benefit to the Defendants in that they were no longer bidding with their biggest competitor, they received a better advertising rank for the day, and were able to make more sales at lower advertisement costs because there was less competition.

19.    In implementing the click fraud scheme, Defendants intentionally sought out Plaintiff's ads, clicking on them to present the false impression that they were intended customers, all to their direct benefit in order to receive lower advertising prices and get an upper hand in the market, and to the Plaintiff's direct damage by forcing Plaintiff to pay for the invalid clicks and to be prematurely eliminated from the market when the daily marketing budget had been falsely reached.

**C.    Wrongful Conduct of Defendants**

20.    Plaintiff suffered from various computer-related attacks on its business, beginning in 2016 and continuing in 2017. Through investigation, Plaintiff has learned that Whenever Communications, in substantial part through its officer, manager, and/or

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7047 North Fresno
Street

1  managing agent, Defendant, HENAA BLANCO, are responsible for the blatant and
2  direct attacks on Plaintiff's computers and fraud against Plaintiff's vendors, violating
3  state and federal law.

4       21.    Plaintiff recently observed a large increase in the number of fraudulent and
5  invalid clicks coming through Plaintiff's advertisements on multiple search engines,
6  including Google, Yahoo! and Bing's paid search ads, frequently appearing close in
7  time, usually originating from proxy servers or mobile communication providers in a
8  malicious attempt to hide the true identity of the source of the fraudulent clicks.

9       22.    While merely clicking through a search engine's organic search listings for
10  Plaintiff would not cause harm to Plaintiff, Defendants' campaign to generate
11  fraudulent clicks by targeting Plaintiff's paid search advertisements have caused
12  Plaintiff serious harm.  The cost per click is approximately $12 to $16, therefore
13  fraudulent clicks result in direct damage of the cost per click, as well as sales had the
14  clicks been legitimate.

15       23.    Plaintiff has a daily budget for advertisements, and once exceeded, no
16  longer competes in the market for advertisements that day.    Whenever
17  Communications' fraudulent clicks caused Plaintiff to, at times, exceed its daily budget
18  prematurely, thus removing it from competition to bid on clicks against Whenever
19  Communications, allowing Whenever Communications to achieve a top three paid
20  search listing at a substantially reduced price, and eliminating Plaintiff from potential
21  customers searching for satellite phones on search engines until the next day.  It is
22  Plaintiff's belief that Defendants intended to harm Plaintiff by creating invalid clicks,
23  because the invalid clicks cease once they had achieved their intended goal, i.e., once
24  Plaintiff exceeded its budget and was no longer bidding on advertisements for the day.

25       24.    In addition, Defendants have caused lower advertising costs for their
26  business, and created higher profit margins for themselves based on this fraudulent
27  scheme, in that they were able to lower their costs, once they had forced Plaintiff out of
28  the market for the day.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO
STREET

25.     Plaintiff has observed the fraudulent clicks coming from Sarasota, Florida, including IP address 173.163.220.134, which Plaintiff is informed and believes is a Comcast Communications IP address directly tied to Whenever Communications.

26.     On or about August 22, 2016, Plaintiff observed Whenever Communications "hit" its homepage from the previously referenced IP address approximately 96 times in a span of just a few minutes, evidencing the work of non-human operations.

27.     Upon information and belief, Defendants are using automated means to cause fraudulent clicks on Plaintiff's online search ads and to view Plaintiff's website. Such automated means allow Plaintiff to rotate through multiple proxy servers and IP addresses to make detection and prevention of Defendants' fraudulent scheme more difficult.

28.     Plaintiff also observed a spoofed address that resolved to Sarasota, Florida, the location of Whenever Communications' headquarters, but was listed as originating from Canada, and other IP addresses that resolved in nearby towns, including the town in which Defendant, HENAA BLANCO, resides when in Florida.

29.     In response to the detection of the click fraud scheme, Plaintiff blocked various IP addresses associated with Defendants, and instead of ceasing these actions, Defendants began to use proxy servers that automatically rotated IP addresses to strategically avoid the Plaintiff's blocking efforts.

30.     In addition, Plaintiff has similarly observed a dramatic increase in the number of online chats initiated by fake customers. Plaintiff's total chat requests have dramatically increased, and a large majority of the additional chat requests use a prewritten script to tactically extract pricing information from the Plaintiff under the false pretenses of being an interested potential customer and tie up Plaintiff's customer service agents, without any actual intention to rent or purchase a satellite phone. The IP addresses for the fake chat requests resolve to similar IP address sources as the fraudulent clicks stated above.

