1 | McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2 | Scott J. Ivy, #197681
   *Scott.ivy@mccormickbarstow.com*
3 | Devon R. McTeer #230539
   *devon.mcteer@mccormickbarstow.com*
4 | Jared Gordon, #227980
   *Jared.gordon@mccormickbarstow.com*
5 | 7647 North Fresno Street
Fresno, California 93720
6 | Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300
7 |
8 | Attorneys for Plaintiff, SATMODO, LLC

9 | UNITED STATES DISTRICT COURT

10 | SOUTHERN DISTRICT OF CALIFORNIA

11 |

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | Case No. 17-CV-0192-AJB NLS |
| Plaintiff, | **DECLARATION OF SCOTT J. IVY IN SUPPORT MOTION FOR LEAVE TO SERVE EXPEDITED DISCOVERY** |
| v. | |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive, | Judge: Hon. Nita L. Stormes<br>Date:   September 21, 2017<br>Time:   2:30 p.m.<br>Crtrm.: 3-B |
| Defendants. | Action Filed:  February 1, 2017<br>Trial Date:   None Set |

I, Scott J. Ivy, declare as follows:

1.     I am an attorney duly admitted to practice before the Courts of the State of California and before this Court.  I am Of Counsel to the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth LLP, attorneys of record for Plaintiff, SATMODO, LLC ("Plaintiff") in the above-entitled action.

2.     If called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge except where stated upon information and belief and, as to these matters, I am informed and believe them to be true. I am

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

17-CV-0192-AJB NLS

IVY DECL. IN SUPPORT OF MOTION FOR LEAVE TO SERVE EXPEDITED DISCOVERY

1   submitting this Declaration in support of the Motion for Leave to Serve Expedited

2   Discovery on behalf of Plaintiff.

3         3.     Plaintiff commenced this action by filing a Complaint on or about

4   February 1, 2017 with information and belief that various entities and individuals,

5   including Defendants Whenever Communications, LLC, dba SatellitePhoneStore.com

6   and Henaa Blanco had engaged in this intentional and systematic invalid clicking on

7   Plaintiff's paid search advertisements with the intent to harm Plaintiff.  In short,

8   Plaintiff has alleged that Defendants Whenever Communications, LLC and Henna

9   Blanco ("the Named Defendants") have engaged in the wrongful acts of "click fraud."

10         4.     As part of the Complaint, Plaintiff asserted claims against Doe Defendant

11   Numbers 1-50. (See Complaint at ¶4.) Because these Doe Defendants used the internet

12   to commit this fraud, Plaintiff has not been able to determine their names and other

13   identifying information.

14         5.     Plaintiff seeks leave of Court to serve Rule 45 Subpoenas, on an expedited

15   basis, upon the Doe Defendants' ISP so that Plaintiff may learn the Doe Defendants'

16   true identity in order to serve the Doe Defendants with Plaintiff's First Amended

17   Complaint.  The Subpoena will demand the true names, physical addresses, email

18   addresses and telephone numbers of the Doe Defendants.  Plaintiff will only use this

19   information to prosecute the claims made in the Complaint.  Without this information,

20   Plaintiff cannot serve the Doe Defendants nor pursue this lawsuit to protects its rights.

21         6.     Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff's

22   draft third-party Subpoena to the ISPs.

23         7.     On May 9, 2017, I wrote to Matthew V. Herron, counsel for the Named

24   Defendants, asking if he would stipulate to allow us to serve the third-party Subpoenas

25   at issue. Attached hereto as **Exhibit "B"** is a true and correct copy of my May 9th

26   correspondence.  I did not receive a response to this letter.  Thus, on May 16, 2017, I

27   wrote a second letter to Mr. Herron asking him to meet and confer with me relating to

28   our request to serve Subpoenas prior to the Scheduling Conference. Attached hereto as

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

17-CV-0192-AJB NLS

IVY DECL. IN SUPPORT OF MOTION FOR LEAVE TO SERVE EXPEDITED DISCOVERY

**Exhibit "C"** is a true and correct copy of my May 16th correspondence. I did not receive a response to this letter. On May 17, 2017, Mr. Herron sent me correspondence refusing to stipulate to the expedited discovery proposed. Attached hereto as **Exhibit "D"** is a true and correct copy of Mr. Herron's correspondence. I again wrote to Mr. Herron on May 24, 2017 attempted to address the concerns set forth in his letter. A true and correct copy of my May 24th letter is attached hereto as **Exhibit "E."**

8.     On Friday morning, August 18, 2017, my office reached out to Mr. Herron via telephone and left a voicemail asking him if he would stipulate to the present request for limited expedited discovery. He did not return our telephone call. Initially, we followed up with a letter to Mr. Herron that afternoon and notified him of our intent to file an Ex Parte Application. A true and correct copy of this August 18, 2017 letter is attached hereto as **Exhibit "F."** On Monday, August 21, 2017, I received a letter from Mr. Herron stating that his position had not changed. A true and correct copy of this August 21, 2017 letter is attached hereto as **Exhibit "G."**

9.     On August 24, 2017, we notified Mr. Herron of our intent to withdraw the Ex Parte Application. We also asked if he would be willing to stipulate to an early Scheduling Conference. As of the time of this filing, we have not heard back from Mr. Herron. Thus, unfortunately, the parties were never able to reach an agreement to allow Plaintiff to proceed with this limited discovery prior to the Rule 26 Conference. A true and correct copy of this August 24, 2017 letter is attached hereto as **Exhibit "H."**

10.     It was initially our intent to wait to serve these third-party Subpoenas after the parties attended the Rule 26(f) Conference to be scheduled once the pending Motion to Dismiss, originally scheduled to be heard August 10, 2017, was heard. However, the Court recently continued the hearing on that Motion until October 19, 2017 [Doc. No. 17]. Therefore, a Conference has not yet been scheduled and likely will not be scheduled until early November. If Plaintiff is forced to wait to serve the third party subpoenas at issue until after the Conference takes place, there is a strong likelihood the information sought in the Subpoenas may no longer be available. Thus, Plaintiff seeks

the ability to serve a limited amount of third party Subpoenas to these ISP's in order to preserve the information sought while the parties wait to attend the Rule 26(f) Conference.

11.   Once the information sought is ascertained, Plaintiff will be able to amend its Complaint to state the true name of all or some of the Doe Defendants and to meet and confer pursuant to Federal Rule of Civil Procedure 26(f).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed by me on August 24, 2017, at Fresno, California.

_____
/sScott Ivy
Scott J. Ivy
Attorneys for Plaintiff, SATMODO, LLC
Email:
scott.ivy@mccormickbarstow.com

18265-00000 4671229.1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

17-CV-0192-AJB NLS

IVY DECL. IN SUPPORT OF MOTION FOR LEAVE TO SERVE EXPEDITED DISCOVERY

***SATMODO, LLC v. WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, et al.***

United States Eastern District of California, Southern District of California Case No. 17-CV-0192-AJB NLS

Exhibits To Declaration of Scott J. Ivy in Support of Motion for Leave to Serve Expedited Discovery

| DESCRIPTION | LOCATION | PAGE NO. |
|---|---|---|
| Plaintiff's draft third-party Subpoenas to the ISPs | Exhibit A | 1 |
| Correspondence from Scott J. Ivy to Matthew V. Herron dated May 9, 2017 | Exhibit B | 101 |
| Correspondence from Scott J. Ivy to Matthew V. Herron dated May 16, 2017 | Exhibit C | 102 |
| Correspondence from Matthew V. Herron to Scott J. Ivy dated May 17, 2017 | Exhibit D | 104 |
| Correspondence from Scott J. Ivy to Matthew V. Herron dated May 24, 2017 | Exhibit E | 106 |
| Correspondence from Devon R. McTeer to Matthew Herron dated August 18, 2017 | Exhibit F | 109 |
| Correspondence from Matthew V. Herron to Devon R. McTeer dated August 21, 2017 | Exhibit G | 110 |
| Correspondence from Devon R. McTeer to Matthew Herron dated August 24, 2017 | Exhibit H | 111 |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17-CV-0192-AJB NLS

IVY DECL. IN SUPPORT OF MOTION FOR LEAVE TO SERVE EXPEDITED DISCOVERY

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

SATMODO, LLC, a California limited liability
company,

*Plaintiff*

v.

WHENEVER COMMUNICATIONS, LLC, d.b.a.
SatellitePhoneStore.com, a Nevada limited liability
company, et al.

