UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, et al.,<br><br>         Defendants. | Case No.: 3:17-cv-192-AJB-NLS<br><br>**ORDER DENYING LEAVE TO SERVE EXPEDITED DISCOVERY**<br><br>**(ECF No. 26)** |

Before the Court is Plaintiff's motion for leave to serve expedited discovery. ECF No. 26. Plaintiff seeks leave to serve 12 subpoenas pursuant to Rule 45 on various Internet Service Providers ("ISP") to identify the owners of Internet Protocol ("IP") addresses that Plaintiff alleges are participating in a click-fraud scheme. *See* ECF Nos. 26-1; 26-3, Ex. A. Defendant opposes the motion; and Plaintiff filed a reply in support. ECF Nos. 27, 28. The Court took the matter under submission pursuant to Local Rule 7.1(d). ECF No. 29. Having considered the submissions and arguments presented by both parties and for the reasons set forth herein and as detailed below, the Court **DENIES** the motion.

///

///

## I. BACKGROUND

Plaintiff's First Amended Complaint ("FAC") alleges a click-fraud scheme by defendants and market competitor Whenever Communications, LLC, Henaa Blanco (collectively, "Defendants"), and DOES 1-50. ECF No. 16. Plaintiff seeks leave of Court to serve expedited discovery in order to ascertain "the true names and identities of individuals who have participated in the click-fraud scheme." ECF No. 26-1 at 5. Plaintiff's motion is predicated upon a concern that ISPs routinely and permanently erase the logs that "record the date, time, and customer identity for each IP address assignment made by that ISP." *Id.* at 9.

In support of the fraudulent nature of the clicks associated with the IP addresses for which Plaintiff seeks additional information, Plaintiff offers the declaration of Scott Lindsey. ECF No. 26-2. Mr. Lindsey testifies that Plaintiff subscribed to a software program called "ClickCease" which was able to track every click on its advertisements, and record the IP address as well as identify a unique device that is clicking on an advertisement from multiple IP addresses. ECF No. 26-2 at ¶ 6. Mr. Lindsey explains the information obtained from ClickCease demonstrates fraud because, *inter alia,* it shows that a single device will click on Plaintiff's advertisements from IP addresses purportedly in multiple states within a matter of minutes or IP addresses that are numerically successive and thus, indicative of use of a rotating proxy server. *Id.* at ¶ 12. Notably, Mr. Lindsey declares that "It is common knowledge in the industry that ISPs keep the identifying information for as little as 6 months…" *Id.* at ¶ 15.

Plaintiff argues that these circumstances present good cause to issue expedited discovery on a limited basis, specifically: 12 subpoenas pursuant to Rule 45 to various ISPs requesting the identities associated with IP addresses that Plaintiff has identified as likely to have participated in the click-fraud scheme.

Defendants oppose Plaintiff's motion on several grounds. First, Defendants object to portions of Mr. Lindsey's declaration. ECF No. 27 at 1. Defendants' objections are addressed separately in Section II.

Defendants also argue that Plaintiff has yet to plead a viable claim. ECF No. 27 at 1-2. Plaintiff's FAC is currently being challenged as lacking subject matter jurisdiction and for failure to state a claim. ECF No. 15; Fed. R. Civ. P. 12(b)(1), (6). Thus, Defendants contend it is premature to issue discovery for a case that may not survive the motion to dismiss.

Finally, Defendants aver Plaintiff has not satisfied Judge Battaglia's pre-conference discovery requirements. ECF No. 27 at 2-3. Defendants submit the burden and risks associated with the subpoenas outweigh their usefulness because the subpoenas are directed to approximately 700 separate IP addresses and could potentially add hundreds of new parties, implicating issues of improper joinder and jurisdiction. *Id.*

In response, Plaintiff argues that Defendants should be in support of the subpoenas at issue "given their emphatic denials they are not the parties fraudulently clicking on Plaintiff's advertisements." ECF No. 28 at 3. Plaintiff implies that these records could reveal the ongoing actions of the already named Defendants.

