McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
  *Scott.ivy@mccormickbarstow.com*
Devon R. McTeer #230539
  *devon.mcteer@mccormickbarstow.com*
Jared Gordon, #227980
  *Jared.gordon@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**DECLARATION OF SCOTT J. IVY IN SUPPORT JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Judge:  Hon. Nita L. Stormes<br>Date:    February 28, 2018<br>Time:   9:30 a.m.<br>Crtrm.: 3-B<br>[Local Rule 7.2 – No Oral Argument]<br><br>Action Filed:  February 1, 2017<br>Trial Date:    None Set |

I, Scott J. Ivy, declare as follows:

1.      I am an attorney duly admitted to practice before the Courts of the State of California and before this Court.  I am Of Counsel to the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth LLP, attorneys of record for Plaintiff, SATMODO, LLC ("Plaintiff") in the above-entitled action.

2.      If called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge except where stated upon information and

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

IVY DECL. IN SUPPORT OF MOTION FOR JOINT PROTECTIVE ORDER

17-CV-0192-AJB NLS

belief and, as to these matters, I am informed and believe them to be true. I am submitting this Declaration in support of the Joint Motion for a Protective Order.

3.     Given the confidential nature of the various documents in which both sides seek to obtain in this matter, a Protective Order is necessary prior to the production of privileged and proprietary material.

4.     On Thursday, January 11, 2018, I participated in a Rule 26 Conference with Matthew Herron, counsel for Defendants WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com and HENAA BLANCO ("Defendants".) During this Conference, I proposed the parties execute a Joint Stipulated Protective Order to protect the privileged and propriety materials which will be disclosed in this matter by the parties and third parties through the discovery process. Mr. Herron unfortunately refused to agree to a Protective Order.

5.     On January 12, 2018, I sent Mr. Herron a letter enclosing a proposed Stipulated Protective Order. In my letter, I asked Mr. Herron to reconsider my suggestion that the parties attempt to agree upon a Stipulated Protective Order so as to not waste the time and resources unilaterally seeking one from the Court. Attached hereto as **Exhibit "A"** is a true and correct copy of my correspondence to Mr. Herron. Again, Mr. Herron refused to stipulate to a Protective Order of any kind in this matter. Attached hereto as **Exhibit "B"** is a true and correct copy of Mr. Herron's response to my correspondence.

6.     Despite a detailed and good faith discussion regarding the issues in question, the parties have opposing views with regards to discovery.

7.     On Monday, January 22, 2018, the parties participated in a Neutral Case Evaluation Conference with the Court. During the Conference, Mr. Herron again reiterated his position that he would not agree to a Protective Order. The Court then directed Plaintiff to submit this Joint Motion for a Protective Order.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2                                    17-CV-0192-AJB NLS
IVY DECL. IN SUPPORT OF MOTION FOR JOINT PROTECTIVE ORDER

8.    Attached hereto as **Exhibit "C"** is a copy of the Proposed Protective Order. Additional language has been included to reflect language set forth in the Model Protective Order located in the Local Rules of the Southern District.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed by me on January 25, 2018, at Fresno, California.

<div align="right">

_____/sScott Ivy_____

Scott J. Ivy

Attorneys for Plaintiff, SATMODO, LLC

Email:

scott.ivy@mccormickbarstow.com

</div>

18265-00000 4922858.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3                          17-CV-0192-AJB NLS
IVY DECL. IN SUPPORT OF MOTION FOR JOINT PROTECTIVE ORDER

*SATMODO, LLC v. WHENEVER COMMUNICATIONS, LLC, d.b.a.*
*SatellitePhoneStore.com, et al.*

United States Eastern District of California, Southern District of California Case No. 17-CV-0192-AJB NLS

Exhibits To Declaration of Scott J. Ivy in Support of Motion for Joint Protective Order

| DESCRIPTION | LOCATION | PAGE NO. |
|---|---|---|
| January 12, 2018 correspondence sent to Matthew Herron from Scott Ivy with enclosure | Exhibit A | 5 |
| January 15, 2018 correspondence from Mathew Herron to Scott Ivy | Exhibit B | 6 |
| Proposed Protective Order | Exhibit C | 8 |

**EXHIBIT A - 5**

McCORMICK
BARSTOW LLP
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

FRESNO, CA OFFICE
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

January 12, 2018

VIA E-MAIL AND U.S. MAIL

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re: Satmodo LLC v. Whenever Communications, LLC, et al.

Dear Mr. Herron:

Pursuant to our discussion during our Rule 26 Conference, I have attached a proposed Stipulated Protective Order. I ask that you reconsider my suggestion that the parties attempt to agree on a Stipulated Protective Order in this case, so we don't have to waste time and resources unilaterally seeking one from the Court.

I will provide you with a draft of the Model Rule 26(f) Report and Joint Case Management Statement, with Plaintiff's information and positions completed, by Monday so you can insert your clients positions where necessary.

The Court has ordered that the Joint Statement be filed by next Thursday, January 18, 2018.

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:lcw
Enclosure

18265-00000 4896139.1

Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

CINCINNATI, OH OFFICE
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

DENVER, CO OFFICE
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

LAS VEGAS, NV OFFICE
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

MODESTO, CA OFFICE
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

**EXHIBIT B - 6**

*apc*

| Diamond View Tower | 350 tenth avenue | suite 880 | san diego | california | 92101 |

■ MATTHEW V. HERRON
mherron@herronlawapc.com

January 15, 2018

tel ■ 619 ■ 233 ■ 4122
fax ■ 619 ■ 233 ■ 3709

**VIA EMAIL:** scott.ivy@mccormickbarstow.com

Scott J. Ivy
McCormick Barstow, LLP
7647 North Fresno Street
Fresno, CA  93720

      *Re:   Satmodo, LLC v. Whenever Communications, LLC*

Dear Counsel:

      In response to your proposed protective order, I repeat the request I have made since September 2016 that Satmoto provide the computer logs or whatever information would list the clicks which it attributes to Defendants.

      Assuming the information is complete, we should be able to investigate these events and confirm or deny that Defendants are responsible for this internet activity. There may be need for little or no discovery in that event and no need for broad ranging intrusion into the activities of these competing businesses.

      We are also mindful of the conversation which prompted this case between Ms. Blanco's nephew and Mr. Myka where Mr. Myka was willing to pay to have Ms. Blanco's nephew be a mole for Mr. Myka in order to obtain confidential information about the operation of Ms. Blanco's business.  This suggests that the records in your client's possession do not support the claims alleged.

      In addition, the failed motion to expedite discovery suggests that Plaintiff does not possess information on this topic but, instead, intend to use this case to intrude into the privacy of unknown owners of hundreds of ISPs.

a paperless office implementation Select the paperless technology

Exhibit B - 6

 *apc*

January 15, 2018
Page 2

We would consider a focused protective order at a later time under other circumstances.

Very truly yours,

*Matthew V. Herron*

Matthew V. Herron, for
herronlaw, *apc*

MVH/tds
cc:    Whenever Communications, LLC

**EXHIBIT C - 8**

1 | McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2 | Scott J. Ivy, #197681
  *Scott.ivy@mccormickbarstow.com*
3 | Devon R. McTeer #230539
  *devon.mcteer@mccormickbarstow.com*
4 | Jared Gordon, #227980
  *Jared.gordon@mccormickbarstow.com*
5 | 7647 North Fresno Street
Fresno, California 93720
6 | Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300
7 |
8 | Attorneys for Plaintiff, SATMODO, LLC

8 | UNITED STATES DISTRICT COURT
9 | SOUTHERN DISTRICT OF CALIFORNIA
10 |
11 |
12 | SATMODO, LLC, a California limited liability company,
13 |              Plaintiff,
14 |       v.
15 | WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a
16 | Nevada limited liability company, HENAA BLANCO, an individual, and
17 | DOES 1 through 50, inclusive,
18 |              Defendants.

Case No. 17-CV-0192-AJB NLS

**JOINT PROTECTIVE ORDER**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

JOINT PROTECTIVE ORDER

17-CV-0192-AJB NLS

Exhibit C - 8

## 1.   **PURPOSES AND LIMITATIONS**

1. Disclosure and discovery in this action are likely to involve production of confidential proprietary, or private information and, for competitive reasons, are normally kept confidential. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rules of Civil Procedure 26(c)(7). Special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. Plaintiff SATMODO, LLC a California limited liability company ("SATMODO") and Defendants   WHENEVER   COMMUNICATIONS,   LLC   dba SATELLITEPHONESTORE.COM;   and   HENAA   BLANCO   ("WHENEVER COMMUNICATIONS and BLANCO") have therefore entered into this Protective Order to promote the confidentiality of such materials as much as practical during the litigation and as set forth below.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The Parties acknowledge that the Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or is entitled to confidential treatment under this Order or applicable legal principles.

The nature of the claims involved in this action may require discovery into competitive sensitive information, including potentially from third parties. A private agreement between the Parties would be insufficient to alleviate the Parties' concerns that such information remain confidential. The entry of a protective order is designed to prevent the unauthorized disclosure and use of such information of Parties and Non-Parties during the litigation and after it has been concluded. A protective order will also facilitate timely production of material from both Parties and Non-Parties. As such, the Parties respectfully request the entry of this Order by the Court.

\\

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

JOINT PROTECTIVE ORDER

17-CV-0192-AJB NLS

Exhibit C - 9

## 2.   DEFINITIONS

2.1.   "CONFIDENTIAL" Information or Items: Information (regardless of how generate stored, or maintained) or tangible things that a Party or Non-Party reasonably and in good faith believes to contain confidential or proprietary information that is not publicly available (such as commercial financial, trade secret, or other sensitive information) and that are treated confidentially by a Party Non-Party.

2.2.   Designating Party:

A Party or Non-Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.3.   Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4.   Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel to serve as an expert witness consultant in this action and who is not a current or former employee of a Party or of a competitor of Party.

2.5.   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Competitively sensitive "CONFIDENTIAL Information or Items," the disclosure of which would result in the disclosure of Information only known on a "need-to-know basis" and generally not know by individuals or entities not affiliated with a Party, and would cause injury to the producing Party commercial or competitive interests. There is a particularized need for this Information to be covered by the Order to protect information of a highly sensitive and confidential nature, as disclosure could create a substantial risk of harm to the Designating Party that could not be avoided by less restrictive means.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2                                  17-CV-0192-AJB NLS

Exhibit C - 10

**2.6. Information:** Any document (whether in hard copy or a computer readable form), portion thereof, any type of evidence, any form of discovery contemplated under FRCP 26 through 36, any other information given in writing or orally.

**2.7. Non-Party:** Any person or entity that is not a Party that produces information that the Non-Party or any Party contends should be treated as Confidential or Highly Confidential-Attorneys' Eyes Only material in this action.

**2.8. Outside Counsel:** Attorneys with the firms of Matthew V. Herron and McCormick Barstow, LLP, and any other firm(s) subsequently appearing in this action on behalf of a Party. This shall include paralegals, secretaries and other support staff employed in the law firms identified.

**2.9. Producing Party:** A Party or Non-party that produces Confidential or Highly Confidential-Attorneys' Eyes Only material in this action.

**2.10. Professional Vendors:** Persons or entities that provide litigation support service (including but not limited to photocopying, videotaping, translating, preparing exhibits demonstrations, organizing, storing, and retrieving data in any form or medium), as well as the employees and subcontractors.

**2.11. Protected Material:** Any Information, Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

**2.12. Receiving Party:** A Party that receives Confidential or Highly Confidential-Attorneys' Eyes Only Information or material from Producing Party.

**3.   SCOPE**

The protections conferred by this Order cover Protected Material and Information copied extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony conversations, or presentations by Parties or Outside Counsel to or in Court proceedings or in other settings that might reveal Protected Material.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3                                    17-CV-0192-AJB NLS

Exhibit C - 11

## 4.   **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court's order otherwise directs.

## 5.   **DESIGNATING PROTECTED MATERIAL**

### 5.1.   **Exercise of Restraint and Care in Designating Material for Protection.**

Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard. A Designating Party must take care to designate for protection only those parts of the material documents, items, or oral or written communication that qualify so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiability within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

### 5.2.   **Manner and Timing of Designations.**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

### 5.3   **Information in documentary form** (e.g., paper or electronic documents, excluding transcripts depositions or other pretrial or trial proceedings): The Producing Party shall affix the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top bottom of each page that contains protected material, in such a manner that will not interfere with the legibility of the document.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

17-CV-0192-AJB NLS

Exhibit C - 12

**5.4    Testimony given in depositions or in other pretrial or trial proceedings**: All depositions or portions of depositions taken in this action, including exhibits thereto, that discuss, contain, or constitute Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be similarly designated. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within twenty-one (21) days following receipt of the transcript to do so. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days following receipt of the transcript shall be covered by the provisions this Order. Until expiration of the aforesaid twenty-one (21) day period, all deposition transcripts shall be considered and treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY", unless otherwise agreed on the record at the deposition.

The deposition of any witness (or any portion of such deposition) that encompasses Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be taken only in the present of persons who are qualified to have access to such information.

Transcript pages containing Protected Material must be separately identified by the court reporter who must affix to the top of each such page the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering sponsoring the witness or presenting the testimony.

**5.5    Information produced in some form other than documentary and for any other tangible items:** The Producing Party shall affix, in a prominent place on the exterior of the container containers in which the information or item is stored, the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying       whether      they      qualify      as      "CONFIDENTIAL"      or      "HIGHLY

1   CONFIDENTIAL ¬ATTORNEYS' EYES ONLY." When a tangible object is produced
2   for inspection subject to this Order, a photograph there shall be produced at the time of
3   inspection labeled with the desired designation. Thereafter, a knowledge learned or
4   obtained as a result of the inspection shall be subject to this Order in accordance with
5   the designation.

6   **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7   **6.1. Timing of Challenges:** Unless a prompt challenge to Designating Party's
8   confidentiality designation is necessary to avoid foreseeable substantial unfairness,
9   unnecessary economic burdens, or later significant disruption or delay of the litigation,
10  a Party does not waive its right to challenge confidentiality designation by electing not
11  to mount a challenge promptly after the original designation disclosed.

12  **6.2. Challenge Procedure:** Should a dispute arise between the Parties regarding
13  confidentiality designation, the Parties hereby agree that such dispute will be resolved
14  in accordance with the Court's Civil Case Procedures, Section VI, regarding discovery
15  disputes, including the meet and confer obligations and 45 day deadline contained
16  therein. The burden of persuasion in any such judicial challenge proceeding shall be on
17  the Designating Party. Frivolous challenges and those made for an improper purpose
18  (e.g., to harass impose unnecessary expenses and burdens on other parties) may expose
19  the Challenging Party sanctions. All parties shall continue to afford the material in
20  question the level of protection to which is entitled under the Producing Party's
21  designation until the Court rules on the challenge.

22  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

23  **7.1. Basic Principles:** A Receiving Party may use Protected Material disclosed
24  or produced by another Party or Non-Party in connection with this case only for
25  prosecuting, defending, or attempting to settle this litigation. Treatment of Protected
26  Material by Outside Counsel in conformity with the designation shall not be construed
27  in any way as an admission or agreement by any Party that the designated Information
28  in fact or in law constitutes or contains any proprietary or confidential information.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17-CV-0192-AJB NLS

Exhibit C - 14

1  The designation of any Information as being "CONFIDENTIAL" or "HIGHLY
2  CONFIDENTIAL —ATTORNEYS' EYES ONLY" pursuant to this Order shall not
3  relieve the Designating Party from the burden imposed by the relevant substantive law.
4      Protected Material may be disclosed only to the categories of persons and under
5  the conditions described in this Order and must be stored and maintained by a
6  Receiving Party at a location and in a secure manner that is consistent with the
7  Receiving Party's or its firm's storage of client files. When the litigation has been
8  terminated, a Receiving Party must comply with the provisions of Section 13 below.
9      **7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items:</u>** Unless
10 otherwise ordered the Court or permitted in writing by the Designating Party, a
11 Receiving Party may disclose any information or item designated "CONFIDENTIAL"
12 only to:
13     (a)   the Receiving Party's Outside Counsel and their office associates,
14 paralegals, legal assistants, stenographic and clerical employees, and Professional
15 Vendors hired in the ordinary course representation to whom disclosure is reasonably
16 necessary;
17     (b)   the officers, directors, and employees of the Receiving Party to whom
18 disclosure reasonably necessary for this litigation and who have signed the
19 "Acknowledgment and Agreement to Bound" attached hereto as Exhibit A;
20     (c)   Experts (as defined in this Order) of the Receiving Party to whom
21 disclosure is reasonably necessary and who have signed the "Acknowledgement and
22 Agreement to be Bound" attached hereto Exhibit A;
23     (d)   the Court and its personnel;
24     (e)   court reporters retained to transcribe testimony and their staffs;
25     (f)   the author of the document, the original source of the Information, or
26 persons who received it; and
27     (g)   mediators or other ADR professionals agreed on and retained by the
28 Parties.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7047 NORTH FRESNO STREET
FRESNO, CA 93720

7                                    17-CV-0192-AJB NLS

Exhibit C - 15

1     **7.3.** <u>Disclosure of **"HIGHLY CONFIDENTIAL — ATTORNEY'S EYES**</u>

2 <u>**ONLY" Information or Items:**</u> Unless otherwise ordered by the Court or permitted in

3 writing by the Designating Party, a Receiving Party may disclose any information or

4 item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to

5 the persons designated in paragraphs 7.2 (a) (c), (d), (e), and (f).

6     **8.**     <u>**PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION**</u>

7     If a Receiving Party is served with a subpoena or an order issued in another

8 litigation that would compel disclosure of any Information or items designated in this

9 action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

10 EYES ONLY," the Receiving Party must prompt notify the Designating Party, in

11 writing, within sufficient time to allow the Designating Party to seek relief to stop the

12 production of such Protected Material. Such notification must include a copy of the

13 subpoena or court order.

14     The purpose of imposing this duty is to afford the Designating Party in this case

15 an opportunity try to protect its confidentiality interests in the court from which the

16 subpoena or order is issued. The Designating Party shall bear the burdens and the

17 expenses of seeking protection of its confidential material and nothing in these

18 provisions should be construed as authorizing or encouraging the Receiving Party in

19 this action to disobey a lawful directive from another court.

20     **9.**     <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

21     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22 Protected Material to any person or in any circumstance not authorized under this

23 Order, the Receiving Party must immediately (a) notify in writing the Designating Party

24 of the unauthorized disclosures, (b) use its be efforts to retrieve all unauthorized copies

25 of the Protected Material, (c) inform the person(s) to who unauthorized disclosures

26 were made of all the terms of this Order and provide a copy of this Order, and (d)

27 require such person(s) execute the "Acknowledgment and Agreement to be Bound"

28 attached hereto Exhibit A.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

17-CV-0192-AJB NLS

Exhibit C - 16

10.   **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party, or Court Order, no Party shall file any Protected Material in the public record without first making a request, with notice to all Parties and interested persons, to file the material under seal pursuant to Paragraph 10.1 below.

**10.1   FILING UNDER SEAL**

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

11.   **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

Notwithstanding anything contrary herein, if a Party or Non-Party through inadvertence or mistake produces any Protected Material without designating it with the designation of "CONFIDENTIAL" "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material contains Protected Material a should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice the Receiving Party must treat such Disclosure or Discovery Material as Protected Material and should make reasonable efforts to retrieve any such Information distributed to unauthorized persons. Outside Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure by the Producing Party Protected Material, regardless of whether the information was so designated at the time of disclosure shall not be deemed a waiver in whole or in party of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other

1 information relating thereto or on the same related subject matter. The Receiving Party
2 shall not be responsible for the disclosure or other distribution of belatedly designated
3 Protected Material as to such disclosure or distribution that may occur before the
4 receipt of such notification of a claim of confidentiality and such disclosure distribution
5 shall not be deemed to be a violation of this Order.

6       All inadvertent disclosures of Information that is privileged or otherwise immune
7 from discovery shall be subject to the requirements and procedures detailed in Federal
8 Rule of Evidence 502(b) a Federal Rule of Civil Procedure 26(b)(5)(B). Such
9 inadvertent disclosures shall not constitute waiver or estoppel as to, or otherwise
10 prejudice any claim of such privilege or immunity.

11     12. **MISCELLANEOUS**

12     **12.1. Modifications.:** The Court may modify the protective order in the interests
13 of justice or for public policy reasons.

14     **12.2. Right to Further Relief:** Nothing in this Order abridges the right of any
15 person to seek modification by the Court in the future, and nothing in this Order shall
16 be construed to prevent a party from seeking such further provisions enhancing or
17 limiting confidentiality as may be appropriate.

18     **12.3. Right to Assert Other Objections:** By stipulating to the entry of this
19 Order, no Party waives any right it otherwise would have to object to disclosing or
20 producing any information or item any ground not addressed in this Order. Similarly,
21 no action taken in accordance with this Order shall construed as a waiver of any claim
22 or defense in the action or of any position as to discoverability admissibility, or
23 relevance of evidence.

24     **12.4. Change in Designation:** Any Party may request a change in the
25 designation of Information designated "CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL —ATTORNEYS' EYES ONLY". Any such Information shall be
27 treated as designated until the change is completed. If the requested change in the
28 designation is not agreed to, the Party seeking the change may move the Court for

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

17-CV-0192-AJB NLS

Exhibit C - 18

1  relief, providing notice to any third party whose designation of produced Information

2  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

3  in the action may be affected. The Party asserting that the Information is

4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

5  shall have the burden of proving that the Information in question is within the scope of

6  protection afforded by FRCP 26(c) and that it must treated with the designated level of

7  confidentiality.

8      13.  **FINAL DISPOSITION**

9      Within sixty (60) days after the final termination of this action (including any

10  appeals), Receiving Party shall, upon written notice from the Designating Party, either

11  return or certify in writing to the Producing Party that all "CONFIDENTIAL" or

12  "HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY" information has been

13  destroyed, including all tangible copies of extracts of data taken from such Information,

14  and that commercially reasonable efforts have been taken to remove electron copies of

15  such Information, from any computer, server, or communication device. The written

16  certification shall state that the Receiving Party has not retained copies of the

17  "CONFIDENTIAL" "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

18  information, except that Outside Counsel are entitled to retain an archival copy of all

19  pleadings, motions, papers, transcripts, legal memoranda, correspondence, or attorney

20  work product that may contain such "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL — ATTORNEYS' EYES ONLY" information. Archival copies

22  shall, however remain subject to this Order, as set forth in Section 4 above.

23      Within 60 days following the expiration of the last period for appeal from any

24  order issued connection with this action, the parties shall remove any Information

25  designated "CONFIDENTIAL HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

26  ONLY" from the office of the Clerk of Court Following that 60-day period, the Clerk

27  of Court shall destroy all Information designated "CONFIDENTIAL" or "HIGHLY

28  CONFIDENTIAL—ATTORNEYS' EYES ONLY".

1 | Dated:  February ___, 2018     McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

2

3

4

By:_____

5

Scott J. Ivy
6
Devon R. McTeer
7
Attorneys for Plaintiff, SATMODO, LLC

8

9 | Dated:  February ___, 2018     MATTHEW  V. HERRON

10

11

By:_____
12
Matthew V. Heron
13
Attorney for Defendants, WHENEVER
COMMUNICATIONS, LLC, dba
14
SATELLITEPHONESTORE.COM; and
HENAA BLANCO
15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY

## STIPULATION FOR PROTECTIVE ORDER

I hereby certify that I have reviewed and understand the attached Stipulation for Protective Order entered into between Plaintiff Satmodo, LLC and Defendants Whenever Communications, LLC dba Satellitephonestore.com and Henaa Blanco. and that I, being a person covered under paragraphs 7.2(b) and (c), 7.4 or 9 of that Stipulation, agree to comply with the terms of the Stipulation and to submit to the jurisdiction of the United States District Court for the Southern District of California should I violate the terms of that Stipulation.

I further certify that I am authorized to sign this Stipulation on behalf of any entity listed below in which I am employed and, in doing so, bind not only myself, but also all other personnel of such entity whom it is necessary that the material be shown and/or shared for the purposes of this litigation, and that I will take reasonable steps to ensure compliance by such other personnel with this Stipulation.

Date:_____, 2018

_____
Signature

_____
Printed Name of Signatory

_____
Name of Employer

_____
Address

1

## ORDER

2      In addition to the above terms—which the Court adopts in its entirety, the Court

3 further ORDERS parties seeking to file a document falling within this Protective Order

4 to comply with Courtroom Procedure Section VII and Civ. L.R. 79.2, ECF

5 Administrative Policies and Procedures, Section II.j, and the chambers' rules, with

6 respect to filing documents under seal.

7      IT IS SO ORDERED.

8 Dated: February___, 2018

9

10                                          _____

11                                               Nita L. Stormes
                                            United States Magistrate Judge

12

13   18265-00000 4927707.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit C - 22