## <u>INDEX OF EXHIBIT "A"</u>

| <u>Document Description</u> | <u>Ex. pp</u> |
|---|---|
| 2018-01-26 Letter from Counsel Re Plaintiff's Record Subpoenas | 01-01 |
| 2018-01-26 Plt's Rec Subpoena - Cox Enterprises, Inc. | 02-08 |
| 2018-01-26 Plt's Rec Subpoena - Comcast Cable Communications | 09-17 |
| 2018-01-26 Plt's Rec Subpoena - Verizon Wireless | 18-25 |
| 2018-01-26 Plt's Rec Subpoena - AT & T Services | 26-32 |
| 2018-01-26 Plt's Rec Subpoena - Sprint Personal Communications | 33-39 |



**McCORMICK
BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

January 26, 2018

**VIA EMAIL AND FEDERAL EXPRESS**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA  92101-3545

Re:    Satmodo, LLC v. Whenever Communications, LLC, et al.
       Our File No.:  18265-00000

Dear Mr. Herron:

Pursuant to Federal Rule of Civil Procedure, Rule 45(a)(4), this correspondence shall
serve as Notice that our office intends to serve the following third-parties with subpoenas
for the production of documents and electronically stored information:

1. Cox Enterprises
2. Comcast Cable Communication, LLC
3. Verizon Wireless
4. AT&T Services, Inc.
5. Sprint Personal Communications

The Subpoenas are attached hereto for your review and will be sent out for service on
Monday, January 29, 2018.

If you have any questions, feel free to contact me.

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:mgr
Enclosures

18265-00000 4890116.1

**Other offices of**
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 17-CV-0192-AJB NLS |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, et al. | ) ) ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Cox Enterprises, Inc., c/o MMTS, INC., (Dana M. Laurence), Agent for Service of Process, 628 S. Aviation Blvd., Manhattan Beach, CA 90266

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time: February 16, 2018; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 26, 2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Scott J. Ivy |

Plaintiff,

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT "A" Page 2 of 39**

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00
_____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

**DEFINITIONS**

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Cox Enterprises, Inc., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

18265-00000 4664762.1

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

18265-00000 4664762.1

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby ordered to disclose no later than February 16, 2018, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto, at or near the date(s) referenced for each.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

<u>**COX**</u>
**24.250.204.218 (9/8/17)**
**24.255.207.192 (9/22/17)**
**68.10.119.200 (7/5/17)**
**68.102.43.192 (9/13/17)**
**68.106.81.137 (9/5/17)**
**68.107.108.48 (9/12/17)**
**68.108.18.92 (9/12/17)**
**70.160.128.105 (8/17/17)**
**70.163.49.198 (9/13/17 - 9/19/17)**
**70.175.105.175 (9/12/17)**
**70.178.183.163 (9/14/17)**
**70.185.98.118 (9/20/17)**
**72.194.120.23 (9/12/17)**
**72.200.70.241 (9/14/17)**
**70.164.119.90 (1/19/17 - 11/8/17)**
**98.178.228.186 (12/2/16 - 1/12/17)**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

SATMODO, LLC, a California limited liability
company, )
_____ )
    *Plaintiff* )
v. ) Civil Action No. 17-CV-0192-AJB NLS
WHENEVER COMMUNICATIONS, LLC, d.b.a. )
SatellitePhoneStore.com, a Nevada limited liability )
company, et al. )
_____ )
    *Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Comcast Cable Communications, LLC, c/o C T Corporation System, Agent for Service of
Process, 818 W. 7th St., Suite 930, Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time: February 16, 2018; 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 26, 2018

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Scott J. Ivy

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Plaintiff,
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com  , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                               _____
                                                    *Printed name and title*

                               _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Comcast Cable Communications, LLC, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.    The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.    "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.       Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.       IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.       If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.       YOU are hereby ordered to disclose no later than February 16, 2018, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto, at or near the date(s) referenced for each.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4664758.1

**COMCAST**

73.93.142.206 (3/2/17)
107.4.11.193 (9/5/17)

174.49.169.185 (2/2/17)

174.55.154.168 (9/14/17)
174.57.130.7 (10/31/17)
174.57.18.163 (9/21/17)
174.62.248.11 (9/28/17)
24.131.62.178 (10/12/17)
24.15.48.204 (9/8/17)
24.99.119.160 (9/21/17)

50.206.111.30 (9/13/17 - 9/26/17)
24.30.42.97 (8/29/17)
24.63.140.85 (8/30/17)
50.207.154.78 (6/29/17)
50.247.154.169 (9/21/17)
66.229.6.204 (9/28/17)
67.162.235.182 (8/16/17)
67.164.197.131 (9/21/17)
67.166.107.36 (9/21/17)
67.172.93.48 (9/20/17)
67.174.190.234 (9/14/17)
67.182.29.233 (9/14/17)
68.36.178.117 (6/8/17)
68.44.221.206 (9/12/17)
68.48.238.112 (9/22/17)
68.52.4.10 (9/14/17)
68.60.73.146 (10/20/17)
68.62.246.54 (7/27/17)
68.83.80.236 (5/30/17)
69.143.141.69 (9/20/17)
69.242.207.30 (9/11/17)
69.242.88.96 (9/8/17)
69.243.177.118 (9/21/17)
69.243.190.128 (9/21/17)
69.245.74.45 (9/22/17)
69.246.41.203 (9/19/17 - 9/22/17)
71.192.77.226 (9/27/17)
71.199.243.223 (9/1/17)
71.204.11.60 (8/3/17)
71.206.157.94 (9/25/17)

**71.224.246.192 (6/20/17)**
**71.227.89.40 (5/30/17)**
**71.230.33.67 (9/1/17)**
**71.231.250.248 (9/21/17)**
**71.235.199.219 (9/26/17)**
**71.236.63.80 (8/8/17)**
**71.61.234.131 (9/14/17)**
**71.62.8.136 (2/1/17)**
**71.63.29.222 (9/13/17 - 9/19/17)**
**73.1.28.186 (9/21/17)**
**73.104.102.11 (9/19/17)**
**73.106.72.184 (6/2/17)**
**73.106.78.192 (3/9/17)**
**73.11.211.195 (9/20/17)**
**73.114.129.235 (9/15/17)**
**73.132.235.49 (6/14/17)**
**73.133.82.226 (8/4/17)**
**73.135.80.62 (1/30/17)**
**73.137.197.129 (9/20/17)**
**73.138.108.19 (9/21/17)**
**73.143.130.21 (9/27/17)**
**73.149.185.103 (2/16/17)**
**73.150.109.193 (9/13/17)**
**73.16.1.126 (9/27/17)**
**73.172.247.27 (9/26/17)**
**73.177.8.75 (8/31/17)**
**73.178.127.132 (9/13/17)**
**73.194.55.72 (9/19/17)**
**73.198.20.96 (9/22/17)**
**73.200.250.19 (8/31/17)**
**73.204.250.92 (9/26/17)**
**73.21.123.190 (9/6/17)**
**73.214.92.230 (8/7/17)**
**73.215.133.154 (9/19/17)**
**73.215.231.157 (9/5/17)**
**73.250.203.253 (9/13/17)**
**73.27.217.196 (9/20/17)**
**73.4.204.161 (9/13/17)**
**73.43.212.50 (10/11/17 - 10/26/17)**
**73.46.101.109 (2/3/17)**
**73.57.250.11 (9/13/17)**
**73.82.172.36 (9/11/17)**
**73.85.201.60 (1/27/17)**
**73.85.204.196 (9/26/17)**
**73.85.58.215 (9/5/17)**
**73.86.25.232 (9/13/17)**
**75.67.221.26 (9/13/17)**

**75.73.216.17 (10/27/17)**
**75.74.130.214 (9/5/17)**
**76.109.67.34 (9/28/17)**
**76.119.219.8 (8/2/17)**
**76.23.181.34 (10/9/17)**
**76.23.197.88 (9/12/17)**
**96.68.61.113 (9/19/17)**
**96.80.120.214 (9/22/17)**
**96.88.35.138 (9/7/17)**
**98.203.130.68 (9/12/17)**
**98.221.198.90 (9/13/17)**
**98.242.109.146 (9/20/17)**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

SATMODO, LLC, a California limited liability
company,
_____
     *Plaintiff*
     v.
WHENEVER COMMUNICATIONS, LLC, d.b.a.
SatellitePhoneStore.com, a Nevada limited liability
company, et al.
_____
     *Defendant*

)
)
)
)
)
)
)

Civil Action No. 17-CV-0192-AJB NLS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, Verizon Wireless, Subpoena Compliance, facsimile no. (888) 667-0028
_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720 | Date and Time: February 16, 2018; 10:00 a.m. |
|---|---|

□ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date: January 26, 2018

    CLERK OF COURT

            OR

_____  _____
  *Signature of Clerk or Deputy Clerk*      *Attorney's signature*
            Scott J. Ivy

                    Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT "A" Page 18 of 39**



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

American LegalNet, Inc.
www.FormsWorkFlow.com 

**ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

**DEFINITIONS**

1.    The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Verizon Wireless, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.    "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.    "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.    "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.    "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.    "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.      "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT. COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.      "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.      "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.      EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.      For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby ordered to disclose no later than February 16, 2018, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto, at or near the date(s) referenced for each.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4664753.1

**CELLCO**
**174.192.1.127 (9/1/17)**
**174.192.14.30 (11/10/17)**
**174.192.16.83 (9/28/17)**
**174.192.26.105 (8/17/17)**
**174.192.28.188 (9/28/17)**
**174.192.31.178 (9/14/17)**
**174.193.135.28 (9/21/17)**
**174.193.149.86 (9/27/17)**
**174.193.156.78 (9/20/17)**
**174.194.21.75 (8/23/17)**
**174.194.27.6 (6/16/17)**
**174.195.131.162 (8/4/17)**
**174.196.133.178 (9/14/17)**
**174.196.150.33 (9/12/17)**
**174.198.11.10 (10/20/17)**
**174.199.16.237 (6/29/17)**
**174.199.23.213 (9/7/17)**
**174.199.23.69 (9/26/17)**
**174.199.3.34 (9/12/17)**
**174.199.30.48 (9/27/17)**
**174.200.10.222 (7/28/17)**
**174.200.7.32 (8/8/17)**
**174.201.10.214 (9/27/17)**
**174.201.4.210 (2/7/17)**
**174.201.7.137 (5/31/17)**
**174.204.10.25 (11/8/17)**
**174.204.5.204 (9/29/17)**
**174.205.0.70 (7/26/17)**
**174.205.13.108 (7/29/17)**
**174.205.3.227 (8/11/17)**
**174.205.6.214 (10/2/17)**
**174.205.6.27 (6/21/17)**
**174.218.139.112 (9/19/17)**
**174.218.15.14 (6/14/17 & 10/3/17)**
**174.218.15.142 (10/3/17)**
**174.218.2.206 (8/7/17)**
**174.218.5.122 (6/2/17)**
**174.219.0.190 (9/6/17)**
**174.219.134.171 (9/21/17)**
**174.219.9.207 (8/4/17)**
**174.223.5.244 (9/18/17)**
**174.226.35.2 (11/14/17)**
**174.227.0.106 (9/5/17)**
**174.227.0.116 (11/21/17)**
**174.227.13.120 (3/7/17)**
**174.227.7.1 (10/2/17 & 10/17/17)**

**174.228.0.254 (9/18/17)**
**174.228.13.167 (9/27/17)**
**174.228.2.61 (9/7/17)**
**174.228.3.173 (2/22/17)**
**174.228.3.30 (7/25/17)**
**174.228.4.111 (9/21/17)**
**174.228.6.103 (9/8/17)**
**174.228.7.199 (9/22/17)**
**174.228.7.239 (9/19/17)**
**174.230.2.207 (11/8/17)**
**174.233.137.235 (6/23/17)**
**174.233.142.176 (5/30/17)**
**174.233.4.74 (10/10/17)**
**174.255.220.27 (7/25/17)**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## UNITED STATES DISTRICT COURT
### for the
#### SOUTHERN DISTRICT OF CALIFORNIA

SATMODO, LLC, a California limited liability
company,
_____
                    *Plaintiff*                         )
                        v.                              )       Civil Action No. 17-CV-0192-AJB NLS
WHENEVER COMMUNICATIONS, LLC, d.b.a.                    )
SatellitePhoneStore.com, a Nevada limited liability    )
company, et al.                                        )
_____                )
                    *Defendant*                        )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, AT&T Services, Inc., c/o C T Corporation System, Agent for Service of Process, 818 W. 7th
     St., Suite 930, Los Angeles, CA 90017
_____
                         *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 | Date and Time: |
|---|---|
| N. Fresno Street, Fresno, CA  93720 | February 16, 2018; 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date: January 26, 2018

                    CLERK OF COURT
                                                    OR
        _____          _____
          *Signature of Clerk or Deputy Clerk*              *Attorney's signature*
                                                 Scott J. Ivy
                                                                   Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com  , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

#### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT "A" Page 26 of 39**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                   _____
                                                            *Printed name and title*

                                                   _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, AT&T Services, Inc., its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts, and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

18265-00000 4913465.1

7.     "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.     "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.     "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.     Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.     EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

4.     Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.     IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.     If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     YOU are hereby ordered to disclose no later than February 16, 2018, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto, at or near the date(s) referenced for each.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4913465.1

**AT&T**
**104.10.128.99 (9/21/17)**
**104.14.37.175 (9/13/17)**
**104.176.26.247 (9/12/17)**
**104.185.37.94 (10/18/17)**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

SATMODO, LLC, a California limited liability
company,
_____
                    *Plaintiff*                              )
                       v.                                    )     Civil Action No. 17-CV-0192-AJB NLS
WHENEVER COMMUNICATIONS, LLC, d.b.a.                          )
SatellitePhoneStore.com, a Nevada limited liability          )
company, et al.                                              )
_____                      )
                    *Defendant*                              )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of Records, Sprint Personal Communications Systems, 6200 Sprint Parkway KSOPHF0302-3B 120,
     Overland Park, KS  66251
_____
                              *(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:
See Attachment "A" attached hereto and made a part hereof.

| Place: McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 | Date and Time: |
|---|---|
| N. Fresno Street, Fresno, CA  93720 | February 16, 2018; 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date: January 26, 2018

                    CLERK OF COURT
                                                      OR
_____          _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*
                                             Scott J. Ivy
_____
                                                                    Plaintiff,
The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* SATMODO, LLC
Scott J. Ivy, scott.ivy@mccormickbarstow.com, Devon R. McTeer,
devon.mcteer@mccormickbarstow.com and Jared Gordon, jared.gordon@mccormickbarstow.com , who issues or requests this subpoena, are:

McCormick, Barstow, Sheppard, Wayte & Carruth, 7647 N. Fresno Street, Fresno, CA  93720; telephone: (559) 433-1300

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT "A" Page 33 of 39**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-CV-0192-AJB NLS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT "A" Page 34 of 39**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## ATTACHMENT "A" TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS

### DEFINITIONS

1.      The terms "YOU," and/or "YOUR" as used herein mean and include Custodian of Records, Sprint Personal Communications Systems, its past or present officers, directors, employees, representatives, consultants, partners, independent contractors, agents and attorneys, as well as any past or present predecessor, successor, parent, subsidiary, division or affiliate thereof, whether domestic or foreign and whether owned in whole or in part.

2.      "PLAINTIFF" as used herein means and includes Plaintiff SATMODO, LLC, and its employees, independent contractors, agents, and/or ANY PERSON working on its behalf.

3.      "PERSON" or "PERSONS" means ANY individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability corporation (LLC), doing business as (DBA), or other legal, business or governmental entity.

4.      "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request ANY DOCUMENTS which would otherwise not be brought within its scope.

5.      "ANY" and "ALL" shall both be interpreted in the most inclusive light, and shall include "ANY AND ALL."

6.      "DOCUMENT" and "DOCUMENTS" shall have the meaning ascribed to it by Fed. R. Civ. Proc. R. 34 AND to "writings" and "recordings" by Fed. R. Evid. 1001, and INCLUDE without limitation the original and EACH non-identical copy of ANY written, printed, typed, recorded, computerized, taped, graphic or other matter, in whatever form, whether in final or draft. Thus, DOCUMENT INCLUDES but is not limited to electronic mail, file folders, file jackets and metadata, as well as EACH original and EACH copy, stored electronically or in ANY other format, information, ALL drafts and ALL non-identical copies bearing notations or marks not found in the original or other copies and INCLUDES, without limitation, ALL notes, memoranda, studies, reports, analyses, business plans, forecasts, estimates, appraisals, test data, notebooks, working papers, letters, correspondence, contracts, agreements, licenses, charts, graphs, indices, discs, Internet web server files, databases, data compilations, data sheets, data processing cards or programs, microfilm, microfiche, forms, diaries, time calendars (INCLUDING appointment calendars, day calendars, day timers), appointment books, logs, bank records (INCLUDING monthly or other periodic statements, checks, deposit slips, wire transfer documentation), financial records (INCLUDING books of account, ledgers, journals, invoices, bills, balance sheets, profit and loss and income statements, audited and unaudited financial statements), card files, pamphlets, periodicals, schedules, telegrams, telexes, minutes of meetings, manuals, brochures, promotional materials, bulletins, circulars, specifications, instructions, notices, comparisons and surveys.

7.      "COMMUNICATION" or "COMMUNICATIONS" INCLUDES every manner and means of disclosure, transfer, or exchange, and every discussion, conversation, or disclosure, transfer, or exchange of information, whether orally or by DOCUMENT.  COMMUNICATION may be embodied in ANY means or media, INCLUDING writing, computer readable files, electronic mail, voicemail, digital recording, sound recording, or video recording.

8.      "IDENTIFY" shall mean (a) when referring to a PERSON, the PERSON'S full name, present or last known address, title and place of employment, and, if YOUR employee or independent contractor, his or her responsibilities; (b) when referring to a business, legal, or governmental entity or association, the name and address of the main office; (c) when referring to a fact, the fact and the documentary or testimonial support for that fact; (d) when referring to a product or thing, the title, ANY code or project name, or other name by which it has been referred, and a general description of the product or thing; (e) when referring to a written COMMUNICATION, identity of the DOCUMENTS in which the COMMUNICATION was made; (f) when referring to an oral COMMUNICATION, the identity of PERSONS participating in the COMMUNICATION and the date and time it occurred.

9.      "EACH" means each and every.

10.     The term "INCLUDING" as used herein is illustrative AND is in no way a limitation on the information requested.

11.     "REGARDING" or "RELATING TO" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## INSTRUCTIONS

1.      Pursuant to Fed. R. Civ. Proc. R. 45, YOU must produce the below-enumerated categories of DOCUMENTS, INCLUDING tangible items of ANY nature which are now or have at ANY time been within YOUR possession, custody, or control. In lieu of producing the original DOCUMENTS and things, YOU may provide a legible copy to PLAINTIFF'S counsel at McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 7647 N. Fresno Street, Fresno, California, 93720 within the time permitted by law. By permitting YOU to provide legible copies in lieu of originals, PLAINTIFF reserves the right to request the inspection of ANY original DOCUMENT or tangible thing at ANY time and place that is mutually convenient for PLAINTIFF and YOU.

2.      EACH DOCUMENT produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be IDENTIFIED at such production according to the number of the Request to which it corresponds. EACH DOCUMENT shall be produced in its original file folder, or, in lieu thereof, ANY writing on the file folder from which EACH such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.      For EACH DOCUMENT produced, IDENTIFY the PERSON for whom, or the department, division, or office for which, such DOCUMENT is maintained.

18265-00000 4664777.1

4.      Electronic DOCUMENTS and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5.      IDENTIFY ALL DOCUMENTS requested hereby that were at ANY time in YOUR possession, custody, or control and have since been destroyed by stating a description of the DOCUMENT and identifying the names and titles of ANY PERSON involved in or with knowledge of the destruction.

6.      If YOU object to a Request as unduly burdensome or overly broad, YOU shall answer those portions of the Request which are unobjectionable and state specifically in what respect the Request is objectionable.

### REQUEST FOR PRODUCTION OF DOCUMENTS

1.      YOU are hereby ordered to disclose no later than February 16, 2018, to the above named PLAINTIFF, DOCUMENTS sufficient to IDENTIFY the user data AND account holder for ANY and ALL of the IP addresses attached hereto, at or near the date(s) referenced for each.

Such identifying DOCUMENTS shall include, if possessed by YOU, the name, address, phone numbers, Internet Protocol (IP) addresses, Media Access Control (MAC) addresses, AND email addresses that are associated with EACH of the above.

18265-00000 4664777.1

**SPRINT**
**66.87.100.218 (9/5/17)**
**66.87.101.8 (8/2/17)**
**66.87.116.208 (9/21/17)**
**66.87.116.51 (8/30/17)**
**66.87.117.129 (10/2/17)**
**66.87.117.187 (9/20/17)**
**66.87.117.53 (6/20/17)**
**66.87.120.249 (8/23/17 - 9/12/17)**
**66.87.122.243 (10/9/17)**
**66.87.122.247 (12/12/17)**
**66.87.123.6 (9/20/17 - 9/27/17)**
**66.87.123.69 (9/21/17 - 9/27/17)**
**66.87.124.235 (10/2/17)**
**66.87.125.176 (9/25/17)**
**66.87.125.75 (9/22/17)**
**66.87.132.20 (2/20/17)**
**66.87.133.183 (6/14/17 - 7/4/17)**
**66.87.133.221 (3/9/17)**
**66.87.3.179 (9/7/17)**
**66.87.73.22 (7/6/17 & 8/23/17)**
**66.87.81.100 (8/18/17)**
**66.87.85.150 (9/21/17)**
**66.87.95.114 (8/15/17)**
**66.87.96.7 (10/4/17)**
**99.203.0.74 (6/21/17)**
**99.203.1.34 (9/21/17)**
**99.203.17.234 (11/16/17)**
**99.203.26.184 (10/26/17)**