McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
    Scott.ivy@mccormickbarstow.com
Devon R. McTeer #230539
    devon.mcteer@mccormickbarstow.com
Jared Gordon, #227980
    Jared.gordon@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**SATMODO, LLC'S INITIAL DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26 (a)(1)**<br><br>Judge: Hon. Nita L. Stormes<br><br>Action Filed: February 1, 2017<br><br>Trial Date: None |

Pursuant to Rule 26(a)(1) of the Federal of Rules of Civil Procedure, Plaintiff SATMODO, LLC, a California limited liability company ("Plaintiff" or "SATMODO") makes the following initial disclosures by and through its attorneys of record to Defendants WHENEVER COMMUNICATIONS, LLC, dba SATELITEPHONESTORE.COM; and HENAA BLANCO ("WHENEVER and BLANCO").

# I.
# WITNESSES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiff hereby makes the following disclosure of individuals likely to have discoverable information that it may use to support its claims and defenses, unless solely for impeachment:

| Name/Address | Anticipated Subject Of Information |
|---|---|
| Tina Blanco<br>Whenever Communications | Plaintiff is informed and believes that this witness may have requested, directed, authorized, and/or directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Sue Shorees<br>Whenever Communications | Plaintiff is informed and believes that this witness may have directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Angelo Shorees<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of and possibly directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Eric Talman<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of and possibly directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Barry Hipple<br>Whenever Communications | Plaintiff is informed and believes that this witness may have requested, directed, authorized, and/or directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Trinh La<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of and possibly directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2    17-CV-0192-AJB NLS

Exhibit 2 - 9

| Name/Address | Anticipated Subject Of Information |
|---|---|
|  | identity and destroy evidence. |
| Filip Kvansny<br>Whenever Communications | Plaintiff is informed and believes that this witness may have directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Ronald Desantis<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of, authorized, or subsequently ratified scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Gregory Pech<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of, authorized, or subsequently ratified scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Roxanne Pech<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of, authorized, or subsequently ratified scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Callie Parsons<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Marco Spassovski<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of and possibly directly participated in scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Thikra Boles<br>Whenever Communications | Plaintiff is informed and believes that this witness may have been aware of scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Phil Sexton<br>Former employee Whenever | Plaintiff is informed and believes that this witness |

| Name/Address | Anticipated Subject Of Information |
|---|---|
| Communications | may have been aware of scheme to fraudulently click on Plaintiff's paid ads, including efforts to mask identity and destroy evidence. |
| Other current or former employees, agents, or independent contractors of Whenever Communications | As yet unidentified current or former employees, agents, or independent contractors of Whenever Communications may have knowledge of the conduct alleged in the First Amended Complaint, including but not limited to a scheme to fraudulently click on Plaintiff's paid ads. |
| Mike Mikha<br>Satmodo<br>c/o McCormick Barstow | This witness has knowledge of knowledge of the conduct alleged in the First Amended Complaint, including but not limited to a scheme to fraudulently click on Plaintiff's paid ads. |
| Scott Lindsey<br>Satmodo<br>c/o McCormick Barstow | This witness has knowledge of knowledge of the conduct alleged in the First Amended Complaint, including but not limited to a scheme to fraudulently click on Plaintiff's website, including efforts to mask identity and destroy evidence. |
| Person(s) Most Knowledgeable at Click Cease | The process and data used to identify "unique devices" and invalid and fraudulent clicks on Plaintiff's paid advertisements, and the reports produced by Click Cease regarding invalid and fraudulent clicks. |

Discovery is on-going and in fact just beginning. Plaintiff reserves the right to modify, amend, and/or supplement this disclosure of individuals likely to have discoverable information, and further reserves the right to use any witnesses listed by any other party to this litigation. Plaintiff further reserves the right to use any witnesses that it deems necessary for rebuttal and/or impeachment purposes.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

17-CV-0192-AJB NLS

Exhibit 2 - 11

## II.
## DOCUMENTS

The following are the categories of documents in Plaintiff's possession, custody, or control that Plaintiff may use to support its claims or defenses, unless solely for impeachment:

1. Documents relating to invalid and fraudulent clicks on Plaintiff's paid ads by Defendants, including:

   a. Click Cease reports and logs from September 2016 until the present showing clicks on Plaintiff's paid ads;

   b. Click Cease reports and logs of ad clicks from September 2016 until the present identifying unique devices clicking on Plaintiff's paid ads from multiple IPs and multiple locations and states within seconds;

   c. Click Cease reports and logs of ad clicks from September 2016 until the present identifying suspicious, invalid and/or fraudulent clicks on Plaintiff's paid ads;

   d. Webpages, screenshots and other documents evidencing IP addresses associated with Defendants, and located at or near Defendants' known offices and locations, clicking Plaintiff's paid ads and initiating chats with Plaintiff.

   e. Live Help Click and Chat reports and logs showing IPs for website traffic;

   f. Live Help Click and Chat reports and logs showing chats initiated from Tina Blanco at known Whenever IPs;

   g. Live Help Click and Chat reports and logs evidencing repeated clicks and chats initiated by Proxy IPs;

   h. Live Help Click and Chat reports and logs evidencing click/page refreshes at speeds only achievable through automatic means from

IP addresses associated with Tina Blanco and Whenever

i. Emails and text messages or traffic to, from, or between, Whenever employees and agents evidencing Defendants' conduct, proposing additional wrongful conduct, specific targeting of Plaintiff, and inquiries regarding the use of proxy servers to assist;

j. Webpages, screenshots and other documents evidencing Whenever's counterfeiting of Satmodo.com website and ad copy;

k. Documents evidencing Defendants' unauthorized access to Plaintiff's website, computers and servers by fraudulently clicking on Plaintiff's paid ads on search provider webpages.

l. Documents evidencing Defendants' attempts to mask their identity, bypass measures Plaintiff had put in place to try and block further unauthorized access, and/or to otherwise increase the effectiveness of the click fraud scheme employed, including but not limited to the use of proxy servers, mobile communication providers, and automated means to mask their identify and make as many clicks as possible in the shortest amount of time.

2. Documents relating to damages caused by Defendants' conduct, including

a. Documents evidencing Plaintiff's historical and recent sales, costs, expenses, and conversion rate;

b. Documents evidencing contracts with search providers, charges for clicks, disputes regarding imposition of click charges, costs and expenses to track and/or block future intrusions;

c. Documents evidencing the fact that Plaintiff's performance under its contracts with the search providers were made more burdensome and costly including but not limited to the costs and fees to dispute imposition of fees for fraudulent clicks, the revenue lost each time

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

17-CV-0192-AJB NLS

Exhibit 2 - 13

Defendant, rather than a legitimate potential customer, clicked on Plaintiff's paid ads.

d. Documents evidencing damages flowing from Defendants' conduct as alleged in the First Amended Complaint, including the fact that Plaintiff was prematurely excluded from the marketplace due to exceeding its daily budgets, lost customers, lost sales, and higher expenses;

e. Documents evidencing the benefits and value received by Defendants as a result of the conduct, including higher ad placement, lower advertising costs, and increased sales, revenue and profit margins due to Defendants' disruption of Plaintiff's online ads and online presence in the marketplace.

## III.
## DAMAGES

Plaintiff's investigation into the damages caused by the conduct alleged in the First Amended Complaint is ongoing, and will be subject to significant upcoming discovery and expert witness review and opinion. The damages estimated to date, including charges for clicks, efforts to track and block future access, and lost revenue flowing from the fraudulent clicks negatively impacting Plaintiff's conversion rate and ultimately causing Plaintiff to be prematurely excluded from the marketplace due to exceeding its daily budgets, are $305,783. Defendants also seek reasonable attorneys' fees pursuant to California Penal Code section 502(e).

Plaintiff has also been damaged in that Defendants' conduct caused Plaintiff's performance under its contracts with the search providers were made more burdensome and costly including but not limited to the costs and fees to dispute imposition of fees for fraudulent clicks, the revenue lost each time Defendant, rather than a legitimate potential customer, clicked on Plaintiff's paid ads.

## IV.
## INSURANCE

Plaintiff is not aware of any insurance policy under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: January 18, 2018

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Scott J. Ivy
Devon McTeer
Jared Gordon
Attorneys for Plaintiff, SATMODO, LLC

18265-00000 4876132.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

17-CV-0192-AJB NLS

Exhibit 2 - 15