UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-192-AJB-NLS<br><br>**ORDER ON MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>**and**<br><br>**PROTECTIVE ORDER, AS MODIFIED BY THE COURT**<br><br>**(ECF No. 38)** |

Before the Court is the Plaintiff's Motion for Entry of a Protective Order. ECF No. 38. In response, the Court set out a briefing schedule and hearing date. ECF No. 39. Defendants filed an opposition on February 14, 2018 and Plaintiff filed a reply on February 21, 2018. ECF Nos. 42, 43. The Court deems this motion suitable for determination on the papers submitted and without oral argument. CivLR 7.1 (d)(1).

**I.　LEGAL STANDARD**

"Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364,

368-69 (9th Cir. 1982). "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). In order to satisfy the good cause standard, the party seeking the protective order must explain what specific prejudice or harm will result without protection. *Id.* at 1211. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . [because the] trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## II. DISCUSSION

This case alleges that Defendants participated in a click-fraud scheme to force Plaintiff's daily advertising budget, calculated on a per click basis, to be reached prematurely and clear advertising availability for its competitors, including defendant Whenever Communications. *See* ECF No. 16. Plaintiff argues that a protective order is necessary to protect privileged and proprietary information. ECF No. 38 at 1. Included within the Plaintiff's proposed protective order is further explanation:

> Disclosure and discovery in this action are likely to involve production of confidential proprietary, or private information and, for competitive reasons, are normally kept confidential. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rules of Civil Procedure 26(c)(7). Special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. … The nature of the claims involved in this action may require discovery into competitive sensitive information, including potentially from third parties. A private agreement between the Parties would be insufficient to alleviate the Parties' concerns that such information remain confidential. The entry of a protective order is designed to prevent the unauthorized disclosure and use of such information of Parties and Non-Parties

>during the litigation and after it has been concluded. A protective order will also facilitate timely production of material from both Parties and Non-Parties. …

ECF No. 38-1, Ex. C.

Plaintiff submits that it will not produce confidential and proprietary documents recently requested by the Defendants—such as "full and complete reports and logs identifying clicks on Plaintiff's paid ads, efforts Plaintiff has employed to try and block and/or monitor and track future attempts at unauthorized access, documents evidencing Plaintiff's 'historical and recent sales, costs, expenses, and conversion rates…'"—to the Defendants, a direct competitor, absent a protective order or another order of the court compelling production. ECF No. 43 at 2.

In opposition to the motion for entry of a protective order, Defendant first argues that Plaintiff fails to demonstrate good cause for a protective order "at this juncture of the case." ECF No. 42 at 1-2. Defendant concedes "there may be need for a protective order on very limited categories of discovery later in the case," but disputes that it is necessary now or for documents requested because "a material portion" of the ClickCease reports Plaintiff relies on to demonstrate fraudulent clicks have been included in filings before the Court. ECF No. 42 at 4. Defendants do not offer any proposed alternate categories, language, or its own proposed protective order. Defendant's only specific challenge to any term of Plaintiff's proposed protective order is to the definition of "'CONFIDENTIAL' Information or Items" on the grounds that it uses subjective terms, failing to identify a "*properly demarcated category* of legitimately confidential information." *Id.* at 2 (emphasis in original).

While Plaintiff makes minimal effort to identify "what specific prejudice or harm will result without protection," the Court is also unaware of any cases involving direct competitors where there was any disagreement that a protective order was warranted, as

Defendants appear to argue.[1] The potential for prejudice and/or harm are high when producing marketing, financial, or other confidential and proprietary information to a direct competitor. Thus, the Court will exercise its discretion to enter a blanket protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. at 36 ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.")

Blanket protective orders are routinely approved for use in civil cases and consistent with the mandate that courts provide "just, speedy, and inexpensive" resolution in every action and proceeding. *Van v. Wal-Mart Stores, Inc.*, C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) ("Blanket protective orders serve the interests of a 'just, speedy, and inexpensive' determination of cases by avoiding the undue cost and delay that would ensue if courts had to make a good cause determination on a document-by-document basis for all documents exchanged in discovery that a party wished to protect."). The Ninth Circuit implicitly acknowledged that the use of blanket protective orders conserves judicial resources-and taxpayer money-by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122,

---

[1] In the cases located by this Court involving direct competitors disputing a protective order, the parties only disputed the proper level of access for in house counsel. In none of the cases did the parties dispute that a blanket protective order was appropriate. *See, e.g., Life Techs. Corp. v. Ebioscience Inc.*, 10CV2127 IEG NLS, 2011 WL 1597441, at *1 (S.D. Cal. Apr. 26, 2011) ("The parties have agreed upon all but one of the terms of a protective order to cover the use of confidential information in this litigation. The issue presented to the Court for resolution is whether the in house attorneys …should be able to access information produced by [the opposing party] as "Attorneys' Eyes Only."); *Lindsey v. Elsevier Inc*., 16-cv-00959 GPC DHB, 2016 WL 8731471, at *1 (S.D. Cal. Aug. 19, 2016) (competitors "agreed upon a form of protective order in all respects except one: they disagree about whether the protective order should have an "Attorneys' Eyes Only" ("AEO") level of confidentiality designation that would preclude Plaintiff from reviewing documents with that designation."); *Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, 16CV01702BLFSVK, 2017 WL 2591842, at *2 (N.D. Cal. June 15, 2017) (parties, competitors, agreed a protective order was appropriate, disagreed re scope of in house counsel access); *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000) (motion to modify agreed upon protective order re scope of information permissibly shared with in-house counsel).

1131 (9th Cir.2003) (noting that use of a blanket protective order was "understandable for the unfiled documents given the onerous burden document review entails.").

"While blanket protective orders are usually based on a joint request of the parties—and courts generally expect such cooperation among litigants—the agreement of all parties is not required so long as certain conditions are met." *Van v. Wal-Mart*, 2011 WL 62499, at *2 (*citing Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.,* 121 F.R.D. 264, 268 (M.D.N.C. 1988)). Specifically, the party requesting the protective order must "make some threshold showing of good cause to believe that discovery will involve confidential or protected information," which "may be done on a generalized as opposed to document-by-document basis." *Id.* Additionally, the parties "must agree to only invoke the designation in good faith." *Id.* Finally, the party receiving documents must have the right to challenge the confidentiality designations assigned to documents. *Id.*

The Court finds that Plaintiff has satisfied the threshold showing of good cause to believe that discovery will involve confidential information. Plaintiff points to presently pending discovery requests from Defendant seeking financial and historical sales information. *See* ECF No. 43-1 at ¶ 4, Exs 1-2. Additionally, this lawsuit is between direct market competitors and discovery is likely to include further financial and trade secret information, such as the marketing budgets or strategies that are the subject of litigation.

Upon review of the proposed protective order submitted by Plaintiff, the Court finds that it contains all the other necessary conditions, including that confidentiality designations may only be invoked in good faith (*see* ¶¶ 2.1, 2.5, 5.1) and may be challenged by the receiving party (*see* ¶ 6).

Defendants raise a single objection to Plaintiff's proposed protective order. *See* ECF No. 42 at 2 (objecting to proposed protective order section 2.1 "CONFIDENTIAL" Information or Items). Defendants' specific objection is to the subjective nature of what constitutes confidential information, which is defined as:

> **"CONFIDENTIAL"** Information or Items: Information (regardless of how generate [sic] stored, or maintained) or tangible things that a Party or Non-Party reasonably and in good faith believes to contain confidential or proprietary information that is not publicly available (such as commercial financial, trade secret, or other sensitive information) and that are treated confidentially by a Party [sic] Non-Party.

ECF No. 38-1, Ex. C at 10. Defendants offer no alternative proposed definition or categories for what can be properly considered or designated as "CONFIDENTIAL."

In considering Defendant's objection, the Court reviewed the Southern District's model protective order (available on the Court's website), and finds an equally subjective standard is used:

> Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

Model Protective Order, ¶ 4(a).

The Court finds a subjective standard appropriate for two reasons: First, because the parties are in the best position to determine what documents are best designated "CONFIDENTIAL." Second, because the protective order contains appropriate safeguards, such as requiring the parties not over-designate and providing a mechanism for the parties to challenge designations. While the Court finds these safeguards strike the proper balance, it will add language from the model protective order to further address Defendants' concern.

In light of the foregoing, the Court hereby enters the following protective order, as modified by the Court from the proposed protective order submitted by Plaintiff:[2]

---

[2] Apart from the change to the definition of "CONFIDENTIAL" Information and Items discussed above, the Court's modifications to the proposed protective order corrects grammar and typographical errors,

1    **III.    PROTECTIVE ORDER**

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery in this action are likely to involve production of confidential proprietary, or private information and, for competitive reasons, are normally kept confidential. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rules of Civil Procedure 26(c)(7). Special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted.

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or is entitled to confidential treatment under this Order or applicable legal principles.

The nature of the claims involved in this action may require discovery into competitive sensitive information, including potentially from third parties. A private agreement between the Parties would be insufficient to alleviate the Parties' concerns that such information remain confidential. The entry of a protective order is designed to prevent the unauthorized disclosure and use of such information of Parties and Non-Parties during the litigation and after it has been concluded. A protective order will also facilitate timely production of material from both Parties and Non-Parties.

**2.    DEFINITIONS**

    **2.1.    "CONFIDENTIAL" Information or Items:** Information (regardless of how generated, stored, or maintained) or tangible things that a Party or Non-Party reasonably and in good faith believes to contain confidential or proprietary information that is not publicly available (such as commercial

---

and remove inapplicable language and references to the Order being the result of a stipulation if the parties.

financial, trade secret, or other sensitive information), and that are treated confidentially by a Party or Non-Party, the unrestricted disclosure of which could be potentially prejudicial to the business or operations of such party.

**2.2.** **Designating Party:** A Party or Non-Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

**2.3.** **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.4.** **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel to serve as an expert witness consultant in this action and who is not a current or former employee of a Party or of a competitor of Party.

**2.5.** **"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY":** Competitively sensitive "CONFIDENTIAL" Information or Items, the disclosure of which would result in the disclosure of Information only known on a "need-to-know basis" and generally not known by individuals or entities not affiliated with a Party, and would cause injury to the producing Party's commercial or competitive interests. There is a particularized need for this Information to be covered by the Order to protect information of a highly sensitive and confidential nature, as disclosure could create a substantial risk of harm to the Designating Party that could not be avoided by less restrictive means.

**2.6.** **Information**: Any document (whether in hard copy or a computer readable form), portion thereof, any type of evidence, any form of discovery contemplated under FRCP 26 through 36, any other information given in

writing or orally.

**2.7. Non-Party**: Any person or entity that is not a Party that produces information that the Non-Party or any Party contends should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material in this action.

**2.8. Outside Counsel**: Attorneys with the firms of Matthew V. Herron and McCormick Barstow, LLP, and any other firm(s) subsequently appearing in this action on behalf of a Party. This shall include paralegals, secretaries and other support staff employed in the law firms identified.

**2.9. Producing Party**: A Party or Non-party that produces material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in this action.

**2.10. Professional Vendors**: Persons or entities that provide litigation support service (including but not limited to photocopying, videotaping, translating, preparing exhibits demonstrations, organizing, storing, and retrieving data in any form or medium), as well as the employees and subcontractors.

**2.11. Protected Material**: Any Information, Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

**2.12. Receiving Party**: A Party that receives "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" material from Producing Party.

**3. SCOPE**

The protections conferred by this Order cover Protected Material and Information copied extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Outside Counsel to or in Court proceedings or in other settings that might reveal Protected Material.

9

3:17-cv-192-AJB-NLS

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court's order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u>**

Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard. A Designating Party must take care to designate for protection only those parts of the material documents, items, or oral or written communication that qualify so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiability within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2. <u>Manner and Timing of Designations.</u>**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**5.3 <u>Information in documentary form</u>** (e.g., paper or electronic documents, excluding transcripts depositions or other pretrial or trial proceedings): The Producing Party shall affix the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material, in such a manner that will not interfere with the legibility of the document.

**5.4 <u>Testimony given in depositions or in other pretrial or trial proceedings</u>**: All depositions or portions of depositions taken in this action, including exhibits thereto,

10

3:17-cv-192-AJB-NLS

that discuss, contain, or constitute Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be similarly designated. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within twenty-one (21) days following receipt of the transcript to do so. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days following receipt of the transcript shall be covered by the provisions this Order. Until expiration of the aforesaid twenty-one (21) day period, all deposition transcripts shall be considered and treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," unless otherwise agreed on the record at the deposition.

The deposition of any witness (or any portion of such deposition) that encompasses Information designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be taken only in the presence of persons who are qualified to have access to such information.

Transcript pages containing Protected Material must be separately identified by the court reporter who must affix to the top of each such page the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering sponsoring the witness or presenting the testimony.

**5.5** **Information produced in some form other than documentary and for any other tangible items:** The Producing Party shall affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When a tangible object is produced for inspection subject to this Order, a photograph there shall be produced at the time of inspection labeled with the desired designation. Thereafter, a knowledge learned or obtained as a result of the inspection shall be subject to this Order

in accordance with the designation.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    **6.1**. **Timing of Challenges:** Unless a prompt challenge to Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or later significant disruption or delay of the litigation, a Party does not waive its right to challenge confidentiality designation by electing not to mount a challenge promptly after the original designation disclosed.

    **6.2**. **Challenge Procedure:** Should a dispute arise between the Parties regarding confidentiality designation, the Parties hereby agree that such dispute will be resolved in accordance with the Court's Civil Case Procedures, Section VI, regarding discovery disputes, including the meet and confer obligations and 45 day deadline contained therein. The burden of persuasion in any such judicial challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    **7.1**. **Basic Principles:** A Receiving Party may use Protected Material disclosed or produced by another Party or Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Treatment of Protected Material by Outside Counsel in conformity with the designation shall not be construed in any way as an admission or agreement by any Party that the designated Information in fact or in law constitutes or contains any proprietary or confidential information.

    The designation of any Information as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" pursuant to this Order shall not relieve the Designating Party from the burden imposed by the relevant substantive law.

    Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order and must be stored and maintained by a Receiving Party at a location and in a secure manner that is consistent with the Receiving Party's or its firm's storage of client files. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

**7.2**. **Disclosure of "CONFIDENTIAL" Information or Items:** Unless otherwise ordered the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel and their office associates, paralegals, legal assistants, stenographic and clerical employees, and Professional Vendors hired in the ordinary course representation to whom disclosure is reasonably necessary;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Bound" attached hereto as Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" attached hereto Exhibit A;

(d) the Court and its personnel;

(e) court reporters retained to transcribe testimony and their staffs;

(f) the author of the document, the original source of the Information, or persons who received it; and

(g) mediators or other ADR professionals agreed on and retained by the Parties.

**7.3**. **Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY" Information or Items:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to the persons designated in paragraphs 7.2 (a) (c), (d), (e), and (f).

**8.** **PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in another litigation

13

3:17-cv-192-AJB-NLS

that would compel disclosure of any Information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must prompt notify the Designating Party, in writing, within sufficient time to allow the Designating Party to seek relief to stop the production of such Protected Material. Such notification must include a copy of the subpoena or court order.

The purpose of imposing this duty is to afford the Designating Party in this case an opportunity try to protect its confidentiality interests in the court from which the subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material and nothing in these provisions should be construed as authorizing or encouraging the Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its be efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order and provide a copy of this Order, and (d) require such person(s) execute the "Acknowledgment and Agreement to be Bound" attached hereto Exhibit A.

**10.    FILING PROTECTED MATERIAL**

Without written permission from the Designating Party, or Court Order, no Party shall file any Protected Material in the public record without first making a request, with notice to all Parties and interested persons, to file the material under seal pursuant to Paragraph 10.1 below.

**10.1   FILING UNDER SEAL**

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding

will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

## 11. <u>**INADVERTENT PRODUCTION OF PROTECTED MATERIAL**</u>

Notwithstanding anything contrary herein, if a Party or Non-Party through inadvertence or mistake produces any Protected Material without designating it with the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material contains Protected Material a should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice the Receiving Party must treat such Disclosure or Discovery Material as Protected Material and should make reasonable efforts to retrieve any such Information distributed to unauthorized persons. Outside Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure by the Producing Party of Protected Material, regardless of whether the information was so designated at the time of disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other information relating thereto or on the same related subject matter. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Material as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure distribution shall not be deemed to be a violation of this Order.

All inadvertent disclosures of Information that is privileged or otherwise immune from discovery shall be subject to the requirements and procedures detailed in Federal Rule of Evidence 502(b) a Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent

disclosures shall not constitute waiver or estoppel as to, or otherwise prejudice any claim of such privilege or immunity.

## 12. MISCELLANEOUS

**12.1**. **Modifications:** The Court may modify the protective order in the interests of justice or for public policy reasons.

**12.2**. **Right to Further Relief:** Nothing in this Order abridges the right of any person to seek modification by the Court in the future, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

**12.3**. **Right to Assert Other Objections:** No Party waives any right it otherwise would have to object to disclosing or producing any information or item any ground not addressed in this Order. Similarly, no action taken in accordance with this Order shall construed as a waiver of any claim or defense in the action or of any position as to discoverability admissibility, or relevance of evidence.

**12.4**. **Change in Designation:** Any Party may request a change in the designation of Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Any such Information shall be treated as designated until the change is completed. If the requested change in the designation is not agreed to, the Party seeking the change may move the Court for relief, providing notice to any third party whose designation of produced Information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" in the action may be affected. The Party asserting that the Information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" shall have the burden of proving that the Information in question is within the scope of protection afforded by FRCP 26(c) and that it must treated with the designated level of confidentiality.

## 13. FINAL DISPOSITION

Within sixty (60) days after the final termination of this action (including any appeals), Receiving Party shall, upon written notice from the Designating Party, either

return or certify in writing to the Producing Party that all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information has been destroyed, including all tangible copies of extracts of data taken from such Information, and that commercially reasonable efforts have been taken to remove electron copies of such Information, from any computer, server, or communication device. The written certification shall state that the Receiving Party has not retained copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" information, except that Outside Counsel are entitled to retain an archival copy of all pleadings, motions, papers, transcripts, legal memoranda, correspondence, or attorney work product that may contain such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information. Archival copies shall, however remain subject to this Order, as set forth in Section 4 above.

Within 60 days following the expiration of the last period for appeal from any order issued connection with this action, the parties shall remove any Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" from the office of the Clerk of Court Following that 60-day period, the Clerk of Court shall destroy all Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

**IT IS SO ORDERED**.

Dated: February 27, 2018

Hon. Nita L. Stormes
United States Magistrate Judge

# **EXHIBIT A**
# **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATION FOR PROTECTIVE ORDER**

I hereby certify that I have reviewed and understand the attached Stipulation for Protective Order entered into between Plaintiff Satmodo, LLC and Defendants Whenever Communications, LLC dba Satellitephonestore.com and Henaa Blanco, and that I, being a person covered under paragraphs 7.2(b) and (c), 7.4 or 9 of that Stipulation, agree to comply with the terms of the Stipulation and to submit to the jurisdiction of the United States District Court for the Southern District of California should I violate the terms of that Stipulation.

I further certify that I am authorized to sign this Stipulation on behalf of any entity listed below in which I am employed and, in doing so, bind not only myself, but also all other personnel of such entity whom it is necessary that the material be shown and/or shared for the purposes of this litigation, and that I will take reasonable steps to ensure compliance by such other personnel with this Stipulation.

Date: _____, 2018

_____
Signature

_____
Printed Name of Signatory

_____
Name of Employer

_____
Address