McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
  Scott.ivy@mccormickbarstow.com
Devon R. McTeer #230539
  devon.mcteer@mccormickbarstow.com
Jared Gordon, #227980
  Jared.gordon@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300
Attorneys for Plaintiff, SATMODO, LLC

Herron Law, APC
Matthew V. Herron, #71193
  mherron@herronlawapc.com
350 Tenth Avenue, Suite 880
San Diego, CA  92101-3545
Telephone:  (619) 233-4122
Facsimile:   (619) 233-3709

Attorneys for Defendants,
WHENEVER COMMUNICATIONS, LLC
d.b.a. SatellitePhoneStore.com,
and HENAA BLANCO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**JOINT STATEMENT OF ITEMS IN DISPUTE RE DISCOVERY DISPUTE NO. 1**<br><br>Judge:  Hon. Nita L. Stormes<br><br>Action Filed:   February 1, 2017<br>Trial Date:     None Set |

Plaintiff SATMODO LLC ("Plaintiff"), by and through its  attorneys of record herein, Scott J. Ivy and Devon R. McTeer, and Defendants WHENEVER COMMUNICATIONS, LLC dba SATELLITEPHONESSTORE.COM ("Whenever") and HENAA BLANCO ("Blanco") (collectively "Defendants"), by and through their attorney of record herein, Matthew W. Herron,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1  hereby submit their joint statement regarding the parties' respective positions on outstanding

2  discovery issues as follows:

3  **DISCOVERY AT ISSUE**

4  The current dispute arises from Defendant Whenever's responses to Special

5  Interrogatories, Set One, Request For Production of Documents, Set One, and Demand for

6  Inspection Of Personal Property, Set One, and Defendant Blanco's responses to Requests For

7  Production of Documents, Set One., propounded by Plaintiff.  The parties have met and conferred

8  in good faith pursuant to Local Rule VI, but could not fully resolve their disputes.

9  **SPECIAL INTERROGATORIES TO WHENEVER COMMUNICATIONS**

10 **SPECIAL INTERROGATORY NO. 1:**

11 Identify each COMPUTING DEVICE within YOUR possession, custody or

12 control which was in use for any purpose related to YOUR operations at any time

13 from January 1, 2016 to the present, whether still in use or not, including for each

14 device:

15 a.  A description of the device;

16 b.  The model and serial number;

17 c.  The time period between January 1, 2016 to the present that the device

18 was in use;

19 d.  All users for the period referenced above and

20 e.  Locations where the equipment was located during the same period;

21 f.  If the device is no longer in use, the last person to have custody.

22 **Response to Special Interrogatory No. 1:**

23 Objection: overbroad, burdensome and oppressive and outside the scope of

24 permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks

25 production of material which might be privileged and would be proprietary to the

26 Defendant. Defendants will not permit this inspection. Working from the list

27 provided by Plaintiff, Defendant will make its best efforts to identify clicks in

28 dispute and if there is a good faith disagreement about particular clicks being

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

1  attributed to Defendant then the parties' experts can confer to determine the best

2  means to determine if the clicks are actionable against Defendant.

3  **Defendant's Supplemental Response To Special Interrogatory No. 1:**

4      The documents produced by Defendants numbered as WC 000170-219

5  represent an inventory of the company IP Addresses at each location with the date

6  range for the use of each, and the IP Addresses for employees who used their own

7  devices for business purposes, again with the date range for each. The inventory

8  was compiled by Greg Winter, an IT professional, working with the company and

9  its employees and as confirmed by the screenshots included in the production. The

10  inventory was provided to Peter Kent, a retained expert, who analyzed the inventory

11  against the list provided by Plaintiff and prepared his letter produced with his

12  resume as WC 000220-235.

13  **Plaintiff's Reason to Compel Production:**

14      The Interrogatory asks Defendant to identify the various computing devices

15  and operations systems used during the relevant time frame in an attempt to

16  determine the universe of potential devices that may have been used by Defendants

17  and better target future written discovery and depositions. The Interrogatory seeks

18  information _directly_ related to the identity of devices and systems that relate to

19  Defendants' fraudulent clicks and use of such computing devices/operating systems

20  to injure Plaintiff. As described in detail in the Motion, the internal list of IPs

21  referenced in the Supplemental Responses does not provide the information

22  requested.

23      Moreover, even the non-responsive list of "IP addresses" based upon current

24  screen shots if the IP assigned is of little value in identifying all potential IP

25  addresses previously used or assigned, as devices may be assigned different IP

26  addresses on any given day as they are moved from place to place, or even by

27  simply toggling on  and off "Airplane Mode." (See Motion and accompanying

28  Declaration of Lars Schou).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

**Defendant's Basis for Objection:**

This computer information is not discoverable, or even material to this case, under the standards of Rule 26 and the guidance of the District Court on the narrow scope of discovery. The case concerns internet activity which is logged and recorded at the receiving end, and here Satmodo relies on the log which records IP Addresses associated with the clicks on its paid ads. Defendants have produced a complete list of the IP Addresses of the company and its employees and has retained an expert to compare those addresses with the log. This discovery would be like demanding production of the sending computer in order to confirm an email was received. The declarations provided by Satmodo do not even attempt to make any showing of why the computer itself needs to be identified or produced. Further, Satmodo has issued subpoenas to all the internet service providers seeking production of records which identify the owners of the IP Addresses which can then be used to compare to its list of paid ad clicks. Satmodo claims that its third party vendor, ClickCease, assigns a Device ID number to all devices which click on the paid ad, but the device itself does not contain that number and the user would have no knowledge it was even assigned. Rather, this is a number internal to ClickCease, logged in a manner which can be viewed by its customer, Satmodo. The way to determine the Device ID for a specific device would be to run a controlled test using the device to click on the paid ad, noting the Device ID which results from that click and then comparing the Device ID to the log of paid ad. Defendant's expert is prepared to set up and run the test with Satmodo's expert. This test would produce the Device ID for all of Defendants' and its employee's devices which would show recorded on the Click Cease paid ad log.

Defendants have fully cooperated in this discovery and have provided a complete list of IP Addresses, employees and their addresses, former employees and contractors, as well as the report by the retained expert. The competitive landscape and history between the parties, as well as the modest amount in controversy of the

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

4

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

1 case, makes it inappropriate to order this discovery.

2 **SPECIAL INTERROGATORY NO. 2:**

3     Identify each COMPUTING DEVICE owned, possessed, and/or used by any

4 of YOUR employees, agents, independent contractors, and agents at any time during

5 the period from January 1, 2016 to the present that YOU understood was used while

6 they performed their duties for YOU, whether still in use or not, including for each

7 device:

8     a.    A description of the device;

9     b.    The model and serial number;

10     c.    The time period between January 1, 2016 to the present that the device

11 was in use;

12     d.    All users for the period referenced above and

13     e.    Locations where the equipment was located during the same period;

14     f.    If the device is no longer in use, the last person to have custody.

15 **Response to Special Interrogatory No. 2:**

16     Objection: overbroad, burdensome and oppressive and outside the scope of

17 permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks

18 production of material which might be privileged and would be proprietary to the

19 Defendant. Defendants will not permit this inspection. Working from the list

20 provided by Plaintiff, Defendant will make its best efforts to identify clicks in

21 dispute and if there is a good faith disagreement about particular clicks being

22 attributed to Defendant then the parties' experts can confer to determine the best

23 means to determine if the clicks are actionable against Defendant.

24 **Defendant's Supplemental Response To Special Interrogatory No. 2:**

25     The documents produced by Defendants numbered as WC 000170-219

26 represent an inventory of the company IP Addresses at each location with the date

27 range for the use of each, and the IP Addresses for employees who used their own

28 devices for business purposes, again with the date range for each. The inventory

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

1 | was compiled by Greg Winter, an IT professional, working with the company and
2 | its employees and as confirmed by the screenshots included in the production.  The
3 | inventory was provided to Peter Kent, a retained expert, who analyzed the inventory
4 | against the list provided by Plaintiff and prepared his letter produced with his
5 | resume as WC 000220-235.

6 | **Plaintiff's Reason to Compel Production:**

7 | The Interrogatory asks Defendant to identify the various computing devices
8 | and operations systems used during the relevant time frame in an attempt to
9 | determine the universe of potential devices that may have been used by Defendants
10 | and better target future written discovery and depositions.  The Interrogatory seeks
11 | information <u>directly</u> related to the identity of devices and systems that relate to
12 | Defendants' fraudulent clicks and use of such computing devices/operating systems
13 | to injure Plaintiff. As described in detail in the Motion, the internal list of IPs
14 | referenced in the Supplemental Responses does not provide the information
15 | requested.

16 | Moreover, even the non-responsive list of "IP addresses" based upon current
17 | screen shots if the IP assigned is of little value in identifying all potential IP
18 | addresses previously used or assigned, as devices may be assigned different IP
19 | addresses on any given day as they are moved from place to place, or even by
20 | simply toggling on  and off "Airplane Mode."   (See Motion and accompanying
21 | Declaration of Lars Schou).

22 | **Defendant's Basis for Objection:**

23 | This is even more intrusive than Special Interrogatory No. 1 since it concerns
24 | non-parties to the case.  The IP Address list provided for the employees can be
25 | compared to the paid ad click list IP Address to determine if the employee's devices
26 | were logged on the paid ad list.

27 | **SPECIAL INTERROGATORY NO. 3:**

28 | Identify each COMPUTING DEVICE within YOUR possession, custody or

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

control, whether still in use or not, that was used to access, review, research and/or click on SATMODO's website or paid advertisements including for each device:

a.      A description of the device;

b.      The model and serial number;

c.      The time period between January 1, 2016 to the present that the device was in use;

d.      All users for the period referenced above and

e.      Locations where the equipment was located during the same period;

f.      If the device is no longer in use, the last person to have custody.

**Response to Special Interrogatory No. 3:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendants will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

**Defendant's Supplemental Response To Special Interrogatory No. 3:**

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each. The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production. The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

**Plaintiff's Reason to Compel Production:**

It is difficult to imagine a more relevant and critical request than that Defendants identify any and all devices that were used to access Satmodo's website and/or to click on Plaintiff's ads.  Defendants' "supplemental response" fails to provide this information. Moreover, even the non-responsive list of "IP addresses" based upon current screen shots if the IP assigned is of little value in identifying all potential IP addresses previously used or assigned, as devices may be assigned different IP addresses on any given day as they are moved from place to place, or even by simply toggling on  and off "Airplane Mode."  (See Motion and accompanying Declaration of Lars Schou).

**Defendant's Basis for Objection:**

The same reasons why this is not discoverable described in response to Special Interrogatory No. 1 applies here.  The IP Address list provides the date ranges for use of the IP Address.

**SPECIAL INTERROGATORY NO. 4:**

If YOU are aware of or contend that any COMPUTING DEVICE(s) not within YOUR possession, custody or control were used to access, review, research and/or click on SATMODO's website or paid advertisements from the time period between January 1, 2016 to the present, identify the each device, including:

a.     A description of the device;

b.     Who YOU believe or contend owned, operated, or used the device;

c.     The model and serial number;

d.     The time period between January 1, 2016 to the present that the device was in use;

e.     All users for the period referenced above;

f.     Locations where the equipment was located during the same period;

g.     If the device is no longer in use, the last person to have custody.

**Response to Special Interrogatory No. 4:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendants will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

**Defendant's Supplemental Response To Special Interrogatory No. 4:**

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each.  The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production.  The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

**Plaintiff's Reason to Compel Production:**

This request is in companion with Interrogatory No. 3, and is designed to capture any devices that Defendants may claim were not technically under their control, but they are aware were used to access Satmodo's website and/or click on its paid ads. Defendants' "supplemental response" fails to provide this information.

Moreover, even the non-responsive list of "IP addresses" based upon current screen shots if the IP assigned is of little value in identifying all potential IP addresses previously used or assigned, as devices may be assigned different IP addresses on any given day as they are moved from place to place, or even by simply toggling on  and off "Airplane Mode."  (See Motion and accompanying

1   Declaration of Lars Schou).

2   **Defendant's Basis for Objection:**

3       The same reasons why this is not discoverable described in response to
4   Special Interrogatory No. 1 applies here.  The IP Address list provides the date
5   ranges for use of the IP Address.

6   **SPECIAL INTERROGATORY NO. 5:**

7       List all Operating Systems (including but not limited to Unix, Windows,
8   DOS, Linux, Mac OS X, Android, iOS and PDA OPERATING SYSTEMS)
9   installed on any computer or mobile devices used by YOU from the time period
10  between January 1, 2016 to the present, the specific equipment the Operating
11  System was installed on and the period during which it was installed on the specific
12  equipment.

13  **Response to Special Interrogatory No. 5:**

14      Objection: overbroad, burdensome and oppressive and outside the scope of
15  permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks
16  production of material which might be privileged and would be proprietary to the
17  Defendant. Defendants will not permit this inspection. Working from the list
18  provided by Plaintiff, Defendant will make its best efforts to identify clicks in
19  dispute and if there is a good faith disagreement about particular clicks being
20  attributed to Defendant then the parties' experts can confer to determine the best
21  means to determine if the clicks are actionable against Defendant.

22  **Defendant's Supplemental Response To Special Interrogatory No. 5:**

23      The documents produced by Defendants numbered as WC 000170-219
24  represent an inventory of the company IP Addresses at each location with the date
25  range for the use of each, and the IP Addresses for employees who used their own
26  devices for business purposes, again with the date range for each.  The inventory
27  was compiled by Greg Winter, an IT professional, working with the company and
28  its employees and as confirmed by the screenshots included in the production.  The

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

10                                              17-CV-0192-AJB NLS
JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

**Plaintiff's Reason to Compel Production:**

As described in detail in the Motion, the internal list of IPs referenced in the Supplemental Responses does not provide the information requested as to the identityof operating system(s) used by each identified device, which is needed to allow Plaintiffs to tie fraudulent clicks identified by ClickCease (including a device ID and operating system used) to Defendants and their agents.

**Defendant's Basis for Objection:**

The same reasons why this is not discoverable described in response to Special Interrogatory No. 1 applies here and Satmodo provides no explanation of the need to know the operating system of the device and the declarations it offers do not even address this subject.

**SPECIAL INTERROGATORY NO. 8:**

List the names and contact information for all present and former employees employed by YOU from the time period between January 1, 2016 to the present.

**Response to Special Interrogatory No. 8:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendants will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

**Defendant's Supplemental Response To Special Interrogatory No. 8:**

The documents produced by Defendants numbered as WC 000170-219

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11                                    17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each.  The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production.  The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

**Plaintiff's Reason to Compel Production:**

Defendant's boilerplate objections regarding documents and inspections do not address the information requested in this interrogatory that seeks the identity of Defendant's present and former employees for a limited time period.   The information sought will allow Plaintiff to conduct its own investigation as to those aware of and/or responsible for the conduct alleged in the Complaint, and also better target further discovery.  To the extent the "list" is intended to be an exhaustive list of the "employees" during this time frame, Defendants are still required to set forth under oath a list and associated information sought by this targeted Interrogatory.

**Defendant's Basis for Objection:**

This has been provided.

**SPECIAL INTERROGATORY NO. 9:**

List the names and contact information for all present and former independent contractors providing any services for YOU from the time period of January 1, 2016 to the present.

**Response to Special Interrogatory No. 9:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendants will not permit this inspection. Working from the list

1  provided by Plaintiff, Defendant will make its best efforts to identify clicks in
2  dispute and if there is a good faith disagreement about particular clicks being
3  attributed to Defendant then the parties' experts can confer to determine the best
4  means to determine if the clicks are actionable against Defendant.

5  **Plaintiff's Reason to Compel Production:**

6  Defendant's boilerplate objections regarding documents and inspections do
7  not address the information requested in this interrogatory that seeks the identity of
8  Defendant's present and former independent contractors  for a limited time period.
9  The information sought will allow Plaintiff to conduct its own investigation as to
10 those aware of and/or responsible for the conduct alleged in the Complaint, and also
11 better target further discovery.  During the meet and confer process, Defendants'
12 counsel pointed to the "List" as a list of employees, but refused to agree to provide a
13 list of any "independent contractors" or "others acting on Defendants" behalf as
14 requested by the Interrogatory and the definition of "YOU."  Obviously, to the
15 extent Defendants are aware of anyone they currently view as an "independent
16 contractor" of Defendants that may have been responsible for fraudulent clicking of
17 Plaintiff's ads, Plaintiff is entitled to obtain that information and conduct its own
18 investigation and discovery as to each such individual.

19 **Defendant's Basis for Objection:**

20 This has been provided.

21 **DEMAND FOR INSPECTION OF PERSONAL PROPERTY TO**
22 **WHENEVER COMMUNICATIONS**

23 **Demand For Inspection No. 1:**

24 Each COMPUTING DEVICE within YOUR possession, custody, or control
25 which was in use for any purpose related to YOUR operations at any time during the
26 period January 1, 2016 to the present, whether still in use or not, so that SATMODO
27 and its agents may inspect and create copies, including forensic images, of each.
28 (Please have all necessary passwords available at the time of production to permit

1   this process.)

2   **Response To Demand For Inspection No. 1:**

3      Objection: overbroad, burdensome and oppressive and outside the scope of

4 permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks

5 production of material which might be privileged and would be proprietary to the

6 Defendant. Defendants will not permit this inspection. Working from the list

7 provided by Plaintiff, Defendant will make its best efforts to identify clicks in

8 dispute and if there is a good faith disagreement about particular clicks being

9 attributed to Defendant then the parties' experts can confer to determine the best

10 means to determine if the clicks are actionable.

11   **Plaintiff's Reason to Compel Production:**

12      Defendants have adamantly denied Plaintiff's allegations set forth in the

13 Complaint, particularly that Defendants have intentionally, systematically and

14 fraudulently clicked on Plaintiff's paid advertisements on various search engines

15 with the intent to harm Plaintiff.  An inspection of Defendant's computing devices

16 and ESI is absolutely necessary to disprove Defendant's denials.  Plaintiff has

17 continually offered to discuss ESI Discovery and Protocols with Defendants'

18 counsel, however Plaintiff's counsel is not willing to allow Defendants to impede

19 efforts to conduct an investigation of claims based upon Defendants' promise to

20 conduct its  own investigation and advise of their findings.

21      The self-prepared list of "IP addresses" based upon current screen shots if the

22 IP assigned is of little value in identifying all potential IP addresses previously used

23 or assigned, as devices may be assigned different IP addresses on any given day as

24 they are moved from place to place, or even by simply toggling on  and off

25 "Airplane Mode."  (See Motion and accompanying Declaration of Lars Schou).

26 Thus, an inspection of the devices is also needed to allow Plaintiff and its experts to

27 discover all IP addresses that may have been used by the device previously, all

28 operating systems that might have been previously used, searches for or clicks on

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

1 Satmodo's website or paid ads, and whether any devices have been modified,
2 altered, or "wiped clean" prior to the time Defendants consultants obtained IP
3 addresses based on screen shots of "whats my IP."

4      Defendants' expert's suggestion that an inspection of the presently identified
5 devices would provide no relevant information because the devices would not
6 record "public IP addresses" is simply wrong. (Lars Schou Decl. ¶ 9)  Even "public
7 IP addresses" are often found stored in browser cookies and these can persist for
8 extended periods of time.  Creating a forensic image of a computer or device would
9 also allow Plaintiff's experts to carve the unallocated space for deleted files
10 (including cookies) and extract IP addresses from those.  (*Id*.) Carving is typically
11 less useful with mobile devices, but active cookies should still be examined.  (*Id*.)
12 An inspection of the presently identified devices themselves will also allow Plaintiff
13 to determine (1) if VPN ("virtual private networks") applications were ever installed
14 or used to mask the location of the devices, (2) to determine of the device has been
15 reformatted, modified, or altered between the filing of the lawsuit and the date of
16 inspection, and (3) to determine if internet access was provided through other
17 undisclosed devices (i.e. public Wi-Fi or tethering to burner phones).

18 **<u>Defendant's Basis for Objection:</u>**

19      This demand for inspection of all of the Defendants' and employees'
20 computers so that Satmodo can copy their contents is unreasonable on its face and is
21 made worse by the fact Satmoto wants to copy the contents of the computers of its
22 direct competitor.  Again, Satmodo provides no reasoned discussion about the need
23 for the extraordinary request and the declarations submitted in support of this
24 motion do not even address this subject.  The new position that the devices need to
25 be inspected to determine the IP Addresses is not what the Request calls for and
26 ignores the fact the devices are not configured to log the IP Address which would be
27 recorded at the web site location.  The Request is also unnecessary for this purpose
28 as  Satmodo has issued subpoenas to all of the internet service providers and will be

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

1  provided the owner of the IP Addresses through this discovery.  The declarants are

2  critical of the Defendants' IP Address listing but ignore the fact that the IP Address

3  is how Satmodo identified the clicks on which it based this action.  Defendants

4  provided this list to allow an in kind review of the clicks which would be attributed

5  to Defendants, which at this point amounts to the total of 20 clicks over an 18-month

6  period, which means the case has a value of under $1,000 at this point.  There is no

7  legal or factual basis for Defendants to turn over their computers so that Satmodo

8  can copy their contents, and the discovery request violates Rule 26 and he guidance

9  of the District Court that discovery is "narrow."

10  **REQUESTS FOR PRODUCTION OF DOCUMENTS TO**

11  **WHENEVER COMMUNICATIONS**

12  **REQUEST FOR PRODUCTION NO. 1:**

13      All DOCUMENTS that evidence, refer to or RELATE TO any attempts to

14  access, review, research, interact with and/or click on SATMODO's website or paid

15  advertisements.

16  **Response To Request for Production No. 1:**

17      Objection: overbroad, burdensome and oppressive and outside the scope of

18  permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks

19  production of material which might be privileged and would be proprietary to the

20  Defendant. Defendants will not permit this inspection. Working from the list

21  provided by Plaintiff, Defendant will make its best efforts to identify clicks in

22  dispute and if there is a good faith disagreement about particular clicks being

23  attributed to Defendant then the parties' experts can confer to determine the best

24  means to determine if the clicks are actionable against Defendant.

25  **Defendant's Supplemental Response To Request for Production No. 1:**

26      The documents produced by Defendants numbered as WC 000170-219

27  represent an inventory of the company IP Addresses at each location with the date

28  range for the use of each, and the IP Addresses for employees who used their own

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

16                                                      17-CV-0192-AJB NLS
JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

devices for business purposes, again with the date range for each. The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production. The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

**Plaintiff's Reason to Compel Production:**

Defendant's accessing and/or interacting with Plaintiff's website or paid advertisements is at the heart of this matter, is clearly relevant to the subject matter of this case. It is hard to imagine a more relevant inquiry than asking Defendants to produce any documents that relate to their accessing of Plaintiff's website and/or clicking on Plaintiff's paid ads.

The non-responsive list of "IP addresses" based upon current screen shots if the IP assigned does not provide this information and, moreover, is of little value in identifying all potential IP addresses previously used or assigned, as devices may be assigned different IP addresses on any given day as they are moved from place to place, or even by simply toggling on and off "Airplane Mode." (See Motion and accompanying Declaration of Lars Schou).

**Defendant's Basis for Objection:**

The request is meaningless and Defendants did not engage in the conduct alleged. Plaintiff provides no suggestion what such a document might be and the case is proceeding based on the log of clicks that record IP Addresses. Defendants have provided a corresponding inventory of the IP Addresses to advance the investigation and are proposing a test run by the experts which will show the so-called Device ID for the devices used by Defendants and employees which can be compared to the master list of all clicks.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to identify any and all Internet Service Providers

1  used by YOU from September 1, 2016 to the present.

2  **Response To Request for Production No. 9:**

3      Defendant will provide a lists of the Internet Service Providers and the ISP

4  addresses assigned by those providers.

5  **Plaintiff's Reason to Compel Production:**

6      Defendant is asked to produce all documents in its possession that would

7  sufficiently identify any and all Internet Service Providers and IP Addresses used by

8  Defendant from September 1, 2016 to the present.  Defendant's response that they

9  will instead provide a "list" of the Internet Service Providers and the IP Addresses

10  assigned by those ISP's is an insufficient response and fails to comply with FRCP

11  Rule 34. The Requests seeks documentation, not a compiled list of the ISP's used by

12  Defendants and the IP Addresses assigned to them.  The requested documents will

13  allow Plaintiff to conduct its own investigation through targeted written discovery in

14  advance of computer inspections and depositions.

15      Moreover, even the non-responsive list of "IP addresses" based upon current

16  screen shots if the IP assigned is of little value in identifying all potential IP

17  addresses previously used or assigned, as devices may be assigned different IP

18  addresses on any given day as they are moved from place to place, or even by

19  simply toggling on  and off "Airplane Mode."  (See Motion and accompanying

20  Declaration of Lars Schou).

21  **Defendant's Basis for Objection:**

22      This has been provided.

23  **REQUEST FOR PRODUCTION NO. 10:**

24      DOCUMENTS sufficient to identify any and all IP addresses used by or

25  assigned to YOU from September 1, 2016 to the present.

26  **Response To Request for Production No. 10:**

27      Defendant will provide a lists of the Internet Service Providers and the ISP

28  addresses assigned by those providers.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

**Plaintiff's Reason to Compel Production:**

Defendant is asked to produce all documents in its possession that would sufficiently identify any and all Internet Service Providers and IP Addresses used by Defendant from September 1, 2016 to the present. Defendant's response that they will instead provide a "list" of the Internet Service Providers and the IP Addresses assigned by those ISP's is an insufficient response and fails to comply with FRCP Rule 34. The Requests seeks documentation, not a compiled list of the ISP's used by Defendants and the IP Addresses assigned to them. The requested documents will allow Plaintiff to conduct its own investigation through targeted written discovery in advance of computer inspections and depositions.

Moreover, even the non-responsive list of "IP addresses" based upon current screen shots if the IP assigned is of little value in identifying all potential IP addresses previously used or assigned, as devices may be assigned different IP addresses on any given day as they are moved from place to place, or even by simply toggling on and off "Airplane Mode." (See Motion and accompanying Declaration of Lars Schou).

**Defendant's Basis for Objection:**

This has been provided.

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO BLANCO**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that evidence, refer to or RELATE TO any attempts to access, review, research, interact with and/or click on SATMODO's website or paid advertisements.

**Response To Request for Production No. 1:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the

Defendant. Defendants will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

**Plaintiff's Reason to Compel Production:**

Defendant's accessing and/or interacting with Plaintiff's website or paid advertisements is at the heart of this matter, is clearly relevant to the subject matter of this case. It is hard to imagine a more relevant inquiry than asking Defendants to produce any documents that relate to their accessing of Plaintiff's website and/or clicking on Plaintiff's paid ads.

**Defendant's Basis for Objection:**

The request is meaningless and Defendants did not engage in the conduct alleged. Plaintiff provides no suggestion what such a document might be and the case is proceeding based on the log of clicks that record IP Addresses which Plaintiff has provided. Defendants have provided a corresponding inventory of the IP Addresses to advance the investigation and are proposing a test run by the experts which will show the so-called Device ID for the devices used by Defendants and employees which can be compared to the master list of all clicks.

**REQUEST FOR PRODUCTION NO.5:**

DOCUMENTS sufficient to identify any and all Internet Service Providers used by YOU from September 1, 2016 to the present.

**Response To Request for Production No. 5:**

Defendant will provide a lists of the Internet Service Providers and the ISP addresses assigned by those providers.

**Plaintiff's Reason to Compel Production:**

Defendant is asked to produce all documents in its possession that would sufficiently identify any and all Internet Service Providers and IP Addresses used by

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

1  Defendant from September 1, 2016 to the present.  Defendant's response that they
2  will instead provide a "list" of the Internet Service Providers and the IP Addresses
3  assigned by those ISP's is an insufficient response and fails to comply with FRCP
4  Rule 34. The Requests seeks documentation, not a compiled list of the ISP's used by
5  Defendants and the IP Addresses assigned to them.  The requested documents will
6  allow Plaintiff to conduct its own investigation through targeted written discovery in
7  advance of computer inspections and depositions.

8       Moreover, even the non-responsive list of "IP addresses" based upon current
9  screen shots if the IP assigned is of little value in identifying all potential IP
10 addresses previously used or assigned, as devices may be assigned different IP
11 addresses on any given day as they are moved from place to place, or even by
12 simply toggling on  and off "Airplane Mode."  (See Motion and accompanying
13 Declaration of Lars Schou).

14 **Defendant's Basis for Objection:**

15       This has been provided.

16 **REQUEST FOR PRODUCTION NO. 6:**

17       DOCUMENTS sufficient to identify any and all IP addresses used by or
18 assigned to YOU from September 1, 2016 to the present.

19 **Response To Request for Production No. 6:**

20       Defendant will provide a lists of the Internet Service Providers and the ISP
21 addresses assigned by those providers.

22 **Plaintiff's Reason to Compel Production:**

23       Defendant is asked to produce all documents in its possession that would
24 sufficiently identify any and all Internet Service Providers and IP Addresses used by
25 Defendant from September 1, 2016 to the present.  Defendant's response that they
26 will instead provide a "list" of the Internet Service Providers and the IP Addresses
27 assigned by those ISP's is an insufficient response and fails to comply with FRCP
28 Rule 34. The Requests seeks documentation, not a compiled list of the ISP's used by

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

21

17-CV-0192-AJB NLS

JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]

1   Defendants and the IP Addresses assigned to them.  The requested documents will

2   allow Plaintiff to conduct its own investigation through targeted written discovery in

3   advance of computer inspections and depositions.

4          Moreover, even the non-responsive list of "IP addresses" based upon current

5   screen shots if the IP assigned is of little value in identifying all potential IP

6   addresses previously used or assigned, as devices may be assigned different IP

7   addresses on any given day as they are moved from place to place, or even by

8   simply toggling on  and off "Airplane Mode."   (See Motion and accompanying

9   Declaration of Lars Schou).

10  **Defendant's Basis for Objection:**

11         This has been provided.

12  Dated:  April 23, 2018              McCORMICK, BARSTOW, SHEPPARD,
                                          WAYTE & CARRUTH LLP
13

14

15                                  By:_____s/ Devon R. McTeer_____
16                                          Scott J. Ivy
17                                          Devon R. Mcteer
                                            Jared Gordon
18                                  Attorneys for Plaintiff, SATMODO, LLC

19

20
    Dated:  April 23, 2018                  HERRON LAW, APC
21

22

23
                                    By:_____s/ Matthew V. Herron_____
24                                          Matthew V. Herron
25                                  Defendants WHENEVER
    COMMUNICATIONS, LLC and HENAA
26                                          BLANCO

27

28
    18265-00000 5095947.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

22                                    17-CV-0192-AJB NLS
JOINT STATEMENT [DISCOVERY DISPUTE NO. 1]