McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
  *Scott.ivy@mccormickbarstow.com*
Devon R. McTeer #230539
  *devon.mcteer@mccormickbarstow.com*
Jared Gordon, #227980
  *Jared.gordon@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**DECLARATION OF LARS SCHOU IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>Judge:  Hon. Nita L. Stormes<br><br>Action Filed:  February 1, 2017<br>Trial Date:      None Set |

I, Lars Schou, declare as follows:

1. I am a Senior Forensics Manager at Lighthouse (formerly Discovia), a litigation support consulting firm headquartered in San Francisco, California. If called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge except where stated upon information and belief and, as to these matters, I am informed and believe them to be true

2. I submit this declaration in support of Plaintiff Satmodo, LLC's Motion For Determination of Discovery Dispute No. 1.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

17-CV-0192-AJB NLS

DECLARATION OF LARS SCHOU IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1

3. As to the purported listing of "IP addresses," the List attached as Exhibit "F" to the McTeer Declaration provides nothing more than a self-prepared listing of what Defendants apparently contend is a snapshot of IP addresses as **currently** identified by some devices as reflected on recent "screen shots" of the devices that accompanied the List. A self-prepared list of IP addresses prepared in this manner is almost worthless in the context of the claims asserted in this action.

4. While the column header "Dates Active" may seem to imply that the IP address listed in the preceding column has been assigned to the device for an extended period of time, in some cases several years, this is not the case.

5. Computers, phones, and tablets may be assigned different IP addresses on a monthly, weekly, or even daily basis depending on how and where the device is used.

6. This is specially so where mobile devices such as smartphones and tablets are concerned, as those may be assigned new IP addresses by the service provider as the devices are moved around on a day to day basis.

7. In fact, a user does not have to physically move the mobile device to make it connect to a different cell tower to get a new IP address. Simply toggling Airplane Mode on and off again will often have the same effect, i.e. a new IP address will be assigned to the device.

8. Thus, unverified and self-prepared "screenshots" of the purported current IP address for some generically described "cell phones" and "home phones" does not provide the information sought by these Interrogatories.

9. Without obtaining the information sought as to all devices, and conducting inspections of the devices to attempt to obtain historical IP address information, Defendants' expert's analysis, seeking to minimize the fraudulent clicks attributable to the Defendants' devices by relying on IP addresses obtained in this manner, is nothing more than self-serving speculation based upon woefully incomplete information. Mr. Kent's explanation that the devices would not record or retain "public IP addresses" is simply wrong. Even "public IP addresses" are often found stored in browser cookies

and these can persist for extended periods of time. Creating a forensic image of a computer or device would also allow us to carve the unallocated space for deleted files (including cookies) and extract IP addresses from those. Carving is typically less useful with mobile devices, but active cookies should still be examined. An inspection of the devices themselves will also allow us to determine (1) if VPN ("virtual private networks") applications were ever installed or used to mask the location of the devices, (2) to determine if the device has been reformatted, modified, or altered between the filing of the lawsuit and the date of inspection, and (3) to determine if internet access was provided through other undisclosed devices (i.e. public Wi-Fi or tethering to burner phones).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed by me on April 23, 2018, at San Francisco, California.

_____
Lars Schou

18265-00000 5085193.2