McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
   *Scott.ivy@mccormickbarstow.com*
Devon R. McTeer #230539
   *devon.mcteer@mccormickbarstow.com*
Jared Gordon, #227980
   *Jared.gordon@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>                Plaintiff,<br><br>       v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**DECLARATION OF DEVON R. McTEER IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>Judge:  Hon. Nita L. Stormes<br><br>Action Filed:   February 1, 2017<br>Trial Date:     None Set |

I, Devon R. McTeer, declare as follows:

1.       I am an attorney duly admitted to practice before the Courts of the State of California and before this Court.  I am Of Counsel in the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth LLP, attorneys of record for Plaintiff, SATMODO, LLC ("Plaintiff") in the above-entitled action.  If called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge except where stated upon information and belief and, as to these matters, I am informed and believe them to be true.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17-CV-0192-AJB NLS
McTEER DECL. IN SUPPORT MOTION OF FOR DETERMINATION OF DISCOVERY DISPUTES

2.      I am submitting this Declaration in support of Plaintiff's Motion For Determination of Discovery Dispute No. 1.

3.      In an attempt to allow Plaintiff's experts to identify and more fully substantiate which of the total clicks on Plaintiff's ClickCease reports were made by devices associated with Defendants and their agents, on or about February 1, 2018, Plaintiff propounded Special Interrogatories asking Defendants to:

-      Identify each "Computing Device" used by Defendants and their agents from January 2016 to present.  (Special Interrogatories Nos. 1-2.)

-      Identify each Computing Device that was used to access, review, research, and/or click on Plaintiff's ads (Special Interrogatories Nos. 3-4);

-      List all Operating Systems installed on any computer used by Defendants from January 2016 to present (Special Interrogatories No. 5)

-      List the names and contact information of all present and former employees and independent contractors of Defendants from January 2016 to the present (Special Interrogatory No. 8-9)

(A true and correct copy of the Interrogatories are attached hereto as Exhibit "A").

4.      Plaintiff also concurrently served a Demand for Inspection of Defendants' computing devices, along with a cover letter again offering to meet and confer with Defendants' counsel on scope, search terms, and time and place of the requested inspections.  (A true and correct copy of the Demand and the cover letter sent by our office is attached hereto as Exhibit "B").

5.      This discovery was designed as a two-step process to (1) to have Defendants identify under oath all computing devices used by it and its agents, employees, and independent contractors since January 2016 (even if they have been discarded or put out of use after this case was filed), and the operating system and browsers used by the devices, and then (2) to conduct an inspection of all devices used by Defendants and its agents, employees, and independent contractors to identify IP addresses used by each device from January 2016 to the present, what operating system and browsers were installed at which times, whether searches and/or clicks of Plaintiff's paid ads were undertaken and whether the devices had been modified, wiped,

or re-formatted to delete or obscure any such information after Plaintiff's counsel sent an evidence preservation letter to Defendants and their counsel in September of 2016. (A true and correct copy of the preservation letter is attached hereto as Exhibit "C".)

6.    Plaintiff also served a Request For Production of Documents, including Request for Production of Documents No. 1, propounded to both Defendants, asking for any and all documents which evidence or relate to attempts to access, review, research, interact with and/or click on Satmodo's website or paid advertisements (Id., Exh I.)

7.    The above requests represent a much more economical method of obtaining this evidence than deposing each person one by one and quizzing them about every single device they may have used since January 2016.  Defendants and their counsel disagree.  Defendants' initial responses refused to identify a single device at all, let alone description of the device or all operating systems used, and refused allow any inspections of any devices at all.  (True and correct copies of Defendant's initial responses to the Special Interrogatories, Request for Documents, and Inspection Demand, served on March 5, 2018, are attached hereto as Exhibits "D", "J" and "E", respectively).  Instead, Defendants' responses indicated that they would conduct their "own" investigation and let Plaintiff know what they found.  Defendants' counsel also refused to provide a list of all employees and independent contractors, and flatly refused to comply with the separate Demands for Inspections of any of Whenever Communications' devices.

8.    I met and conferred with Defendants' counsel repeatedly by way of detailed correspondence outlining the deficiencies in the responses and telephone calls again setting forth Plaintiff's position and attempting to resolve these issues informally. I initiated the meet and confer process by writing a letter to Mr. Herron on March 15, 2018 describing in detail Plaintiff's issues with the initial responses.

9.    On March 21, 2018, I spoke with Mr. Herron over the telephone. During this telephone call, Mr. Herron indicated he had retained his own expert to gather

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

17-CV-0192-AJB NLS

McTEER DECL. IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTES

1   information regarding Defendants' ISPs and IP addresses and that his expert would
2   have information compiled within the next few days which should address our concerns
3   in the discovery at issue. Given this representation, I agreed to a Stipulated extension
4   from the Court to bring the present Motion in the hopes it could be avoided if the
5   information sought was provided in the promised supplemental responses.

6          10.    On Tuesday, March 27, 2018, my office received a supplemental
7   production of documents from Defendants, which consisted of nothing more than a
8   single uniform response incorporating a "List" of *current* (by using current and attached
9   screen shots of "what's my IP address) IP addresses Defendants had compiled
10  internally shortly before the Supplemental Responses were provided (the "List").  A
11  true and correct copy of the List (without the screen shots) is attached hereto as Exhibit
12  "F".

13         11.    On Thursday March 29, 2017, I again reached out to Mr. Herron stating
14  that I had concerns about this List and requested another telephone conference.  Mr.
15  Herron and I spoke on April 4, 2018, whereby he informed me that he would also
16  provide supplemental responses with verifications explaining the chart provided which
17  should fully answer the discovery at issue.  In our conversation, Mr. Herron stated that
18  he still would not provide the names of Defendants' independent contractors and would
19  not allow his clients to submit to an inspection of their devices.

20         12.    Although   we   received   supplemental   responses   to   Whenever
21  Communications' Responses to Special Interrogatories and Requests for Production of
22  Documents on April 4, 2018, as will be shown below, these "supplemental responses"
23  again failed to provide the specific information requested.  (True and correct copies of
24  the Supplemental Responses are attached hereto as Exhibits "G")

25         13.    No supplemental responses were provided by Defendant Blanco to the
26  Special Interrogatories and no supplemental responses were provided to the Demands
27  for Inspection.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4                                    17-CV-0192-AJB NLS
McTEER DECL. IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTES

14.     After receiving Whenever Communications' "supplemental responses", and reviewing them with our clients and experts, on April 12, 2018 I wrote to Mr. Herron indicating that the supplemental responses still failed to provide the information sought and that Plaintiff would be seeking assistance from the Court regarding the present discovery dispute. On the same day, I provided Mr. Herron with a draft "Joint Motion and Points and Authorities" and a "Joint Statement" as required by the Magistrate's local rules, and asked him to provide Defendants' inserts and arguments by Monday April 16, 2018 so a Joint Motion could be timely filed.  (A true and correct copies of my email is attached hereto as Exhibit "H".)

15.     Pursuant to Special Interrogatories Number 1 and 2, Satmodo asks Defendants to identify under oath each computing device used by Defendants and their employees, agents, and independent contractors from January 2016 to the present, including a description of the device, the model and serial number, the time period used, all individuals who may have used it, location of the device, and if no longer in use the last person to have custody of the device.  (Exhibit "A").

16.     Special Interrogatory Numbers 3 and 4 asks Whenever Communications to identify each computing device, whether still in use or not, that was used to access, review, research and/or click on Satmodo's website or paid advertisements including a description of each device, as requested above.  (Exhibit "A").

17.     Special Interrogatory Number 5 asks Whenever Communications to list all Operating Systems (including but not limited to Unix, Windows, DOS, Linux, Mac OS X, Android, iOS and PDA OPERATING SYSTEMS) installed on any computer or mobile devices used by  Defendants and their employees, agents, and independent contractors between January 1, 2016 to the present. (Exhibit "A").

18.     Initially, Whenever Communications objected to these requests in their entirety on several grounds. (Exhibit "D").

19.     Defendant's "supplemental response" (repeated for each request at issue) merely referenced a one page document, bates stamped WC000170 entitled, "Complete

1   IP Address Inventory for all Business Locations, Home and Mobile Sources" (hereafter

2   referred to as "the List"), which depicts  a proposed inventory of IP addresses with

3   alleged screen shots of current IP addresses for some unspecified devices. (Exhibit "G")

4   The List appears to be compiled from an annotated set of, mostly undated, photos and

5   screenshots of various devices, also provided in the same production set. (Exhibit "F")

6        20.   Defendants' "supplemental response" and unverified "list" does not

7   provide the basic foundational information sought by the Interrogatories at issue.  For

8   example, the List does not even provide under oath a list of all devices used by any of

9   Defendants' employees, agents or independent contractors during the relevant time

10   period, let alone a description of each device, the model and serial number, the time

11   period the device was used, all individuals who used the device, where the device is

12   currently located, if the device is no longer in use who was the last person to use it, as

13   requested in Special Interrogatories Numbers 1 and 2.   The List does not identify all

14   computing devices that were used to click on Satmodo's advertisements as requested in

15   Special Interrogatory Numbers 3 and 4. The form does not list the operating systems

16   used as requested in Special Interrogatory Number 5.

17        21.   Our office has repeatedly asked, including in the Joint Scheduling Report

18   filed with the Court, that Defendants confirm they have complied with the evidence

19   preservation letter sent in September of 2016.  Defendants have, to date, refused to

20   confirm whether they have done so. Thus, it is a fair concern that Defendants have

21   destroyed, put out of use, altered, or wiped clean devices that were used to fraudulently

22   click on its paid ads. This is why the Special Interrogatories at issue require Defendants

23   to identify and describe all devices used from January 2016, even if still not in use,

24   along with descriptions of the operating system(s) used during this time frame.  Once

25   Plaintiff obtains the basic information on the universe of devices, it can conduct

26   inspections of the devices identified that are still in their possession to obtain the

27   information as to model numbers, operating systems, browsers, any other IP addresses

28   or proxy servers that might have been used, and also to determine whether and how

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6                                                    17-CV-0192-AJB NLS
McTEER DECL. IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTES

1  they may have been altered or modified after Defendants' receipt of the evidence

2  preservation letter in September 2016.

3      22.    Special Interrogatory Numbers 8 and 9 asks Defendants to list the name

4  and contact information for all present and former employees and independent

5  contractors. The information requested is certainly within the scope of permissible

6  discovery pursuant to FRCP 26(b)(a) as they are directly related to potential witnesses

7  who either fraudulent clicked on Satmodo's advertisements or have information

8  regarding others who have committed these acts. Although "employees" are listed on

9  the "List, it is unclear whether this is an exhaustive list of employees, and apparently

10  does not include any independent contractors or others working on Defendants' behalf

11  during the relevant time period. During the meet and confer process, defense counsel

12  stated that he would not provide information relating to Defendants' independent

13  contractors.

14      23.    Satmodo also served a Demand that Defendants produce each of the

15  computing devices within its possession, custody, or control which was in use for any

16  purpose related to Defendants' operations at any time during the period January 1, 2016

17  to the present, whether still in use or not, so that Satmodo and its agents may inspect

18  and create copies, including forensic images, of each. With the Demand, our office sent

19  a letter offering to agree to a mutually agreed upon date for the inspection and various

20  protocols to be decided between the parties regarding certain aspects of the inspection.

21  (Exhibit "B").

22      24.    Defendant objected to the Demand for Inspection in its entirety on the

23  grounds that it is "overbroad, burdensome and oppressive and outside the scope of

24  permissible discovery pursuant to FRCP, Rule 26(b)(1). This Request seeks production

25  of material which might be privileged and would be proprietary to the Defendant."

26  Instead, Defendants stated that, "Working from the list provided by Plaintiff, Defendant

27  will make its best efforts to identify clicks in dispute and if there is a good faith

28  disagreement about particular clicks being attributed to Defendant then the parties'

SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7                                                     17-CV-0192-AJB NLS

McTEER DECL. IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTES

1  experts can confer to determine the best means to determine if the clicks are

2  actionable." (Exhibit "E").

3      25.    Although I indicated to Mr. Herron that the attempts to supplement the

4  responses and production were appreciated, I never indicated that the discovery dispute

5  was resolved given the supplemental production or that we would accept the

6  supplemental production and disregard the other remaining issues.

7      I declare under penalty of perjury under the laws of the United States of America

8  that the foregoing is true and correct and that this Declaration was executed by me on

9  April 23, 2018, at Fresno, California.

10

11                                              _____

12                                              s/ Devon R. McTeer
                                                 Devon R. McTeer

13                                        Attorneys for Plaintiff, SATMODO, LLC
                                                      Email:

14                                    Devon.McTeer@mccormickbarstow.com

15  52486-00001 5084910.1

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

8                                      17-CV-0192-AJB NLS
McTEER DECL. IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTES

***SATMODO, LLC v. WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, et al.***

United States Eastern District of California, Southern District of California Case No. 17-CV-0192-AJB NLS

Exhibits To Declaration of Devon R. McTeer in Support of _Motion For Determination Of Discovery Dispute No. 1.

| DESCRIPTION | LOCATION | PAGE NO. |
|---|---|---|
| Interrogatories to Whenever Communications served on February 1, 2018 | Exhibit A | 01 |
| Letter to Matthew Herron from Scott J. Ivy dated February 1, 2018 and Demand for Inspection of Personal Property, Set One | Exhibit B | 07 |
| Evidence preservation letter from Plaintiff to Defendants and their counsel dated September of 2016 | Exhibit C | 12 |
| Whenever's Response to Special Interrogatories, Set One served on March 5, 2018 | Exhibit D | 19 |
| Response to Demand for Inspection of Personal Property, Set One served on March 5, 2018 | Exhibit E | 29 |
| Complete IP Address Inventory for All Business Locations, Homes and Mobile Sources | Exhibit F | 32 |
| Whenever's Supplemental Responses to Special Interrogatories and Requests for Production of Documents served on April 4, 2018 | Exhibit G | 33 |
| Email from Devon McTeer to Matthew Herron dated April 12, 2018 | Exhibit H | 47 |
| Request For Production of Documents, Set One, to Whenever Communications served February 1, 2018 | Exhibit I | 89 |
| Whenever's Response to Request for Production of Documents, Set One served on March 5, 2018 | Exhibit J | 96 |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

17-CV-0192-AJB NLS

McTEER DECL. IN SUPPORT OF MOTION FOR DETERMINATION OF DISCOVERY DISPUTES

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
  *Scott.ivy@mccormickbarstow.com*
Devon R. McTeer, #230539
  *devon.mcteer@mccormickbarstow.com*
Jared Gordon, #227980
  *Jared.gordon@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**INTERROGATORIES TO WHENEVER COMMUNICATIONS, LLC [SET ONE]** |

PROPOUNDING PARTY:  Plaintiff, SATMODO, LLC

RESPONDING PARTY:    Defendant WHENEVER COMMUNICATIONS, LLC,

d.b.a. SatellitePhoneStore.com

SET NO.:             ONE (1)

PLEASE TAKE NOTICE that, pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 33, Plaintiff, SATMODO, LLC ("Satmodo" and/or "Propounding Party") hereby requests that Defendant WHENEVER COMMUNICATIONS, LLC d.b.a. SatellitePhoneStore.com ("Defendant" and/or "Responding Party") respond to the following Special Interrogatories under oath and in writing within thirty (30) days

17-CV-0192-AJB NLS

1  after service of this request in accordance with Federal Rules of Civil Procedure
2  Section 33(b).

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Identify each COMPUTING DEVICE within YOUR possession, custody or control which was in use for any purpose related to YOUR operations at any time from January 1, 2016 to the present, whether still in use or not, including for each device:

    a.    A description of the device;

    b.    The model and serial number;

    c.    The time period between January 1, 2016 to the present that the device was in use;

    d.    All users for the period referenced above and

    e.    Locations where the equipment was located during the same period;

    f.    If the device is no longer in use, the last person to have custody.

"YOU" and "YOUR" shall mean Defendant WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com any of its employees, attorneys, independent contractors, interns, agents, engineers, persons engaged by it and anyone else acting or who has acted for or on its behalf.

"COMPUTING DEVICE" shall mean such electronic devices as laptop computers, desktop computers, servers, mobile devices such as cellular phones or smartphones, tablet computers such as iPads, electronic storage media such as flash memory devices or external hard disk drives, and other similar devices.

### SPECIAL INTERROGATORY NO. 2

Identify each COMPUTING DEVICE owned, possessed, and/or used by any of YOUR employees, agents, independent contractors, and agents at any time during the period from January 1, 2016 to the present that YOU understood was used while they performed their duties for YOU, whether still in use or not, including for each device:

    a.    A description of the device;

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1   b.  The model and serial number;

2   c.  The time period between January 1, 2016 to the present that the device

3       was in use;

4   d.  All users for the period referenced above and

5   e.  Locations where the equipment was located during the same period;

6   f.  If the device is no longer in use, the last person to have custody.

7 **SPECIAL INTERROGATORY NO. 3**

8   Identify each COMPUTING DEVICE within YOUR possession, custody or

9 control, whether still in use or not, that was used to access, review, research and/or

10 click on SATMODO's website or paid advertisements including for each device:

11   a.  A description of the device;

12   b.  The model and serial number;

13   c.  The time period between January 1, 2016 to the present that the device

14       was in use;

15   d.  All users for the period referenced above and

16   e.  Locations where the equipment was located during the same period;

17   f.  If the device is no longer in use, the last person to have custody.

18   "SATMODO" shall mean Plaintiff, SATMODO, LLC any of its employees,

19 attorneys, agents, engineers, persons engaged by it and anyone else acting or who has

20 acted for or on its behalf.

21 **SPECIAL INTERROGATORY NO. 4**

22   If YOU are aware of or contend that any COMPUTING DEVICE(s) not within

23 YOUR possession, custody or control were used to access, review, research and/or

24 click on SATMODO's website or paid advertisements from the time period between

25 January 1, 2016 to the present, identify the each device, including:

26   a.  A description of the device;

27   b.  Who YOU believe or contend owned, operated, or used the device;

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3              17-CV-0192-AJB NLS
SPECIAL INTERROGATORIES TO WHENEVER COMMUNICATIONS [SET ONE]
Exhibit A - 3                  3

c.      The model and serial number;

d.      The time period between January 1, 2016 to the present that the device was in use;

e.      All users for the period referenced above;

f.      Locations where the equipment was located during the same period;

g.      If the device is no longer in use, the last person to have custody.

**SPECIAL INTERROGATORY NO. 5:**

List all Operating Systems (including but not limited to Unix, Windows, DOS, Linux, Mac OS X, Android, iOS and PDA OPERATING SYSTEMS) installed on any computer or mobile devices used by YOU from the time period between January 1, 2016 to the present, the specific equipment the Operating System was installed on and the period during which it was installed on the specific equipment.

**SPECIAL INTERROGATORY NO. 6**

List all proxy servers used by YOU from January 1, 2016 to the present.

**SPECIAL INTERROGATORY NO. 7**

List all Virtual Private Networks used by YOU from January 1, 2016 to the present.

**SPECIAL INTERROGATORY NO. 8**

List the names and contact information for all present and former employees employed by YOU from the time period between January 1, 2016 to the present.

**SPECIAL INTERROGATORY NO. 9**

List the names and contact information for all present and former independent contractors providing any services for YOU from the time period of January 1, 2016 to the present.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4                                                        17-CV-0192-AJB NLS

SPECIAL INTERROGATORIES TO WHENEVER COMMUNICATIONS [SET ONE]

Exhibit A - 4                                                        4

1   Dated: February 1, 2018                    McCORMICK, BARSTOW, SHEPPARD,
2                                                   WAYTE & CARRUTH LLP
3
4                                              By: _____
5                                                        Scott J. Ivy
6                                                      Devon R. McTeer
7                                                       Jared Gordon
                                               Attorneys for Plaintiff, SATMODO, LLC
8   18265-00000 4936133.1
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5                                         17-CV-0192-AJB NLS
SPECIAL INTERROGATORIES TO WHENEVER COMMUNICATIONS [SET ONE]
Exhibit A - 5
5

**<u>PROOF OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 1, 2018, I served true copies of the following document(s) described as **INTERROGATORIES TO WHENEVER COMMUNICATIONS LLC SET ONE** on the interested parties in this action as follows:

Matthew V. Herron, Esq.
HERRON LAW, APC
mherron@herronlawapc.com
350 Tenth Avenue, Suite 880
San Diego, CA  92101-3545

Counsel for Defendants,
WHENEVER COMMUNICATIONS, LLC
dba
SATELLITEPHONESTORE.COM;      and
HENAA BLANCO

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is lydia.walter@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 1, 2018, at Fresno, California.

Lydia Walter

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720



**McCORMICK**
**BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

February 1, 2018

**VIA E-MAIL AND U.S. MAIL**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re:    Satmodo, LLC v. Whenever Communications, LLC, et al.

Dear Mr. Herron:

Enclosed please find:

(1)    Satmodo's First Set of Special Interrogatories;

(2)    Satmodo's First Set of Demands for Production of Documents; and

(3)    Satmodo's First Demand for Inspection of Property (Computing Devices).

With respect to the Demand for Inspection of Computing Devices, I renew the offer I made during our Rule 26 Conference to meet and confer with you regarding ESI Discovery and Protocols, including the location for such inspections, how the devices will be produced and inspected, and a discussion of any reasonable scope or search terms or protocols.

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:lcw
Enclosures

18265-00000 4951644.1

Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
  *Scott.ivy@mccormickbarstow.com*
Devon R. McTeer, #230539
  *devon.mcteer@mccormickbarstow.com*
Jared Gordon, #227980
  *Jared.gordon@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | Case No. 17-CV-0192-AJB NLS |
| Plaintiff, | **DEMAND FOR INSPECTION OF PERSONAL PROPERTY, SET ONE** |
| v. | |
| WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY: Plaintiff, SATMODO, LLC

RESPONDING PARTY:     Defendant WHENEVER COMMUNICATIONS, LLC,

                      d.b.a. SatellitePhoneStore.com

SET NO.:              ONE (1)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, SATMODO, LLC ("Satmodo" and/or "Propounding Party") requests and requires that Defendant WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com ("Defendant" and/or "Responding Party") produce for inspection and copying  the inspection of the following items of the property set forth below on March 12, 2018 at

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17-CV-0192-AJB NLS

DEMAND FOR INSPECTION OF PERSONAL PROPERTY, SET ONE

Exhibit B - 2

8

1  | 10:00 a.m. at the offices of Whenever Communications, LLC or a more convenient date

2  | and location which can be determined prior to the date of production.

3  | **DEMANDS FOR INSPECTION**

4  | **DEMAND FOR INSPECTION NO. 1:**

5  |  Each COMPUTING DEVICE within YOUR possession, custody, or control

6  | which was in use for any purpose related to YOUR operations at any time during the

7  | period January 1, 2016 to the present, whether still in use or not, so that SATMODO

8  | and its agents may inspect and create copies, including forensic images, of each.

9  | (Please have all necessary passwords available at the time of production to permit this

10 | process.)

11 |  "YOU" and "YOUR" shall mean Defendant WHENEVER

12 | COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com any of its employees,

13 | independent contractors, interns, agents, engineers, persons engaged by it and anyone

14 | else acting or who has acted for or on its behalf.

15 |  "SATMODO" shall mean Plaintiff, SATMODO, LLC any of its employees,

16 | agents, engineers, persons engaged by it and anyone else acting or who has acted for or

17 | on its behalf.

18 |  "COMPUTING DEVICE" shall mean such electronic devices as laptop

19 | computers, desktop computers, servers, mobile devices such as cellular phones or

20 | smartphones, tablet computers such as iPads, electronic storage media such as flash

21 | memory devices or external hard disk drives, and other similar devices.

22 | **RESPONSE TO DEMAND FOR INSPECTION NO. 1:**

23 |

24 |

25 |

26 |

27 |

28 |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2                                    17-CV-0192-AJB NLS

DEMAND FOR INSPECTION OF PERSONAL PROPERTY, SET ONE

Exhibit B - 3                                                              9

Dated:  February 1, 2018

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By: _____

Scott J. Ivy
Devon R. McTeer
Jared Gordon
Attorneys for Plaintiff, SATMODO, LLC

18265-00000 4883430.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

17-CV-0192-AJB NLS

DEMAND FOR INSPECTION OF PERSONAL PROPERTY, SET ONE

Exhibit B - 4

10

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 1, 2018, I served true copies of the following document(s) described as **DEMAND FOR INSPECTION OF PERSONAL PROPERTY SET ONE** on the interested parties in this action as follows:

> Matthew V. Herron, Esq.
> HERRON LAW, APC
> mherron@herronlawapc.com
> 350 Tenth Avenue, Suite 880
> San Diego, CA  92101-3545
>
> Counsel for Defendants,
> WHENEVER COMMUNICATIONS, LLC
> dba
> SATELLITEPHONESTORE.COM;     and
> HENAA BLANCO

**BY ELECTRONIC SERVICE (E-MAIL):**  Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is lydia.walter@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 1, 2018, at Fresno, California.

Lydia Walter

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720



**McCORMICK**
**BARSTOW LLP**
ATTORNEYS AT LAW

Jared Gordon
Of Counsel
559-433-2250
Jared.gordon@mccormickbarstow.com

**FRESNO, CA OFFICE**
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

**Other offices of**
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

**CINCINNATI, OH OFFICE**
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

**DENVER, CO OFFICE**
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

**LAS VEGAS, NV OFFICE**
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

**MODESTO, CA OFFICE**
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

September 15, 2016

**VIA FEDEX**

Gregory Pech
Whenever Communications, LLC
1414 S Tamiami Trail
Sarasota, Florida 34239 USA

Re:   Illegal Computer Use Against Satmodo, LLC
      Our File No.:  55184-00025

Mr. Pech:

My firm represents Satmodo, LLC (hereafter "Satmodo"). As you know, Satmodo is one of the main competitors of Whenever Communications, LLC's SatellitePhoneStore.com (hereafter "Whenever") in the sale and rental of satellite phones.

Satmodo has suffered from various computer-related attacks on its business over at least the last several months. Through diligent investigation, Satmodo has determined that Whenever, in substantial part through its senior employee and member Henaa "Tina" Blanco, has been behind the attacks on Satmodo's computer systems and fraud against Satmodo's vendors. As explained below, those attacks have violated both federal and state law.

In the past several months, Satmodo has observed a large increase in the number of fraudulent and invalid clicks coming through Satmodo's ads on Google's, Yahoo's and Bing's paid search ads. These clicks frequently appear close together in time. The fraudulent clicks usually originate from proxy servers, or mobile communications providers like AT&T (as would be the case if an AT&T mobile phone user clicked on Satmodo's search ads).

While merely clicking through Google's organic search listings to Satmodo would cause no harm to Satmodo, this campaign by Whenever to generate fraudulent clicks on Satmodo's *paid* search advertisements has caused Satmodo serious harm. The cost per click is typically between $12 and $16, so even a few dozen of these fraudulent clicks in a day can cost Satmodo thousands of dollars in fraudulent advertising costs, and approximately five times that amount in lost sales per day. Over several months, that has added up to a substantial loss. Additionally, Whenever's fraudulent clicks have caused my client to sometimes exceed its already substantial daily budget, thus removing it from competition to bid on clicks against Whenever (substantially reducing the price Whenever must pay to achieve a top three paid search listing), and eliminating it from competition for potential customers searching for satellite phones on the paid search sites until the next day.

Exhibit C - 1                                                    12



McCORMICK
BARSTOW LLP
ATTORNEYS AT LAW

Gregory Pech
September 15, 2016
Page 2

Satmodo has observed the fraudulent clicks coming from Sarasota, Florida, including specifically from the IP address 173.163.220.134, which is identified by third parties as a Comcast Communications IP address leased to Whenever. We are well aware that Sarasota, Florida is the headquarters of Whenever. On August 22, my client observed Whenever "hit" its homepage (possibly through a paid search ad's link) from that IP address approximately 96 times in the span of just a few minutes. The frequency of the requests indicates that Whenever was using automated software to send repeated requests to Satmodo's server during that period. Satmodo has also observed a spoofed address that resolved to "Sarasota, FL," but was listed as originating from Canada (evidencing that it had been routed to spoof the IP address), and other IP addresses that resolved to nearby towns, i.e. the town in which Ms. Blanco resides. It is likely merely from this evidence alone that Whenever is the source of this ongoing click fraud campaign.

Satmodo has similarly observed a dramatic increase in the number of online chats initiated by obviously fake customers. Satmodo's total chat requests have increased nearly ten-fold in this period, but now nine out of ten chat requests use an obvious, pre-written script to extract pricing information from Satmodo and tie up Satmodo's customer service agents, without any actual intention to rent or purchase a satellite phone. IP addresses for those fake chat requests resolve to similar IP address sources as the Google ads fraudulent clicks.

Satmodo has also frequently recorded locations of these fraudulent clicks and chat requests, when the IP addresses were not masked by proxy servers that correspond with Lakeland, Florida, Las Vegas, Nevada, and San Diego, California. We are informed that Ms. Blanco retains a residence in or around each of these cities. The match between the IP addresses and her cities of residence is further circumstantial evidence of her direct involvement. If we proceed to litigation, you can expect that we will subpoena IP records from Whenever and Ms. Blanco's Internet service providers, and we will prove with those provider logs that those instances were from Ms. Blanco's residences and her mobile devices.

Whenever has also used third party services to initiate spoofed phone calls via Google's mobile paid search ads. Those calls frequently feature nearly unintelligible callers from overseas that respond with a barrage of curse words, harassing Satmodo's employees.

Satmodo's suspicions based on its server logs and click records for its paid search advertising were confirmed by none other than Angelo Shorees, Ms. Blanco's nephew. Mr. Shorees contacted Mike Mikha via text message and offered to provide details and evidence of Whenever's schemes to Mr. Mikha, in exchange for money. As proof that Mr. Shorees had assisted in the harassment and click fraud campaign against Satmodo, Mr. Shorees initiated a spoofed phone call to Mr. Mikha on demand during a conversation that Mr. Mikha had with him. Mr. Shorees provided information that no one would know other than a person directly involved in the campaign to direct fraudulent clicks and phone calls to Satmoto. Ultimately, Mr. Mikha declined to pay Mr. Shorees for any evidence, beyond the extensive text message conversations with Mr. Mikha my client has saved, but we will subpoena him to obtain it.

Exhibit C - 2



**McCORMICK**
**BARSTOW LLP**
ATTORNEYS AT LAW

Gregory Pech
September 15, 2016
Page 3

With three independent means of determining Whenever's and Ms. Blanco's involvement, Satmodo is quite confident that it has identified the perpetrator of the campaign against it, and that it can prove Whenever, as directed by and through the acts of Ms. Blanco, is the source of the campaign.

Whenever and Ms. Blanco have broken a number of federal and state laws, both civil and criminal. Unless Whenever accedes to our demands below, Satmodo will pursue all of its available civil remedies against Whenever and Ms. Blanco personally, including but not limited to, claims under the following statutes.

**Computer Fraud and Abuse Act**

The federal Computer Fraud and Abuse Act created both civil and criminal penalties for "knowingly and with intent to defraud, accesses a protected computer without authorization... and by means of such conduct furthers the intended fraud." (18 U.S.C. § 1030(a)(4)). Courts have held that the Computer Fraud and Abuse Act can include use of a third party's computer or website to access a protected computer to cause the prohibited harms. (*eBay v. Digital Point Solutions, Inc.* (C.D. Cal. 2009) 608 F. Supp. 2d 1158).

Satmodo is entitled to pursue a civil claim against Whenever and Ms. Blanco personally under the Computer Fraud and Abuse Act if it suffered more than $5,000 in damages. (18 U.S.C. § 1030(c)). The several hundred dollars in invalid clicks each day for the several months the click fraud campaign has been in effect have cost Satmodo in excess of $25,000 of invalid clicks, and its lost sales may be ten times that. Satmodo's damages will easily satisfy the $5,000 threshold for a civil claim under the Computer Fraud and Abuse Act.

Because Whenever violated a federal law, Satmodo can pursue its claims in federal court. Ms. Blanco will not be able to hide in Florida against the personal claims against her, including the California law claims. And in any event, Whenever's San Diego location and general business contacts in California subject it to California jurisdiction, such that Satmodo could pursue its claims against Whenever in California courts if it chose.

Separate from any civil claims Satmodo might bring, Ms. Blanco's, and any other accomplices' or co-conspirators', acts above are a federal crime under the Computer Fraud and Abuse Act.

**California Comprehensive Computer Data Access and Fraud Act**

California's Comprehensive Computer Data Access and Fraud Act, found in California Penal Code §502, is California's anti-hacking statute, but it extends to a variety of computer-related crimes, including click fraud. Cal. Penal Code §502 punishes persons who:

Exhibit C - 3                                                                14



**McCORMICK**
**BARSTOW LLP**
ATTORNEYS AT LAW

Gregory Pech
September 15, 2016
Page 4

> "(1) Knowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system, or computer network in order to either (A) *devise or execute any scheme or artifice to defraud, deceive*, or extort, or (B) wrongfully control or obtain money, property, or data. ...

> (5) Knowingly and without permission disrupts or causes the disruption of computer services or *denies or causes the denial of computer services* to an authorized user of a computer, computer system, or computer network."

Whenever's orchestrated click fraud scheme, using third party proxy servers and telephone number spoofing, is a "scheme or artifice to defraud [and] deceive" paid search publishers Google and Microsoft (via Bing and Yahoo!) using data on their computers and computer networks, and Satmodo as the recipient of the inbound traffic and purchaser of the paid search advertisements, to the damage and detriment of Satmodo. (Cal. Penal §502(1)).

Similarly, Whenever's click fraud scheme has repeatedly and daily caused the "denial of computer services" from Google and Microsoft to Satmodo by exhausting Satmodo's paid click advertising budget with its fraudulent and invalid clicks. (Cal. Penal §502(5)). The telephone spoofing and fraudulent use of Satmodo's online chat service also have acted to deny Satmodo its computer services for their intended use, i.e. for potential, bona fide customers.

Either violation of California Penal Code §502 permits Satmodo to recover damages fully compensating it for its damages, both from Whenever and Ms. Blanco personally. (Cal. Penal §502(e)). Satmodo can also recover its attorney's fees when it succeeds on its Cal. Penal §502 claims, which means that the more time and effort Whenever forces Satmodo to expend to recover compensation for these wrongs, the more Whenever will ultimately owe to Satmodo. (*Ibid.*). Further, Satmodo can and will seek punitive damages for the fraud that Ms. Blanco and Whenever have perpetrated against Satmodo. (*Ibid.*).

Finally, California Penal §502 is also a criminal law and Ms. Blanco's actions, along with any accomplices or co-conspirators, have violated its criminal prohibitions.

**Intentional Interference with Economic Relations**

California law prohibits another party from intentionally interfering with the contract or economic relations between other parties. Satmodo need only show: "(1) an economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by the defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship, and (5) damages to plaintiff proximately caused by the acts of the defendant." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 330). The requirements for a claim of intentional interference with contract are

Exhibit C - 4

15



**McCORMICK BARSTOW LLP**
ATTORNEYS AT LAW

Gregory Pech
September 15, 2016
Page 5

similar. (*See e.g. Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126).

Whenever's sustained campaign has interfered with the contractual and business relationship between Satmodo and its paid search publishers, Google and Microsoft. Whenever had, and has, a contractual relationship and economic relationship with Google and Microsoft for the publication of keyword-based, paid search advertisements on their webpages and in their applications. Whenever's repeated fraudulent clicks on those paid search advertisements prove that it was aware of Satmodo's paid search advertisements, and those same clicks both were intended to disrupt the relationship and actually disrupted the relationship. By replacing real clicks from potential customers with fraudulent clicks, Whenever caused Satmodo to be overcharged by its paid search advertising providers, and caused Satmodo to dispute those charges for fraudulent clicks in order to avoid paying for invalid clicks, interfering with the harmony of its economic relationships with Google and Microsoft. Those charges for fraudulent clicks are themselves damages that resulted from Whenever's intentional acts against Satmodo, as are the lost sales and the time spent by Satmodo's employees and attorneys in attempting to resolve the dispute over fraudulent clicks by Satmodo.

As with California Penal §502, punitive damages are available in cases such as this, where the acts were committed with malice and fraud.

**Unfair Business Practices**

California law prohibits businesses from engaging in unfair or illegal business practices. (Cal. Business & Professions §17200 *et seq.*). Fraud and similar conduct, as described above, is among those prohibited practices. Even without an intent to deceive, the intentional wasting of a competitor's business resources for competitive advantage is an unfair business practice.

While Satmodo is not entitled to damages for a violation of the unfair business practices law, Satmodo is entitled to restitution, which would include the cost of the fraudulent clicks by Whenever and Satmodo's employees' time to investigate and mitigate the fraudulent scheme of Whenever. Satmodo will also seek to force Whenever to disgorge all profits it received from online sales resulting from paid search during the period Whenever was engaged in this scheme. Since Whenever's conduct also resulted in many individual customers choosing SatellitePhoneStore.com, if they were harmed by doing so (for example, by paying higher prices or receiving worse terms), Satmodo can also recover attorney's fees. (Cal. Code of Civil Procedure §1021.5).

**Racketeer Influenced and Corrupt Organizations Act**

A violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") occurs via conduct of an enterprise through a pattern of racketeering activity. (18 U.S.C. §1961; *see also* <u>eBay Inc. v. Digital Point Solutions, Inc.</u> (2009) 608 F.Supp.2d 1156, 1165). An enterprise can be a business, or an employee of a business. (<u>Cedric Kushner</u>

Exhibit C - 5



McCORMICK
BARSTOW LLP
ATTORNEYS AT LAW

Gregory Pech
September 15, 2016
Page 6

Promotions Ltd. v. King (2001) 533 U.S. 158, 163). "Racketeering" includes specific offenses, among which is wire fraud. Wire fraud includes any "scheme or artifice to defraud, or for obtaining money or property" by fraud "transmits or causes to be transmitted by means of wire… communication in interstate or foreign commerce" signals or text that furthers that scheme or artifice. (18 U.S.C. §1343).

The involvement of multiple, Whenever-related parties, including Whenever itself, Ms. Blanco, Mr. Shorees, and the various proxy servers and third parties used by Ms. Blanco in furtherance of this scheme to defraud Satmodo (as well as Google, Microsoft, and other vendors of Satmodo) constitutes an enterprise. The repeated click fraud and spoofed telephone calls and deceptive online chat sessions are a pattern of the enterprise's conduct.

Since the fraudulent clicks, spoofed telephone calls, and misleading online chats were conducted over the Internet or other common carrier telecommunications equipment in interstate commerce, these acts constitute wire fraud, satisfying the racketeering requirement of RICO. The pattern of racketeering conduct, via wire fraud, of Whenever's enterprise are thus sufficient for a violation of RICO.

Satmodo is entitled to recover three times its damages, plus attorney's fees, for Whenever's RICO violation. (18 U.S.C. §1964(c)). That is three times the cost of the invalid clicks Satmodo paid for, three times its lost sales and profits, and three times the cost of its employees' time in dealing with Whenever's racketeering. That is in excess of several hundred thousand dollars.

**Offer in Compromise**

My client is most concerned with the *immediate* cessation of the illegal conduct against Satmodo by Whenever and Ms. Blanco. Whenever, Ms. Blanco, and their associated agents and minions must stop all aspects of their scheme against Satmodo instantly upon receipt of this letter – this is non-negotiable. Provided that Whenever's illegal activities described above cease *immediately*, my client is willing to resolve this dispute as a purely civil matter.

Separate from the above demand that Whenever immediately cease its unlawful conduct, given the substantial costs from fraudulent clicks, lost employee time dealing with this campaign against Satmodo, and lost sales and profits, Satmodo demands compensation for its damages in the amount of $325,000 to resolve its civil claims above. This offer in compromise is only available prior to Satmodo commencing litigation against Whenever, does not include any actual or anticipated attorney's fees or damages multipliers, and represents a substantial discount to the minimum compensation Satmodo will accept if it has to litigate to enforce its rights (at which point Satmodo will include attorney's fees and damages multipliers). Make no mistake – Satmodo is prepared to litigate on the claims above if Whenever does not provide acceptable compensation for its damages to Satmodo within ten (10) business days.

Exhibit C - 6                                                                17


McCORMICK
BARSTOW LLP
ATTORNEYS AT LAW

Gregory Pech
September 15, 2016
Page 7

Should you wish to further discuss resolution of this dispute, you may reach me at the phone number or email address on the first page. In the meantime, Whenever, its officers and relevant employees, and Ms. Blanco individually, are obligated to keep and not alter, delete, or destroy all evidence, documents, data, or files that might be potentially relevant to the claims or dispute set forth in this letter. Your obligation to preserve evidence includes preserving all originals, drafts and copies of hard copy and electronically stored data and information, including but not limited to: memoranda, notes, correspondence or other communications, emails, text messages, voice messages, telephone call recordings, faxes, agreements, reports, forms, schedules, bills or invoices, files, diary entries, manuals, books, minutes, proposals, meeting schedules, financial statements, notices, notebooks, computer files, software files, browser history, computer printouts, transcripts, time records, server logs, online or cloud storage, applications or software stored or installed on mobile devices (including Ms. Blanco's mobile devices), and files or data stored on mobile devices (again including Ms. Blanco's mobile devices). Failure to adequately protect such evidence from deletion can lead to spoliation, which can result in an adverse instruction against Whenever or even a default judgment against Whenever.

Govern yourself accordingly.

Very truly yours,

Jared Gordon
McCormick Barstow LLP

JVG
cc:     Mike Mikha, Satmodo, LLC
        Roxanne Pech, Whenever Communications, LLC
        Tina Blanco, Whenever Communications, LLC

55184-00025 4084126.1

Exhibit C - 7                                    18

MATTHEW V. HERRON (Bar No. 71193)
mherron@herronlawapc.com
herronlaw, *apc*
350 Tenth Avenue, Suite 880
San Diego, California 92101-3545
Tel:  (619) 233-4122 / Fax: (619) 233-3709

Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba
SATELLITEPHONESTORE.COM; and HENAA BLANCO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | Case No. 17-CV-0192-AJB NLS |
| Plaintiff, | **WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO SPECIAL INTERROGATORIES** |
| v. | **(SET ONE)** |
| WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive, | |
| Defendants. | DEPT:        3B<br>JUDGE:      Hon. Anthony J. Battaglia<br>MAGISTRATE: Hon. Nita L. Stormes |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff SATMODO, LLC |
| RESPONDING PARTY: | Defendant WHENEVER COMMUNICATIONS, LLC |
| SET NUMBER: | One |

///
///
///
///

SPECIAL INTERROGATORY NO. 1:

Identify each COMPUTING DEVICE within YOUR possession, custody or control which was in use for any purpose related to YOUR operations at any time from January 1, 2016 to the present, whether still in use or not, including for each device:

a.   A description of the device;

b.   The model and serial number;

c.   The time period between January 1, 2016 to the present that the device was in use;

d.   All users for the period referenced above and

e.   Locations where the equipment was located during the same period;

f.   If the device is no longer in use, the last person to have custody.

RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

///
///
///
///
///
///
///
///

SPECIAL INTERROGATORY NO. 2:

Identify each COMPUTING DEVICE owned, possessed, and/or used by any of YOUR employees, agents, independent contractors, and agents at any time during the period from January 1, 2016 to the present that YOU understood was used while they performed their duties for YOU, whether still in use or not, including for each device:

    a.    A description of the device;

    b.    The model and serial number;

    c.    The time period between January 1, 2016 to the present that the device was in use;

    d.    All users for the period referenced above and

    e.    Locations where the equipment was located during the same period;

    f.    If the device is no longer in use, the last person to have custody.

RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

///

///

///

///

///

///

///

**SPECIAL INTERROGATORY NO. 3:**

Identify each COMPUTING DEVICE within YOUR possession, custody or control, whether still in use or not, that was used to access, review, research and/or click on SATMODO's website or paid advertisements including for each device:

    a.    A description of the device;

    b.    The model and serial number;

    c.    The time period between January 1, 2016 to the present that the device was in use;

    d.    All users for the period referenced above and

    e.    Locations where the equipment was located during the same period;

    f.    If the device is no longer in use, the last person to have custody.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

///

///

///

///

///

///

///

///

SPECIAL INTERROGATORY NO. 4:

If YOU are aware of or contend that any COMPUTING DEVICE(s) not within YOUR possession, custody or control were used to access, review, research and/or click on SATMODO's website or paid advertisements from the time period between January 1, 2016 to the present, identify the each device, including:

    a.    A description of the device;

    b.    Who YOU believe or contend owned, operated, or used the device;

    c.    The model and serial number;

    d.    The time period between January 1, 2016 to the present that the device was in use;

    e.    All users for the period referenced above;

    f.    Locations where the equipment was located during the same period;

    g.    If the device is no longer in use, the last person to have custody.

RESPONSE TO SPECIAL INTERROGATORY NO. 4:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

///

///

///

///

///

///

SPECIAL INTERROGATORY NO. 5:

List all Operating Systems (including but not limited to Unix, Windows, DOS, Linux, Mac OS X, Android, iOS and PDA OPERATING SYSTEMS) installed on any computer or mobile devices used by YOU from the time period between January 1, 2016 to the present, the specific equipment the Operating System was installed on and the period during which it was installed on the specific equipment.

RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

SPECIAL INTERROGATORY NO. 6:

List all proxy servers used by YOU from January 1, 2016 to the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 6:

None.

SPECIAL INTERROGATORY NO. 7:

List all Virtual Private Networks used by YOU from January 1, 2016 to the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 7:

None, other than potentially one employee who may have used VPN to check pricing. Defendant will provide further details if this is confirmed.

///

///

///

SPECIAL INTERROGATORY NO. 8:

List the names and contact information for all present and former employees employed by YOU from the time period between January 1, 2016 to the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 8:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

SPECIAL INTERROGATORY NO. 9:

List the names and contact information for all present and former independent contractors providing any services for YOU from the time period of January 1, 2016 to the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

///

///

///

Dated:        March 5, 2018                    herronlaw, *apc*

                                    By:   /s/ Matthew V. Herron
                                          Matthew V. Herron (SBN 71193)
                                          mherron@herronlawapc.com
                                          Attorneys for Defendants
                                          WHENEVER COMMUNICATIONS, LLC,
                                          dba SATELLITEPHONESTORE.COM; and
                                          HENAA BLANCO

---

WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO SPECIAL INTERROGATORIES (SET ONE)

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, the undersigned, declare as follows:

I am the President of Whenever Communications, LLC, a Defendant in the above-entitled action; I have read the foregoing WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO SPECIAL INTERROGATORIES (SET ONE) and know the contents thereof.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Executed on March __, 2018, at San Diego, California.

_____
Henaa Blanco

---

WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO SPECIAL INTERROGATORIES (SET ONE)

9

1

**CERTIFICATE OF SERVICE**

2

3        The undersigned hereby certifies that a true and correct copy of the above and

4    foregoing document has been served on March 5, 2018 to all counsel of record by

5    electronic mail.

6    Dated:        March 5, 2018                    herronlaw, *apc*

7
                                        By:   /s/ Matthew V. Herron
8                                             Matthew V. Herron (SBN 71193)
9                                             mherron@herronlawapc.com
                                              Attorneys for Defendants
10                                            WHENEVER COMMUNICATIONS, LLC,
11                                            dba SATELLITEPHONESTORE.COM; and
                                              HENAA BLANCO
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTHEW V. HERRON (Bar No. 71193)
mherron@herronlawapc.com
herronlaw, *apc*
350 Tenth Avenue, Suite 880
San Diego, California 92101-3545
Tel:  (619) 233-4122 / Fax: (619) 233-3709

Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba
SATELLITEPHONESTORE.COM; and HENAA BLANCO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**RESPONSE TO DEMAND FOR INSPECTION OF PERSONAL PROPERTY**<br><br>**(SET ONE)**<br><br><br><br>DEPT:        3B<br>JUDGE:      Hon. Anthony J. Battaglia<br>MAGISTRATE: Hon. Nita L. Stormes |

PROPOUNDING PARTY:      Plaintiff SATMODO, LLC

RESPONDING PARTY:        Defendant WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM

SET NUMBER:        One

///
///
///
///

DEMAND FOR INSPECTION NO. 1:

Each COMPUTING DEVICE within YOUR possession, custody, or control which was in use for any purpose related to YOUR operations at any time during the period January 1, 2016 to the present, whether still in use or not, so that SATMODO and its agents may inspect and create copies, including forensic images, of each. (Please have all necessary passwords available at the time of production to permit this process.)

RESPONSE TO DEMAND FOR INSPECTION NO. 1:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

Dated:        March 5, 2018                herronlaw, *apc*

By:    /s/ Matthew V. Herron
       Matthew V. Herron (SBN 71193)
       mherron@herronlawapc.com
       Attorneys for Defendants
       WHENEVER COMMUNICATIONS, LLC,
       dba SATELLITEPHONESTORE.COM; and
       HENAA BLANCO

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 5, 2018 to all counsel of record by electronic mail.

Dated:       March 5, 2018                          herronlaw, *apc*

                                        By:     /s/ Matthew V. Herron
                                                Matthew V. Herron (SBN 71193)
                                                mherron@herronlawapc.com
                                                Attorneys for Defendants
                                                WHENEVER COMMUNICATIONS, LLC,
                                                dba SATELLITEPHONESTORE.COM; and
                                                HENAA BLANCO

**Complete IP Address Inventory for All Business Locations, Home and Mobile sources**

| Location or User | Current IP Address | Dates Active | Subnet or DHCP | ip address range if any | Type | Provider |
|---|---|---|---|---|---|---|
| *************** | **Active Office IP Addresses** | | | | | |
| California Store | 70.164.119.90 | 1/15/2017 to current | 70.164.119.88/29 | 70.164.119.89 - 70.164.119.94 | Office LAN | Cox |
| Florida Store | 47.506.61.86 | 7/2016 to current | 47.206.61.0/24 | 47.206.61.1 - 47.206.61.254 | Office LAN | Verizon |
| Mexico Store | 189.222.190.159 | | dhcp | | Office LAN | satelite del norte |
| Alaska Store | 24.237.41.227 | | dhcp | | Office LAN | GCI |
| | | | | | | |
| **************** | **Discontinued Previous Office IP Addresses that could be confirmed from ISP** | | | | | |
| | | | | | | |
| California Store | 98.178.228.186 | 7/1/2015 to 1/15/2017 | n/a | n/a | Office LAN | Cox |
| Florida Store | 98.163.220.129 | 2011 to 8/9/2017 | 98.163.220.128/29 | 98.163.220.129 - 98.163.220.134 | Office LAN | Comcast |
| | | | | | | |
| *************** | **Employee Mobile and Home Current IP Addresses** | | | | | |
| | | | | | | |
| Sue Shorees | 68.7.139.226 | from June 2017 | dhcp | | house | Cox |
| Sue Shorees | 107.77.230.208 | 1-2 years | dhcp | | Cell phone | AT&T |
| Sue Shorees | 107.77.227.31 | 3-4 years | dhcp | | Cell phone | AT&T |
| Angelo Shorees | 107.77.230.135 | 1-2 years | dhcp | | Cell phone | AT&T |
| Nicole Shorez | 72.192.151.47 | from June 2010 | dhcp | | house | cox |
| Ryan Garces | 72.42.145.107 | last 24 month | dhcp | | house | GCI |
| Ryan Garces | 107.77.205.92 | over 5 years | dhcp | | Cell phone | GCI |
| Ryan Garces | 107.77.205.65 | over 2 years | dhcp | | Cell phone | AT&T |
| Callie Parsons | 174.228.14.46 | over 2 years | dhcp | | Cell phone | Verizon |
| Thikra Boles | 99.203.11.21 | 1-2 years. | dhcp | | Cell phone | Sprint |
| Jeff Kruse | 99.190.223.43 | over 2 years | dhcp | | house | AT&T home |
| Filip Kvasny | 174.212.14.156 | 2 Years | dhcp | | Cell phone | Verizon |
| Rafael Barragan | 172.58.17.106 | 1 Year | dhcp | | Cell phone | Tmobile |
| Ronnie Desantis | 47.204.8.72 | over 5 years | dhcp | | House | Frontier Communications |
| Joel Pineda | 200.68.128.28 | over 2 years | dhcp | | Cell phone | TelCel |
| Joel Pineda | 172.58.21.118 | over 2 years | dhcp | | Cell phone | Tmobile |
| Crystal Shorees Jacks | 99.203.11.37 | Less than 1 year | dhcp | | Cell phone | AT&T |
| Crystal Shorees Jacks | 72.192.16498 | over 2 years | dhcp | | house | Cox |
| Eric Talman | 68.7.246.180 | over 2 years | dhcp | | house | Cox |
| Eric Talman | 172.58.21.239 | over 2 years | dhcp | | Cell phone | T Mobile |
| Janice Bentley | 107.77.66.18 | over 2 years | dhcp | | Cell phone | AT&T |
| Tina Blanco | 70.181.188.125 | over 2 years | dhcp | | House - Jamul | Cox |
| Tina Blanco | 166.170.15.31 | 2 years | dhcp | | Cell phone | AT&T |
| Tina Blanco | 166.170.14.98 | last 16 months | dhcp | | Cell phone | AT&T |
| Tina blanco | 98.160.183.115 | since July 2016 | dhcp | | House - Las Vegas | cox |
| Sarasota Office | 47.206.61.86 | from July 2016 to today | dhcp | | Office-current | Frontier |
| Seann Coughlin | 174.228.132.19 | over 2 years | dhcp | | Cell phone | Verizon |
| Ronnie Desantis | 107.77.100.90 | last 3-4 months | dhcp | | Cell phone | AT&T |
| Anchorage Office | 66.58.139.129 | over 2 years | dhcp | | Office-current | GCI |
| Anchorage Office | 66.58.139.206 | over 2 years | dhcp | | Office-current | GCI |
| Gregory Pech | 107.77..80.93 | over 2 years | dhcp | | Cell phone | AT&T |
| Gregory Pech | 172.58.175.225 | over 2 years | dhcp | | Cell phone | Tmobile |
| Gregory Pech | 47.195.255.218 | over 2 years | dhcp | | House | Frontier |
| Nicole Shorez | 107.77.231.32 | from June 2010 | dhcp | | Cell phone | AT&T |
| Callie Parsons | 47.195.224.242 | over 3 years | dhcp | | House | Frontier Communications |
| Barry Hipple | 174.212.11.154 | over 3 years | dhcp | | Cell phone | Verizon |
| Barry Hipple | 68.7.220.222 | 1-2 years | dhcp | | House | AT&T |
| Trinh La | 172.58.17.106 | Less than 1 year | dhcp | | Cell phone | TMobile |
| Trinh La | 192.168.1.9 | 1-2 years | dhcp | | House | Spectrum |
| Eric Talman | 68.7.246.180 | over 2 years | dhcp | | Cell phone | AT&T |

| *************** | This IP address cannot be confirmed by Cox. It's potentially Tina's home IP address from the date range provided. | | | | | |
|---|---|---|---|---|---|---|
| tina blanco | 98.167.95.56 | 2013 to July 2016 | dhcp | | house | cox |

1  MATTHEW V. HERRON (Bar No. 71193)
2  mherron@herronlawapc.com
   herron**law, apc**
3  350 Tenth Avenue, Suite 880
4  San Diego, California 92101-3545
   Tel: (619) 233-4122 / Fax: (619) 233-3709
5

6  Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba
7            SATELLITEPHONESTORE.COM; and HENAA BLANCO

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 SATMODO, LLC, a California limited         ) Case No. 17-CV-0192-AJB NLS
   liability company,                         )
12                                            ) **WHENEVER COMMUNICATIONS,**
                                              ) **LLC'S SUPPLEMENTAL**
13            Plaintiff,                       ) **RESPONSES TO SPECIAL**
                                              ) **INTERROGATORIES**
14 v.                                         )
                                              ) **(SUPPLEMENTAL TO SET ONE)**
15 WHENEVER COMMUNICATIONS,                   )
   LLC, dba                                   )
16 SATELLITEPHONESTORE.COM, a                 )
   Nevada limited liability company,          )
17 HENAA BLANCO, an individual, and           )
   DOES 1 through 50, inclusive,              )
18                                            ) DEPT:        3B
            Defendants.                        ) JUDGE:      Hon. Anthony J. Battaglia
19 _____        ) MAGISTRATE: Hon. Nita L. Stormes

20

21     PROPOUNDING PARTY:    Plaintiff SATMODO, LLC

22     RESPONDING PARTY:     Defendant WHENEVER COMMUNICATIONS,

23                           LLC

24     SET NUMBER:           Supplemental to Set One

25 ///

26 ///

27 ///

28 ///

---

WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES
(SUPPLEMENTAL TO SET ONE)
1

SPECIAL INTERROGATORY NO. 1:

Identify each COMPUTING DEVICE within YOUR possession, custody or control which was in use for any purpose related to YOUR operations at any time from January 1, 2016 to the present, whether still in use or not, including for each device:

    a.    A description of the device;

    b.    The model and serial number;

    c.    The time period between January 1, 2016 to the present that the device was in use;

    d.    All users for the period referenced above and

    e.    Locations where the equipment was located during the same period;

    f.    If the device is no longer in use, the last person to have custody.

RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 1:

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each. The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production. The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

1   Plaintiff and prepared his letter produced with his resume as WC 000220-235.

2   SPECIAL INTERROGATORY NO. 2:

3       Identify each COMPUTING DEVICE owned, possessed, and/or used by any of

4   YOUR employees, agents, independent contractors, and agents at any time during the

5   period from January 1,2016 to the present that YOU understood was used while they

6   performed their duties for YOU, whether still in use or not, including for each device:

7       a.   A description of the device;

8       b.   The model and serial number;

9       c.   The time period between January 1, 2016 to the present that the device was

10          in use;

11      d.   All users for the period referenced above and

12      e.   Locations where the equipment was located during the same period;

13      f.   If the device is no longer in use, the last person to have custody.

14  RESPONSE TO SPECIAL INTERROGATORY NO. 2:

15      Objection: overbroad, burdensome and oppressive and outside the scope of

16  permissible discovery pursuant to FRCP, Rule 26(b)(1).  This request seeks production

17  of material which might be privileged and would be proprietary to the Defendant.

18  Defendant will not permit this inspection.  Working from the list provided by Plaintiff,

19  Defendant will make its best efforts to identify the clicks in dispute and if there is a good

20  faith disagreement about particular clicks being attributed to Defendant then the parties'

21  experts can confer to determine the best means to determine if the clicks are actionable

22  against Defendant.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 2:

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each.  The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production.  The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

SPECIAL INTERROGATORY NO. 3:

Identify each COMPUTING DEVICE within YOUR possession, custody or control, whether still in use or not, that was used to access, review, research and/or click on SATMODO's website or paid advertisements including for each device:

    a.    A description of the device;

    b.    The model and serial number;

    c.    The time period between January 1, 2016 to the present that the device was in use;

    d.    All users for the period referenced above and

    e.    Locations where the equipment was located during the same period;

    f.    If the device is no longer in use, the last person to have custody.

RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1).  This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection.  Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable

1  against Defendant.

2  SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 3:

3       The documents produced by Defendants numbered as WC 000170-219 represent

4  an inventory of the company IP Addresses at each location with the date range for the use

5  of each, and the IP Addresses for employees who used their own devices for business

6  purposes, again with the date range for each.  The inventory was compiled by Greg

7  Winter, an IT professional, working with the company and its employees and as

8  confirmed by the screenshots included in the production.  The inventory was provided

9  to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

10  Plaintiff and prepared his letter produced with his resume as WC 000220-235.

11  SPECIAL INTERROGATORY NO. 4:

12       If YOU are aware of or contend that any COMPUTING DEVICE(s) not within

13  YOUR possession, custody or control were used to access, review, research and/or click

14  on SATMODO's website or paid advertisements from the time period between January

15  1, 2016 to the present, identify the each device, including:

16       a.    A description of the device;

17       b.    Who YOU believe or contend owned, operated, or used the device;

18       c.    The model and serial number;

19       d.    The time period between January 1, 2016 to the present that the device was

20           in use;

21       e.    All users for the period referenced above;

22       f.    Locations where the equipment was located during the same period;

23       g.    If the device is no longer in use, the last person to have custody.

24  ///

25  ///

26  ///

27  ///

28  ///

RESPONSE TO SPECIAL INTERROGATORY NO. 4:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1).  This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection.  Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4:

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each.  The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production.  The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

SPECIAL INTERROGATORY NO. 5:

List all Operating Systems (including but not limited to Unix, Windows, DOS, Linux, Mac OS X, Android, iOS and PDA OPERATING SYSTEMS) installed on any computer or mobile devices used by YOU from the time period between January 1, 2016 to the present, the specific equipment the Operating System was installed on and the period during which it was installed on the specific equipment.

///

///

///

RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1).  This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection.  Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 5:

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each.  The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production.  The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

SPECIAL INTERROGATORY NO. 8:

List the names and contact information for all present and former employees employed by YOU from the time period between January 1,2016 to the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 8:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1).  This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection.  Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good

faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 8:

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each.  The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production.  The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

Dated:       April 4, 2018                    herron**law,***apc*

By:   /s/ Matthew V. Herron
      Matthew V. Herron (SBN 71193)
      mherron@herronlawapc.com
      Attorneys for Defendants
      WHENEVER COMMUNICATIONS, LLC,
      dba SATELLITE PHONE STORE.COM; and
      HENAA BLANCO

WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES
(SUPPLEMENTAL TO SET ONE)
8
Exhibit G - 8

40

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, the undersigned, declare as follows:

I am the President of Whenever Communications, LLC, a Defendant in the above-entitled action; I have read the foregoing WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES (SUPPLEMENTAL TO SET ONE) and know the contents thereof.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Executed on April 4, 2018, at San Diego, California.

Henaa Blanco

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 4, 2018 to all counsel of record by electronic mail.

Dated:        April 4, 2018                           herron**law,***apc*

                                        By:   /s/ Matthew V. Herron
                                              Matthew V. Herron (SBN 71193)
                                              mherron@herronlawapc.com
                                              Attorneys for Defendants
                                              WHENEVER COMMUNICATIONS, LLC,
                                              dba SATELLITEPHONESTORE.COM; and
                                              HENAA BLANCO

MATTHEW V. HERRON (Bar No. 71193)
mherron@herronlawapc.com
herron**law, *apc***
350 Tenth Avenue, Suite 880
San Diego, California 92101-3545
Tel:  (619) 233-4122 / Fax: (619) 233-3709

Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba
SATELLITEPHONESTORE.COM; and HENAA BLANCO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company, | ) Case No. 17-CV-0192-AJB NLS |
| Plaintiff, | ) **WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | ) |
| WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive, | ) **(SUPPLEMENTAL TO SET ONE)** |
| Defendants. | ) DEPT:      3B <br> ) JUDGE:     Hon. Anthony J. Battaglia <br> ) MAGISTRATE: Hon. Nita L. Stormes |

PROPOUNDING PARTY:     Plaintiff SATMODO, LLC

RESPONDING PARTY:     Defendant WHENEVER COMMUNICATIONS,

LLC, dba SATELLITEPHONESTORE.COM

SET NUMBER:     Supplemental to Set One

///

///

///

///

WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
(SUPPLEMENTAL TO SET ONE)
1

Exhibit G - 11

43

REQUEST NO. 1:

All DOCUMENTS that evidence, refer to or RELATE TO any attempts to access, review, research, interact with and/or click on SATMODO's website or paid advertisements.

RESPONSE TO REQUEST NO. 1:

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:

The documents produced by Defendants numbered as WC 000170-219 represent an inventory of the company IP Addresses at each location with the date range for the use of each, and the IP Addresses for employees who used their own devices for business purposes, again with the date range for each. The inventory was compiled by Greg Winter, an IT professional, working with the company and its employees and as confirmed by the screenshots included in the production. The inventory was provided to Peter Kent, a retained expert, who analyzed the inventory against the list provided by Plaintiff and prepared his letter produced with his resume as WC 000220-235.

Dated:     April 4, 2018                    herron**law**,*apc*


By:   /s/ Matthew V. Herron
      Matthew V. Herron (SBN 71193)
      mherron@herronlawapc.com

WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
(SUPPLEMENTAL TO SET ONE)
2

Exhibit G - 12                                                                                          44

**VERIFICATION**

I, the undersigned, declare as follows:

I am the President of Whenever Communications, LLC, a Defendant in the above-entitled action; I have read the foregoing WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SUPPLEMENTAL TO SET ONE) and know the contents thereof.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Executed on April 4 , 2018, at San Diego, California.

Henaa Blanco

WHENEVER COMMUNICATIONS, LLC'S SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS
(SUPPLEMENTAL TO SET ONE)
3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 4, 2018 to all counsel of record by electronic mail.

Dated:          April 4, 2018                     herron**law,**_apc_

By:     /s/ Matthew V. Herron
        Matthew V. Herron (SBN 71193)
        mherron@herronlawapc.com
        Attorneys for Defendants
        WHENEVER COMMUNICATIONS, LLC,
        dba SATELLITEPHONESTORE.COM; and
        HENAA BLANCO

| | |
|---|---|
| **From:** | Devon McTeer <Devon.McTeer@mccormickbarstow.com> |
| **Sent:** | Thursday, April 12, 2018 11:11 AM |
| **To:** | Matthew Herron |
| **Cc:** | Tammy Dos Santos; 'Ken Lau'; Scott Ivy |
| **Subject:** | Satmodo v. Whenever, et. al. |
| **Attachments:** | Satmodo McTeer Joint Memo P&A ISO Motion to Compel Further Responses (2)....docx; Joint Statement [Discovery Dispute].docx |

Mr. Herron,

I have reviewed your clients' Supplemental Responses received last week and appreciate your efforts in providing them. I have also sent the responses to our expert for review. However, we still do not believe your client has provided Satmodo with the information sought by way of several of the discovery requests at issue. In addition, as you indicated during our attempts to meet and confer, your client is still unwilling to submit their computing devices for inspection. Unfortunately, it appears as though we will need to seek the Court's intervention to resolve the remaining disputes. As the requests are the basis for most of the future discovery in this case, it is probably best to seek guidance from the Court sooner rather than later.

Attached is our proposed "Joint Motion" and "Joint Statement" that Magistrate Stormes requires to be filed by the parties with our inserts included.

It would be greatly appreciated if you could provide us your inserts (Referenced as "Defendants" position in both documents) by noon on Monday so we can include them in what we file with the Court.

I look forward to your cooperation in this regard.

Devon

1 | McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
2 | Scott J. Ivy, #197681
    *Scott.ivy@mccormickbarstow.com*
3 | Devon R. McTeer #230539
    *devon.mcteer@mccormickbarstow.com*
4 | Jared Gordon, #227980
    *Jared.gordon@mccormickbarstow.com*
5 | 7647 North Fresno Street
Fresno, California 93720
6 | Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300
7 |
8 | Attorneys for Plaintiff, SATMODO, LLC
9 | Herron Law, APC
Matthew V. Herron, #71193
    *mherron@herronlawapc.com*
10 | 350 Tenth Avenue, Suite 880
San Diego, CA  92101-3545
11 | Telephone:   (619) 233-4122
Facsimile:    (619) 233-3709
12 |
13 | Attorneys for Defendants,
WHENEVER COMMUNICATIONS, LLC
d.b.a. SatellitePhoneStore.com,
14 | and HENAA BLANCO

15 | UNITED STATES DISTRICT COURT

16 | SOUTHERN DISTRICT OF CALIFORNIA

17 | SATMODO, LLC, a California limited
liability company,

Case No. 17-CV-0192-AJB NLS

18 | Plaintiff,

**JOINT MOTION AND
MEMORANDUM OF POINTS AND
AUTHORITIES FOR
DETERMINATION OF
DISCOVERY DISPUTE NO. 1**

19 | v.

20 | WHENEVER COMMUNICATIONS,
LLC, d.b.a. SatellitePhoneStore.com, a
Nevada limited liability company,

Judge:  Hon. Nita L. Stormes

21 | HENAA BLANCO, an individual, and
DOES 1 through 50, inclusive,

Action Filed:   February 1, 2017
Trial Date:     None Set

22 |
23 | Defendants.
24 |
25 |
26 |
27 |
28 |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17-CV-0192-AJB NLS

JOINT MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR DETERMINATION OF
DISCOVERY DISPUTE NO. 1

Exhibit H - 2

48

# I.     PLAINTIFF'S POSITION

## A.     Factual Background and Basis for Discovery at Issue

This action arises out of Defendants' fraudulent clicking on Satmodo's paid search advertisements on various search engines, including Google, Bing, and Yahoo!, with the intent to harm Satmodo. In response to the rising number of fraudulent clicks, in November of 2016, Satmodo subscribed to a software program called ClickCease. ClickCease tracks each and every click on Satmodo's paid advertisements and is able to, not only obtain and record the Internet Protocol ("IP") addresses, operating system, and browsers of the devices used to click on the ads, but is also capable of determining whether those clicking on the ads are engaging in fraudulent clicking and/or using bots or non-human means to continuously click on the ads.

ClickCease also monitors Satmodo's webpage for fraudulent activity such as blacklisted IP addresses, bad hosts and proxy servers. ClickCease also allows Satmodo to identify specific individual unique devices that are repeatedly clicking on its paid ads from multiple IP addresses. For example, after a device (mobile phone, tablet, laptop, or desktop computer) is used to click on one of Satmodo's ads, ClickCease identifies the IP address for that click. Furthermore, it identifies the device itself, independent of that IP address, and assigns a unique "Device ID" to that device to enable Satmodo to track and record if that specific device subsequently clicks on Satmodo's paid advertisements with a different IP address. If the user of a specific device is identified as clicking on one of Satmodo's paid ads with one IP address, but thereafter joins a different IP network and clicks Satmodo's ad again using a different IP address, ClickCease recognizes the new IP that generated the click while also recognizing that it is the same device that clicked the ad from the previous IP address.

Defendants have never denied they engaged in a scheme of fraudulently clicking on Satmodo's paid ads with the intent to harm Satmodo as summarized above. Instead, they have engaged in a game of "which ones can you prove were us?" Which leads us to the discovery that is the subject of this Motion. As one would expect given the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1                                        17-CV-0192-AJB NLS
JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES
Exhibit H - 3                                             49

1  claims asserted, Satmodo has asked that Defendants identify all its employees, agents
2  and independent contractors from January 2016 to the present, and the computing
3  devices and operating systems used by Defendants and its employees, agents, and
4  independent contractors from January 2016 until the present.

5      Satmodo sought to obtain this information through targeted Special
6  Interrogatories, rather than a more burdensome and inefficient process of proceeding
7  with depositions of each of Defendants' known employees and quizzing them as to all
8  computing devices they have used or were aware of. Defendants have refused to
9  provide this information. Defendants have also refused to allow Satmodo to inspect any
10  of the computing devices belonging to Whenever Communications which would allow
11  Satmodo to gather additional information relating to the fraudulent clicks at issue. This
12  basic information is critical to allow Satmodo to conduct the discovery necessary to
13  prepare this case for trial. Given such, Satmodo was left with no choice but to file the
14  present Motion and seeks the Court's assistance in compelling Defendants to provide
15  the information requested and to allow the inspection of the devices at issue.

16  **B**.  **Summary of Discovery Requests at Issue**

17      From November 2016 through January 2018, ClickCease logged approximately
18  38,000 clicks on Satmodo's paid advertisements. ("Lindsey Decl." at ¶___.)  The
19  reports prepared by ClickCease identify the then in-use IP address, operating system,
20  and browser for the computing device (phone, tablet, computer, etc.) from which the
21  click was made. (*Id*. at ¶___.) Satmodo has previously identified approximately 4,100
22  clicks that it believes originated from Defendants and are informed and believe that
23  thousands more of the total clicks (38,000) were also made by Defendants and their
24  agents.

25      In an attempt to allow Satmodo's experts to identify which of the total clicks on
26  ClickCease reports were made by devices associated with Defendants and their agents,
27  on or about February 1, 2018, Satmodo propounded Special Interrogatories asking
28  Defendants to:

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2          17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 4          50

1

2       -    Identify each "Computing Device" used by Defendants and their

3    agents from January 2016 to present.  (Special Interrogatories Nos. 1-2.)

   -    Identify each Computing Device that was used to access, review,

4    research, and/or click on Plaintiff's ads (Special Interrogatories Nos. 3-4);

5       -    List all Operating Systems installed on any computer used by

Defendants from January 2016 to present (Special Interrogatories No. 5)

6

7       -    List the names and contact information of all present and former

employees independent contractors of  Defendants from January 2016 to

the present (Special Interrogatory No. 8-9)

8

9         Plaintiff also concurrently served a Demand for Inspection of Defendants'

10   computing devices, along with a cover letter again offering to meet and confer with

11   Defendants' counsel on scope, search terms, and time and place of the requested

12   inspections. (McTeer Decl., Exhibit "C".)

13        This discovery was designed as a two-step process to (1) to have Defendants

14   identify under oath all computing devices used by it and its agents, employees, and

15   independent contractors since January 2016 (even if they have been discarded or put

16   out of use after this case was filed), and the operating system and browsers used by the

17   devices, and then (2) to conduct an inspection of all devices used by Defendants and its

18   agents, employees, and independent contractors to determine all IP addresses may have

19   been used by each device from January 2016 to the present, what operating system and

20   browsers were installed at which times, whether searches and/or clicks of Plaintiffs'

21   paid ads were undertaken, and whether the devices had been modified, wiped, or re-

22   formatted to delete or obscure any such information after Plaintiff's counsel sent an

23   evidence preservation letter to Defendants and their counsel in September of 2016.

24   (McTeer Decl. at ¶___.)

25      **C.**   **Defendants' Responses and the Present Discovery Dispute**

26        The above requests represent a much more economical method of obtaining this

27   evidence than deposing each person one by one and quizzing them about every single

28   device they may have used since January 2016.   Defendants and their counsel

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3                                                    17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 5                                              51

1   apparently disagree.  Defendants' initial responses refused to identify a single device at

2   all, let alone description of the device or all operating systems used, and refused allow

3   any inspections of any devices at all.  (McTeer Decl. at ¶___.)  These responses were

4   served on March 5, 2018. Instead, Defendants' responses indicated that they would

5   conduct their "own" investigation and let Plaintiffs know what they found. (*Id*.)

6       Satmodo's counsel met and conferred with Defendants' counsel repeatedly, and

7   obtained a Stipulated extension from the Court to bring this Motion in the hopes it

8   could be avoided. See Docket No. 48; (McTeer Decl. at ¶___.)  Unfortunately, as will

9   be shown below, Defendants "Supplemental" responses served on April 4, 2018 again

10  failed to provide the specific information requested.  (McTeer Decl. at ¶___.)  The

11  Supplemental Responses consisted of nothing more than a single uniform response

12  "incorporating a "List" of IP addresses Defendants had compiled internally shortly

13  before the Supplemental Responses were provided (the "List").  Defendants again flatly

14  refused to allow an inspection of any devices.  (*Id*. at ¶___.)

15      **D.   Legal Arguments**

16      A party can discover any non-privileged information which is relevant to the

17  claims or defenses of any other party.  (FRCP 26(b)(1).)  This information does not

18  have to be admissible as long as it appears calculated to lead to the discovery of

19  admissible evidence.  (*Id*.)  "Rule 26(b)(1) permits discovery in civil actions of "any

20  matter, not privileged, that is relevant to the claim or defense of any party...."'  *Biovail*

21  *Laboratories, Inc. v. Anchen Pharmaceuticals, Inc*., 233 F.R.D. 648, 651 (C.D. Cal.

22  2006), *quoting* Fed.R.Civ.P. 26(b)(1).   "A mere statement by a party that the

23  interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate

24  to voice a successful objection."  *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*,

25  2007 U.S. Dist. LEXIS 19442 (D. Nev. Mar. 16, 2007) (quoting Josephs v. Harris

26  Corp., 677 F.2d 985, 992 (3rd Cir. 1982)).   "The party who resists discovery has the

27  burden to show discovery should not be allowed, and has the burden of clarifying,

28  explaining, and supporting its objections."  (*Keith H. v. Long Beach Unified Sch. Dist.*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4                                                      17-CV-0192-AJB NLS
JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES
Exhibit H - 6                                                      52

1  (C.D. Cal. 2005) 228 F.R.D. 652, 655-56, citation omitted.)

2  **1.  The Supplemental Responses Do Not Provide the Information Sought by the Special Interrogatories at Issue**

3

4  Pursuant to Special Interrogatories Number 1 and 2, Satmodo asks Defendants to

5  identify under oath each computing device used by Defendants and their employees,

6  agents, and independent contractors from January 2016 to the present, including a

7  description of the device, the model and serial number, the time period used, all

8  individuals who may have used it, location of the device, and if no longer in use the last

9  person to have custody of the device.  (McTeer Decl. Exhibit "A".)

10  Special Interrogatory Numbers 3 and 4 asks Whenever Communications to

11  identify each computing device, whether still in use or not, that was used to access,

12  review, research and/or click on Satmodo's website or paid advertisements including a

13  description of each device, as requested above.  (McTeer Decl.; Exhibit "A".)

14  Special Interrogatory Number 5 asks Whenever Communications to list all

15  Operating Systems (including but not limited to Unix, Windows, DOS, Linux, Mac OS

16  X, Android, iOS and PDA OPERATING SYSTEMS) installed on any computer or

17  mobile devices used by  Defendants and their employees, agents, and independent

18  contractors between January 1, 2016 to the present. (McTeer Decl.; Exhibit "A".)

19  Initially, Whenever Communications objected to these requests in their entirety

20  on several grounds. (McTeer Decl. at ¶___.)  After meeting and conferring on multiple

21  occasions both in writing and over the telephone, the latest which occurred on April 4,

22  2018, Defendants attempted to "supplement" the responses. However, this

23  "supplemental response" (repeated for each request at issue) merely referenced a one

24  page document, bates stamped WC000170 entitled, "Complete IP Address Inventory

25  for all Business Locations, Home and Mobile Sources" (hereafter referred to as "the

26  List"), which depicts  a proposed inventory of IP addresses with alleged screen shots of

27  current IP addresses for some unspecified devices. (McTeer Decl. at ¶___.) The List

28  appears to be compiled from an annotated set of, mostly undated, photos and

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1   screenshots of various devices, also provided in the same production set.

2       Defendants' unverified "list" they point to does not provide the basic
3   foundational information sought by these Interrogatories.   Moreover, even this
4   incomplete list is inherently flawed as it was apparently prepared "internally."
5   Plaintiff's counsel has repeatedly asked, including in the Joint Scheduling Report filed
6   with the Court, that Defendants' counsel confirm Defendants have complied with the
7   evidence preservation letter sent in September of 2016.   Defendants' counsel has to date
8   refused to confirm whether Defendants have done so.  Thus, it is a fair concern that
9   Defendants have destroyed, put out of use, altered, or wiped clean devices that were
10  used to fraudulently click on its paid ads.

11      This is why the Special Interrogatories at issue require Defendants to identify and
12  describe all devices used from January 2016, even if still not in use, along with
13  descriptions of the operating system(s) used during this time frame.  Once Plaintiff
14  obtains the basic information on the universe of devices, it can conduct inspections of
15  the devices Defendants identity that are still in their possession to obtain the
16  information as to model numbers, operating systems, browsers, any other IP addresses
17  or proxy servers that might have been used, and also to determine whether and how
18  they may have been altered or modified after Defendants' receipt of the evidence
19  preservation letter in September 2016.

20      The identical "supplemental response" provided in response to each of these
21  Interrogatories , i.e. the List, provides very little of the basic, yet critical, information
22  actually sought by the Interrogatories.  First, the List does not even provide, under oath,
23  a list of all devices used by any of Defendants employees, agents, or independent
24  contractors during the relevant time period, let alone  a description of each the
25  computing devices, the model and serial number, the time period the computing device
26  was used, the individuals who used each device, where the location is currently located,
27  whether the device is currently in use, who the last person was to use the device, etc. as
28  requested in Special Interrogatory Numbers 1 and 2.  The List does not identify all

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6                                                          17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 8                                              54

1  computing devices that were used to click on Satmodo's advertisements as requested in

2  Special Interrogatory Numbers 3 and 4. The form does not list the operating systems

3  used as requested in Special Interrogatory Number 5.  (McTeer Decl. at ¶____.)

4  Second, even as to the purported listing of "IP addresses," the List provides

5  nothing more than a self-prepared listing of what Defendants apparently contend is a

6  snapshot of IP addresses as currently identified by some devices as reflected on recent

7  "screen shots" of the devices that accompanied the List.  A self-prepared list of IP

8  addresses prepared in this manner is almost worthless in the context of the claims

9  asserted in this action. While the column header "Dates Active" may seem to imply that

10  the IP address listed in the preceding column has been assigned to the device for an

11  extended period of time, in some cases several years, this is not the case. (Lindsey Decl.

12  ¶__.)  This is specially so where mobile devices such as smartphones and tablets are

13  concerned, as those may be assigned new IP addresses by the service provider as the

14  devices are moved around on a day to day basis. (Lindsey Decl. ¶__.)  In fact, a user

15  does not have to physically move the mobile device to make it connect to a different

16  cell tower to get a new IP address. Simply toggling Airplane Mode on and off again

17  will often have the same effect, i.e. a new IP address for the device will be generated

18  (Lindsey Decl. ¶__.)  Thus, unverified and self-prepared "screenshots" of the purported

19  current IP address for some generically described "cell phones" and "home phones"

20  does not provide the information sought by these Interrogatories. Without obtaining the

21  information sought as to all devices, and conducting inspections of the devices to

22  attempt to obtain historical IP address information, Defendants' expert's analysis,

23  seeking to minimize the fraudulent clicks attributable to the Defendants' devices by

24  relying on IP addresses obtained in this manner, is nothing more than self-serving

25  speculation based upon woefully incomplete information.

26  In sum, the List fails to provide any of the information actually sought by the

27  Special Interrogatories at issue that Satmodo is entitled to prepare its case for trial.

28  While Satmodo appreciates the unverified list of some current IP addresses compiled by

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7                                                17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES

Exhibit H - 9                                                55

1  Defendants internally, it is entitled to conduct its own investigation as to any devices

2  used by Defendants during this time to confirm the type of device, operating system,

3  and browsers used, to confirm the listed IP addresses beyond a screen shot provided by

4  Defendants.  Satmodo is also entitled to conduct its own inquiries to determine what

5  other IP addresses or proxy servers may have been used by each person's device during

6  the relevant time period and/or if the devices have been modified, altered or "wiped

7  clean" prior to determining the currently used IP address.

8          **2.    Defendants Continue To Refuse To Provide The Contact Information For All Of Whenever Communications' Present And Former Employees And Independent Contractors**.

9

10         Special Interrogatory Numbers 8 and 9 asks Defendants to list the name and

11  contact information for all present and former employees and independent contractors.

12  The information requested is certainly within the scope of permissible discovery

13  pursuant to FRCP 26(b)(a) as they are directly related to potential witnesses who either

14  fraudulent clicked on Satmodo's advertisements or have information regarding others

15  who have committed these acts.  There is nothing privileged or proprietary about the

16  identities of these individuals. Although "employees" are listed on the "List, it is

17  unclear whether this is an exhaustive list of employees, and apparently does not include

18  any independent contractors or others working on Defendants' behalf during the

19  relevant time period. During the meet and confer process, defense counsel stated that he

20  would not provide this information. (McTeer Decl. at ¶___.)

21         **3.    Defendants Refuse To Produce Documents Relating To The Fraudulent Clicking At Issue.**

22

23         Request for Production of Documents No. 1, propounded to both Defendants,

24  asked for any and all documents which evidence or relate to attempts to access, review,

25  research, interact with and/or click on Satmodo's website or paid advertisements

26  (McTeer Decl. ¶__.) There could hardly be any more basic, yet critical, request than to

27  require Defendants to produce all documents that evidence efforts to access Satmodo's

28  website and/or click on its paid ads. In its supplemental response, Defendant Whenever

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES

Exhibit H - 10

56

1  communications simply referred Satmodo to the one page List referenced above, which

2  does not provide any of the information or documents requested.  Satmodo requests that

3  Defendants be ordered to produce all documents responsive to Request for Production

4  No. 1.

5  **4.    Defendants Have Refused To Allow Satmodo To Inspect Its Computing Devices.**

6

7  Satmodo also served a Demand that Defendant to produce each of the computing

8  devices within its possession, custody, or control which was in use for any purpose

9  related to Defendants' operations at any time during the period January 1, 2016 to the

10  present, whether still in use or not, so that Satmodo and its agents may inspect and

11  create copies, including forensic images, of each. With the Demand, Satmodo's counsel

12  sent a letter offering to agree to a mutually agreed upon date for the inspection and

13  various protocols to be decided between the parties regarding certain aspects of the

14  inspection. (McTeer Decl. at ¶___.)

15  Defendant objected to the Demand for Inspection in its entirety on the grounds

16  that it is "overbroad, burdensome and oppressive and outside the scope of permissible

17  discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material

18  which might be privileged and would be proprietary to the Defendant." (McTeer Decl.

19  at ¶___.)  Instead, Defendants stated that, "Working from the list provided by Plaintiff,

20  Defendant will make its best efforts to identify clicks in dispute and if there is a good

21  faith disagreement about particular clicks being attributed to Defendant then the parties'

22  experts can confer to determine the best means to determine if the clicks are

23  actionable." (*Id*.)

24  Computer records are documents discoverable under Fed.R.Civ.P. 34. (*Simon*

25  *Property Group L.P. v. mySimon, Inc.* (S.D. Ind. 2000) 194 F.R.D. 639, 640.) When a

26  party resists discovery, he "has the burden to show that discovery should not be

27  allowed, and has the burden of clarifying, explaining, and supporting its objections."

28  (*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D.Cal.1998) (citing *Nestle*

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES

1   *Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J.1990)). When a

2   party withholds information that is otherwise discoverable under the Federal Rules by

3   claiming a privilege, "the party shall make the claim expressly and shall describe the

4   nature of the documents, communications, or things not produced or disclosed in a

5   manner that, without revealing information itself privileged or protected, will enable

6   other parties to assess the applicability of the privilege or protection." (Fed.R.Civ.P.

7   26(b)(5); *Soto v. City of Concord* (N.D. Cal. 1995) 162 F.R.D. 603, 609.)

8       Here, Defendants have adamantly denied Satmodo's allegations set forth in the

9   Complaint, particularly that Defendants have intentionally, systematically and

10  fraudulently clicked on Satmodo's paid search advertisements on various search

11  engines with the intent to harm Satmodo. An inspection of Satmodo's computing

12  devices and ESI is absolutely necessary to disprove Defendant's denials. An inspection

13  of the devices themselves will also reveal the IP address used on each device, whether

14  each device was wiped clean or reinstalled, etc.  The inspection of the devices is the

15  critical step whereby Satmodo is allowed to conduct its own investigation as to the

16  devices, operating systems, IP addresses and proxy servers used at any time between

17  January 2016 to the present.

18      **E.    Relief Requested By Satmodo**

19      Plaintiff respectfully requests that this Court order the Defendants to supplement

20  the discovery responses in accordance with this motion and comply with Plaintiff's

21  Demand for Inspection of Personal Property.  Specifically, this Motion asks that the

22  Court require Defendants (1) to respond to the Special Interrogatories seeking to

23  identity and describe the universe of devices, including model number, operating

24  system(s), and browser(s) used, and (2) to permit Plaintiff to proceed with its inspection

25  of Defendant Whenever Communication's devices, pursuant to any limitations, search

26  protocols, and/or other safeguards the Court feels are appropriate.

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

10                                              17-CV-0192-AJB NLS
JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES
Exhibit H - 12                                                    58

1 **DEFENDANTS' POSITION**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

11                                                    17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES

Exhibit H - 13                                          59

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12                                    17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 14                                    60

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 15

61

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

14                         17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 16                                   62

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15                                    17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16

17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 18

64

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17

17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES

Exhibit H - 19

65

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

18

17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 20

66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

19

17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

20                    17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 22                                   68

1

2   Dated:  April ___, 2018                    McCORMICK, BARSTOW, SHEPPARD,

3                                                            WAYTE & CARRUTH LLP

4                                               By:_____

5                                                            Scott J. Ivy
                                                            Devon R. McTeer
6                                                            Jared Gordon
                                               Attorneys for Plaintiff, SATMODO, LLC
7                                                            Email:
8                                               devon.mcteer@mccormickbarstow.com

9

10  Dated:  April ___, 2018                             Herron Law, APC

11                                              By:_____

12                                                         Matthew V. Herron
                                               Attorneys for Defendants, WHENEVER
13                                                COMMUNICATIONS, LLC d.b.a.
                                               SatellitePhoneStore.com, and HENAA
14                                                             BLANCO
                                               Email: mherron@herronlawapc.com
15

16  18265-00000 5069208.1

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

21                                              17-CV-0192-AJB NLS

JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES

Exhibit H - 23                                                                69

1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Scott J. Ivy, #197681
     *Scott.ivy@mccormickbarstow.com*
3  Devon R. McTeer #230539
     *devon.mcteer@mccormickbarstow.com*
4  Jared Gordon, #227980
     *Jared.gordon@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
7  Attorneys for Plaintiff, SATMODO, LLC

8  Herron Law, APC
   Matthew V. Herron, #71193
9    *mherron@herronlawapc.com*
   350 Tenth Avenue, Suite 880
10 San Diego, CA  92101-3545
   Telephone:  (619) 233-4122
11 Facsimile:   (619) 233-3709

12 Attorneys for Defendants,
   WHENEVER COMMUNICATIONS, LLC
13 d.b.a. SatellitePhoneStore.com,
   and HENAA BLANCO

14                 UNITED STATES DISTRICT COURT

15             SOUTHERN DISTRICT OF CALIFORNIA

16 SATMODO, LLC, a California limited          Case No. 17-CV-0192-AJB NLS
17 liability company,
                                              **JOINT STATEMENT RE MOTION**
18              Plaintiff,                     **TO COMPEL FURTHER**
                                              **RESPONSES TO**
19         v.                                 **INTERROGATORIES (SET ONE),**
                                              **REQUESTS FOR PRODUCTION**
20 WHENEVER COMMUNICATIONS,                   **OF DOCUMENTS (SET ONE) AND**
   LLC, d.b.a. SatellitePhoneStore.com, a    **INSPECTION OF PRODUCTION**
21 Nevada limited liability company,          **OF PERSONAL PROPERTY**
   HENAA BLANCO, an individual, and
22 DOES 1 through 50, inclusive,              Judge:  Hon. Nita L. Stormes

23              Defendants.                    Action Filed:  February 1, 2017
                                              Trial Date:     None Set
24

25         Plaintiff SATMODO LLC ("Plaintiff"), by and through its  attorneys of record herein, Scott J.

26 Ivy and Devon R. McTeer, and Defendants WHENEVER COMMUNICATIONS, LLC dba

27 SATELLITEPHONESTORE.COM ("Whenever") and HENAA BLANCO ("Blanco") (collectively

28 "Defendants"), by and through their attorney of record herein, Matthew V. Herron, hereby submit

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

                                                        17-CV-0192-AJB NLS

                    JOINT STATEMENT [DISCOVERY DISPUTE]                    70
                              Exhibit H - 24

1  their joint statement regarding the parties' respective positions on outstanding discovery issues as
2  follows:

3  **DISCOVERY AT ISSUE**

4  The current dispute arises from Defendant Whenever's responses to Special Interrogatories,
5  Set One, Request For Production of Documents, Set One, and Demand for Inspection Of Personal
6  Property, Set One, and Defendant Blanco's responses to Requests For Production of Documents, Set
7  One., propounded by Plaintiff.  The parties have met and conferred in good faith pursuant to Local
8  Rule VI, but could not fully resolve their disputes.

9  **SPECIAL INTERROGATORIES TO WHENEVER COMMUNICATIONS**
10 **SPECIAL INTERROGATORY NO. 1:**

11 Identify each COMPUTING DEVICE within YOUR possession, custody or
12 control which was in use for any purpose related to YOUR operations at any time from
13 January 1, 2016 to the present, whether still in use or not, including for each device:

14     a.     A description of the device;
15     b.     The model and serial number;
16     c.     The time period between January 1, 2016 to the present that the device was
17 in use;
18     d.     All users for the period referenced above and
19     e.     Locations where the equipment was located during the same period;
20     f.     If the device is no longer in use, the last person to have custody.

21 **Response to Special Interrogatory No. 1:**

22 Objection: overbroad, burdensome and oppressive and outside the scope of
23 permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production
24 of material which might be privileged and would be proprietary to the Defendant.
25 Defendants will not permit this inspection. Working from the list provided by Plaintiff,
26 Defendant will make its best efforts to identify clicks in dispute and if there is a good
27 faith disagreement about particular clicks being attributed to Defendant then the parties'
28 experts can confer to determine the best means to determine if the clicks are actionable

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2

17-CV-0192-AJB NLS

Exhibit H - 25

71

1  against Defendant.

2  **Defendant's Supplemental Response To Special Interrogatory No. 1:**

3  　　The documents produced by Defendants numbered as WC 000170-219 represent

4  an inventory of the company IP Addresses at each location with the date range for the

5  use of each, and the IP Addresses for employees who used their own devices for

6  business purposes, again with the date range for each.  The inventory was compiled by

7  Greg Winter, an IT professional, working with the company and its employees and as

8  confirmed by the screenshots included in the production.  The inventory was provided

9  to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

10  Plaintiff and prepared his letter produced with his resume as WC 000220-235.

11  **Plaintiff's Reason to Compel Production:**

12  　　The Interrogatory asks Defendant to identify the various computing devices and

13  operations systems used during the relevant time frame in an attempt to determine the

14  universe of potential devices that may have been used by Defendants and better target

15  future written discovery and depositions.  The Interrogatory seeks information <u>directly</u>

16  related to the identity of devices and systems that relate to Defendants' fraudulent

17  clicks and use of such computing devices/operating systems to injure Plaintiff. As

18  described in detail in Plaintiff's portion of the Joint Points and Authorities, the internal

19  list of IPs referenced in the Supplemental Responses does not provide the information

20  requested.  Moreover, even the non-responsive list of "IP addresses" is of little value as

21  to identifying all potential IP addresses used or assigned, as devices may be assigned

22  different IP addresses on any given day as they are moved from place to place, or even

23  by simply toggling on  and off "Airplane Mode."

24  **Defendant's Basis for Objection:**

25

26

27  **SPECIAL INTERROGATORY NO. 2:**

28  　　Identify each COMPUTING DEVICE owned, possessed, and/or used by any of

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3                                    17-CV-0192-AJB NLS

Exhibit H - 26                                                    72

1  YOUR employees, agents, independent contractors, and agents at any time during the

2  period from January 1, 2016 to the present that YOU understood was used while they

3  performed their duties for YOU, whether still in use or not, including for each device:

4      a.    A description of the device;

5      b.    The model and serial number;

6      c.    The time period between January 1, 2016 to the present that the device was

7  in use;

8      d.    All users for the period referenced above and

9      e.    Locations where the equipment was located during the same period;

10      f.    If the device is no longer in use, the last person to have custody.

11  **Response to Special Interrogatory No. 2:**

12  Objection: overbroad, burdensome and oppressive and outside the scope of

13  permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production

14  of material which might be privileged and would be proprietary to the Defendant.

15  Defendants will not permit this inspection. Working from the list provided by Plaintiff,

16  Defendant will make its best efforts to identify clicks in dispute and if there is a good

17  faith disagreement about particular clicks being attributed to Defendant then the parties'

18  experts can confer to determine the best means to determine if the clicks are actionable

19  against Defendant.

20  **Defendant's Supplemental Response To Special Interrogatory No. 2:**

21  The documents produced by Defendants numbered as WC 000170-219 represent

22  an inventory of the company IP Addresses at each location with the date range for the

23  use of each, and the IP Addresses for employees who used their own devices for

24  business purposes, again with the date range for each. The inventory was compiled by

25  Greg Winter, an IT professional, working with the company and its employees and as

26  confirmed by the screenshots included in the production. The inventory was provided

27  to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

28  Plaintiff and prepared his letter produced with his resume as WC 000220-235.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**Plaintiff's Reason to Compel Production:**

The Interrogatory asks Defendant to identify the various computing devices and operations systems used during the relevant time frame in an attempt to determine the universe of potential devices that may have been used by Defendants and better target future written discovery and depositions.  The Interrogatory seeks information <u>directly</u> related to the identity of devices and systems that relate to Defendants' fraudulent clicks and use of such computing devices/operating systems to injure Plaintiff. As described in detail in Plaintiff's portion of the Joint Points and Authorities, the internal list of IPs referenced in the Supplemental Responses does not provide the information requested.  Moreover, even the non-responsive list of "IP addresses" is of little value as to identifying all potential IP addresses used or assigned, as devices may be assigned different IP addresses on any given day as they are moved from place to place, or even by simply toggling on  and off "Airplane Mode."

**Defendant's Basis for Objection:**

**SPECIAL INTERROGATORY NO. 3:**

Identify each COMPUTING DEVICE within YOUR possession, custody or control, whether still in use or not, that was used to access, review, research and/or click on SATMODO's website or paid advertisements including for each device:

    a.      A description of the device;

    b.      The model and serial number;

    c.      The time period between January 1, 2016 to the present that the device was in use;

    d.      All users for the period referenced above and

    e.      Locations where the equipment was located during the same period;

    f.      If the device is no longer in use, the last person to have custody.

**Response to Special Interrogatory No. 3:**

1   Objection: overbroad, burdensome and oppressive and outside the scope of

2   permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production

3   of material which might be privileged and would be proprietary to the Defendant.

4   Defendants will not permit this inspection. Working from the list provided by Plaintiff,

5   Defendant will make its best efforts to identify clicks in dispute and if there is a good

6   faith disagreement about particular clicks being attributed to Defendant then the parties'

7   experts can confer to determine the best means to determine if the clicks are actionable

8   against Defendant.

9   **Defendant's Supplemental Response To Special Interrogatory No. 3:**

10   The documents produced by Defendants numbered as WC 000170-219 represent

11   an inventory of the company IP Addresses at each location with the date range for the

12   use of each, and the IP Addresses for employees who used their own devices for

13   business purposes, again with the date range for each.  The inventory was compiled by

14   Greg Winter, an IT professional, working with the company and its employees and as

15   confirmed by the screenshots included in the production.  The inventory was provided

16   to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

17   Plaintiff and prepared his letter produced with his resume as WC 000220-235.

18   **Plaintiff's Reason to Compel Production:**

19   It is difficult to imagine a more relevant and critical request than that Defendants

20   identify any and all devices that were used to access Satmodo's website and/or to click

21   on Plaintiff's ads.   Defendants' "supplemental response" fails to provide this

22   information.

23   **Defendant's Basis for Objection:**

24

25

26

27   **SPECIAL INTERROGATORY NO. 4:**

28   If YOU are aware of or contend that any COMPUTING DEVICE(s) not within

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

17-CV-0192-AJB NLS

Exhibit H - 29

75

1   YOUR possession, custody or control were used to access, review, research and/or

2   click on SATMODO's website or paid advertisements from the time period between

3   January 1, 2016 to the present, identify the each device, including:

4       a.    A description of the device;

5       b.    Who YOU believe or contend owned, operated, or used the device;

6       c.    The model and serial number;

7       d.    The time period between January 1, 2016 to the present that the device was

8   in use;

9       e.    All users for the period referenced above;

10       f.    Locations where the equipment was located during the same period;

11       g.    If the device is no longer in use, the last person to have custody.

12   **Response to Special Interrogatory No. 4:**

13       Objection: overbroad, burdensome and oppressive and outside the scope of

14   permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production

15   of material which might be privileged and would be proprietary to the Defendant.

16   Defendants will not permit this inspection. Working from the list provided by Plaintiff,

17   Defendant will make its best efforts to identify clicks in dispute and if there is a good

18   faith disagreement about particular clicks being attributed to Defendant then the parties'

19   experts can confer to determine the best means to determine if the clicks are actionable

20   against Defendant.

21   **Defendant's Supplemental Response To Special Interrogatory No. 4:**

22       The documents produced by Defendants numbered as WC 000170-219 represent

23   an inventory of the company IP Addresses at each location with the date range for the

24   use of each, and the IP Addresses for employees who used their own devices for

25   business purposes, again with the date range for each.  The inventory was compiled by

26   Greg Winter, an IT professional, working with the company and its employees and as

27   confirmed by the screenshots included in the production.  The inventory was provided

28   to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

17-CV-0192-AJB NLS

Exhibit H - 30

76

1  Plaintiff and prepared his letter produced with his resume as WC 000220-235.

2  **Plaintiff's Reason to Compel Production:**

3      This request is in companion with Interrogatory No. 3, and is designed to capture

4  any devices that Defendants may claim were not technically under their control, but

5  they are aware were used to access Satmodo's website and/or click on its paid ads.

6  Defendants' "supplemental response" fails to provide this information.

7  **Defendant's Basis for Objection:**

8

9

10  **SPECIAL INTERROGATORY NO. 5:**

11      List all Operating Systems (including but not limited to Unix, Windows, DOS,

12  Linux, Mac OS X, Android, iOS and PDA OPERATING SYSTEMS) installed on any

13  computer or mobile devices used by YOU from the time period between January 1,

14  2016 to the present, the specific equipment the Operating System was installed on and

15  the period during which it was installed on the specific equipment.

16  **Response to Special Interrogatory No. 5:**

17      Objection: overbroad, burdensome and oppressive and outside the scope of

18  permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production

19  of material which might be privileged and would be proprietary to the Defendant.

20  Defendants will not permit this inspection. Working from the list provided by Plaintiff,

21  Defendant will make its best efforts to identify clicks in dispute and if there is a good

22  faith disagreement about particular clicks being attributed to Defendant then the parties'

23  experts can confer to determine the best means to determine if the clicks are actionable

24  against Defendant.

25

26

27  **Defendant's Supplemental Response To Special Interrogatory No. 5:**

28      The documents produced by Defendants numbered as WC 000170-219 represent

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8

17-CV-0192-AJB NLS

Exhibit H - 31                                    77

1  an inventory of the company IP Addresses at each location with the date range for the
2  use of each, and the IP Addresses for employees who used their own devices for
3  business purposes, again with the date range for each.  The inventory was compiled by
4  Greg Winter, an IT professional, working with the company and its employees and as
5  confirmed by the screenshots included in the production.  The inventory was provided
6  to Peter Kent, a retained expert, who analyzed the inventory against the list provided by
7  Plaintiff and prepared his letter produced with his resume as WC 000220-235.

8  **Plaintiff's Reason to Compel Production:**

9  As described in detail in Plaintiff's portion of the Joint Points and Authorities,
10  the internal list of IPs referenced in the Supplemental Responses does not provide the
11  information requested as to the identity of operating system(s) used by each identified
12  device, which is needed to allow Plaintiffs to tie fraudulent clicks identified by
13  ClickCease (including a device ID and operating system used) to Defendants and their
14  agents.

15  **Defendant's Basis for Objection:**

16

17

18

19  **SPECIAL INTERROGATORY NO. 8:**

20  List the names and contact information for all present and former employees
21  employed by YOU from the time period between January 1, 2016 to the present.

22  **Response to Special Interrogatory No. 8:**

23  Objection: overbroad, burdensome and oppressive and outside the scope of
24  permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production
25  of material which might be privileged and would be proprietary to the Defendant.
26  Defendants will not permit this inspection. Working from the list provided by Plaintiff,
27  Defendant will make its best efforts to identify clicks in dispute and if there is a good
28  faith disagreement about particular clicks being attributed to Defendant then the parties'

1   experts can confer to determine the best means to determine if the clicks are actionable

2   against Defendant.

3   **Defendant's Supplemental Response To Special Interrogatory No. 8:**

4          The documents produced by Defendants numbered as WC 000170-219 represent

5   an inventory of the company IP Addresses at each location with the date range for the

6   use of each, and the IP Addresses for employees who used their own devices for

7   business purposes, again with the date range for each.  The inventory was compiled by

8   Greg Winter, an IT professional, working with the company and its employees and as

9   confirmed by the screenshots included in the production.  The inventory was provided

10  to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

11  Plaintiff and prepared his letter produced with his resume as WC 000220-235.

12  **Plaintiff's Reason to Compel Production:**

13         Defendant's boilerplate objections regarding documents and inspections do not

14  address the information requested in this interrogatory that seeks the identity of

15  Defendant's present and former employees for a limited time period.  The information

16  sought will allow Plaintiff to conduct its own investigation as to those aware of and/or

17  responsible for the conduct alleged in the Complaint, and also better target further

18  discovery.   To the extent the "list" is intended to be an exhaustive list of the

19  "employees" during this time frame, Defendants are still required to set forth under oath

20  a list and associated information sought by this targeted Interrogatory.

21  **Defendant's Basis for Objection:**

22

23

24

25

26

27  **SPECIAL INTERROGATORY NO. 9:**

28         List the names and contact information for all present and former independent

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

17-CV-0192-AJB NLS

Exhibit H - 33

79

1  contractors providing any services for YOU from the time period of January 1, 2016 to

2  the present.

3  **Response to Special Interrogatory No. 9:**

4      Objection: overbroad, burdensome and oppressive and outside the scope of

5  permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production

6  of material which might be privileged and would be proprietary to the Defendant.

7  Defendants will not permit this inspection. Working from the list provided by Plaintiff,

8  Defendant will make its best efforts to identify clicks in dispute and if there is a good

9  faith disagreement about particular clicks being attributed to Defendant then the parties'

10  experts can confer to determine the best means to determine if the clicks are actionable

11  against Defendant.

12  **Plaintiff's Reason to Compel Production:**

13      Defendant's boilerplate objections regarding documents and inspections do not

14  address the information requested in this interrogatory that seeks the identity of

15  Defendant's present and former independent contractors for a limited time period. The

16  information sought will allow Plaintiff to conduct its own investigation as to those

17  aware of and/or responsible for the conduct alleged in the Complaint, and also better

18  target further discovery. During the meet and confer process, Defendants' counsel

19  pointed to the "List" as a list of employees, but refused to agree to provide a list of any

20  "independent contractors" or "others acting on Defendants" behalf as requested by the

21  Interrogatory and the definition of "YOU." Obviously, to the extent Defendants are

22  aware of anyone they currently view as an "independent contractor" of Defendants that

23  may have been responsible for fraudulent clicking of Plaintiff's ads, Plaintiff is entitled

24  to obtain that information and conduct its own investigation and discovery as to each

25  such individual.

26  **Defendant's Basis for Objection:**

27      **DEMAND FOR INSPECTION OF PERSONAL PROPERTY TO**

28      **WHENEVER COMMUNICATIONS**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11

17-CV-0192-AJB NLS

Exhibit H - 34

80

**Demand For Inspection No. 1:**

Each COMPUTING DEVICE within YOUR possession, custody, or control which was in use for any purpose related to YOUR operations at any time during the period January 1, 2016 to the present, whether still in use or not, so that SATMODO and its agents may inspect and create copies, including forensic images, of each. (Please have all necessary passwords available at the time of production to permit this process.)

**Response To Demand For Inspection No. 1:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendants will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable.

**Plaintiff's Reason to Compel Production:**

Defendants have adamantly denied Plaintiff's allegations set forth in the Complaint, particularly that Defendants have intentionally, systematically and fraudulently clicked on Plaintiff's paid advertisements on various search engines with the intent to harm Plaintiff. An inspection of Defendant's computing devices and ESI is absolutely necessary to disprove Defendant's denials. Plaintiff has continually offered to discuss ESI Discovery and Protocols with Defendants' counsel, however Plaintiff's counsel is not willing to allow Defendants to impede efforts to conduct an investigation of claims based upon Defendants' promise to conduct its own investigation and advise of their findings. As set forth in Plaintiff's portion of the Joint Points and Authorities, an inspection of the devices is also needed to allow Plaintiff and its experts to discover all IP addresses that may have been used by the device previously, all operating systems that might have been previously used, searches for or

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

12

17-CV-0192-AJB NLS

Exhibit H - 35

81

1  clicks on Satmodo's website or paid ads, and whether any devices have been modified,

2  altered, or "wiped clean" prior to the time Defendants consultants obtained IP addresses

3  based on screen shots of "whats my IP."

4  **Defendant's Basis for Objection:**

5

6

7

8

9

10

11

12

13  ## REQUESTS FOR PRODUCTION OF DOCUMENTS TO

14  ## WHENEVER COMMUNICATIONS

15  **REQUEST FOR PRODUCTION NO. 1:**

16      All DOCUMENTS that evidence, refer to or RELATE TO any attempts to

17  access, review, research, interact with and/or click on SATMODO's website or paid

18  advertisements.

19  **Response To Request for Production No. 1:**

20      Objection: overbroad, burdensome and oppressive and outside the scope of

21  permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production

22  of material which might be privileged and would be proprietary to the Defendant.

23  Defendants will not permit this inspection. Working from the list provided by Plaintiff,

24  Defendant will make its best efforts to identify clicks in dispute and if there is a good

25  faith disagreement about particular clicks being attributed to Defendant then the parties'

26  experts can confer to determine the best means to determine if the clicks are actionable

27  against Defendant.

28  **Defendant's Supplemental Response To Request for Production No. 1:**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

13                                    17-CV-0192-AJB NLS

Exhibit H - 36                                    82

1        The documents produced by Defendants numbered as WC 000170-219 represent

2    an inventory of the company IP Addresses at each location with the date range for the

3    use of each, and the IP Addresses for employees who used their own devices for

4    business purposes, again with the date range for each.  The inventory was compiled by

5    Greg Winter, an IT professional, working with the company and its employees and as

6    confirmed by the screenshots included in the production.  The inventory was provided

7    to Peter Kent, a retained expert, who analyzed the inventory against the list provided by

8    Plaintiff and prepared his letter produced with his resume as WC 000220-235.

9    **Plaintiff's Reason to Compel Production:**

10       Defendant's accessing and/or interacting with Plaintiff's website or paid

11   advertisements is at the heart of this matter, is clearly relevant to the subject matter of

12   this case, and at the very least is reasonably calculated to lead to the discovery of

13   admissible evidence.  The requested documents will allow Plaintiff to conduct its own

14   investigation through targeted written discovery in coordination with computer

15   inspections and depositions.

16   **Defendant's Basis for Objection:**

17

18

19

20

21

22   **REQUEST FOR PRODUCTION NO. 9:**

23       DOCUMENTS sufficient to identify any and all Internet Service Providers used

24   by YOU from September 1, 2016 to the present.

25   **Response To Request for Production No. 9:**

26       Defendant will provide a lists of the Internet Service Providers and the ISP

27   addresses assigned by those providers.

28   **Plaintiff's Reason to Compel Production:**

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14

17-CV-0192-AJB NLS

Exhibit H - 37

83

1    Defendant is asked to produce all documents in its possession that would
2    sufficiently identify any and all Internet Service Providers and IP Addresses used by
3    Defendant from September 1, 2016 to the present.  Defendant's response that they will
4    instead provide a "list" of the Internet Service Providers and the IP Addresses assigned
5    by those ISP's is an insufficient response and fails to comply with FRCP Rule 34. The
6    Requests seeks documentation, not a compiled list of the ISP's used by Defendants and
7    the IP Addresses assigned to them.  The requested documents will allow Plaintiff to
8    conduct its own investigation through targeted written discovery in advance of
9    computer inspections and depositions.

10   **Defendant's Basis for Objection:**

11

12   **REQUEST FOR PRODUCTION NO. 10:**

13    DOCUMENTS sufficient to identify any and all IP addresses used by or assigned
14   to YOU from September 1, 2016 to the present.

15   **Response To Request for Production No. 10:**

16    Defendant will provide a lists of the Internet Service Providers and the ISP
17   addresses assigned by those providers.

18   **Plaintiff's Reason to Compel Production:**

19    Defendant is asked to produce all documents in its possession that would
20   sufficiently identify any and all Internet Service Providers and IP Addresses used by
21   Defendant from September 1, 2016 to the present.  Defendant's response that they will
22   instead provide a "list" of the Internet Service Providers and the IP Addresses assigned
23   by those ISP's is an insufficient response and fails to comply with FRCP Rule 34. The
24   Requests seeks documentation, not a compiled list of the ISP's used by Defendants and
25   the IP Addresses assigned to them.  The requested documents will allow Plaintiff to
26   conduct its own investigation through targeted written discovery in advance of
27   computer inspections and depositions.

28   **Defendant's Basis for Objection:**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15                                    17-CV-0192-AJB NLS

Exhibit H - 38                                    84

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO BLANCO

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that evidence, refer to or RELATE TO any attempts to access, review, research, interact with and/or click on SATMODO's website or paid advertisements.

**Response To Request for Production No. 1:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendants will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

**Plaintiff's Reason to Compel Production:**

Defendant's accessing and/or interacting with Plaintiff's website or paid advertisements is at the heart of this matter, is clearly relevant to the subject matter of this case, and at the very least is reasonably calculated to lead to the discovery of admissible evidence.  The requested documents will allow Plaintiff to conduct its own investigation through targeted written discovery in coordination with computer inspections and depositions.

**Defendant's Basis for Objection:**

**REQUEST FOR PRODUCTION NO.5:**

DOCUMENTS sufficient to identify any and all Internet Service Providers used

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

16

17-CV-0192-AJB NLS

Exhibit H - 39

85

1    by YOU from September 1, 2016 to the present.

2    **Response To Request for Production No. 5:**

3        Defendant will provide a lists of the Internet Service Providers and the ISP

4    addresses assigned by those providers.

5    **Plaintiff's Reason to Compel Production:**

6        Defendant is asked to produce all documents in its possession that would

7    sufficiently identify any and all Internet Service Providers and IP Addresses used by

8    Defendant from September 1, 2016 to the present.  Defendant's response that they will

9    instead provide a "list" of the Internet Service Providers and the IP Addresses assigned

10    by those ISP's is an insufficient response and fails to comply with FRCP Rule 34. The

11    Requests seeks documentation, not a compiled list of the ISP's used by Defendants and

12    the IP Addresses assigned to them.  The requested documents will allow Plaintiff to

13    conduct its own investigation through targeted written discovery in advance of

14    computer inspections and depositions.

15    **Defendant's Basis for Objection:**

16

17

18    **REQUEST FOR PRODUCTION NO. 6:**

19        DOCUMENTS sufficient to identify any and all IP addresses used by or assigned

20    to YOU from September 1, 2016 to the present.

21    **Response To Request for Production No. 6:**

22        Defendant will provide a lists of the Internet Service Providers and the ISP

23    addresses assigned by those providers.

24    **Plaintiff's Reason to Compel Production:**

25        Defendant is asked to produce all documents in its possession that would

26    sufficiently identify any and all Internet Service Providers and IP Addresses used by

27    Defendant from September 1, 2016 to the present.  Defendant's response that they will

28    instead provide a "list" of the Internet Service Providers and the IP Addresses assigned

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17

17-CV-0192-AJB NLS

Exhibit H - 40

86

by those ISP's is an insufficient response and fails to comply with FRCP Rule 34. The Requests seeks documentation, not a compiled list of the ISP's used by Defendants and the IP Addresses assigned to them.  The requested documents will allow Plaintiff to conduct its own investigation through targeted written discovery in advance of computer inspections and depositions.

**Defendant's Basis for Objection:**

Dated:  March ___, 2018                         McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:_____
                         Scott J. Ivy
                         Devon R. Mcteer
                         Jared Gordon
              Attorneys for Plaintiff, SATMODO, LLC

Dated:  March ____, 2018                         HERRON LAW, APC

By:_____
                         Matthew V. Herron
                    Defendants WHENEVER
              COMMUNICATIONS, LLC and HENAA BLANCO

1    18265-00000 5048040.1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

19                    17-CV-0192-AJB NLS

Exhibit H - 42                    88

1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Scott J. Ivy, #197681
     *Scott.ivy@mccormickbarstow.com*
3  Devon R. McTeer, #230539
     *devon.mcteer@mccormickbarstow.com*
4  Jared Gordon, #227980
     *Jared.gordon@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
7
   Attorneys for Plaintiff, SATMODO, LLC
8
                  UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11 | SATMODO, LLC, a California limited | Case No. 17-CV-0192-AJB NLS
12 | liability company, |
   |                                    | **REQUEST FOR PRODUCTION OF**
13 |              Plaintiff,            | **DOCUMENTS TO WHENEVER**
   |                                    | **COMMUNICATIONS, LLC [SET**
14 |         v.                         | **ONE]**

15 | WHENEVER COMMUNICATIONS,
   | LLC, d.b.a. SatellitePhoneStore.com, a
16 | Nevada limited liability company,
   | HENAA BLANCO, an individual, and
17 | DOES 1 through 50, inclusive,

18 |              Defendants.

19

20 PROPOUNDING PARTY:  Plaintiff, SATMODO, LLC

21 RESPONDING PARTY:     Defendant WHENEVER COMMUNICATIONS, LLC,

22                                  d.b.a. SatellitePhoneStore.com

23 SET NO.:                    ONE (1)

24          PLEASE TAKE NOTICE that, pursuant to the provisions of the Federal Rules of

25 Civil Procedure, Rule 34, Plaintiff, SATMODO, LLC ("SATMODO" and/or

26 "Propounding Party") hereby requests that Defendant WHENEVER

27 COMMUNICATIONS, LLC d.b.a. SatellitePhoneStore.com ("Defendant" and/or

28 "Responding Party") respond to the following Requests for Inspection and Production

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  of Document set forth below. The production will take place on March 7, 2017 at 10:00

2  a.m. at the offices of McCormick, Barstow, Sheppard, Wayte & Carruth LLP located at

3  7647 North Fresno Street Fresno, California 93720.

4  Alternatively, the Responding Party will be in full compliance with this demand

5  by forwarding copies of all demanded documents to the offices of McCormick,

6  Barstow, Sheppard, Wayte & Carruth LLP, such that delivery of copies is in tandem

7  with the Responding Party's service of its responses to the demands herein, as required

8  by Rule 34 of the Federal Rules of Civil Procedure.

9  The Responding Party is required to serve a written response, under oath,

10  responding to each item or category as provided by Rule 34. Plaintiff requests that if

11  any document is no longer in the Responding Party's possession, custody, or control

12  that Responding Party state whether it was lost, destroyed, or otherwise disposed of and

13  describe the circumstances of such disposition.

14  If Responding Party objects to the production of any documents on any ground,

15  such objections must be fully specifically stated, including the grounds for the

16  objection.

17  Responding Party shall prepare each of its responses to this Request for

18  Production in accordance with the accompanying definitions and instructions.

19  **REQUESTS FOR PRODUCTION**

20  **REQUEST NO. 1**

21  All DOCUMENTS that evidence, refer to or RELATE TO any attempts to

22  access, review, research, interact with and/or click on SATMODO's website or paid

23  advertisements.

24  "DOCUMENT" or "DOCUMENTS" shall mean any and all written, typed,

25  recorded or other material of any kind or nature or any other tangible thing by which

26  information or data is stored, including, without limitation, any writing, drawing, film,

27  graph, chart, photograph, phone record, mechanical or electrical recording, or transcript

28  thereof, any retrievable data, whether in computer storage, carded, punched, taped,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

17-CV-0192-AJB NLS

REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]
Exhibit I - 2

90

1  quoted, or stored, electrostatically, electromagnetically, or otherwise; any other data

2  compilation that can be obtained.  Without limiting the generality of the foregoing, the

3  term "DOCUMENTS" shall include all contracts, forms, correspondence, letters,

4  telegram messages, telephone messages, telephone statements or bills, checks, notices,

5  notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, work

6  sheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits,

7  maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars,

8  expense reports, tape records, video records, agreements, appraisals, financial

9  statements, calendars, analysis and other tangible writings, including all partial and/or

10  complete copies, drafts and final versions thereof, and attachments or enclosures

11  therewith, and shall include communications, such as correspondence or electronic mail

12  or any medium by which information is transmitted.  The term "Documents" shall also

13  encompass the term "Writing" as defined by California Evidence Code § 250.

14      "RELATING TO" or "RELATE TO" shall be construed in their broadest sense

15  to each require information or documents that constitute, concern, pertain to, mention,

16  discuss, evidence, establish, refer to (directly or indirectly), reflect, allude to, comment

17  upon, responding to, connected with, commenting on,  in respect of, about, regarding,

18  discussing,     involving,     showing,     describing,     concerning,     analyzing,

19  evaluating, consisting of, or tending to support or  refute a contention.

20  **REQUEST NO. 2**

21      All DOCUMENTS evidencing or RELATING TO any research of, download,

22  purchase, and/or use of the Tor Project ("Tor") Virtual Private Network ("VPN")

23  services, proxies or proxy servers by YOU from January 1, 2016 to the present.

24      ""YOU" and/or "YOUR" as used herein shall refer to Defendant WHENEVER

25  COMMUNICATIONS, LLC  d.b.a. SatellitePhoneStore.com as well as all present or

26  past employees, agents, officers, directors, members, partners, representatives,

27  attorneys, accountants, investigators, consultants, experts and any other person or entity

28  acting directly or indirectly on its behalf.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3                                    17-CV-0192-AJB NLS
REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]
Exhibit I - 3                                              91

1  **REQUEST NO. 3**

2      All DOCUMENTS evidencing or RELATING TO any research of, download,

3  purchase, and/or use of any products, applications or service(s) by YOU from January

4  1, 2016 to the present that YOU understood were designed, intended, or otherwise

5  serves to anonymize or mask the true source IP address of any COMPUTING

6  DEVICE(S) within YOUR possession, custody, or control the period, whether still in

7  use or not.

8      "COMPUTING DEVICE" shall mean such electronic devices as laptop

9  computers, desktop computers, servers, mobile devices such as cellular phones or

10  smartphones, tablet computers such as iPads, electronic storage media such as flash

11  memory devices or external hard disk drives, and other similar devices.

12  **REQUEST NO. 4**

13      All DOCUMENTS evidencing or RELATING TO any research of, download,

14  purchase, and/or use of any wiping or "anti-forensic" products, applications or

15  service(s) by YOU from January 1, 2016 to the present that are designed, marketed or

16  intended to assist in permanently deleting data and/or otherwise hinder analysis of any

17  COMPUTING DEVICE(S) within YOUR possession, custody, or control the period,

18  whether still in use or not.

19  **REQUEST NO. 5**

20      All DOCUMENTS that evidence, refer or RELATE TO any internal

21  COMMUNICATIONS from January 1, 2016 to the present by and between any current

22  former employees, agents, or independent contractors of YOU regarding any efforts or

23  attempts to access, review, research, interact with and/or click on SATMODO's website

24  or paid advertisements.

25      "COMMUNICATIONS" shall refer to any conversation or transfer of

26  information, whether written, oral, visual, electronic, audio or any other means, and

27  includes, but is not limited to email correspondence, SMS messages (aka "text

28  messages"), letters, memorandum, conversations, dialogues, discussions, interviews,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

17-CV-0192-AJB NLS

REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]

Exhibit I - 4

92

1  consultations, agreements and telephone calls.

2  **REQUEST NO. 6**

3      All   DOCUMENTS   that   evidence,   refer   or   RELATE   TO   any

4  COMMUNICATIONS from January 1, 2016 to the present between any of YOUR

5  employees, agents, or independent contractors and any third parties (i.e. people YOU

6  contend are not YOUR employees, agents, or independent contractors) regarding any

7  efforts  or  attempts  to  access,  review,  research,  interact  with  and/or  click  on

8  SATMODO's website or paid advertisements.

9  **REQUEST NO. 7**

10     All  DOCUMENTS  that  evidence,  refer  or  RELATE  TO  any  internal

11  COMMUNICATIONS from January 1, 2016 to the present by and between any current

12  former employees, agents, or independent contractors of YOU regarding any efforts or

13  attempts to access, review, research, interact with and/or click on any competitor's

14  website or paid advertisements.

15  **REQUEST NO. 8**

16     All   DOCUMENTS   that   evidence,   refer   or   RELATE   TO   any

17  COMMUNICATIONS from January 1, 2016 to the present between any of YOUR

18  employees, agents, or independent contractors and any third parties (i.e. people YOU

19  contend are not YOUR employees, agents, or independent contractors) regarding any

20  attempts  or  efforts  to  access,  review,  research,  interact  with  and/or  click  on  any

21  competitor's website or paid advertisements.

22  **REQUEST NO. 9**

23     DOCUMENTS sufficient to identify any and all Internet Service Providers used

24  by YOU from September 1, 2016 to the present.

25  **REQUEST NO. 10**

26     DOCUMENTS sufficient to identify any and all IP addresses used by or assigned

27  to YOU from September 1, 2016 to the present.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

17-CV-0192-AJB NLS

REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]

Exhibit 1 - 5

93

**REQUEST NO. 11**

DOCUMENTS sufficient to identify any and all Proxy Servers used by YOU from September 1, 2016 to the present.

**REQUEST NO. 12**

DOCUMENTS sufficient to identify any and all Virtual Private Networks used by YOU from September 1, 2016 to the present.

Dated:  February 1, 2018

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Scott J. Ivy
Devon R. McTeer
Jared Gordon
Attorneys for Plaintiff, SATMODO, LLC

18265-00000 4932963.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6

17-CV-0192-AJB NLS

REQUEST FOR PRODUCTION OF DOCUMENTS [SET ONE]

Exhibit I - 6

94

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On February 1, 2018, I served true copies of the following document(s) described as **REQUEST FOR PRODUCTION OF DOCUMENTS TO WHENEVER COMMUNICATIONS LLC SET ONE** on the interested parties in this action as follows:

Matthew V. Herron, Esq.
HERRON LAW, APC
mherron@herronlawapc.com
350 Tenth Avenue, Suite 880
San Diego, CA  92101-3545

Counsel for Defendants,
WHENEVER COMMUNICATIONS, LLC
dba
SATELLITEPHONESTORE.COM;    and
HENAA BLANCO

**BY ELECTRONIC SERVICE (E-MAIL):**  Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is lydia.walter@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 1, 2018, at Fresno, California.

_____
Lydia Walter

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Exhibit I - 7

MATTHEW V. HERRON (Bar No. 71193)
mherron@herronlawapc.com
herronlaw, *apc*
350 Tenth Avenue, Suite 880
San Diego, California 92101-3545
Tel:  (619) 233-4122 / Fax: (619) 233-3709

Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba
SATELLITEPHONESTORE.COM; and HENAA BLANCO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>               Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>**(SET ONE)**<br><br><br><br>DEPT:        3B<br>JUDGE:      Hon. Anthony J. Battaglia<br>MAGISTRATE: Hon. Nita L. Stormes |

PROPOUNDING PARTY:        Plaintiff SATMODO, LLC

RESPONDING PARTY:         Defendant WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM

SET NUMBER:               One

///
///
///
///

WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)
1

Exhibit J - 1

96

**REQUEST NO. 1:**

All DOCUMENTS that evidence, refer to or RELATE TO any attempts to access, review, research, interact with and/or click on SATMODO's website or paid advertisements.

**RESPONSE TO REQUEST NO. 1:**

Objection: overbroad, burdensome and oppressive and outside the scope of permissible discovery pursuant to FRCP, Rule 26(b)(1). This request seeks production of material which might be privileged and would be proprietary to the Defendant. Defendant will not permit this inspection. Working from the list provided by Plaintiff, Defendant will make its best efforts to identify the clicks in dispute and if there is a good faith disagreement about particular clicks being attributed to Defendant then the parties' experts can confer to determine the best means to determine if the clicks are actionable against Defendant.

**REQUEST NO. 2:**

All DOCUMENTS evidencing or RELATING TO any research of, download, purchase, and/or use of the Tor Project ("Tor") Virtual Private Network ("VPN") services, proxies or proxy servers by YOU from January 1, 2016 to the present.

**RESPONSE TO REQUEST NO. 2:**

Defendant is not aware of any such documents.

**REQUEST NO. 3:**

All DOCUMENTS evidencing or RELATING TO any research of, download, purchase, and/or use of any products, applications or service(s) by YOU from January 1, 2016 to the present that YOU understood were designed, intended, or otherwise serves to anonymize or mask the true source IP address of any COMPUTING DEVICE(S) within YOUR possession, custody, or control the period, whether still in use or not.

**RESPONSE TO REQUEST NO. 3:**

Defendant is not aware of any such documents.

///

REQUEST NO. 4:

All DOCUMENTS evidencing or RELATING TO any research of, download, purchase, and/or use of any wiping or "anti-forensic" products, applications or service(s) by YOU from January 1, 2016 to the present that are designed, marketed or intended to assist in permanently deleting data and/or otherwise hinder analysis of any COMPUTING DEVICE(S) within YOUR possession, custody, or control the period, whether still in use or not.

RESPONSE TO REQUEST NO. 4:

Defendant is not aware of any such documents.

REQUEST NO. 5:

All DOCUMENTS that evidence, refer or RELATE TO any internal COMMUNICATIONS from January 1, 2016 to the present by and between any current former employees, agents, or independent contractors of YOU regarding any efforts or attempts to access, review, research, interact with and/or click on SATMODO's website or paid advertisements.

RESPONSE TO REQUEST NO. 5:

Defendant is not aware of any such documents.

REQUEST NO. 6:

All DOCUMENTS that evidence, refer or RELATE TO any COMMUNICATIONS from January 1, 2016 to the present between any of YOUR employees, agents, or independent contractors and any third parties (i.e. people YOU contend are not YOUR employees, agents, or independent contractors) regarding any efforts or attempts to access, review, research, interact with and/or click on SATMODO's website or paid advertisements.

RESPONSE TO REQUEST NO. 6:

Defendant is not aware of any such documents.

///

///

**REQUEST NO. 7:**

All DOCUMENTS that evidence, refer or RELATE TO any internal COMMUNICATIONS from January 1,2016 to the present by and between any current former employees, agents, or independent contractors of YOU regarding any efforts or attempts to access, review, research, interact with and/or click on any competitor's website or paid advertisements.

**RESPONSE TO REQUEST NO. 7:**

Defendant is not aware of any such documents.

**REQUEST NO. 8:**

All DOCUMENTS that evidence, refer or RELATE TO any COMMUNICATIONS from January 1, 2016 to the present between any of YOUR employees, agents, or independent contractors and any third parties (i.e. people YOU contend are not YOUR employees, agents, or independent contractors) regarding any attempts or efforts to access, review, research, interact with and/or click on any competitor's website or paid advertisements.

**RESPONSE TO REQUEST NO. 8:**

Defendant is not aware of any such documents.

**REQUEST NO. 9:**

DOCUMENTS sufficient to identify any and all Internet Service Providers used by YOU from September I, 2016 to the present.

**RESPONSE TO REQUEST NO. 9:**

Defendant will provide a list of the Internet Service Providers and the ISP addresses assigned by those providers.

**REQUEST NO. 10:**

DOCUMENTS sufficient to identify any and all IP addresses used by or assigned to YOU from September 1, 2016 to the present.

///

///

1   RESPONSE TO REQUEST NO. 10:

2        Defendant will provide a list of the Internet Service Providers and the ISP

3   addresses assigned by those providers.

4   REQUEST NO. 11:

5        DOCUMENTS sufficient to identify any and all Proxy Servers used by YOU from

6   September 1, 2016 to the present.

7   RESPONSE TO REQUEST NO. 11:

8        Defendant is not aware of any such documents.

9   REQUEST NO. 12:

10       DOCUMENTS sufficient to identify any and all Virtual Private Networks used by

11  YOU from September 1, 2016 to the present.

12  RESPONSE TO REQUEST NO. 12:

13       Defendant is not aware of any such documents.

14  Dated:        March 5, 2018                    herronlaw,apc

15

16                                    By:   /s/ Matthew V. Herron
17                                          Matthew V. Herron (SBN 71193)
                                            mherron@herronlawapc.com
18                                          Attorneys for Defendants
19                                          WHENEVER COMMUNICATIONS, LLC,
                                            dba SATELLITEPHONESTORE.COM; and
20                                          HENAA BLANCO
21

22

23

24

25

26

27

28

---

WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)

5

## VERIFICATION

I, the undersigned, declare as follows:

I am the President of Whenever Communications, LLC, a Defendant in the above-entitled action; I have read the foregoing WHENEVER COMMUNICATIONS, LLC'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) and know the contents thereof.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Executed on March ___, 2018, at San Diego, California.

Henaa Blanco

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 5, 2018 to all counsel of record by electronic mail.

Dated:        March 5, 2018                              herronlaw, *apc*

                                    By:    /s/ Matthew V. Herron
                                           Matthew V. Herron (SBN 71193)
                                           mherron@herronlawapc.com
                                           Attorneys for Defendants
                                           WHENEVER COMMUNICATIONS, LLC,
                                           dba SATELLITEPHONESTORE.COM; and
                                           HENAA BLANCO