MATTHEW V. HERRON (Bar No. 71193)
mherron@herronlawapc.com
herronlaw, *apc*
350 Tenth Avenue, Suite 880
San Diego, California 92101-3545
Tel: (619) 233-4122 / Fax: (619) 233-3709

Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba
SATELLITEPHONESTORE.COM; and HENAA BLANCO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants.<br>_____ | Case No. 17-CV-0192-AJB NLS<br><br>**DECLARATION OF MATTHEW V. HERRON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br><br><br>DEPT:　　3B<br>JUDGE:　　Hon. Anthony J. Battaglia<br>MAGISTRATE: Hon. Nita L. Stormes |

　　　　I, Matthew V. Herron, declare:

　　　　1.　　I am an adult and am competent to make this declaration.

　　　　2.　　I am an attorney duly licensed to practice law in the State of California and before this court and am the principal of the law firm of herronlaw, apc, counsel for Defendants. I have personal knowledge of the facts set forth in this declaration and, if called to testify relating thereto, I could competently do so. We have fully cooperated in discovery and provided more than sufficient information for Plaintiff to determine if it claims Defendants are responsible for the alleged click fraud.

///

---

3. On January 17, 2018, my office produced documents pursuant to the initial disclosure bate-labeled WC 000001 - WC 000169.

4. On February 1, 2018, Plaintiffs counsel propounded discovery to the Defendants as follows:

(a) Interrogatories, Set No One, propounded to Whenever Communications, LLC;

(b) Request for Production of Documents, Set No. One, to Whenever Communications, LLC;

(c) Request for Production of Documents, Set No. One, to Henaa Blanco;

(d) Demand for Inspection of Personal Property, Set No. One to Whenever Communications, LLC.

5. On March 5, 2018, we served our responses to the above-discovery.

6. On March 15, 2018, Plaintiff's counsel sent a meet a confer letter regarding our responses to the discovery and followed up with an email on March 19, 2018 requesting a telephonic conference.

7. On March 20, 2018, we were able to set up a time to discuss the discovery and set the telephonic conference for 10:00 a.m. the following morning. By then we were able to produce our inventory of IP Addresses and the report of our expert, Peter Kent, that only 20 of the items listed on the Plaintiff's list of actionable clicks recorded any of the Defendants' IP Addresses.

8. On March 20, 2018, we met and conferred in a telephonic conference.

9. On March 21, 2018, Plaintiff's counsel sent over a proposed Stipulation to continue the deadline in which to file the motion to compel.

10. On March 23, 2018, my office returned the signed Stipulation to Plaintiffs counsel for filing with the Court and Plaintiffs counsel filed it with the court that day.

11. On March 26, 2018, the court granted the request and extended the deadline to April 16, 2018.

///

12. On March 27, 2018, my office provided a supplemental production of documents (bate-labeled WC 000170 - WC 000219) which included a complete inventory of IP addresses and screen shots which confirmed that information.

13. On March 29, 2018, Plaintiffs counsel acknowledged receipt of the supplemental production and requested to meet and confer regarding that production. On March 30, 2018, we agreed to meet on confer on Monday, April 2, 2018 at 10:00 a.m.

14. On April 2, 2018, my office produced documents (bate-labeled WC 000220 - WC 000235) to Plaintiffs counsel that included the report generated by our expert, Peter Kent, as well as his resume.

15. On April 4, 2018, we served Whenever Communications, LLC's Supplemental Responses to Special Interrogatories as well as their Supplemental Responses to Request for Production of Documents. I understood this would resolve any discovery disputes.

16. On April 12, 2018, Plaintiffs counsel advised me that they believed our Supplemental Responses were not complete and would need to go forward with the motion to compel. In that email, they provided the "Joint Motion" and "Joint Statement" drafts requesting we provide our opposition and inserts therein and advising they would need them by Monday at noon. I was surprised to see these materials since I thought the matter had been resolved.

17. Seeing the Joint Motion papers, I noticed there was a couple of items we could resolve, so we provided a list of former employees and independent contractors as well IP Addresses of the current employees who had initially declined. We produced these materials on April 18, 2018, as WC 000236 - WC 000242.

///
///
///
///
///

18. On April 13, 2018, Plaintiffs counsel called and advised me they had contacted the court and the court said they would set a hearing date whereby we would be able to oppose the motion at a later date (pursuant to a motion schedule) so we would not need to provide our opposition and inserts on such a rush basis, i.e., Monday, by noon. However, I later received an email from Plaintiff's counsel stating that the clerk indicated that they were still going to require the joint motion from the parties by Monday. I advised Plaintiffs counsel that due to other commitments, I would not be unable to do this by Monday.

19. On Monday, April 16, 2018, my office contacted Plaintiff's counsel to see if they would be willing to join in a motion to extend the filing of the discovery motion to April 23, 2018 to permit preparation of our response. Plaintiff's counsel agreed and my office filed the joint motion with the court. That same day the court approved the motion and extended the deadline to file to April 23, 2018.

20. On April 18, 2018, my office received, for the first time, the Plaintiff's supporting declarations and exhibits regarding this motion.

21. I declare under the penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Dated this __23rd__ day of April, 2018, in San Diego, California.

                                                s/ Matthew V. Herron
                                          _____
                                          Matthew V. Herron