McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
  *Scott.ivy@mccormickbarstow.com*
Devon R. McTeer #230539
  *devon.mcteer@mccormickbarstow.com*
Jared Gordon, #227980
  *Jared.gordon@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff
SATMODO, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. **17-CV-0192-AJB NLS**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S ORDER ON THE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>Judge:  Hon. Anthony J. Battaglia |

Pursuant to the Court's Order (ECF No. 60), Plaintiff hereby submits its response to Defendants' Objections to the Magistrate's Order regarding a discovery dispute.

# I. INTRODUCTION

Defendants' Objections (ECF No. 58) to the Magistrate's Order on Discovery Dispute No. 1 (ECF No. 57) are simply the latest attempts by Defendants and their counsel to obstruct Plaintiff from even beginning to proceed with critical foundational discovery in a case that has been pending for over two years.

When a second Motion to Dismiss remained pending for months, Defendants opposed Plaintiff's efforts to at least begin some third party discovery prior to the Rule 26 Conference before Internet Service Providers purged any responsive information. (ECF No. 27). When Plaintiff sought to serve limited third party subpoenas after the Rule 26 Conference, Defendants moved for a Protective Order to block Plaintiff from even conducting limited discovery *to third parties*. (ECF No. 40).

When Plaintiff was finally able to proceed with discovery to Defendants, primarily foundational discovery seeking a description of any computing devices used by Defendants or their employees for business purposes and a subsequent inspection of those devices, Defendants' efforts to preclude that discovery began in earnest and led to the Magistrate's Order Re Discovery Dispute No. 1. [ECF No. 57]

Defendants object that the Magistrate's Order does not assure the confidentiality of the parties' respective information. Yet Defendants' counsel repeatedly refused Plaintiff's offer of a Confidentiality Order to govern all parties' information in this case that forced Plaintiff, over Defendants' objections, to obtain a Confidentiality Order from the Court to protect this very information. [ECF No. 38]

Defendants object that the Magistrate's Order improperly includes an inspection of devices used by Defendants' employees for business purposes. However, Defendants' counsel never objected or even raised that issue to the Magistrate. This isn't surprising since the whole point of the underlying Motion was that Defendants admittedly had exclusive possession and control of their employee devices to let Defendants' experts conduct their examination and produce their conclusions, but were refusing to allow those devices to be inspected by Plaintiff's experts. [ECF No. 57 at 6-8]

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2                    17-CV-0192-AJB NLS
PLAINTIFF SATMODO, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS

Defendants now object to the inspection protocol crafted by the Magistrate after full briefing from all sides. Yet Defendants' counsel fails to mention that briefing of the Motion before the Magistrate disclosed repeated offers from Plaintiff's counsel to meet and confer to allow *the parties* to develop inspection and search protocols that were acceptable to Defendants. Defendants consistently and repeatedly refused to even respond to these offers to come up with a mutually agreeable search protocol, which led the Magistrate to craft reasonable protocols based upon the facts of the case and the briefing that had been submitted. (ECF No. 51-1 at 3). Defendants now claim, without any support, that they don't like what the Magistrate came up with.

All of these issues were extensively briefed before the Magistrate, as were all of the other discovery disputes that led up to the Joint Motion and Order. The Magistrate's Order represents a reasonable and thoughtful approach based upon the claims at issue in this case and the facts presented. While Defendants may not agree with that conclusion, there is simply nothing in the record that suggests the Order was in any way "clearly erroneous" and/or "contrary to law."

## II. SUMMARY OF ISSUES PRESENTED TO MAGISTRATE (ECF No. 51) AND ISSUANCE OF ORDER RE DISCOVERY DISPUTE NO. 1 (ECF No. 57)

"Click fraud" generally refers to the practice of clicking on an Internet advertisement for the sole purpose of forcing the advertiser to pay for the click. Because advertisers only pay when someone clicks through to their website, artificial clicks can be very costly to advertisers. (ECF No. 57 at 1-2). This case involves two direct competitors in the business of selling satellite phones. Plaintiff's Complaint alleges the Defendants engaged in a click fraud scheme to cause Plaintiff to pay for artificial clicks and to eliminate Plaintiff's paid advertising from appearing in response to internet searches when the cost of the artificial clicks exceeded Plaintiff's daily budget. [ECF No. 57 at 1-2; ECF No. 51-1 at 1-2].

Despite extensive motion practice regarding the pleadings, early discovery, subpoenas to third parties, and the discovery that is the subject of the Order objected to here, Defendants have never once denied they engaged in a scheme of fraudulently clicking on Plaintiff's paid ads with the intent to harm Plaintiff as alleged in the Complaint. [ECF No. 51-1 at 1-2] Instead, they have engaged in a game of "which ones can you prove were us?" Which leads us to the discovery that is the subject of the Magistrate's Order.

As one would expect given the claims asserted, Plaintiff served Interrogatories asking that Defendants identify all computing devices (computers, phones, tablets, laptops) used by Defendants and their employees, agents and independent contractors from January 2016 until the present that Plaintiff alleges were used to click Plaintiff's paid ads. [ECF No. 57 at 3-6] Plaintiff also concurrently served a Demand for Inspection of Defendants' computing devices, along with a cover letter again offering to meet and confer with Defendants' counsel on scope, search terms, and time and place of the requested inspections. [ECF No. 51-1 at 2-4]

This discovery was designed as a two-step process to (1) to have Defendants identify under oath all computing devices used by them and their agents, employees, and independent contractors since January 2016 (even if they have been discarded or put out of use after this case was filed), and the operating system used by the devices, and then (2) to conduct an inspection of all devices used by Defendants and their agents, employees, and independent contractors to identify IP addresses that may have been used by each device from January 2016 to the present, what operating system and browsers were installed at which times, whether searches and/or clicks of Plaintiff's paid ads were undertaken, and whether the devices had been modified, wiped, or re-formatted to delete or obscure any such information after Plaintiff's counsel sent an evidence preservation letter to Defendants and their counsel in September of 2016. [ECF No. 51-1 at 2-4]

As to the Special Interrogatories, Defendants refused to provide answers, instead

producing an unverified "list" (the "Winter List") that purportedly represented an inventory of the company IP addresses at each location . . . and the IP addresses for employees who used their own devices for business purposes . . . compiled by Greg Winter, an IT professional. [ECF No. 57 at 3-4]. The Magistrate noted that Defendants did not appear to genuinely dispute that the responses did not provide all the information requested, nor did Defendants argue the requests are irrelevant. [ECF No. 57 at 5]. The Magistrate also noted Plaintiff's concern that the Winter List was unverified, incomplete and inaccurate based upon deposition testimony showing that many devices were missing and/or had been "wiped clean" after an evidence preservation letter was sent to Defendants and their counsel. [ECF No. 57 at 5, fn 5]. The Magistrate concluded that ***Plaintiff's "concerns regarding the completeness and accuracy of the Winter List provided by Defendants to date have merit***." [ECF No. 57 at 6] Accordingly, the Magistrate's Order required Defendants to provided verified responses to Interrogatories Nos. 1-5 by no later than August 10, 2018. [Id.]

The Magistrate also addressed Plaintiff's argument that an inspection of the devices used by Defendants and their employees for business purposes was the only way for Plaintiff's to discover what other IP addresses or proxy servers may have been used by each person's devices during the relevant time period (beyond the current IP address supposedly provided on the unverified Winter List) and/or if the devices had been modified, altered, or "wiped clean" prior to Mr. Winter obtaining the currently used IP address. [ECF No. 57 at 6-7] The Magistrate concluded the facts weighed in favor of permitting the inspection, including the fact that Defendants had the sole and exclusive access to the devices and control over the information they chose to share with Plaintiff. [ECF No. 57 at 6-7] The Magistrate concluded that the information to be uncovered in an inspection of the devices was important to the resolution of this case, as it could reveal evidence of the click fraud alleged, show that there is no evidence of the click fraud, or possibly "that the devices have been modified/wiped." [ECF No. 57 at 6-7]

1    Accordingly, based upon all of the information and evidence presented, the Court
2    exercised its discretion "to fashion an inspection protocol intended to permit discovery
3    of relevant information if it can be obtained while protecting the privacy and business
4    interests of Defendants and their employees." [ECF No. 57 at 8]  The Magistrate's
5    Order significantly limited the inspection sought by Plaintiff in their requests.  The
6    Magistrate ordered that the imaged devices and any information uncovered by
7    Plaintiff's experts upon examination of the devices must be (1) designated as
8    "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" under the protective
9    order and (2) that any such information must be provided to Defendants' counsel to
10   allow sufficient time for lodging and hearing of any objections to information obtained.
11   [ECF No. 57 at 8-10]

12   In response to the Magistrate's Order regarding the interrogatories (ECF No. 57
13   at 6), Defendants refused to provide supplemental responses, but instead produced
14   another unverified list that omitted many of the devices from the first unverified
15   "Winter List." [ECF No. 59]. So, unfortunately, this will require yet another discovery
16   Motion to obtain full and complete responses to the interrogatories to obtain a full and
17   complete and verified list of the universe of devices to be inspected prior to
18   commencing an inspection. [Id. at 3]

19   In response to the Magistrate's Order, Defendants also lodged the objections to
20   the Order (ECF No. 59) that are the subject of this response.  In full disclosure,
21   Defendants did offer to allow a partial inspection based upon the "New List", a list that
22   is also unverified and omits dozens of cell phones and other devices from the earlier
23   unverified list.  Plaintiff filed a Supplemental Declaration with the Court explaining
24   why an inspection cannot, or at least should not, proceed until Defendants have
25   complied with the Magistrate's Order to provide a full, complete, and verified list of
26   devices as sought by the interrogatories at issue. [ECF No. 59]

27   / / /
28   / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6                                              17-CV-0192-AJB NLS
PLAINTIFF SATMODO, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS

## III. **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S ORDER (ECF No. 58)**

Defendants' objections to the Magistrate's rulings generally fall within the following categories: (1) Objections to Evidentiary Rulings (Obj. No. 1), (2) Objections to the Scope of the Inspection Protocol Ordered by the Magistrate (Obj. Nos. 2, 4, 5, 6), (3) Objections that the Magistrate's Limitations are "Unenforceable and Meaningless" since the Parties are Competitors (Obj No. 8), and (4) Objections that Magistrate Included Employee Devices Used for Work Purposes in Inspection (Objection No. 3, 7).

### A. **Plaintiff's Response to Defendants' Objections to Magistrate's Evidentiary Rulings (Objection 1)**

Defendants assert that the Magistrate should have sustained, and not overruled, Defendants' objection to the Supplemental Declaration of Plaintiff's attorney that was submitted after the Joint Motion was filed.

As stated in the Supplemental Declaration (ECF No. 53), on April 23, 2018, Plaintiff's counsel flew from Fresno to San Diego for the deposition of Thikra Boles, the head of the billing department for Defendant Whenever Communications. During the deposition, Plaintiff's counsel went through the "Winter List" of devices that Whenever claimed as part of the Joint Motion represented all the devices used by Whenever employees that justified Defendants' failure to respond to Interrogatories listing specific information as to all devices used by Defendants' employees, and the refusal to allow inspection of the devices. [Id.]

With respect to the completeness of the Winter List, i.e. whether it identifies all devices used by Whenever or its employees in the past 2 years, even if they have been discarded or are otherwise no longer in use, and whether any of the devices actually identified may have been altered or wiped after Plaintiff's sent Defendants an evidence preservation letter in September 2016, Ms. Boles testified that:

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7                                    17-CV-0192-AJB NLS
PLAINTIFF SATMODO, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS

(a) It is Ms. Boles' understanding that in the time frame September 2016 to the present, "most, if not all, of Whenever employees have swapped out their older IPhone for a new version." (Boles Depo. p. 40-41.)

(b) In the last few months, several employees, including Ms. Boles, had their work desktop computers replaced. (Boles Depo. p. 51-52.)

(c) Several employees, including all of the sale staff and Ms. Shorees, received laptops from Whenever during the last 2-3 years. (***No laptops are identified in the List.***) (Boles Depo. p. 30-34, 47-48, 72.)

(d) In December 2016/January 2017, ***after Defendants Whenever and Ms. Blanco received an evidence preservation letter from Plaintiff's attorneys***, Ms. Blanco "gifted" a new cell phone to sales agent Sue Shorees to replace her existing cell phone and had Ms. Boles move "some" of the information to her laptop and then to her "new" phone. (Boles Depo. p. 30-32.)

(e) Ms. Shorees also has a tablet (Ipad Mini) that was not disclosed on the list, and that Ms. Boles "wiped" and reformatted in December 2016/January 2017, ***after Defendants Whenever and Ms. Blanco received an evidence preservation letter from Plaintiff's attorneys.*** (Boles Depo. p. 35-37.)

(f) Whenever employee Jeff Krause has had two cell phones over the past several years, one replaced by a newer one. (The List does not identify any cell phones for Mr. Krause.) (Boles Depo. p. 54-56.)

Plaintiff's counsel received a copy of the transcript on May 7th, and submitted his Supplemental Declaration the following day. [ECF No. 53] Defendants' counsel did not seek to file any counter-declarations to explain or rebut the information therein, but simply filed an objection that the Supplemental Declaration was not "timely," not allowed by the Court's procedures, and hearsay. [ECF No. 56]. Plaintiff's response to that objection is that the information was sworn testimony and admissions from

Defendants' employee that had a direct bearing on the issues presented in the Joint Motion, the information was not available to be included in the Joint Motion because the deposition did not conclude until the day the Joint Motion was filed and served by Plaintiff's counsel's office while he was traveling to and from San Diego, and the testimony was submitted to the Magistrate within 24 hours of receipt of the transcript.

### B. **Plaintiff's Response to Defendants' Objections to the Inspection Protocol Ordered by the Magistrate** (Objections Nos. 2, 3,4, 5, 6)

Defendants' complaints about the protocols drafted by the Magistrate to limit the inspections sought by Plaintiff ignore the fact that the only reason the Magistrate had to craft such protocols is because Defendants' counsel refused multiple times to work with Plaintiff's counsel to come up with mutually agreeable protocols.

Plaintiff's counsel sought to meet and confer with Defendants' counsel during the Rule 26 Conference regarding inspection protocols that would be acceptable to Defendants. [ECF No. 36 at 7]. Defendants' counsel refused to even discuss that issue.

In the Joint Discovery Plan filed with the Court (ECF No. 36 at 7-8), Plaintiff's counsel again noted it had tried previously to discuss protocols with Defendants' counsel, and that "**Plaintiff's counsel remains willing to meet and confer to agree on a Stipulated Protective Order and on search terms and protocols for any inspections to limit the scope and intrusiveness of any inspections**." [ECF No. 36 at 7-8]

When the demands for inspection were actually served, Plaintiff's counsel included a cover letter stating that **with "respect to the Demand for Inspection of Computing Devices, I renew the offer I made during our Rule 26 Conference to meet and confer with you regarding ESI Discovery and Protocols, including the location for such inspections, how the devices will be produced and inspected, and a discussion of any reasonable scope or search terms or protocols."** [ECF No. 51-3, Exh. B-1]

Defendants' counsel refused to discuss a proposed Stipulated Protective Order, requiring a Motion from Plaintiff (ECF No. 38), and refused to discuss inspection protocols, requiring the Motion that led the Magistrate to craft the inspection protocols of which Defendants now complain.

The Magistrate's Order does nothing more than require an on-site inspection by Plaintiff's expert, to be supervised by Defendants' expert, to determine if further forensic analysis would reveal whether the devices are capable of and/or did convey and record IP addresses other than those disclosed by Defendants in the Winter List, whether any operating systems/browsers were un-installed/re-installed since January 2016, whether the device used proxy servers or other IP masking devices, and whether the device has been "wiped" since Plaintiff's evidence preservation letter was sent in September 2016. [ECF No. 57 at 9].

If Plaintiff's experts determine the forensic analysis of all of the devices to determine the above information cannot be completed on-site in a reasonable time, which is likely given the number of devices and the information sought, Plaintiff's experts can image the devices. The imaged devices and any information gleaned from further analysis pursuant to the Magistrate's limitations must be (1) designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" under the protective order and (2) that any such information must be provided to Defendants' counsel to allow sufficient time for lodging and hearing of any objections to information obtained. [ECF No. 57 at 8-10]

As to the scope of the protocols crafted by the Magistrate, they were drafted based upon all of the pleading, evidence and briefing, and were designed and "intended to permit discovery of relevant information if it can be obtained while protecting the privacy and business interests of the Defendants and their employees." [ECF No. 57 at 8]. There is nothing in the record to suggest that the scope of the inspection and protocols provided by the Magistrate were "clearly erroneous" or "contrary to law."

### C. **Plaintiff's Response to Defendants' Objections that the Magistrate's Limitations as to the Imaged Devices are "Unenforceable and Meaningless" since the Parties are Competitors (Objection No. 8)**

Defendants' vaguely suggest that the Magistrate's Order and limitations as summarized above are "unenforceable and meaningless" since the parties are competitors. Since any imaged devices, and information obtained, would be designated as Attorneys' Eyes Only under the Stipulated Protective Order and provided to Defendants' counsel for review and objection before any further dissemination, this objection appears to be based upon the assumption that either Plaintiff's attorney and/or Plaintiff's expert would ignore the terms of the Stipulated Protective Order (ECF No. 44) and the Magistrate's Order (ECF No. 57), and would knowingly and freely violate them at will by sharing information obtained with their clients.

Plaintiff's counsel can assure the Court that neither he, nor Plaintiff's experts, views the Orders of the Court as mere suggestions or something to be ignored. Thus, Plaintiff respectfully submits that the Magistrate's Order protecting any information obtained pursuant to both that Order and the Stipulated Protective Order is not "unenforceable" and/or "meaningless."

### D. **Plaintiff's Response to Defendants' Objections that Magistrate Included Employee Devices Used for Work Purposes in Inspection (Objection No. 3, 7)**

Defendants also object that the Magistrate's Order improperly included the devices of Defendants' employees among those to be inspected. This argument, presumably an argument that Defendants do not have "possession, custody or control" of the employee devices for this purpose, fails on several grounds.

First, Defendants have never raised, and did not raise before the Magistrate, an argument that the devices used by their employees for business purposes were somehow not within Defendants' possession, custody or control for purposes of the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11    17-CV-0192-AJB NLS
PLAINTIFF SATMODO, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS

1  inspection requests at issue. An objecting party generally may not raise new issues that
2  weren't presented to the magistrate judge. *Rodriguez v. Pataki*, 293 F.Supp.2d 313, 315
3  (S.D.N.Y 2003) (denying the defendant's requests for rulings on issues not addressed
4  by magistrate where court had referred all discovery disputes in the case to the
5  magistrate since he is in the best position to review them in the first instance); *Friends*
6  *of the Wild Swan v. Weber* 955 F.Supp.2d 1191, 1194 (D. Mont. 2013), aff'd, 767 F.3d
7  936 (9th Cir. 2014); *U.S. v. Boyce* No. CV 13-00601-MMM-JEMx-, 2014 WL 7507240,
8  at *7 (C.D. Cal. 2014); *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)
9  (The Magistrate Judge Act, absent compelling reasons, doesn't allow parties to raise at
10 the district court stage new arguments or issues that were not presented to the
11 magistrate); *Marshall v. Chater*, 75 F.3d 1421, 1426-1427 (10th Circ. 1996).

12  Second, and more importantly, Defendants did not raise an argument to the
13 Magistrate that they could not produce current employee devices used for Defendants'
14 business purposes for inspection by the parties' experts because it simply is not true.
15 The whole point of the underlying Motion was that Defendants had possession, custody
16 or control of the employee devices for purposes of examination and report of results by
17 Defendants' experts who shared what Defendants contend the inspections showed, but
18 would not produce them for inspection by Plaintiff's experts to conduct their own
19 inspection. [ECF No. 57 at 6-8 ("Defendants have sole and exclusive access to devices
20 and control over the information they share"); *Bank of New York v. Meridian Biao Bank*
21 *Tanzania Limited* 171 F.R.D. 135, 146-47 (S.D. N.Y. 1997) ("Under Rule 34, however,
22 'control' does not require that the party have legal ownership or actual physical
23 possession of the documents at issue; rather, documents are considered to be under a
24 party's control when that party has the right, authority, or practical ability to obtain the
25 documents from a non-party to the action"); *Herbst v. Able* 63 F.R.D. 135, 138 (S.D.
26 N.Y. 1972) ("Plainly [Defendant company's] employees are persons within its
27 possession, custody and control. The testimony of these employees relates to
28 [Defendant company's] affairs")]

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12                                                                                       17-CV-0192-AJB NLS
PLAINTIFF SATMODO, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS

The issue before the Magistrate was not whether Defendants had possession, custody or control of the devices used by their employees for business purposes, but whether Defendants could provide access to those devices to only Defendants and Defendants' experts who could then share only information that Defendants believed helps their case, while shielding those same devices from inspection by Plaintiff's experts. The Magistrate correctly held that the employee devices that were used in the course of Defendants' business, which Defendants referenced in the self-serving and suspect "Winter List," were also subject to inspection pursuant to the strict limitations contained in the Order. Those conclusions were entirely consistent with the pleadings and evidence submitted and considered by the Magistrate and were in no way "clearly erroneous" or "contrary to law."

### III.    CONCLUSION

The Magistrate's Order both recognized Plaintiff's right and need to conduct this discovery to prepare its case for trial in allowing the inspections, yet also recognized the need for limitations on the scope of the inspections sought by Plaintiff to protect the privacy if Defendants and its employees.  The Magistrate's Order properly balanced both of those competing concerns based upon the evidence and the briefing submitted, and there is nothing in the record that suggests the conclusions reached were "clearly erroneous" or "contrary to law."   The objections should be overruled.

| | |
|---|---|
| Dated:  September 28, 2018 | Respectfully submitted,<br><br>McCORMICK, BARSTOW, SHEPPARD,<br>WAYTE & CARRUTH LLP<br><br><br>By: _____s/Scott J. Ivy_____<br>Scott J. Ivy<br>Attorney for Plaintiff,<br>SATMODO, LLC |

18265-00000 5356497.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14    17-CV-0192-AJB NLS
PLAINTIFF SATMODO, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS