MATTHEW V. HERRON (Bar No. 71193)
mherron@herronlawapc.com
herronlaw, *apc*
350 Tenth Avenue, Suite 880
San Diego, California 92101-3545
Tel: (619) 233-4122 / Fax: (619) 233-3709

Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM; and HENAA BLANCO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 17-CV-0192-AJB NLS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO THE ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>DEPT: 3B<br>JUDGE: Hon. Anthony J. Battaglia<br>MAGISTRATE: Hon. Nita L. Stormes |

///
///
///
///
///
///
///
///
///

## A. INTRODUCTION

Defendant filed the Objections on August 2, 2018, in an attempt to comply with this court directive found at Disclosure and Discovery Under Federal Rules of Civil Procedure section XXII subsection J, pages 171-72. Defendant mistakenly did not understand that the objection also needed to be accompanied by noticed motion with a hearing date. Defense counsel apologizes to the court for this omission.

## B. THE OBJECTIONS SHOULD BE SUSTAINED

Defendant offers a single procedural objection (Objection no. 1) related to the filing of deposition testimony after the parties fully complied with the joint motion procedure required by the Magistrate and seven substantive objections related to the inspection and imaging of Defendants' computers. Objection nos. 2-8.

The Magistrate overruled the objection without explanation (Order, p. 5, fn 5; DK 57, p. 5 of 13), but the process of filing post-motion papers violates the Magistrate's own Rule. HONORABLE NITA L. STORMES U.S. MAGISTRATE JUDGE CIVIL CASE PROCEDURES, section IV C. There is no provision in this Rule for a post motion filing or response. While the filing might have been part of a second discovery motion with a full opportunity to meet and confer and respond, it should not have been considered in the present Motion.

The remaining objections concern the Magistrate's inspection and copying orders which provide for a review of computers at Defendants' San Diego office and the right to copy the entirety of the contents of the computers if the Plaintiff's expert elects to do so. This portion of the Order is clearly erroneous because of the nature of the case, the amount in dispute, the fact the inspection will not yield material admissible evidence and the fact the copying puts the entirety of the Defendants' computer data in the hands of a competitor for no valid reason.

///

///

///

The discovery is demonstrably improper in context of the nature of the claimed damages, which can be no more than about $60,000.00 based on the Plaintiff's discovery responses, assuming that all the clicks identified can be attributed to Defendant. See Joint Motion Memorandum of Points and Authorities, p. 15; DK 51-1, pp. 17-22, and evidence cited therein. Thus far, the expert, who reviewed the actionable click list and concluded only about 20 were attributable to Defendant, (Kent Declaration, Ex. B, DK 51-6, pp. 17-22.), is unrefuted. At the rate of $12-16 per click, these 20 clicks -- even if actionable -- means this court has a matter before it within the jurisdiction of the small claims court.

The inspection and copying is not justified by the past discovery either. Defendant provided a complete inventory listing devices and ISP address and then supplemented the discovery responses to reference that inventory. Joint Statement, pp. 3, 5, 7 and 9, DK 51, pp. 3-10. The list, without the extensive supporting backup, is attached to this Reply as Exhibit A to give the court the detailed scope of the information provided. The expert who prepared this inventory fully explained the manner of its preparation. Declaration of Greg Winter, p. 2, DK 51-7. The simple process of comparing this list to the log which Plaintiff claims lists the ISP addresses of the actionable clicks alone is a sufficient amount of discovery into this subject matter.

Plaintiff attempts to shift the blame for the inspection and imaging order to Defendant based on the meet-and-confer history, but this is inaccurate and highly misleading. Defendants' position all along was, and continues to be, that the inspection and copying of Defendants' computers was improper on its face and Plaintiff never suggested an option. The case concerns what clicks were charged to Plaintiff by Google, which could only be proven by a log of those clicks and a showing the particular click was recorded with an ISP address which is attributed to Defendant. Unlimited inspection of Defendants' computers would not yield the information at issue in this case. Kent Declaration, p. 3; DK 51-6.

///

Rather, given how the matter developed, Defendant is the party that proffered an option which could have led to meaningful information and even a possible resolution of the case. Namely, the parties could have taken advantage of the Device ID feature of the service which Plaintiff used to have each device at issue click on a paid ad under the supervision of the parties' experts, record the Device ID, and then compare that Device ID to that recorded on the log which Plaintiff claims represented the actionable clicks. Kent Declaration, pp. 4-5; DK 51-6. Plaintiff has been unable to articulate why that process would not be determinative and the Magistrate did not seem to appreciate how the Device ID test could resolve this attribution of the clicks at issue.

The inspection and imaging (i.e., copying) the entire hard drive of a competitor's computer is a burdensome and near useless exercise for purposes of this case. The computer's browser history could show the user's history for however long the browser retained that information but even an entry for Satmodo is not going to prove the Satmodo click came from a paid Google ad. The Magistrate's Order does not explain how the global inspection and copying of all of the Defendants' San Diego computers could yield the limited information applicable to this case.

The Magistrate required further detail about the computers (Order, p. 12; DK 57) which Defendant timely provided. While not ordered, the information included a list of the computer's browser history for Satmodo. A copy of one example of the computer information and list of search results is attached as Exhibit B. This information was included for each computer so that Plaintiff now is in the possession of the Satmodo browser history making any inspection of the computers, much less making a copy of the the entire hard drive, unnecessary.

The notion that a competitor can inspect and copy the hard drive of a party is legally unsupportable, particularly given the modest amount at issue, the lack of any probative evidence likely to be gleaned from the copying, the available options and the risk of misuse of the competitor's data.

For these reasons, the court should sustain the objections.

## C.   CONCLUSION

For the foregoing reasons, Defendant requests the court sustain the Objections and direct the Magistrate to vacate the relevant portions of the Order.

Dated:      October 4, 2018           herronlaw, *apc*

By:   /s/Matthew V. Herron
Matthew V. Herron (SBN 71193)
mherron@herronlawapc.com
Attorneys for Defendants
WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM; and HENAA BLANCO

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 4, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated: October 4, 2018               herronlaw, *apc*

By:    /s/ Matthew V. Herron
Matthew V. Herron (SBN 71193)
mherron@herronlawapc.com
Attorneys for Defendants
WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM; and HENAA BLANCO

**Complete IP Address Inventory for All Business Locations, Home and Mobile sources**

| Location or User | Current IP Address | Dates Active | Subnet or DHCP | ip address range if any | Type | Provider |
|---|---|---|---|---|---|---|
| ************** | **Active Office IP Addresses** | | | | | |
| California Store | 70.164.119.90 | 1/15/2017 to current | 70.164.119.88/29 | 70.164.119.89 - 70.164.119.94 | Office LAN | Cox |
| Florida Store | 47.506.61.86 | 7/2016 to current | 47.206.61.0/24 | 47.206.61.1 - 47.206.61.254 | Office LAN | Verizon |
| Mexico Store | 189.222.190.159 | | dhcp | | Office LAN | satelite del norte |
| Alaska Store | 24.237.41.227 | | dhcp | | Office LAN | GCI |
| ************** | **Discontinued Previous Office IP Addresses that could be confirmed from ISP** | | | | | |
| California Store | 98.178.228.186 | 7/1/2015 to 1/15/2017 | n/a | n/a | Office LAN | Cox |
| Florida Store | 98.163.220.129 | 2011 to 8/9/2017 | 98.163.220.128/29 | 98.163.220.129 - 98.163.220.134 | Office LAN | Comcast |
| ************** | **Employee Mobile and Home Current IP Addresses** | | | | | |
| Sue Shorees | 68.7.139.226 | from June 2017 | dhcp | | house | Cox |
| Sue Shorees | 107.77.230.208 | 1-2 years | dhcp | | Cell phone | AT&T |
| Sue Shorees | 107.77.227.31 | 3-4 years | dhcp | | Cell phone | AT&T |
| Angelo Shorees | 107.77.230.135 | 1-2 years | dhcp | | Cell phone | AT&T |
| Nicole Shorez | 72.192.151.47 | from June 2010 | dhcp | | house | cox |
| Ryan Garces | 72.42.145.107 | last 24 month | dhcp | | house | GCI |
| Ryan Garces | 107.77.205.92 | over 5 years | dhcp | | Cell phone | GCI |
| Ryan Garces | 107.77.205.65 | over 2 years | dhcp | | Cell phone | AT&T |
| Callie Parsons | 174.228.14.46 | over 2 years | dhcp | | Cell phone | Verizon |
| Thikra Boles | 99.203.11.21 | 1-2 years. | dhcp | | Cell phone | Sprint |
| Jeff Kruse | 99.190.223.43 | over 2 years | dhcp | | house | AT&T home |
| Filip Kvasny | 174.212.14.156 | 2 Years | dhcp | | Cell phone | Verizon |
| Rafael Barragan | 172.58.17.106 | 1 Year | dhcp | | Cell phone | Tmobile |
| Ronnie Desantis | 47.204.8.72 | over 5 years | dhcp | | House | Frontier Communications |
| Joel Pineda | 200.68.128.28 | over 2 years | dhcp | | Cell phone | TelCel |
| Joel Pineda | 172.58.21.118 | over 2 years | dhcp | | Cell phone | Tmobile |
| Crystal Shorees Jacks | 99.203.11.37 | Less than 1 year | dhcp | | Cell phone | AT&T |
| Crystal Shorees Jacks | 72.192.16498 | over 2 years | dhcp | | house | Cox |
| Eric Talman | 68.7.246.180 | over 2 years | dhcp | | house | Cox |
| Eric Talman | 172.58.21.239 | over 2 years | dhcp | | Cell phone | T Mobile |
| Janice Bentley | 107.77.66.18 | over 2 years | dhcp | | Cell phone | AT&T |
| Tina Blanco | 70.181.188.125 | over 2 years | dhcp | | House - Jamul | Cox |
| Tina Blanco | 166.170.15.31 | 2 years | dhcp | | Cell phone | AT&T |
| Tina Blanco | 166.170.14.98 | last 16 months | dhcp | | Cell phone | AT&T |
| Tina blanco | 98.160.183.115 | since July 2016 | dhcp | | House - Las Vegas | cox |
| Sarasota Office | 47.206.61.86 | from July 2016 to today | dhcp | | Office-current | Frontier |
| Seann Coughlin | 174.228.132.19 | over 2 years | dhcp | | Cell phone | Verizon |
| Ronnie Desantis | 107.77.100.90 | last 3-4 months | dhcp | | Cell phone | AT&T |
| Anchorage Office | 66.58.139.129 | over 2 years | dhcp | | Office-current | GCI |
| Anchorage Office | 66.58.139.206 | over 2 years | dhcp | | Office-current | GCI |
| Gregory Pech | 107.77..80.93 | over 2 years | dhcp | | Cell phone | AT&T |
| Gregory Pech | 172.58.175.225 | over 2 years | dhcp | | Cell phone | Tmobile |
| Gregory Pech | 47.195.255.218 | over 2 years | dhcp | | House | Frontier |
| Nicole Shorez | 107.77.231.32 | from June 2010 | dhcp | | Cell phone | AT&T |
| Callie Parsons | 47.195.224.242 | over 3 years | dhcp | | House | Frontier Communications |
| Barry Hipple | 174.212.11.154 | over 3 years | dhcp | | Cell phone | Verizon |
| Barry Hipple | 68.7.220.222 | 1-2 years | dhcp | | House | AT&T |
| Trinh La | 172.58.17.106 | Less than 1 year | dhcp | | Cell phone | TMobile |
| Trinh La | 192.168.1.9 | 1-2 years | dhcp | | House | Spectrum |
| Eric Talman | 68.7.246.180 | over 2 years | dhcp | | Cell phone | AT&T |

**************   This IP address cannot be confirmed by Cox. It's potentially Tina's home IP address from the date range provided.

| tina blanco | 98.167.95.56 | 2013 to July 2016 | dhcp | | house | cox |

**Whenever Communications Computing Device Inventory Item**

Description of device

| Lenovo Tower  PC name ="seann" |

Make and Model

| Lenovo Tower |

Serial number or unique ID

| R303QJVG |

Operating System of device

| Windows 10 home |

Time period in use between 1/16/2016 to present

| August, 2017 |

All users of device during same time period

| Seann |

Locations of equipment during same time period

| Florida Store |

If device is no longer in use, last person to have custody

| Still in use |

Browser history Search results for "Satmodo"

Chrome Browser:

Found 52 search results for 'satmodo'

Jul 25, 2018 Silver File docs.herronlawapc.com

Jul 25, 2018 2017-02-01 Summons.pdf docs.herronlawapc.com

Jul 25, 2018 Silver File docs.herronlawapc.com

Jul 25, 2018 Silver File docs.herronlawapc.com

Jul 25, 2018 S:\Satellite Phone Store\Satmodo Matter\Joint Motion to Compel re Discovery Dispute No. revwpd.wpd docs.herronlawapc.com

Jul 25, 2018 2016-09-27 Response Ltr to Satmodo.pdf docs.herronlawapc.com

Jul 25, 2018 2016-09-15 Satmodo Demand Ltr.pdf docs.herronlawapc.com

Jul 25, 2018 Silver File docs.herronlawapc.com

Jul 25, 2018 Supoena-Guide-for-Identifying-Anonymous-Internet-Posters.pdf docs.herronlawapc.com

Jul 25, 2018  satmodo - technology profile.pdf  docs.herronlawapc.com

Jul 25, 2018 satmodo - relationship profile.pdf docs.herronlawapc.com

Jul 25, 2018 clickfraud.pdf  docs.herronlawapc.com

Jul 25, 2018  S:\Satellite Phone Store\Satmodo Matter\Working\SUMMARY TOTAL OF FRAUDULENT CLICKS IDENTIFIED BY PLAINTIFF IN FIRST.wpd  docs.herronlawapc.com

Jul 25, 2018 2 SATMODO000020.0001.XLSX  docs.herronlawapc.com

Jul 25, 2018 Dr Michael Sasevich, Thoracic and Cardiac Surgeon in Oklahoma City, OK US News.pdf docs.herronlawapc.com

Jul 25, 2018 Pleading Paper docs.herronlawapc.com

Jul 25, 2018 70.164.119.90 - CA Store.pdf docs.herronlawapc.com

Jul 25, 2018 2018-04-20 Defs' Oppo to MTC - Blanco Dec.pdf docs.herronlawapc.com

Jul 25, 2018  Business Entities Filing Document  docs.herronlawapc.com

Jul 25, 2018  Silver File  docs.herronlawapc.com

Jul 25, 2018  (3) 127Disgorgement of Unlawful Profits into Fluid Recovery Fund.pdf docs.herronlawapc.com

Jul 25, 2018  ORDER ON JOINT MOTION for determination of DISCOVERY DISPUTE no. 1 [ECF No. 51] docs.herronlawapc.com

Jul 25, 2018 Microsoft Word - Document1 docs.herronlawapc.com

Jul 25, 2018 Silver File docs.herronlawapc.com

Jul 25, 2018 Law 360 Article .pdf docs.herronlawapc.com

Jul 25, 2018 Silver File docs.herronlawapc.com

Jul 25, 2018 Combined Text Messages Angelo Phone 1.pdf docs.herronlawapc.com

Jul 25, 2018 Combined Text Messages.pdf docs.herronlawapc.com

Jul 25, 2018 Silver File docs.herronlawapc.com

Jul 25, 2018 Combined Text Messages Angelo Phone 2.pdf docs.herronlawapc.com

Jul 24, 2018
https://docs.herronlawapc.com/docs/Satellite%20Phone%20Store/Satmodo%20Matter/Depo%20Transcripts/BOLES%2C%20Thrika/2018-04-23%20BOLES%2C%20Thrika%20Deposition%20Transcript%2C.pdf docs.herronlawapc.com

Jul 24, 2018 Silver File docs.herronlawapc.com

Jul 24, 2018 Silver File docs.herronlawapc.com

Jul 24, 2018 Silver File docs.herronlawapc.com

Jul 24, 2018 Silver File docs.herronlawapc.com

Jul 24, 2018 Silver File docs.herronlawapc.com

Jul 24, 2018 Subpoena .pdf docs.herronlawapc.com

Jul 23, 2018 Silver File docs.herronlawapc.com

Jul 23, 2018 Silver File docs.herronlawapc.com

Jul 23, 2018 Silver File docs.herronlawapc.com

Jul 23, 2018 Silver File docs.herronlawapc.com

Jul 23, 2018 2018.04.18 Documents Produced by Frontier to Satmodo Subpoena.PDF docs.herronlawapc.com

Jul 23, 2018 Silver File docs.herronlawapc.com

Jul 23, 2018 2018.05.03 Documents Produced by Cox Communications to Satmodo Subpoena - Copy.PDF docs.herronlawapc.com

Jul 23, 2018 Silver File docs.herronlawapc.com

Jul 23, 2018 Subpoena .pdf docs.herronlawapc.com

Jul 23, 2018 Account Information 1648576 docs.herronlawapc.com

Jul 23, 2018 Account Information 1368075 docs.herronlawapc.com

Jul 23, 2018
https://docs.herronlawapc.com/docs/Satellite%20Phone%20Store/Satmodo%20Matter/Document%20P

roductions/Choopa%20production%20%28rev%207-12-18%29/ACCTID_1287530_report.pdf docs.herronlawapc.com

Jul 23, 2018 Account Information 1114446 docs.herronlawapc.com

Jul 23, 2018 2018.04.12 AT&T Response to Satmodo Subpoena [cannot comply].PDF docs.herronlawapc.com

Jul 23, 2018 Silver File docs.herronlawapc.com

------------

Internet Explorer = no results found

Edge = no results found