31.    Plaintiff has frequently recorded locations of the fraudulent clicks and chat requests, alleged above, when the IP addresses were not masked by proxy servers, and the IP address locations corresponded to Lakeland, Florida, Las Vegas, Nevada, and San Diego, California.  All cities are near or around where Whenever Communications has offices in the corresponding state, and Plaintiff has been informed and believes that Defendant, HENAA BLANCO also maintains or frequents a residence in or around each of these cities.

32.    In or about September 2016, Defendants were notified in writing by Plaintiff's counsel about their wrongful behavior and a demand was made that these actions cease immediately.  Although they had received notice, Defendants blatantly disobeyed this request and continued to press forward with the click fraud scheme. Plaintiff gave the Defendants the opportunity to stop this fraudulent scheme by putting them on notice, but instead Defendants maliciously disregarded and ignored the request and continued their behavior in order to continue to profit in the industry at the expense of the Plaintiff in the market.

33.    In addition, Plaintiff has learned Whenever Communications has used third party services to initiate spoofed phone calls via Google's mobile paid search ads. The calls at issue featured nearly unintelligible callers from overseas that responded with a barrage of curse words, harassing Plaintiff's employees.

34.    As a result of Defendants' wrongful conduct, Plaintiff has been damaged in that it paid for invalid clicks that were fraudulently created by the Defendants, Plaintiff lost sales based on the invalid clicks, and Plaintiff lost sales during the period of time in which it had prematurely exceeded its daily budget and was shut out of the marketplace and the resulting costs Plaintiff's paid for invalid and fraudulent clicks. Defendants similarly benefitted from its fraudulent scheme by paying lower search advertising costs and obtaining more sales when Plaintiff was no longer competing in the marketplace.

**FIRST CAUSE OF ACTION**
**(Violation of the Computer Fraud and Abuse Act- 18 U.S.C. § 1030 et  seq.)**
**(Against All Defendants)**

35.     Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1 through 34, as though fully set forth herein.

36.     The Computer Fraud and Abuse Act ("CFAA") provides that a civil action may be maintained by any person who suffers damage or loss by reason of violation of that statute for compensatory damages, injunctive relief or other equitable relief, under 18 U.S.C. § 1030(g).

37.     Defendants, and each of them, accessed Plaintiff's computers by logging onto the search engine website in which Plaintiff used to facilitate its business and violated the terms and conditions of the search engine advertising contracts by producing invalid clicks on Plaintiff's advertisements each day for several months in 2016 and continuing into 2017, which caused Plaintiff to prematurely reach and exceed its daily budget, forcing Plaintiff to pay for invalid clicks, lose profits for those clicks, as well as to lose profits during the time they had exceeded their daily budget.

38.     Plaintiff's computers are "protected computers" under the CFAA, as Plaintiff uses its computers in a manner that affects interstate or foreign commerce or communications, as Plaintiff's business, conducted through its computers and servers, consists of the online sale and rental of satellite phones to its customers, located throughout the United States, and its phones are used by its customers throughout the United States and in foreign countries.

39.     Defendants, and each of them, have violated the CFAA, including but not limited to the following actions:

(a)     Plaintiff is informed and believes Defendants, and each of them, knowingly and with the intent to defraud, accessed Plaintiff's protected computer without authorization, or by exceeding authorized access (including after receiving notice from Plaintiff's counsel in September 2016) and by means of such conduct furthered the intended fraud by 1) producing invalid clicks on Plaintiff's advertisements

1 | each day for several months and 2) not only damaged the Plaintiff with the costs of the
2 | invalid clicks and Plaintiff's lost sales and profits for those invalid clicks, as well as lost
3 | profits during the time Plaintiff had exceeded its daily advertising budget, but
4 | Defendants also obtained something of value by receiving additional sales and high
5 | profit margins and received lower costs for their advertisements when Plaintiff was no
6 | longer able to bid, exceeding $5,000 in the year of 2016, in violation of the CFAA, 18
7 | U.S.C. § 1030(a)(4).

8 |        (b)    Defendants, and each of them, knowingly caused the transmission of
9 | information, code or command, by accessing the search engine website that Plaintiff
10 | used to facilitate its business and violated the terms and conditions of the search engine
11 | advertising contracts by producing invalid clicks on Plaintiff's advertisements nearly
12 | every day in 2016 and continuing into 2017 (including after Plaintiff sent Defendants a
13 | cease and desist letter), thereby transmitting false information to the Plaintiff and search
14 | engines and as a result of such conduct intentionally caused damage to Plaintiff by
15 | excluding it from the market prematurely when it wrongly appeared Plaintiff had
16 | exceeded its daily advertising budget, causing Plaintiff to pay the costs of invalid
17 | clicks, and lose sales and profits from those clicks, as well as loss of profits during the
18 | time in which Plaintiff prematurely exceeded its advertising budget, without
19 | authorization to a protected computer, in violation of CFAA, 18 U.S.C. §1030(a)(5)(A).

20 |        (c)    Defendants, and each of them, intentionally accessed a protected
21 | computer by accessing the search engine website in which Plaintiff used to facilitate its
22 | business and violated the terms and conditions of the search engine advertising
23 | contracts by producing invalid clicks on Plaintiff's advertisements nearly every day for
24 | several months in 2016 and continuing into 2017 (including after Plaintiff sent
25 | Defendants a cease and desist letter), and as a result of such conduct, recklessly caused
26 | Plaintiff damage by excluding it from the market prematurely when it wrongly
27 | appeared Plaintiff had exceeded its daily advertising budget, causing Plaintiff to pay the
28 | costs of invalid clicks, and lose sales and profits from those clicks, and lose profits

1 | during the time in which Plaintiff prematurely exceeded its advertising budget, without
2 | authorization to a protected computer, in violation of the CFAA, 18 U.S.C. §
3 | 1030(a)(5)(B).

4 |        (d)   Defendants, and each of them, intentionally accessed a protected
5 | computer without authorization, by accessing the search engine website that Plaintiff
6 | used to facilitate its business and violated the terms and conditions of the search engine
7 | advertising contracts by producing invalid clicks on Plaintiff's advertisements nearly
8 | every day for several months in 2016 and continuing into 2017 (including after Plaintiff
9 | sent Defendants a cease and desist letter) and as a result of such conduct, caused
10 | Plaintiff damage by excluding it from the market prematurely when it wrongly
11 | appeared Plaintiff had exceeded its daily advertising budget and caused Plaintiff loss by
12 | forcing Plaintiff to pay the costs of invalid clicks, and lose sales and profits from those
13 | clicks, as well as lose profits during the time in which Plaintiff prematurely exceeded
14 | its advertising budget, without authorization to a protected computer, in violation of the
15 | CFAA, 18 U.S.C. § 1030(a)(5)(C).

16 |     40.   As a result of Defendants' actions, Plaintiff has suffered damages and
17 | economic loss, the amount exceeds $75,000 in real economic damages during a one
18 | year period, the value to be determined according to proof.

19 |     41.   Defendants' unlawful actions, in violation of the CFAA, have caused
20 | irreparable injury to Plaintiff and Plaintiff's business. Unless restrained and enjoined,
21 | Defendants will continue to commit such acts in violation of this federal statute.
22 | Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted and/or
23 | threatened by Defendants, entitling Plaintiff to injunctive relief, as provided by 18
24 | U.S.C. § 1030(g).

25
26
27
28

### SECOND CAUSE OF ACTION
**(Violation of California Comprehensive Computer Data Access and Fraud Act-Penal Code § 502)**
**(Against All Defendants)**

42.     Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1 through 34, as though fully set forth herein.

43.     Under California's Comprehensive Computer Data Access and Fraud Act, California Penal Code §502, civil remedies are available to those who suffer loss by reason of a violation of the statute.  Under California Penal Code § 502(e), in addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation of California Penal Code § 502(c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief.

44.     Defendants, and each of them, knowingly accessed and without permission altered, damaged, deleted, destroyed, or otherwise used various search engines' and Plaintiff's data, computers, computer systems, or computer networks in order to devise or execute a scheme or artifice to defraud, deceive, or wrongfully control or obtain money, property, or data by accessing the search engine websites that Plaintiff used to facilitate its business and violated the terms and conditions of the search engine advertising contracts by producing invalid clicks on Plaintiff's advertisements nearly every day for several months in 2016 and continuing into 2017 (including after Plaintiff sent Defendants a cease and desist letter), creating a scheme of invalid clicks on Plaintiff's advertisements, to Plaintiff's injury, by forcing Plaintiff to pay the costs of invalid clicks, and lose sales and profits from those clicks, as well as loss of profits during the time in which Plaintiff prematurely exceeded its advertising budget, and Defendants' benefit of receiving lower advertisement costs and receiving additional sales when Plaintiff was no longer in the marketplace after exceeding their daily advertising budget, in violation of California Penal Code §502(c)(1).

45.     Defendants, and each of them, knowingly and without permission, used or

caused to be used computer services by accessing the search engine website that Plaintiff used to facilitate its business and violated the terms and conditions of the search engine advertising contracts by producing invalid clicks on Plaintiff's advertisements nearly every day for several months in 2016 and continuing into 2017 (including after Plaintiff sent Defendants a cease and desist letter), creating a scheme of invalid clicks on Plaintiff's advertisements, to Plaintiff's injury, by forcing Plaintiff to pay the costs of invalid clicks, and lose sales and profits from those clicks, as well as loss of profits during the time in which Plaintiff prematurely exceeded its advertising budget, and Defendants' benefit of receiving lower advertisement costs and receiving additional sales when Plaintiff was no longer in the marketplace after exceeding their daily advertising budget, in violation of California Penal Code § 502(c)(3).

46.    Defendants, and each of them, knowingly and without permission disrupted and/or caused disruption of computer services or denied or caused the denial of computer services to an authorized user of a computer, computer system or computer network by accessing the search engine website that Plaintiff used to facilitate its business and violated the terms and conditions of the search engine advertising contracts by producing invalid clicks on Plaintiff's advertisements nearly every day for several months in 2016 and continuing into 2017 (including after Plaintiff sent Defendants a cease and desist letter), causing Plaintiff damage by excluding it from the market prematurely when it wrongly appeared Plaintiff had exceeded its daily advertising budget and caused Plaintiff loss by forcing Plaintiff to pay the costs of invalid clicks, and lose sales and profits from those clicks, as well as loss of profits during the time in which Plaintiff prematurely exceeded its advertising budgets, in violation of California Penal Code § 502(c)(5).

47.    Defendants, and each of them, knowingly and without permission accessed or caused to be accessed the search engines' and Plaintiff's computers, computer systems or computer network, by accessing the search engine website that Plaintiff used to facilitate its business and violated the terms and conditions of the search engine

1 advertising contracts by producing invalid clicks on Plaintiff's advertisements nearly
2 every day for several months in 2016 and continuing into 2017 (including after Plaintiff
3 sent Defendants a cease and desist letter), through its click fraud scheme, in violation of
4 California Penal Code § 502(c)(7).

5      48.    As a result of Defendants' actions, Plaintiff has suffered damages, and
6 requests compensatory damages be awarded, according to proof, for the costs of invalid
7 clicks paid by Plaintiff, and lost sales and profits resulting from the fraudulent clicks, as
8 well as loss of profits during the time in which Plaintiff prematurely exceeded its
9 advertising budget, and disgorgement of Defendants' monetary benefit of receiving
10 lower advertisement costs and receiving additional sales when Plaintiff was no longer
11 in the marketplace after exceeding their daily advertising budget, as well as any
12 expenditures Plaintiff reasonably and necessarily incurred to verify that its computer
13 systems, computer network, computer programs, or data were not altered, damaged, or
14 deleted by Defendants' wrongful conduct.

15      49.    Defendants' unlawful actions, in violation of California Penal Code § 502,
16 have caused irreparable injury to Plaintiff and Plaintiff's business.  Unless restrained
17 and enjoined, Defendants will continue to commit such acts in violation of this statute.
18 Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted and/or
19 threatened by Defendants, entitling Plaintiff to injunctive relief, as provided by
20 California Penal Code § 502(e)(1).

21      50.    Further, Plaintiff requests reasonable attorney's fees be awarded, pursuant
22 to California Penal Code § 502(e)(2).

23      51.    Defendants, and each of them, willfully violated this statute, and
24 Defendants' actions were oppressive, fraudulent and malicious, and therefore Plaintiff
25 is entitled to punitive or exemplary under California Penal Code § 502(e)(4).

26
27
28

### THIRD CAUSE OF ACTION
### (Intentional Interference with Prospective Economic Advantage)
### (Against All Defendants)

52.   Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1 through 34, as though fully set forth herein.

53.   Plaintiff had prospective economic relationships with a certain percentage of all individuals making valid clicks on its paid advertisements.

54.   As stated above, there is a known proportionality between clicks and how many of those clicks lead to a purchase, therefore, based on Defendants' knowledge of the industry, Defendants would have knowledge of Plaintiff's economic relationship with the customers and potential customers of the market and that there was a measurable probability that the economic benefit would arise and/or continue in the future with a known proportion of these clicks, had they been made by legitimate potential customers and not fraudulently by Defendants.

55.   Defendants, and each of them, knew of the above described economic relationship with Plaintiffs and customers and potential customers utilizing the Plaintiff's online search advertisements, in that Plaintiff and Defendants both advertised on the same online search engines and competed from the same pool of customers, and therefore Defendants were aware of the economic relationship between the Plaintiff and potential customers.  Defendants, and each of them, knew of the above described prospective economic relationship between the Plaintiff and its customers and/or potential customers.

56.   In or about 2016, and continuing into 2017, Defendants intentionally interfered with Plaintiff's economic relationship with potential customers, all with the intent to harm Plaintiff financially, also required Plaintiff to pay for the invalid clicks to the search engine companies, and eliminated Plaintiff from the search advertising marketplace by causing Plaintiff to more quickly reach its daily advertising budget.

57.   Defendants' acts, as described above, constituted an unfair trade practice in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., California

1  Business and Professions Code section 17200 and California Penal Code section 502 et

2  seq.

3       58.    Defendants' fraudulent click scheme has disrupted Plaintiff's relationship

4  with potential customers as Plaintiff was required to pay the costs of invalid clicks, lost

5  sales and profits from those clicks, as well as the lost sales to the proportion of clicks

6  made, had they been legitimate, as a result of the invalid and fraudulent clicks.

7       59.    As a proximate result of Defendants' conduct, Plaintiff has suffered

8  damages.

9       60.    The aforementioned acts of Defendants, and each of them, were willful,

10  oppressive, fraudulent and malicious, as Defendants, and each of them, and therefore

11  Plaintiff is entitled to punitive damages.

12       61.    Defendants, and each of them, threaten to, and unless restrained, will

13  disrupt other economic relationships between Plaintiff and Plaintiff's customers and

14  potential customers, to Plaintiff's great and irreparable injury, for which damages

15  would not afford adequate relief.

16
                      **FOURTH CAUSE OF ACTION**

17  **(Unfair Business Practices- California Business and Professions Code § 17200)**
                            **(Against All Defendants)**

18
19       62.    Plaintiff repeats and re-alleges each of the allegations contained in

20  Paragraphs 1 through 34, as though fully set forth herein.

21       63.    Defendant, WHENEVER COMMUNICATIONS, LLC, d.b.a.

22  SatellitePhoneStore.com, is a business incorporated in the State of Nevada, and at all

23  times herein mentioned, conducted business and had a business location in the State of

24  California.

25       64.    Defendant, HENAA BLANCO, is an officer, director and/or managing

26  agent of Defendant, Whenever Communications.

27       65.    Beginning in or about 2016, and continuing to the present time,

28  Defendants, and each of them, visited the search engine websites and intentionally and

1  fraudulently caused invalid clicks on Plaintiff's advertisements and as a result of such

2  conduct, recklessly caused Plaintiff damage by forcing Plaintiff to pay for invalid

3  clicks, to lose profits for sales for those clicks had they been from legitimate potential

4  customers and profits lost during the time in which it had exceeded its daily budget and

5  could not advertise to potential customers.

6      66.    Defendants, and each of them, conducted a click fraud scheme in order to

7  unfairly and fraudulently take the Plaintiff, one of its main competitors, out of the

8  marketplace for a period of time, all to the Defendants' benefit, such as receiving lower

9  advertisement costs, having high profit margins, and receiving additional sales when

10  Plaintiff was no longer in the marketplace after exceeding their daily advertising budget

11  in violation of California Business and Professions Code section 17200, as these acts

12  were unlawful, unfair and/or fraudulent business acts and practices.

13      67.    As a direct, proximate, foreseeable, and intended result of the Defendants'

14  wrongful conduct, as alleged above, Plaintiff was damaged. The Plaintiff is entitled to

15  relief, including full restitution and/or disgorgement of all revenues, earnings, profits,

16  compensation, and benefits obtained by Defendants, and each of them as a result of

17  such unfair business acts or practices.

18      68.    The Defendants, and each of them, have failed and have refused to accede

19  to the Plaintiff's request for Defendants to immediately cease its unlawful conduct and

20  to refund Plaintiff for costs from fraudulent clicks, lost employee time, dealing with the

21  results of Defendants' wrongful conduct, and lost sales and profits as a result of

22  Defendants' wrongful conduct.

23      69.    Plaintiff is informed and believes that the Defendants, and each of them,

24  will continue to do these acts unless the court orders the Defendants, and each of them,

25  to cease and desist, therefore Plaintiff requests injunctive relief pursuant to California

26  Business and Professions Code section 17203.

27

28      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno
Street

them, as set forth below:

**FIRST CAUSE OF ACTION:**

1. An award of compensatory damages, to be determined according to proof;

2. For injunctive relief enjoining the Defendants, and the Defendants' agents, servants, and employees, and all persons acting under or in concert with them, to cease and desist from the following acts:

(a) From continuing the click fraud scheme against the Plaintiff, wherein the Defendants produce invalid and fraudulent clicks on Plaintiff's ads; and

(b) From placing any online search advertisements for satellite phone sales and rentals;

3. Other equitable relief, as the Court may deem proper;

**SECOND CAUSE OF ACTION:**

4. An award of compensatory damages, to be determined according to proof;

5. For injunctive relief enjoining the Defendants, and the Defendants' agents, servants, and employees, and all persons acting under or in concert with them, to cease and desist from the following acts:

(a) From continuing the click fraud scheme against the Plaintiff, wherein the Defendants produce invalid and fraudulent clicks on Plaintiff's ads; and

(b) From placing or purchasing any online search advertisements for satellite phone sales and rentals;

6. For reasonable attorney's fees, incurred in this action;

7. For exemplary and punitive damages;

8. Other equitable relief, as the Court may deem proper;

**THIRD CAUSE OF ACTION:**

9. An award of damages, to be determined according to proof;

10. For exemplary and punitive damages;

11. For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth in this pleading, during the

1   pendency of this action;

2        12.    For a temporary restraining order, a preliminary injunction, and a

3   permanent injunction, all enjoining Defendants, and each of them from continuing the

4   click fraud scheme against the Plaintiff, wherein the Defendants produce invalid and

5   fraudulent clicks on Plaintiff's ads, as well as enjoining Defendants from taking part in

6   any online search advertisements for satellite phone sales and rentals;

7   **FOURTH CAUSE OF ACTION**

8        13.    For restitution to the Plaintiff of all sums unlawfully collected by

9   Defendants, at the Plaintiff's expense, since the beginning of 2016;

10       14.    For interest on these sums at the legal rate from the date of each unlawful

11  collection;

12       15.    For a permanent injunction enjoining the Defendants , and the Defendants'

13  agents, servants, and employees, and all persons acting under or in concert with them,

14  to cease and desist from the following acts:

15            (a)    From continuing the click fraud scheme against the Plaintiff,

16  wherein the Defendants produce invalid and fraudulent clicks on Plaintiff's ads; and

17            (b)    From placing any online search advertisements for satellite phone

18  sales and rentals;

19  **ALL CAUSES OF ACTION:**

20       16.    For costs incurred; and

21       17.    For any other and further relief as the court may deem proper.

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO
STREET

19

1

Dated:  January 31 , 2017                    McCORMICK, BARSTOW, SHEPPARD,
2                                                          WAYTE & CARRUTH LLP
3

4

5                                                   By:_____
6                                                            Scott J. Ivy
                                                              Jared Gordon
7                                                            Janae D. Lopes
8                                             Attorneys for Plaintiff, SATMODO, LLC

9

10

11                          **JURY TRIAL DEMAND**
12
       Plaintiff, SATMODO, LLC, demands a trial by jury.
13
Dated:  January 31 , 2017                    McCORMICK, BARSTOW, SHEPPARD,
14                                                        WAYTE & CARRUTH LLP
15

16

17                                                  By:_____
18                                                           Scott J. Ivy
                                                              Jared Gordon
19                                                           Janae D. Lopes
                                             Attorneys for Plaintiff, SATMODO, LLC
20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO
STREET