*Defendant*

)
)
)
)
)
)
)

Civil Action No. 17-CV-0192-AJB NLS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, AT&T Mobility, LLC, c/o C T Corporation System, Agent for Service of Process, 818 W.
7th St., Suite 930, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time:<br>September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August ____, 2017

     *CLERK OF COURT*

             OR

_____  _____
  *Signature of Clerk or Deputy Clerk*       *Attorney's signature*
               Devon R. McTeer

                         Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 1

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 3

# ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

## DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, AT&T Mobility, LLC, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.      "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.      "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.      "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.      EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.      For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.     Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.     IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.     If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|---|---|---|
| 107.77.193.170 | AT&T Mobility LLC | AS20057 |
| 107.77.194.35 | AT&T Mobility LLC | AS20057 |
| 107.77.196.100 | AT&T Mobility LLC | AS20057 |
| 107.77.196.107 | AT&T Mobility LLC | AS20057 |
| 107.77.196.108 | AT&T Mobility LLC | AS20057 |
| 107.77.196.11 | AT&T Mobility LLC | AS20057 |
| 107.77.196.110 | AT&T Mobility LLC | AS20057 |
| 107.77.196.115 | AT&T Mobility LLC | AS20057 |
| 107.77.196.116 | AT&T Mobility LLC | AS20057 |
| 107.77.196.117 | AT&T Mobility LLC | AS20057 |
| 107.77.196.117 | AT&T Mobility LLC | AS20057 |
| 107.77.196.124 | AT&T Mobility LLC | AS20057 |
| 107.77.196.136 | AT&T Mobility LLC | AS20057 |
| 107.77.196.138 | AT&T Mobility LLC | AS20057 |
| 107.77.196.144 | AT&T Mobility LLC | AS20057 |
| 107.77.196.149 | AT&T Mobility LLC | AS20057 |
| 107.77.196.157 | AT&T Mobility LLC | AS20057 |
| 107.77.196.159 | AT&T Mobility LLC | AS20057 |
| 107.77.196.160 | AT&T Mobility LLC | AS20057 |
| 107.77.196.169 | AT&T Mobility LLC | AS20057 |
| 107.77.196.183 | AT&T Mobility LLC | AS20057 |
| 107.77.196.184 | AT&T Mobility LLC | AS20057 |
| 107.77.196.185 | AT&T Mobility LLC | AS20057 |
| 107.77.196.190 | AT&T Mobility LLC | AS20057 |
| 107.77.196.195 | AT&T Mobility LLC | AS20057 |
| 107.77.196.200 | AT&T Mobility LLC | AS20057 |
| 107.77.196.201 | AT&T Mobility LLC | AS20057 |
| 107.77.196.203 | AT&T Mobility LLC | AS20057 |
| 107.77.196.208 | AT&T Mobility LLC | AS20057 |
| 107.77.196.21 | AT&T Mobility LLC | AS20057 |
| 107.77.196.224 | AT&T Mobility LLC | AS20057 |
| 107.77.196.226 | AT&T Mobility LLC | AS20057 |
| 107.77.196.233 | AT&T Mobility LLC | AS20057 |
| 107.77.196.24 | AT&T Mobility LLC | AS20057 |
| 107.77.196.38 | AT&T Mobility LLC | AS20057 |
| 107.77.196.4 | AT&T Mobility LLC | AS20057 |
| 107.77.196.47 | AT&T Mobility LLC | AS20057 |
| 107.77.196.49 | AT&T Mobility LLC | AS20057 |
| 107.77.196.51 | AT&T Mobility LLC | AS20057 |
| 107.77.196.52 | AT&T Mobility LLC | AS20057 |
| 107.77.196.57 | AT&T Mobility LLC | AS20057 |
| 107.77.196.6 | AT&T Mobility LLC | AS20057 |
| 107.77.196.64 | AT&T Mobility LLC | AS20057 |
| 107.77.196.66 | AT&T Mobility LLC | AS20057 |
| 107.77.196.68 | AT&T Mobility LLC | AS20057 |
| 107.77.196.69 | AT&T Mobility LLC | AS20057 |

| IP | ISP | ASN |
|---|---|---|
| 107.77.196.70 | AT&T Mobility LLC | AS20057 |
| 107.77.196.76 | AT&T Mobility LLC | AS20057 |
| 107.77.196.8 | AT&T Mobility LLC | AS20057 |
| 107.77.196.82 | AT&T Mobility LLC | AS20057 |
| 107.77.196.83 | AT&T Mobility LLC | AS20057 |
| 107.77.196.85 | AT&T Mobility LLC | AS20057 |
| 107.77.196.90 | AT&T Mobility LLC | AS20057 |
| 107.77.196.98 | AT&T Mobility LLC | AS20057 |
| 107.77.196.99 | AT&T Mobility LLC | AS20057 |
| 107.77.199.65 | AT&T Mobility LLC | AS20057 |
| 107.77.202.137 | AT&T Mobility LLC | AS20057 |
| 107.77.203.231 | AT&T Mobility LLC | AS20057 |
| 107.77.204.10 | AT&T Mobility LLC | AS20057 |
| 107.77.204.100 | AT&T Mobility LLC | AS20057 |
| 107.77.204.107 | AT&T Mobility LLC | AS20057 |
| 107.77.204.128 | AT&T Mobility LLC | AS20057 |
| 107.77.204.13 | AT&T Mobility LLC | AS20057 |
| 107.77.204.130 | AT&T Mobility LLC | AS20057 |
| 107.77.204.149 | AT&T Mobility LLC | AS20057 |
| 107.77.204.153 | AT&T Mobility LLC | AS20057 |
| 107.77.204.154 | AT&T Mobility LLC | AS20057 |
| 107.77.204.168 | AT&T Mobility LLC | AS20057 |
| 107.77.204.184 | AT&T Mobility LLC | AS20057 |
| 107.77.204.190 | AT&T Mobility LLC | AS20057 |
| 107.77.204.21 | AT&T Mobility LLC | AS20057 |
| 107.77.204.212 | AT&T Mobility LLC | AS20057 |
| 107.77.204.224 | AT&T Mobility LLC | AS20057 |
| 107.77.204.226 | AT&T Mobility LLC | AS20057 |
| 107.77.204.227 | AT&T Mobility LLC | AS20057 |
| 107.77.204.233 | AT&T Mobility LLC | AS20057 |
| 107.77.204.24 | AT&T Mobility LLC | AS20057 |
| 107.77.204.34 | AT&T Mobility LLC | AS20057 |
| 107.77.204.38 | AT&T Mobility LLC | AS20057 |
| 107.77.204.41 | AT&T Mobility LLC | AS20057 |
| 107.77.204.50 | AT&T Mobility LLC | AS20057 |
| 107.77.204.63 | AT&T Mobility LLC | AS20057 |
| 107.77.204.65 | AT&T Mobility LLC | AS20057 |
| 107.77.204.71 | AT&T Mobility LLC | AS20057 |
| 107.77.204.83 | AT&T Mobility LLC | AS20057 |
| 107.77.204.9 | AT&T Mobility LLC | AS20057 |
| 107.77.204.93 | AT&T Mobility LLC | AS20057 |
| 107.77.204.95 | AT&T Mobility LLC | AS20057 |
| 107.77.207.153 | AT&T Mobility LLC | AS20057 |
| 107.77.207.190 | AT&T Mobility LLC | AS20057 |
| 107.77.207.52 | AT&T Mobility LLC | AS20057 |
| 107.77.208.129 | AT&T Mobility LLC | AS20057 |

| IP | ISP | ASN |
|---|---|---|
| 107.77.208.217 | AT&T Mobility LLC | AS20057 |
| 107.77.215.112 | AT&T Mobility LLC | AS20057 |
| 107.77.215.19 | AT&T Mobility LLC | AS20057 |
| 107.77.216.108 | AT&T Mobility LLC | AS20057 |
| 107.77.216.109 | AT&T Mobility LLC | AS20057 |
| 107.77.216.11 | AT&T Mobility LLC | AS20057 |
| 107.77.216.111 | AT&T Mobility LLC | AS20057 |
| 107.77.216.112 | AT&T Mobility LLC | AS20057 |
| 107.77.216.114 | AT&T Mobility LLC | AS20057 |
| 107.77.216.115 | AT&T Mobility LLC | AS20057 |
| 107.77.216.117 | AT&T Mobility LLC | AS20057 |
| 107.77.216.12 | AT&T Mobility LLC | AS20057 |
| 107.77.216.122 | AT&T Mobility LLC | AS20057 |
| 107.77.216.128 | AT&T Mobility LLC | AS20057 |
| 107.77.216.131 | AT&T Mobility LLC | AS20057 |
| 107.77.216.135 | AT&T Mobility LLC | AS20057 |
| 107.77.216.136 | AT&T Mobility LLC | AS20057 |
| 107.77.216.14 | AT&T Mobility LLC | AS20057 |
| 107.77.216.141 | AT&T Mobility LLC | AS20057 |
| 107.77.216.142 | AT&T Mobility LLC | AS20057 |
| 107.77.216.143 | AT&T Mobility LLC | AS20057 |
| 107.77.216.145 | AT&T Mobility LLC | AS20057 |
| 107.77.216.149 | AT&T Mobility LLC | AS20057 |
| 107.77.216.152 | AT&T Mobility LLC | AS20057 |
| 107.77.216.154 | AT&T Mobility LLC | AS20057 |
| 107.77.216.155 | AT&T Mobility LLC | AS20057 |
| 107.77.216.156 | AT&T Mobility LLC | AS20057 |
| 107.77.216.158 | AT&T Mobility LLC | AS20057 |
| 107.77.216.160 | AT&T Mobility LLC | AS20057 |
| 107.77.216.165 | AT&T Mobility LLC | AS20057 |
| 107.77.216.167 | AT&T Mobility LLC | AS20057 |
| 107.77.216.168 | AT&T Mobility LLC | AS20057 |
| 107.77.216.17 | AT&T Mobility LLC | AS20057 |
| 107.77.216.173 | AT&T Mobility LLC | AS20057 |
| 107.77.216.184 | AT&T Mobility LLC | AS20057 |
| 107.77.216.188 | AT&T Mobility LLC | AS20057 |
| 107.77.216.19 | AT&T Mobility LLC | AS20057 |
| 107.77.216.190 | AT&T Mobility LLC | AS20057 |
| 107.77.216.194 | AT&T Mobility LLC | AS20057 |
| 107.77.216.197 | AT&T Mobility LLC | AS20057 |
| 107.77.216.199 | AT&T Mobility LLC | AS20057 |
| 107.77.216.201 | AT&T Mobility LLC | AS20057 |
| 107.77.216.202 | AT&T Mobility LLC | AS20057 |
| 107.77.216.208 | AT&T Mobility LLC | AS20057 |
| 107.77.216.211 | AT&T Mobility LLC | AS20057 |
| 107.77.216.212 | AT&T Mobility LLC | AS20057 |

| IP | ISP | ASN |
|---|---|---|
| 107.77.216.215 | AT&T Mobility LLC | AS20057 |
| 107.77.216.216 | AT&T Mobility LLC | AS20057 |
| 107.77.216.217 | AT&T Mobility LLC | AS20057 |
| 107.77.216.218 | AT&T Mobility LLC | AS20057 |
| 107.77.216.221 | AT&T Mobility LLC | AS20057 |
| 107.77.216.224 | AT&T Mobility LLC | AS20057 |
| 107.77.216.226 | AT&T Mobility LLC | AS20057 |
| 107.77.216.227 | AT&T Mobility LLC | AS20057 |
| 107.77.216.229 | AT&T Mobility LLC | AS20057 |
| 107.77.216.23 | AT&T Mobility LLC | AS20057 |
| 107.77.216.231 | AT&T Mobility LLC | AS20057 |
| 107.77.216.232 | AT&T Mobility LLC | AS20057 |
| 107.77.216.234 | AT&T Mobility LLC | AS20057 |
| 107.77.216.235 | AT&T Mobility LLC | AS20057 |
| 107.77.216.24 | AT&T Mobility LLC | AS20057 |
| 107.77.216.25 | AT&T Mobility LLC | AS20057 |
| 107.77.216.27 | AT&T Mobility LLC | AS20057 |
| 107.77.216.31 | AT&T Mobility LLC | AS20057 |
| 107.77.216.33 | AT&T Mobility LLC | AS20057 |
| 107.77.216.34 | AT&T Mobility LLC | AS20057 |
| 107.77.216.35 | AT&T Mobility LLC | AS20057 |
| 107.77.216.38 | AT&T Mobility LLC | AS20057 |
| 107.77.216.41 | AT&T Mobility LLC | AS20057 |
| 107.77.216.48 | AT&T Mobility LLC | AS20057 |
| 107.77.216.5 | AT&T Mobility LLC | AS20057 |
| 107.77.216.50 | AT&T Mobility LLC | AS20057 |
| 107.77.216.52 | AT&T Mobility LLC | AS20057 |
| 107.77.216.53 | AT&T Mobility LLC | AS20057 |
| 107.77.216.54 | AT&T Mobility LLC | AS20057 |
| 107.77.216.55 | AT&T Mobility LLC | AS20057 |
| 107.77.216.56 | AT&T Mobility LLC | AS20057 |
| 107.77.216.57 | AT&T Mobility LLC | AS20057 |
| 107.77.216.58 | AT&T Mobility LLC | AS20057 |
| 107.77.216.6 | AT&T Mobility LLC | AS20057 |
| 107.77.216.63 | AT&T Mobility LLC | AS20057 |
| 107.77.216.68 | AT&T Mobility LLC | AS20057 |
| 107.77.216.71 | AT&T Mobility LLC | AS20057 |
| 107.77.216.72 | AT&T Mobility LLC | AS20057 |
| 107.77.216.76 | AT&T Mobility LLC | AS20057 |
| 107.77.216.77 | AT&T Mobility LLC | AS20057 |
| 107.77.216.78 | AT&T Mobility LLC | AS20057 |
| 107.77.216.8 | AT&T Mobility LLC | AS20057 |
| 107.77.216.81 | AT&T Mobility LLC | AS20057 |
| 107.77.216.84 | AT&T Mobility LLC | AS20057 |
| 107.77.216.90 | AT&T Mobility LLC | AS20057 |
| 107.77.216.91 | AT&T Mobility LLC | AS20057 |

| IP | ISP | ASN |
|---|---|---|
| 107.77.216.93 | AT&T Mobility LLC | AS20057 |
| 107.77.216.94 | AT&T Mobility LLC | AS20057 |
| 107.77.216.95 | AT&T Mobility LLC | AS20057 |
| 107.77.216.96 | AT&T Mobility LLC | AS20057 |
| 107.77.216.97 | AT&T Mobility LLC | AS20057 |
| 107.77.217.197 | AT&T Mobility LLC | AS20057 |
| 107.77.218.24 | AT&T Mobility LLC | AS20057 |
| 107.77.219.84 | AT&T Mobility LLC | AS20057 |
| 107.77.223.10 | AT&T Mobility LLC | AS20057 |
| 107.77.223.109 | AT&T Mobility LLC | AS20057 |
| 107.77.223.122 | AT&T Mobility LLC | AS20057 |
| 107.77.223.135 | AT&T Mobility LLC | AS20057 |
| 107.77.223.137 | AT&T Mobility LLC | AS20057 |
| 107.77.223.138 | AT&T Mobility LLC | AS20057 |
| 107.77.223.141 | AT&T Mobility LLC | AS20057 |
| 107.77.223.142 | AT&T Mobility LLC | AS20057 |
| 107.77.223.154 | AT&T Mobility LLC | AS20057 |
| 107.77.223.160 | AT&T Mobility LLC | AS20057 |
| 107.77.223.168 | AT&T Mobility LLC | AS20057 |
| 107.77.223.170 | AT&T Mobility LLC | AS20057 |
| 107.77.223.183 | AT&T Mobility LLC | AS20057 |
| 107.77.223.185 | AT&T Mobility LLC | AS20057 |
| 107.77.223.198 | AT&T Mobility LLC | AS20057 |
| 107.77.223.199 | AT&T Mobility LLC | AS20057 |
| 107.77.223.209 | AT&T Mobility LLC | AS20057 |
| 107.77.223.213 | AT&T Mobility LLC | AS20057 |
| 107.77.223.214 | AT&T Mobility LLC | AS20057 |
| 107.77.223.225 | AT&T Mobility LLC | AS20057 |
| 107.77.223.26 | AT&T Mobility LLC | AS20057 |
| 107.77.223.47 | AT&T Mobility LLC | AS20057 |
| 107.77.223.50 | AT&T Mobility LLC | AS20057 |
| 107.77.223.64 | AT&T Mobility LLC | AS20057 |
| 107.77.223.68 | AT&T Mobility LLC | AS20057 |
| 107.77.223.8 | AT&T Mobility LLC | AS20057 |
| 107.77.223.80 | AT&T Mobility LLC | AS20057 |
| 107.77.223.82 | AT&T Mobility LLC | AS20057 |
| 107.77.223.9 | AT&T Mobility LLC | AS20057 |
| 107.77.223.90 | AT&T Mobility LLC | AS20057 |
| 107.77.223.91 | AT&T Mobility LLC | AS20057 |
| 107.77.223.94 | AT&T Mobility LLC | AS20057 |
| 107.77.223.96 | AT&T Mobility LLC | AS20057 |
| 107.77.223.96 | AT&T Mobility LLC | AS20057 |
| 107.77.224.40 | AT&T Mobility LLC | AS20057 |
| 107.77.225.10 | AT&T Mobility LLC | AS20057 |
| 107.77.225.106 | AT&T Mobility LLC | AS20057 |
| 107.77.225.108 | AT&T Mobility LLC | AS20057 |

| IP | ISP | ASN |
|---|---|---|
| 107.77.225.110 | AT&T Mobility LLC | AS20057 |
| 107.77.225.113 | AT&T Mobility LLC | AS20057 |
| 107.77.225.115 | AT&T Mobility LLC | AS20057 |
| 107.77.225.122 | AT&T Mobility LLC | AS20057 |
| 107.77.225.131 | AT&T Mobility LLC | AS20057 |
| 107.77.225.155 | AT&T Mobility LLC | AS20057 |
| 107.77.225.158 | AT&T Mobility LLC | AS20057 |
| 107.77.225.165 | AT&T Mobility LLC | AS20057 |
| 107.77.225.165 | AT&T Mobility LLC | AS20057 |
| 107.77.225.170 | AT&T Mobility LLC | AS20057 |
| 107.77.225.187 | AT&T Mobility LLC | AS20057 |
| 107.77.225.194 | AT&T Mobility LLC | AS20057 |
| 107.77.225.200 | AT&T Mobility LLC | AS20057 |
| 107.77.225.213 | AT&T Mobility LLC | AS20057 |
| 107.77.225.22 | AT&T Mobility LLC | AS20057 |
| 107.77.225.50 | AT&T Mobility LLC | AS20057 |
| 107.77.225.65 | AT&T Mobility LLC | AS20057 |
| 107.77.225.78 | AT&T Mobility LLC | AS20057 |
| 107.77.225.79 | AT&T Mobility LLC | AS20057 |
| 107.77.225.91 | AT&T Mobility LLC | AS20057 |
| 107.77.225.99 | AT&T Mobility LLC | AS20057 |
| 107.77.226.113 | AT&T Mobility LLC | AS20057 |
| 107.77.232.107 | AT&T Mobility LLC | AS20057 |
| 107.77.232.122 | AT&T Mobility LLC | AS20057 |
| 107.77.232.126 | AT&T Mobility LLC | AS20057 |
| 107.77.232.210 | AT&T Mobility LLC | AS20057 |
| 107.77.233.172 | AT&T Mobility LLC | AS20057 |
| 107.77.233.188 | AT&T Mobility LLC | AS20057 |
| 107.77.233.8 | AT&T Mobility LLC | AS20057 |
| 107.77.235.11 | AT&T Mobility LLC | AS20057 |
| 107.77.235.24 | AT&T Mobility LLC | AS20057 |
| 107.77.236.80 | AT&T Mobility LLC | AS20057 |
| 107.77.237.108 | AT&T Mobility LLC | AS20057 |
| 107.77.237.109 | AT&T Mobility LLC | AS20057 |
| 107.77.237.109 | AT&T Mobility LLC | AS20057 |
| 107.77.237.115 | AT&T Mobility LLC | AS20057 |
| 107.77.237.12 | AT&T Mobility LLC | AS20057 |
| 107.77.237.125 | AT&T Mobility LLC | AS20057 |
| 107.77.237.126 | AT&T Mobility LLC | AS20057 |
| 107.77.237.151 | AT&T Mobility LLC | AS20057 |
| 107.77.237.153 | AT&T Mobility LLC | AS20057 |
| 107.77.237.199 | AT&T Mobility LLC | AS20057 |
| 107.77.237.230 | AT&T Mobility LLC | AS20057 |
| 107.77.237.26 | AT&T Mobility LLC | AS20057 |
| 107.77.237.55 | AT&T Mobility LLC | AS20057 |
| 107.77.237.7 | AT&T Mobility LLC | AS20057 |

| IP | ISP | ASN |
|---|---|---|
| 107.77.237.73 | AT&T Mobility LLC | AS20057 |
| 107.77.237.73 | AT&T Mobility LLC | AS20057 |
| 107.77.237.78 | AT&T Mobility LLC | AS20057 |
| 166.216.159.109 | AT&T Mobility LLC | AS20057 |
| 166.216.159.114 | AT&T Mobility LLC | AS20057 |
| 166.216.159.115 | AT&T Mobility LLC | AS20057 |
| 166.216.159.130 | AT&T Mobility LLC | AS20057 |
| 166.216.159.142 | AT&T Mobility LLC | AS20057 |
| 166.216.159.144 | AT&T Mobility LLC | AS20057 |
| 166.216.159.150 | AT&T Mobility LLC | AS20057 |
| 166.216.159.151 | AT&T Mobility LLC | AS20057 |
| 166.216.159.154 | AT&T Mobility LLC | AS20057 |
| 166.216.159.169 | AT&T Mobility LLC | AS20057 |
| 166.216.159.188 | AT&T Mobility LLC | AS20057 |
| 166.216.159.188 | AT&T Mobility LLC | AS20057 |
| 166.216.159.203 | AT&T Mobility LLC | AS20057 |
| 166.216.159.203 | AT&T Mobility LLC | AS20057 |
| 166.216.159.204 | AT&T Mobility LLC | AS20057 |
| 166.216.159.208 | AT&T Mobility LLC | AS20057 |
| 166.216.159.209 | AT&T Mobility LLC | AS20057 |
| 166.216.159.232 | AT&T Mobility LLC | AS20057 |
| 166.216.159.24 | AT&T Mobility LLC | AS20057 |
| 166.216.159.26 | AT&T Mobility LLC | AS20057 |
| 166.216.159.26 | AT&T Mobility LLC | AS20057 |
| 166.216.159.35 | AT&T Mobility LLC | AS20057 |
| 166.216.159.39 | AT&T Mobility LLC | AS20057 |
| 166.216.159.57 | AT&T Mobility LLC | AS20057 |
| 166.216.159.68 | AT&T Mobility LLC | AS20057 |
| 166.216.159.73 | AT&T Mobility LLC | AS20057 |
| 166.216.159.83 | AT&T Mobility LLC | AS20057 |
| 166.216.159.84 | AT&T Mobility LLC | AS20057 |
| 166.216.159.97 | AT&T Mobility LLC | AS20057 |
| 24.247.219.245 | AT&T Mobility LLC | AS20057 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SATMODO, LLC, a California limited liability company, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Cablevision Systems California Corporation, c/o John V. Diepenbrock, Agent for Service of Process, 455 Capitol Mall Bldg., Sacramento, CA 95814

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August ____, 2017

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| | |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Devon R. McTeer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer, devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 14

14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

# ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

## DEFINITIONS

1.     The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Cablevision Systems California Corporation, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.     "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.     "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.     "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.     "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.     "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.    "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.    "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.    "EACH" means each and every.

10.    The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.    "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.    Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.    EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.    Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.    IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.    If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|---|---|---|
| 148.74.203.9 | Cablevision Systems Corp. | AS6128 |
| 24.188.119.181 | Cablevision Systems Corp. | AS6128 |
| 24.188.119.181 | Cablevision Systems Corp. | AS6128 |
| 47.16.156.127 | Cablevision Systems Corp. | AS6128 |
| 47.16.156.127 | Cablevision Systems Corp. | AS6128 |
| 47.20.18.189 | Cablevision Systems Corp. | AS6128 |
| 69.120.73.198 | Cablevision Systems Corp. | AS6128 |
| 69.126.170.186 | Cablevision Systems Corp. | AS6128 |
| 74.89.42.79 | Cablevision Systems Corp. | AS6128 |
| 74.89.42.79 | Cablevision Systems Corp. | AS6128 |
| 74.89.62.89 | Cablevision Systems Corp. | AS6128 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Verizon Wireless, Subpoena Compliance, facsimile no. (888) 667-0028

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August _____, 2017

|     *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Devon R. McTeer |
| | Plaintiff, |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 21

21

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00_____

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                    *Server's signature*

                                     _____
                                                    *Printed name and title*

                                     _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Verizon Wireless, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.    The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.    "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## **INSTRUCTIONS**

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4664753.1

| IP | ISP | ASN |
|---|---|---|
| 174.192.13.191 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.192.2.100 | Cellco Partnership DBA Verizon Wireless | AS22394 |

| IP | ISP | ASN |
|---|---|---|
| 174.192.6.96 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.193.136.99 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.194.142.203 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.194.19.14 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.194.4.46 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.196.134.73 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.196.134.73 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.198.6.239 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.199.16.233 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.199.21.235 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.199.29.74 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.200.21.159 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.200.21.159 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.200.7.110 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.201.4.210 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.204.4.103 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.205.17.59 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.218.16.211 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.223.133.247 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.227.13.120 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.0.119 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.0.119 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.0.40 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.10.146 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.10.146 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.11.252 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.135.166 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.135.232 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.137.233 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.137.233 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.138.153 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.3.173 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.3.173 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.4.229 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.228.7.58 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.233.0.15 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 174.233.137.31 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.192.67.83 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.194.1.198 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.194.1.198 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.195.132.48 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.195.193.8 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.195.208.155 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.195.6.216 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.196.131.107 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.196.131.107 | Cellco Partnership DBA Verizon Wireless | AS22394 |

| IP | ISP | ASN |
|---|---|---|
| 70.196.139.142 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.196.140.160 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.196.144.12 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.196.144.12 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.196.8.243 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.197.66.68 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.197.69.44 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.198.54.80 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.198.76.9 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.199.193.175 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.199.199.78 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.208.197.2 | Cellco Partnership DBA Verizon Wireless | AS6167 |
| 70.208.207.166 | Cellco Partnership DBA Verizon Wireless | AS6167 |
| 70.209.132.192 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.209.144.94 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.210.130.145 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.210.135.136 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.211.4.235 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.211.65.130 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.211.8.2 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.214.107.75 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.214.109.208 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.214.112.17 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.214.112.57 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.214.66.220 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.214.66.220 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.214.68.171 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.215.129.141 | Cellco Partnership DBA Verizon Wireless | AS22394 |
| 70.215.198.16 | Cellco Partnership DBA Verizon Wireless | AS22394 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | ) |
| _____Plaintiff_____ | ) |
| v. | )    Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) |
| _____Defendant_____ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, Choopa, LLC, c/o Business Filings Incorporated, Agent for Service of Process, 818 W. 7th St., Suite 930, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August_____, 2017

        *CLERK OF COURT*

                      OR

_____     _____
   *Signature of Clerk or Deputy Clerk*             *Attorney's signature*
                                          Devon R. McTeer

                                                      Plaintiff,

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 30

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Choopa, LLC, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.    Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.    IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.    If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|---|---|---|
| 104.156.228.106 | Choopa LLC | AS20473 |
| 104.156.228.166 | Choopa LLC | AS20473 |
| 104.156.228.168 | Choopa LLC | AS20473 |
| 104.156.228.179 | Choopa LLC | AS20473 |
| 104.156.240.138 | Choopa LLC | AS20473 |
| 104.156.240.140 | Choopa LLC | AS20473 |
| 108.61.152.245 | Choopa LLC | AS20473 |
| 108.61.202.140 | Choopa LLC | AS20473 |
| 108.61.202.140 | Choopa LLC | AS20473 |
| 108.61.226.13 | Choopa LLC | AS20473 |
| 108.61.226.34 | Choopa LLC | AS20473 |
| 108.61.228.131 | Choopa LLC | AS20473 |
| 108.61.228.148 | Choopa LLC | AS20473 |
| 108.61.228.155 | Choopa LLC | AS20473 |
| 108.61.228.29 | Choopa LLC | AS20473 |
| 108.61.228.69 | Choopa LLC | AS20473 |
| 108.61.68.163 | Choopa LLC | AS20473 |

| IP | ISP | ASN |
|---|---|---|
| 173.199.65.34 | Choopa LLC | AS20473 |
| 45.32.75.8 | Choopa LLC | AS20473 |
| 45.32.80.219 | Choopa LLC | AS20473 |
| 66.55.134.200 | Choopa LLC | AS20473 |
| 66.55.134.211 | Choopa LLC | AS20473 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

SATMODO, LLC, a California limited liability
company,
_____
Plaintiff

v.

WHENEVER COMMUNICATIONS, LLC, d.b.a.
SatellitePhoneStore.com, a Nevada limited liability
company, et al.
_____
Defendant

)
)
)
)
)
)
)

Civil Action No. 17-CV-0192-AJB NLS

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Comcast Cable Communications, LLC, c/o C T Corporation System, Agent for Service of
   Process, 818 W. 7th St., Suite 930, Los Angeles, CA 90017
   _____
   *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date: August ___, 2017

CLERK OF COURT

OR

| _____ | _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Devon R. McTeer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Plaintiff,
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.     The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Comcast Cable Communications, LLC, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.     "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.     "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.     "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.     "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.     "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

18265-00000 4664758.1

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.    The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.    "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.     Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.     IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.     If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|---|---|---|
| 173.163.220.129 | Comcast Cable Communications LLC | AS7922 |
| 173.163.220.134 | Comcast Cable Communications LLC | AS7922 |
| 173.165.217.213 | Comcast Cable Communications LLC | AS7922 |
| 174.48.180.245 | Comcast Cable Communications LLC | AS7922 |
| 174.49.169.185 | Comcast Cable Communications LLC | AS7922 |
| 174.55.115.182 | Comcast Cable Communications LLC | AS7922 |
| 174.55.115.182 | Comcast Cable Communications LLC | AS7922 |
| 174.58.83.213 | Comcast Cable Communications LLC | AS7922 |
| 24.128.210.24 | Comcast Cable Communications LLC | AS7922 |
| 24.129.4.20 | Comcast Cable Communications LLC | AS7922 |
| 24.91.171.232 | Comcast Cable Communications LLC | AS7922 |
| 50.149.137.180 | Comcast Cable Communications LLC | AS7922 |
| 50.149.137.180 | Comcast Cable Communications LLC | AS7922 |
| 50.162.244.151 | Comcast Cable Communications LLC | AS7922 |
| 50.162.244.151 | Comcast Cable Communications LLC | AS7922 |
| 50.165.197.27 | Comcast Cable Communications LLC | AS7922 |
| 50.165.234.41 | Comcast Cable Communications LLC | AS7922 |
| 50.169.78.152 | Comcast Cable Communications LLC | AS7922 |
| 50.169.78.152 | Comcast Cable Communications LLC | AS7922 |
| 50.180.230.24 | Comcast Cable Communications LLC | AS7922 |
| 50.180.230.24 | Comcast Cable Communications LLC | AS7922 |
| 50.180.71.214 | Comcast Cable Communications LLC | AS7922 |
| 50.180.71.214 | Comcast Cable Communications LLC | AS7922 |
| 50.181.55.91 | Comcast Cable Communications LLC | AS7922 |
| 50.189.188.74 | Comcast Cable Communications LLC | AS7922 |
| 68.43.31.237 | Comcast Cable Communications LLC | AS7922 |
| 68.43.31.237 | Comcast Cable Communications LLC | AS7922 |
| 68.50.187.203 | Comcast Cable Communications LLC | AS7922 |
| 68.62.206.91 | Comcast Cable Communications LLC | AS7922 |
| 68.62.94.62 | Comcast Cable Communications LLC | AS7922 |
| 68.80.73.127 | Comcast Cable Communications LLC | AS7922 |
| 69.143.238.25 | Comcast Cable Communications LLC | AS7922 |
| 69.250.216.132 | Comcast Cable Communications LLC | AS7922 |
| 71.224.75.126 | Comcast Cable Communications LLC | AS7922 |
| 71.62.8.136 | Comcast Cable Communications LLC | AS7922 |
| 73.106.78.192 | Comcast Cable Communications LLC | AS7922 |
| 73.13.36.254 | Comcast Cable Communications LLC | AS7922 |
| 73.131.92.124 | Comcast Cable Communications LLC | AS7922 |
| 73.135.80.62 | Comcast Cable Communications LLC | AS7922 |
| 73.139.47.120 | Comcast Cable Communications LLC | AS7922 |
| 73.149.185.103 | Comcast Cable Communications LLC | AS7922 |

| IP | ISP | ASN |
|---|---|---|
| 73.171.76.184 | Comcast Cable Communications  LLC | AS7922 |
| 73.171.76.184 | Comcast Cable Communications  LLC | AS7922 |
| 73.182.35.3 | Comcast Cable Communications  LLC | AS7922 |
| 73.182.35.3 | Comcast Cable Communications  LLC | AS7922 |
| 73.216.18.158 | Comcast Cable Communications  LLC | AS7922 |
| 73.216.30.36 | Comcast Cable Communications  LLC | AS7922 |
| 73.221.19.213 | Comcast Cable Communications  LLC | AS7922 |
| 73.226.24.8 | Comcast Cable Communications  LLC | AS7922 |
| 73.241.144.2 | Comcast Cable Communications  LLC | AS7922 |
| 73.4.126.133 | Comcast Cable Communications  LLC | AS7922 |
| 73.46.101.109 | Comcast Cable Communications  LLC | AS7922 |
| 73.49.33.125 | Comcast Cable Communications  LLC | AS7922 |
| 73.53.130.28 | Comcast Cable Communications  LLC | AS7922 |
| 73.79.114.178 | Comcast Cable Communications  LLC | AS7922 |
| 73.79.232.201 | Comcast Cable Communications  LLC | AS7922 |
| 75.74.124.97 | Comcast Cable Communications  LLC | AS7922 |
| 75.75.154.113 | Comcast Cable Communications  LLC | AS7922 |
| 76.29.94.46 | Comcast Cable Communications  LLC | AS7922 |
| 98.219.119.197 | Comcast Cable Communications  LLC | AS7922 |
| 98.219.119.197 | Comcast Cable Communications  LLC | AS7922 |
| 98.249.199.209 | Comcast Cable Communications  LLC | AS7922 |
| 98.253.150.234 | Comcast Cable Communications  LLC | AS7922 |
| 98.254.193.244 | Comcast Cable Communications  LLC | AS7922 |
| 98.254.193.244 | Comcast Cable Communications  LLC | AS7922 |
| 73.93.142.206 | Comcast Cable Communications, LLC | AS7922 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, _____ <br> *Plaintiff* <br> v. <br> WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No. 17-CV-0192-AJB NLS |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Cox Enterprises, Inc., c/o MMTS, INC., Agent for Service of Process, 628 S. Aviation Blvd., Manhattan Beach, CA 90266
_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time: <br> September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August ____, 2017

        *CLERK OF COURT*
                                     OR

_____     _____
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                         Devon R. McTeer

Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc. <br> www.FormsWorkFlow.com

Exhibit A - 46

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                         *Server's signature*

                                                         _____
                                                         *Printed name and title*

                                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

**DEFINITIONS**

1.    The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Cox Enterprises, Inc., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.    "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.    "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.    "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.    "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.    "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.    "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.    "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.    "EACH" means each and every.

10.    The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.    "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.    Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.    EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

18265-00000 4664762.1

4.     Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.     IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.     If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.     YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4664762.1

| IP | ISP | ASN |
|---|---|---|
| 70.164.119.90 | Cox Communications Inc. | AS22773 |
| 70.171.50.33 | Cox Communications Inc. | AS22773 |
| 72.198.185.113 | Cox Communications Inc. | AS22773 |
| 72.198.185.113 | Cox Communications Inc. | AS22773 |
| 98.167.95.56 | Cox Communications Inc. | AS22773 |
| 98.178.228.186 | Cox Communications Inc. | AS22773 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br>_____<br>*Plaintiff*<br>v.<br>WHENEVER COMMUNICATIONS, LLC, d.b.a.<br>SatellitePhoneStore.com, a Nevada limited liability company, et al.<br>_____<br>*Defendant* | )<br>)<br>)<br>)   Civil Action No. 17-CV-0192-AJB NLS<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Eweka Internet Services B.V., Staten Bolwerk 1, 2011MK Haarlem, Neverlands, telephone no. +31725645132

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720 | Date and Time:<br>September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August____, 2017

| CLERK OF COURT | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature*<br>Devon R. McTeer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer, devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.<br>www.FormsWorkFlow.com

Exhibit A - 53

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.     The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Eweka Internet Services B.V., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.     "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.     "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.     "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.     "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.     "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

18265-00000 4664766.1

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

18265-00000 4664766.1

Exhibit A - 57

4.   Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.   IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.   If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.   YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|---|---|---|
| 205.185.209.82 | Eweka Internet Services B.V. | AS12989 |
| 209.197.6.163 | Eweka Internet Services B.V. | AS12989 |
| 216.151.183.47 | Eweka Internet Services B.V. | AS12989 |
| 64.145.94.112 | Eweka Internet Services B.V. | AS12989 |
| 74.209.129.141 | Eweka Internet Services B.V. | AS12989 |
| 74.209.129.141 | Eweka Internet Services B.V. | AS12989 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) ) ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, MCI Communications Services, Inc., c/o CT Corporation System, Agent for Service of Process, 818 W. 7th St., Suite 930, Los Angeles, CA 90017
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August ___, 2017

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*
                                                Devon R. McTeer

                                                Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720; telephone: (559) 433-1300

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 60

60

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

**DEFINITIONS**

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, MCI Communications Services, Inc., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

18265-00000 4664775.1

7.    "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.    "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.    "EACH" means each and every.

10.   The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.   "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.    Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.    EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

18265-00000 4664775.1

4.     Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.     IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.     If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.     YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|----|-----|-----|
| 108.53.221.225 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 173.54.161.200 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 173.54.161.200 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 173.63.218.39 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 173.66.252.108 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 173.76.212.188 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 71.115.16.124 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 71.255.180.172 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 72.69.64.164 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |

| IP | ISP | ASN |
|---|---|---|
| 74.110.134.66 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 74.110.134.66 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 96.234.218.132 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 96.243.57.185 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 96.245.155.14 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 96.245.155.14 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 96.245.221.82 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 96.245.90.237 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 96.248.217.25 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |
| 98.113.99.196 | MCI Communications Services Inc. d/b/a Verizon Business | AS701 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Custodian of Records, Sprint Personal Communications Systems, 6200 Sprint Parkway KSOPHF0302-3B 120, Overland Park, KS 66251

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August _____, 2017

      *CLERK OF COURT*
                                  OR

_____     _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*
                                     Devon R. McTeer

                                             Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer, devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA 93720; telephone: (559) 433-1300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 68

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: ___,_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Sprint Personal Communications Systems, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.    "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.    "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.    "EACH" means each and every.

10.    The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.    "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.    Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.    EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|----|-----|-----|
| 66.87.112.115 | Sprint Personal Communications Systems | AS10507 |
| 66.87.115.211 | Sprint Personal Communications Systems | AS10507 |
| 66.87.122.32 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.0 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.0 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.123 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.137 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.140 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.16 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.162 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.211 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.29 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.4 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.42 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.50 | Sprint Personal Communications Systems | AS10507 |
| 66.87.125.51 | Sprint Personal Communications Systems | AS10507 |
| 66.87.129.45 | Sprint Personal Communications Systems | AS10507 |
| 66.87.132.20 | Sprint Personal Communications Systems | AS10507 |
| 66.87.133.221 | Sprint Personal Communications Systems | AS10507 |
| 66.87.139.178 | Sprint Personal Communications Systems | AS10507 |
| 66.87.142.103 | Sprint Personal Communications Systems | AS10507 |
| 66.87.149.233 | Sprint Personal Communications Systems | AS10507 |
| 66.87.18.31 | Sprint Personal Communications Systems | AS10507 |
| 66.87.18.31 | Sprint Personal Communications Systems | AS10507 |
| 66.87.64.96 | Sprint Personal Communications Systems | AS10507 |
| 66.87.85.173 | Sprint Personal Communications Systems | AS10507 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SATMODO, LLC, a California limited liability company, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Time Warner Cable Internet LLC, c/o CSC - Lawyers Incorporating Service, Agent for Service of Process, 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833.

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time:<br>September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August_____, 2017

| | |
|---|---|
| *CLERK OF COURT* | OR |
| | |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Devon R. McTeer |

Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

## DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Time Warner Cable Internet LLC, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

18265-00000 4664778.1

7.    "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.    "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.    "EACH" means each and every.

10.    The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.    "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.    Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.    EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

18265-00000 4664778.1

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

| IP | ISP | ASN |
|---|---|---|
| 107.10.130.195 | Time Warner Cable Internet LLC | AS10796 |
| 108.183.117.166 | Time Warner Cable Internet LLC | AS11351 |
| 108.183.117.166 | Time Warner Cable Internet LLC | AS11351 |
| 172.73.76.191 | Time Warner Cable Internet LLC | AS11426 |
| 173.175.92.71 | Time Warner Cable Internet LLC | AS11427 |
| 173.94.250.142 | Time Warner Cable Internet LLC | AS11426 |
| 174.101.175.5 | Time Warner Cable Internet LLC | AS10796 |
| 174.101.99.173 | Time Warner Cable Internet LLC | AS10796 |
| 174.101.99.173 | Time Warner Cable Internet LLC | AS10796 |

| IP | ISP | ASN |
|---|---|---|
| 204.210.202.73 | Time Warner Cable Internet LLC | AS10796 |
| 24.161.58.235 | Time Warner Cable Internet LLC | AS12271 |
| 24.161.58.235 | Time Warner Cable Internet LLC | AS12271 |
| 24.164.250.19 | Time Warner Cable Internet LLC | AS10796 |
| 24.165.204.190 | Time Warner Cable Internet LLC | AS10796 |
| 24.165.204.190 | Time Warner Cable Internet LLC | AS10796 |
| 24.208.90.127 | Time Warner Cable Internet LLC | AS10796 |
| 24.56.80.78 | Time Warner Cable Internet LLC | AS10796 |
| 24.93.145.45 | Time Warner Cable Internet LLC | AS11351 |
| 45.37.201.28 | Time Warner Cable Internet LLC | AS11426 |
| 45.47.3.53 | Time Warner Cable Internet LLC | AS11351 |
| 50.75.78.126 | Time Warner Cable Internet LLC | AS11351 |
| 67.245.155.163 | Time Warner Cable Internet LLC | AS12271 |
| 68.206.40.245 | Time Warner Cable Internet LLC | AS11427 |
| 69.193.63.102 | Time Warner Cable Internet LLC | AS11351 |
| 71.75.116.205 | Time Warner Cable Internet LLC | AS11426 |
| 72.191.145.223 | Time Warner Cable Internet LLC | AS11427 |
| 74.132.87.187 | Time Warner Cable Internet LLC | AS10796 |
| 74.132.87.187 | Time Warner Cable Internet LLC | AS10796 |
| 74.138.127.248 | Time Warner Cable Internet LLC | AS10796 |
| 74.66.11.93 | Time Warner Cable Internet LLC | AS12271 |
| 74.77.238.161 | Time Warner Cable Internet LLC | AS11351 |
| 74.77.238.161 | Time Warner Cable Internet LLC | AS11351 |
| 76.177.209.48 | Time Warner Cable Internet LLC | AS10796 |
| 98.10.184.197 | Time Warner Cable Internet LLC | AS11351 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

SATMODO, LLC, a California limited liability
company,
<em>Plaintiff</em>

v.

WHENEVER COMMUNICATIONS, LLC, d.b.a.
SatellitePhoneStore.com, a Nevada limited liability
company, et al.
<em>Defendant</em>

)
)
)
)
)
)
)

Civil Action No. 17-CV-0192-AJB NLS

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, T-Mobile USA, Inc., c/o CSC - Lawyers Incorporating Service, Agent for Service of Process,
2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833
<em>(Name of person to whom this subpoena is directed)</em>

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date: August ____, 2017

<table>
<tr><td><em>CLERK OF COURT</em></td><td></td><td></td></tr>
<tr><td></td><td>OR</td><td></td></tr>
<tr><td><em>Signature of Clerk or Deputy Clerk</em></td><td></td><td><em>Attorney's signature</em><br>Devon R. McTeer</td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Plaintiff,
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

#### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.     The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, T-Mobile USA, Inc., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.     "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.     "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.     "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.     "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.     "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4664782.1

| IP | ISP | ASN |
|---|---|---|
| 172.56.10.38 | T-Mobile USA  Inc. | AS21928 |
| 172.56.10.38 | T-Mobile USA  Inc. | AS21928 |
| 172.56.13.150 | T-Mobile USA  Inc. | AS21928 |
| 172.56.13.96 | T-Mobile USA  Inc. | AS21928 |
| 172.56.14.203 | T-Mobile USA  Inc. | AS21928 |
| 172.56.27.209 | T-Mobile USA  Inc. | AS21928 |
| 172.56.28.147 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.102 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.106 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.11 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.125 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.130 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.137 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.143 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.145 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.157 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.157 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.181 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.185 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.204 | T-Mobile USA  Inc. | AS21928 |
| 172.56.29.225 | T-Mobile USA  Inc. | AS21928 |

| IP | ISP | ASN |
|---|---|---|
| 172.56.29.228 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.234 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.234 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.253 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.37 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.48 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.60 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.60 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.62 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.62 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.68 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.77 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.85 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.85 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.86 | T-Mobile USA Inc. | AS21928 |
| 172.56.29.9 | T-Mobile USA Inc. | AS21928 |
| 172.56.31.80 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.102 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.115 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.136 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.14 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.140 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.149 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.178 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.182 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.183 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.191 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.199 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.219 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.223 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.226 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.232 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.243 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.243 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.244 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.250 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.43 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.50 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.56 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.6 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.79 | T-Mobile USA Inc. | AS21928 |
| 172.56.35.97 | T-Mobile USA Inc. | AS21928 |
| 172.56.36.249 | T-Mobile USA Inc. | AS21928 |
| 172.56.5.118 | T-Mobile USA Inc. | AS21928 |
| 172.56.5.142 | T-Mobile USA Inc. | AS21928 |
| 172.56.5.160 | T-Mobile USA Inc. | AS21928 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) ) ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Total Server Solutions L.L.C., c/o Gary J. Simat, Agent for Service of Process, 1242 Pine Island Road., S.W., Ste. 42-274, Cape Coral, FL  33991

*(Name of person to whom this subpoena is directed)*

&#9642; *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time: September 22, 2017; 10:00 a.m. |
|---|---|

□ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August _____, 2017

       *CLERK OF COURT*

                              OR

| | |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Devon R. McTeer |

Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*

                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit A - 93

**ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

**DEFINITIONS**

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Total Server Solutions L.L.C., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, information sufficient to IDENTIFY the user data AND account holder for the following IP addresses:

- 24.253.88.55

- 70.173.223.5

Such identifying information shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Total Server Solutions L.L.C., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.      "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.      "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.      "EACH" means each and every.

10.      The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.      "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.      EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.      For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

18265-00000 4664708.1

4.       Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.       IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.       If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.       YOU are hereby authorized AND ordered to expeditiously disclose, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4664708.1

| IP | ISP | ASN |
|---|---|---|
| 104.200.151.10 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.108 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.14 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.15 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.16 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.24 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.30 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.76 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.82 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.151.90 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.100 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.105 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.14 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.28 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.32 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.40 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.55 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.56 | Total Server Solutions L.L.C. | AS46562 |
| 104.200.154.77 | Total Server Solutions L.L.C. | AS46562 |
| 162.216.46.108 | Total Server Solutions L.L.C. | AS46562 |
| 162.216.46.117 | Total Server Solutions L.L.C. | AS46562 |
| 162.216.46.168 | Total Server Solutions L.L.C. | AS46562 |
| 162.216.46.170 | Total Server Solutions L.L.C. | AS46562 |
| 162.216.46.63 | Total Server Solutions L.L.C. | AS46562 |



**McCORMICK BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

May 9, 2017

**VIA E-MAIL AND FACSIMILE**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re:    Satmodo, LLC v. Whenever Communications, LLC, et al.

Dear Mr. Herron:

Please be advised that once we get our Amended Complaint on file, we will be filing an Ex Parte Application with the Court requesting leave of court for Pre-Rule 26 Discovery. Specifically, we will be seeking authority to issue subpoenas under Rule 45 to several Internet Service Providers to obtain subscriber information for numerous IP addresses that Satmodo has determined were used to fraudulently click on its paid advertisements.

While we have identified a group of IP addresses responsible for many of the fraudulent clicks that we have successfully tied directly to Whenever and Ms. Blanco specifically, there are additional IP addresses for which the only means of obtaining definitive information as to the actual subscriber and responsible party is from the ISP, which generally delete such information in a relatively short period of time. Thus, there may be additional defendants that can only be identified upon obtaining such information, information that is in danger of being lost, destroyed or unavailable if early discovery is not permitted.

Pursuant to Local Rule 26.1, and Judge Battaglia's Civil Case Procedures, we are required to seek to meet and confer with you prior to the filing of that Motion and, ultimately, advise the Court as to you and your client's position with respect to the Motion.

Please let me know when you are available this week for a phone call to meet and confer on these issues.

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:lcw

18265-00000 4475609.1

**Other offices of**
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

Exhibit B - 1

101



**McCORMICK
BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

May 16, 2017

**VIA E-MAIL FACSIMILE AND U.S. MAIL**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA  92101-3545

Re:   Satmodo, LLC v. Whenever Communications, LLC, et al.

Dear Mr. Herron:

On May 9, 2017, I requested that you provide your availability for a call to meet and confer with respect to our Motion to serve early discovery, i.e. subpoenas under Rule 45 to several ISPs to obtain subscriber information for numerous IP addresses that Satmodo has determined were used to fraudulently click on its paid ads.  To date, we have received no response.  For you reference, another copy of my May 9, 2017 letter is attached.

I am again offering to meet and confer with you on this issue before we file our Motion, and again asking that you provide me with some proposed dates and times on which you are available to do so.

I look forward to hearing from you.

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:lcw

18265-00000 4486517.1

Exhibit C - 1

102



**McCORMICK BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

FRESNO, CA OFFICE
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

CINCINNATI, OH OFFICE
Scripps Center, Suite 1050
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

DENVER, CO OFFICE
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 292-8127

LAS VEGAS, NV OFFICE
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

MODESTO, CA OFFICE
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

May 9, 2017

VIA E-MAIL AND FACSIMILE

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re:    Satmodo, LLC v. Whenever Communications, LLC, et al.

Dear Mr. Herron:

Please be advised that once we get our Amended Complaint on file, we will be filing an Ex Parte Application with the Court requesting leave of court for Pre-Rule 26 Discovery. Specifically, we will be seeking authority to issue subpoenas under Rule 45 to several Internet Service Providers to obtain subscriber information for numerous IP addresses that Satmodo has determined were used to fraudulently click on its paid advertisements.

While we have identified a group of IP addresses responsible for many of the fraudulent clicks that we have successfully tied directly to Whenever and Ms. Blanco specifically, there are additional IP addresses for which the only means of obtaining definitive information as to the actual subscriber and responsible party is from the ISP, which generally delete such information in a relatively short period of time. Thus, there may be additional defendants that can only be identified upon obtaining such information, information that is in danger of being lost, destroyed or unavailable if early discovery is not permitted.

Pursuant to Local Rule 26.1, and Judge Battaglia's Civil Case Procedures, we are required to seek to meet and confer with you prior to the filing of that Motion and, ultimately, advise the Court as to you and your client's position with respect to the Motion.

Please let me know when you are available this week for a phone call to meet and confer on these issues.

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:lcw

18265-00000 4475609.1

Exhibit C - 2

103



| Diamond View Tower | 350 tenth avenue | suite 880 | san diego | california | 92101 |

■ MATTHEW V. HERRON
mherron@herronlawapc.com

May 17, 2017

tel  ■ 619 ■ 233 ■ 4122
fax  ■ 619 ■ 233 ■ 3709

**VIA EMAIL:** scott.ivy@mccormickbarstow.com

Scott J. Ivy
McCormick Barstow, LLP
7647 North Fresno Street
Fresno, CA  93720

     *Re:   Satmodo, LLC*

Dear Mr. Ivy:

     This is to respond to your letter of May 9, 2017.  Based on the allegations of the First Amended Complaint and the history of this matter, we would oppose a motion for expedited discovery on grounds which would include the following:

a.    The First  Amended Complaint does not allege a claim for relief and fails to comply with Rule 9(b);

b.    Discovery is not a substitute for pleading fraud with particularity since it is the Plaintiff's task to first make these specific allegations before subjecting the Defendants, or the third parties you propose to involve in this case, to the burden and expense of this discovery;

c.    The owners of the unidentified IP addresses you propose to submit subpoenas on would be entitled to notice of the subpoena with an opportunity to object.  You do not describe how you would intend to provide this notice since it appears you do not know the identity of these this non-parties;

a paperless office implementing SilverFile paperless technology



*apc*

May 17, 2017
Page 2

d.   Your letter of September 15, 2016, contained the "click fraud" claim and my response of September 27, 2016, contained this request: "Before responding to the accusations in your letter, we will need the documents on which you base these accusations, including the materials which show the unusual amounts of activity and the basis for the attribution you claim in the letter." You declined to provide this information but, instead, gave us a screenshot of the chat where Ms. Blanco offered to meet with your client to discuss this matter. You have not provided the basis for the claim as to the Defendant's IP address, much less shown how you can attribute clicks to IP addresses with unknown owners;

e.   The sense of urgency you express in your letter cannot be genuine given the many months that have transpired since your September 15, 2016, letter; and

f.   The First Amended Complaint at paragraph 34 lists the clicks on the paid ads you attribute to Defendants but, even if your allegations were true, this would be a small claims court action as the damage for the 62-clicks you allege would be $992.00 at the $16.00 per click you allege. Further, these alleged 62-clicks over a time period of a year, and never more than a couple of times a week, could not have been designed to exhaust your client's ad budget or have caused the ad to be taken down.

If you address this points and provide a better and further explanation of why this discovery should be approved at this juncture of the case, then we will reconsider.

Very truly yours,

Matthew V. Herron, for
**herron**law, *apc*

MVH/tds
cc:   Whenever Communications, LLC

a paperless office implementing SilverFile paperless technology

Exhibit D - 2



**McCORMICK
BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

May 24, 2017

**VIA E-MAIL AND U.S. MAIL**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re:   Satmodo, LLC v. Whenever Communications, LLC, et al.

Dear Mr. Herron:

The local rules require me to meet and confer with you prior to filing a Motion for discovery prior to the Rule 26 Conference, and specifically indicate that a meet and confer by letter is not sufficient. I understand and agree with that rule, as it discourages letter-writing campaigns and forces the parties to actually speak and engage in a meaningful discussion as to the issues presented by the proposed Motion.

I have now requested that you agree to meet and confer with me regarding this issue on three separate occasions.

On May 9, 2017, I wrote to you, advised you of our intent to bring this Motion, and asked that you provide me with your availability that week for a phone call to meet and confer on those issues. That letter was ignored.

On May 16, 2017, I again wrote to you, again advised you of our intent to bring this Motion, and again asked you for dates and times on which you were available to meet and confer on those issues.

You again refused to provide me any dates or times to meet and confer, but instead sent a letter on May 17, 2017 purporting to state grounds on which you would oppose our Motion. However, most of the "grounds" were simply your arguments on why you believe the First Amended Complaint did not allege a claim for relief against your clients.

We disagree with all of those arguments, and will address them in response to the Motion to Dismiss that I assume is forthcoming. Accordingly, on May 22, 2017, I again wrote to you, again advised you that we must meet and confer by phone and not simply be letter, and again asked for your availability for such a call. The response I received again refused to participate in a telephonic meet and confer unless I first responded to your May 17, 2017 letter.

The only issues referenced in your letter that even tangentially relate to the Motion for discovery that we have repeatedly sought to meet and confer (as opposed to issues relating to an as yet un-filed Motion to Dismiss) were that (1) as part of our efforts to stop your clients from continuing this action before resorting to filing this action, we

**Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP**

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188



McCORMICK
BARSTOW LLP
ATTORNEYS AT LAW

Matthew V. Herron, Esq.
May 24, 2017
Page 2

declined to provide you with sufficient "proof" of that conduct, (2) "many months" have transpired since our informal efforts to resolve this matter failed, and (3) that the owners of the unidentified IP addresses that will be the subject of our subpoenas are entitled to notice of the subpoenas with an opportunity to object.

As to (1), my office and my clients did indeed make efforts to convince your clients to stop this conduct before filing suit, and such efforts were unsuccessful. We were not required to disclose all of our evidence of the wrongdoing to convince your clients to stop the unlawful conduct. They had the chance to stop that conduct, and did not. So here we are in litigation.

As to (2), I am not in the habit of rushing to the Court with requests to deviate from normal scheduling deadlines without having first conducted sufficient investigation and diligence to assure myself and the Court that the request for early discovery is a "last resort" rather than simply making such a request at the inception of litigation simply for convenience or strategic purposes. We have completed our initial investigation and diligence, which remains ongoing, and now believe that the early discovery we seek is both necessary and appropriate.

As to (3), in the event they are not actually your clients and/or employees of your client, I appreciate your concern for the rights of the unnamed individuals responsible for a part of the attacks on my client's business. To the extent someone other than your clients are the subscribers for some of the IP addresses that have been engaged in the click fraud against my clients, I share that concern. So I would propose the following. In the event the ISPs that we subpoena determine that someone other than your clients and/or employees of your client are the subscribers, we can agree that some form of notice will be provided to the third party subscribers before the identifying information is turned over. To the extent the ISPs identify your clients and/or their employees as the subscribers, there should be no need for any notice or opportunity to object since these issues are already before the Court with both sides represented by able counsel.

As summarized above, I now believe I have complied with the spirit and intent of the Court's rules requiring a telephonic meet and confer before filing my Motion. That being said, I will ask a fourth time that you agree to schedule a call with me so that we can meet and confer on these issues before we file the Motion. If I do not hear back from you by the end of the day on Friday with some proposed dates and times for such a call, I think I am well within reason to treat that as a refusal on your part to participate.



McCORMICK
BARSTOW LLP
ATTORNEYS AT LAW

Matthew V. Herron, Esq.
May 24, 2017
Page 3

I look forward to hearing from you.

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:lcw

18265-00000 4500697.1

Exhibit E - 3

108



**McCORMICK BARSTOW LLP**
ATTORNEYS AT LAW

Devon R. McTeer
559-433-2225
devon.mcteer@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

**Other offices of**
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

August 18, 2017

**VIA EMAIL AND FEDERAL EXPRESS**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re:   Satmodo, LLC v. Whenever Communications, LLC, et al.
      Our File No.: 18265-00000

Dear Mr. Herron:

As you know, the Court has recently continued the hearing on the pending Motion to Dismiss, and thus the setting of the Mandatory Scheduling Conference that will trigger a Rule 26 conference that will allow us to proceed with discovery in the normal course will again be postponed.

This correspondence is to serve as formal Notice that our office, on behalf of Plaintiff Satmodo, LLC will move the Court, on an Ex Parte Basis, for an Order allowing Plaintiff to serve expedited discovery, specifically third party Subpoenas, prior to the Rule 26(f) conference, so that Plaintiff may confirm the true names and identities of the individuals or entities using certain Internet Providers addresses that continue to fraudulently click on Plaintiffs' paid advertisements.  I also left you a voicemail regarding this matter this morning but have not heard back from you.

Please let me know ASAP if you intend to object to our Ex Parte request as our intent is to file the Application on Monday August 21, 2017.  You can reach me at (559) 433-1300 or via email correspondence.

Sincerely,

Devon R. McTeer
McCormick Barstow LLP

DRM:mgr

18265-00000 4663714.1

Exhibit F - 1



*apc*

| Diamond View Tower | 350 tenth avenue | suite 880 | san diego | california | 92101 |

■ MATTHEW V. HERRON
mherron@herronlawapc.com

August 21, 2017

tel ■ 619 ■ 233 ■ 4122
fax ■ 619 ■ 233 ■ 3709

**VIA EMAIL: devon.mcteer@mccormickbarstow.com**

Devon R. McTeer
McCormick Barstow, LLP
7647 North Fresno Street
Fresno, CA  93720

    *Re:    Satmodo, LLC v. Whenever Communications, LLC, et al.*

Dear Ms. McTeer:

    This is to respond to your letter of August 18, 2017.  Please be advised that our position has not changed from the letter on this subject dated May 17, 2017.

                    Very truly yours,

                    Matthew V. Herron, for
                    **herronlaw,** *apc*

MVH/tds
cc:    Scott J. Ivy - scott.ivy@mccormickbarstow.com
        Whenever Communications, LLC

a paperless office implementing SilverFile paperless technology

Exhibit G - 1

110



**McCORMICK BARSTOW LLP**
ATTORNEYS AT LAW

Devon R. McTeer
559-433-2225
devon.mcteer@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

August 24, 2017

**VIA EMAIL AND FEDERAL EXPRESS**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re:   Satmodo, LLC v. Whenever Communications, LLC, et al.
      Our File No.: 18265-00000

Dear Mr. Herron:

In light of the Court's briefing schedule, our office has decided to withdraw the Ex Parte Application and file the request for expedited discovery by way of a regularly noticed Motion. The Motion will now be heard on September 21, 2017 at 2:30 p.m. in Courtroom 3-B.

While we are waiting for the Court to hear the Motion, please advise as to whether your client would agree to stipulate to the Court setting an early scheduling conference in this matter. You can reach me at (559) 433-1300 or via email correspondence.

I look forward to hearing from you.

Sincerely,

Devon R. McTeer
McCormick Barstow LLP

DRM:mgr

18265-00000 4670687.1

Exhibit H - 1