## II. LINDSEY DECLARATION AND OBJECTIONS

Defendants assert 5 objections to Mr. Lindsey's declaration. Each is addressed individually.

### a. Objection 1

Defendants object to "paragraphs 4 through 15" on the grounds that there was "no showing that this declarant is qualified to offer any of these opinions." ECF No. 27-1 at 1. Defendants cite to neither case law nor the Federal Rules of Evidence. *Id.* Plaintiff's response to the objection points out that Defendants' objection lacks specificity rendering it vague and overbroad. ECF No. 28-1. Plaintiff also contends that Mr. Lindsey is a percipient witness offering facts based upon his personal knowledge of the events he describes. *Id.*

Defendants' objection is **OVERRULED**. Defendant fails to offer specific objections and the Court finds that Mr. Lindsey's declaration is based on facts within his personal knowledge and otherwise falls within the scope of opinion permitted by Federal

Rule of Evidence 701, "rationally based on the witness's perception," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

### b. Objection 2

Defendant objects to unspecified paragraphs and opinions "because they are not tethered to any industry-standard or recognized method for identifying what Plaintiff labels as 'fraudulent' clicks." Defendants also object on hearsay grounds and lack of foundation to the claim that the ClickCease program can determine that clicks are fraudulent. ECF No. 27-1. Because objection 2 specified no paragraphs to which it was applicable, Plaintiff's response interprets the objection as applicable to the same paragraphs raised in objection 1, *i.e.* paragraphs 4-15, and offers an explanation of Mr. Lindsey's personal knowledge to address foundation. ECF No. 28-1.

Defendants' objection is **OVERRULED**. Defendant fails to offer specific objections and the Court finds that Mr. Lindsey's declaration is based on facts within his personal knowledge and otherwise falls within the scope of opinion permitted by Federal Rule of Evidence 701. Specifically, Mr. Lindsey's declaration offers an explanation of his understanding of the function of a computer program. The Ninth Circuit holds that automatically generated computer reports are not hearsay. *U.S. v. Lizarraga-Tirado*, 789 F.3d 1107, 1109–10 (9th Cir. 2015) ("The hearsay rule applies only to out-of-court *statements,* and it defines a statement as 'a *person's* oral assertion, written assertion, or nonverbal conduct.' Fed.R.Evid. 801(a) (emphasis added). Here, the relevant assertion isn't made by a person; it's made by the Google Earth program.") Mr. Lindsey's opinion that clicks were fraudulent is "rationally based on the witness's perception" because he is able to articulate that clicks from the same device, as reported by ClickCease, appear from different states within a matter of minutes. Lindsey Decl. at ¶ 12(a). No "scientific, technical, or other specialized knowledge" is required for Mr. Lindsey to opine as a lay person that clicks from various states in a matter of moments are fraudulent.

///

///

### c. Objection 3

Defendants object to use of the terms "rotating proxy servers" and "rotating IP addresses" as undefined and without an accepted industry definition. ECF No. 27-1. Defendants' objection is **OVERRULED**. The Court does not find that as used in the declaration these terms require further definition and Defendants raise no alternative definition that may be applicable.

### d. Objection 4

Defendants object to paragraph 12 of Mr. Lindsey's declaration, which describes Mr. Lindsey's analysis of data received from the ClickCease program to compile the IP addresses for which Plaintiff seeks to obtain corresponding identities. ECF No. 27-1. Defendant objects that the "declarant invented his own method for determining if clicks are fraudulent."

Defendants' objection is **OVERRULED**. Mr. Lindsey's declaration is based on facts within his personal knowledge and includes explanation of his determination of the potentially fraudulent nature of the clicks for which Plaintiff seeks to issue subpoenas. Defendant offers no specific objection to Mr. Lindsey's "method" and offers neither evidence nor argument that there *is* a "method accepted by the industry."

### e. Objection 5

Defendants object to paragraph 15, specifically, Mr. Lindsey's statement that it is "common knowledge in the industry" that ISPs routinely delete data after a relatively short period of time. ECF No. 27-1. In response, Plaintiff cites to authority in this district and elsewhere that note there are risks associated with delayed discovery and routine business deletions by ISPs. *Id.* at 28-1.

Defendants' objection is **OVERRULED**. Based on Mr. Lindsey's profession, his attestation to personal knowledge, and the support from case law, this statement is within Mr. Lindsey's personal knowledge. Mr. Lindsay's declaration regarding his understanding is not hearsay.

///

## III. LEGAL STANDARD

A party is generally not permitted to obtain discovery without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, the Court has discretion to permit early or expedited discovery upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276. "The court must perform this evaluation in light of 'the entirety of the record ... and the reasonableness of the request in light of all the surrounding circumstances.'" *Facebook, Inc. v. Various, Inc.*, C-11-01805-SBA DMR, 2011 WL 2437433, at *2 (N.D. Cal. June 17, 2011) (citing *Semitool, Inc.,* 208 F.R.D. at 275).

In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (citing *American LegalNet, Inc. v. Davis,* 673 F.Supp.2d 1063, 1067 (C.D.Cal.2009)); *see also, Semitool,* 208 F.R.D. at 276–77 (indicating that relevance of the discovery requested, sophistication of parties and counsel, prior notice of discovery requests, and facilitation of case management support a request for expedited discovery).

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, 2012 WL 1648838, *3

(S.D. Cal. May 4, 2012) (*quoting Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). Additionally, the plaintiff should demonstrate the discovery will likely lead to identifying information that will permit service of process. *Id.* at 580. These factors are considered to ensure the expedited discovery procedure "will only be employed cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Id.*

## IV. DISCUSSION

The Court finds that Plaintiff has not demonstrated the administration of justice is outweighed by the prejudice to the responding, unnamed third parties sufficient to permit expedited discovery. Particularly relevant to the Court's finding is the (1) volume of the discovery requested; (2) the timing of the request; and (3) Plaintiff's allegations that the fraudulent clicks are ongoing in nature. These considerations do not show the requisite good cause to permit expedited discovery.

Plaintiff argues, correctly, that there will be no prejudice to the Defendant by permitting discovery. However, the volume of the discovery is burdensome and prejudicial to the responding third party ISPs. Plaintiff's discovery will require 12 unnamed, third party ISP's to respond to subpoenas including providing notice to consumers for, approximately 700 IP addresses, ranging from over 200 individual IP addresses from a single provider (*see* ECF No. 26-3, Ex A [pgs. 7-14, AT&T Mobility]), to as few as 6 (*see* ECF No. 26-3, Ex. A [pg. 52, Cox Communications]), with most falling in the range of 20-50 IP addresses per ISP. This process is likely to be costly and time consuming, requiring notice to the consumers and the opportunity to object or seek a protective order, and enforcement of such subpoenas will have to occur at the place of

7

compliance, which may be out of this district.[1]  Fed. R. Civ. P. 45.  Particularly with a motion to dismiss that remains pending, requiring courts of other jurisdictions to make a determination regarding the enforcement or the need for a protective order if the subpoenas are challenged presents an unnecessary burden for the courts at this juncture.

Each of the cases cited by Plaintiff to support its discovery are distinguishable from the circumstances presented here because expedited discovery was permitted to identify a **single** unknown Doe Defendant.  *See, e.g., AF Holdings LLC v. John Doe, IP Address 71.195.119.40*, CIV S-12-1067 KJM, 2012 WL 1657828, at *1 (E.D. Cal. May 10, 2012) (alleging copyright infringement against a single defendant, John Doe); *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 134 (W.D.N.Y. 2015) ("Plaintiff seeks the name and address of the individual assigned IP address 69.207.50.123 for the limited purpose of enabling Plaintiff to serve process on Defendant."); *UMG Recordings, Inc. v. Doe*, C 08-1193 SBA, 2008 WL 4104214, at *2 (N.D. Cal. Sept. 3, 2008) ("Although plaintiffs do not know defendant's identity, they have identified defendant by a unique Internet Protocol ("IP") address assigned to defendant on the date and at the time of the infringing activity.").  Identification of a single defendant and providing notice to that single consumer is neither costly nor burdensome for an ISP.  Plaintiff did not cite to, and this Court was unable to locate, a case that permitted the type of extensive expedited discovery Plaintiff seeks here.  *See, e.g., Facebook, Inc. v. Various, Inc.*, C-11-01805-SBA DMR, 2011 WL 2437433, at *1 (N.D. Cal. June 17, 2011) (denying a motion for expedited discovery regarding approximately 100 domain names and their owners).  The Court does not suggest that Plaintiff should pursue cases individually, but in the absence of irreparable harm and in light of the allegations that the conduct is of an ongoing nature, even if older records of fraudulent clicks are destroyed, new ones continue to be

---

[1] Most of the ISP's have addresses in Los Angeles, within the Central District of California.

generated. Identification of these additional IP addresses can be pursued in the normal course of discovery.

Additionally, Plaintiff has waited a significant amount of time to pursue expedited discovery. This case was filed in February of 2017 after which Defendants filed a motion to dismiss which was granted in part on April 14, 2017. ECF No. 15. Plaintiff filed an amended complaint in May 2017 which was met with another motion to dismiss that is currently pending. Had the discovery been so urgent, Plaintiff should have filed this motion at its earliest opportunity, and certainly not eight months down the line. This fact alone warrants denying the motion. That said, the recent continuance of the motion hearing for 60 days does not present good cause sufficient to support the issuance of voluminous expedited discovery while a motion to dismiss remains pending. *See Columbia Ins.*, 185 F.R.D. at 578-80 (good cause requires the Plaintiff "establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss.").

The remaining factors that courts consider similarly do not support a finding of good cause to justify the voluminous discovery sought at this stage of the litigation:

(1) *Whether a preliminary injunction is pending*. Plaintiff has not requested a preliminary injunction. Plaintiff represents it sent a cease and desist letter to the named Defendants, and Plaintiff proceeded to file suit, but has not sought a preliminary injunction despite representation that the named Defendants continue to participate in the alleged click-fraud scheme. ECF No. 26-2 at ¶ 9. This factor weighs against Plaintiff and any claims of irreparable harm.[2] Plaintiff indicates that it intends to seek injunctive relief, if and when the Doe Defendants are identified. ECF No. 26-1 at 8:12-14.

---

[2] The Court notes that both permanent and preliminary injunctive relief are listed in the First Amended Complaint among Plaintiff's prayer for relief. *See* ECF No. 16. But Plaintiff has not pursued a preliminary injunction against the named Defendants despite the alleged ongoing conduct. *See* ECF No. 26-1 at 8:19.

However, this representation rings hollow in the absence of Plaintiff seeking injunctive relief against the Defendants that have been named.

(2) *The breadth of the discovery requests*. The discovery requests seek information to identify the holders of specific IP addresses. The requests include a large of volume of IP addresses, which causes the Court concern as addressed above.

(3) *The purpose for requesting the expedited discovery*. Plaintiff represents the purpose for requesting the expedited discovery is the identification of Doe Defendants possibly engaging in a click-fraud scheme as alleged the First Amended Complaint in advance of the possible routine deletion of information by the ISPs. This is a proper purpose, but is undercut by the allegations that the fraud is ongoing.

(4) *The burden on the defendants to comply with the requests*. There is no burden on any named defendant to comply with any of the expedited discovery sought, and the purported burdens identified by the named Defendants are speculative. However, there is a potentially large burden on the third party ISP's, and potentially the courts where compliance will take place, as discussed.

(5) *How far in advance of the typical discovery process the request was made*. In most cases where expedited discovery is granted, it is at the very outset of the case in order to identify a defendant. Here, Plaintiff has identified the named Defendants and seeks expedited discovery to identify additional Doe Defendants. Plaintiff intended to pursue this discovery in the normal course of litigation, so this request is made not far from the time where typical discovery will be permitted.

///
///
///
///
///
///
///

## V. CONCLUSION

In consideration of the balance of factors, the administration of justice and prejudice to the responding party, the Court does not find good cause sufficient to support expedited discovery. Plaintiff request for leave to serve expedited discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 12, 2017

*Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge