MATTHEW V. HERRON (Bar No. 71193)
mherron@herronlawapc.com
herronlaw, *apc*
350 Tenth Avenue, Suite 880
San Diego, California 92101-3545
Tel: (619) 233-4122 / Fax: (619) 233-3709

Attorneys for Defendants WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM; and HENAA BLANCO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 17-CV-0192-AJB MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:     January 31, 2019<br>TIME:     2:00 p.m.<br><br>DEPT:     3B<br>JUDGE:    Hon. Anthony J. Battaglia<br>MAGISTRATE: Hon. Michael S. Berg |

///
///
///
///
///
///
///
///

# TABLE OF CONTENTS

A.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.  FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . 1

    1.    PLAINTIFF'S SETTLEMENT DEMAND AND REFUSAL TO PROVIDE SUPPORTING DATA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    2.    SATMODO'S COMPLAINT AND FIRST AMENDED COMPLAINT . . . . . . . . . 1

    3.    SATMODO'S DISCOVERY RESPONSES . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    4.    THE CANCELLED COMPUTER INSPECTION . . . . . . . . . . . . . . . . . . . . . . . 3

    5.    SATMODO DID NOT DESIGNATE AN EXPERT . . . . . . . . . . . . . . . . . . . . . 3

C.  THE COURT SHOULD GRANT SUMMARY JUDGMENT BECAUSE PLAINTIFF CANNOT PROVE THE MASSIVE AND CONTINUOUS CLICK FRAUD ALLEGED IN THE FIRST AMENDED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## A. INTRODUCTION

Defendants Whenever Communications, LLC and Henaa Blanco request the court grant summary judgment because Plaintiff Satmodo, LLC cannot demonstrate a genuine issue of fact to support the alleged massive click fraud which is the foundation of each of the claims for relief in the First Amended Complaint. Without proof of these allegations, each claim fails.

## B. FACTUAL AND PROCEDURAL BACKGROUND

### 1. PLAINTIFF'S SETTLEMENT DEMAND AND REFUSAL TO PROVIDE SUPPORTING DATA

In September 2016, Satmodo, through counsel, accused Defendants of what it called "click fraud" in a letter which demanded a substantial settlement payment. 2016-09-15 Satmodo Demand Ltr; Notice of Lodgment ("NOL") Ex. E ("First Demand Letter"). Defendants responded by requesting the documents which would support the claim and the attribution of the clicks to Defendants. 2016-09-27 Response Ltr to Satmodo; NOL Ex. F.

While refusing to provide any supporting material, Satmodo made a second demand in October 2016. 2016-10-27 Ltr from Counsel Re Satmodo Investigation; NOL Ex. G. ("Second Demand Letter"). Defendants declined the unsupported demands. 2016-11-04 Ltr to Counsel Re Response to Oct. 27, 2016 Ltr; NOL Ex. H.

### 2. SATMODO'S COMPLAINT AND FIRST AMENDED COMPLAINT

Satmodo brought this case in March 2017. Defendants responded with a motion to dismiss, which the court granted in part. 2017-04-14 [15] Order on Defs' MTD; DK#15.

The currently operative First Amended Complaint followed. The foundational charging allegations are found in 15 paragraphs which alleged the Defendants engaged in regular, massive and often automated clicking on Satmodo's paid search engine ads, at the rate of hundreds of clicks per day. 2017-05-12 [16] Plt's 1st Amended Complaint, paras. 20 through 35, DK#16, p. 13 of 28 to p. 20 of 38. Satmodo incorporated these

allegations in each of the four claims for relief.

The court granted in part and denied in part a second motion to dismiss. 2017-12-08 [33] Order Re [17] MTD 1st Amended Complaint.

### 3.   SATMODO'S DISCOVERY RESPONSES

Defendant propounded a single Interrogatory which requested Satmodo list the clicks which it claimed were actionable. Satmodo responded by attaching a list to its response. 2018-02-22 Plt Response to S.Rog#1; NOL Ex. C. This list contains IP addresses, dates, times and the operating system used by the device which generated the click. The complete list is 4,161 clicks.

Defendants' expert attributes 20 of this body of clicks to Defendants' IP addresses. Declaration of Peter Kent in Support of Defendants' Motion for Summary Judgment, para. 4.

Satmodo, over objection which the Magistrate overruled, served subpoenas on the major internet service providers to obtain ownership information on hundreds of accounts. The following providers were served subpoenas on January 26, 2018: AT&T, Comcast, Cox Communications, Sprint, and Verizon, Inc. The following were served on March 23, 2018: AT&T, Choopa, Cox Communications, Frontier, Stackpath, and Total Server.

After waiting an extended time to allow for responses, Defendants propounded another single interrogatory requesting which of the IP addresses, which were the subject of these subpoenas, were attributed to Defendants and the basis for this attribution.

Satmodo's response, in substance, admitted it had no factual basis for attributing any of these IP addresses to Defendants. 2018-10-24 Plt's Response to SROG#2; NOL Ex. I

///
///
///
///

### 4.   THE CANCELLED COMPUTER INSPECTION

The parties disagreed on certain discovery sought by Satmodo, in particular, the request to permit inspection of Defendants' computers. The Magistrate, on order in a joint motion, fashioned a discovery protocol, permitting on site inspection and potentially copying of the hard drives of the computers at one of Defendants' locations. 2018-07-20 [57] Order Re [51] Jt Mtn Re Discovery. Defendant filed objections to that part of the Order. 2018-08-02 [58] Defs' Obj to [57] Order Re [51] Jt Mtn Re Discovery. 2018-10-18 [64] Defs' Stmt Re Discovery Status.

Defendants did not seek a stay of the inspection which was scheduled within the time the Magistrate provided. However, Satmodo's counsel cancelled the inspection as well as a series of depositions it scheduled. Satmodo's counsel then declined to participate in a required joint status report to the Magistrate. 2018-10-18 [64] Defs' Stmt Re Discovery Status.

As a result, the objections are probably moot and the time to complete the inspection has passed. Fact and expert discovery cut-off is November 26, 2018.

### 5.   SATMODO DID NOT DESIGNATE AN EXPERT

Satmodo did not designate an expert witness in either the initial or in the reply round. Defendants designated three experts. 2018-10-25 Defs' Rebuttal Expert Designations; NOL Ex. J.

///
///
///
///
///
///
///
///
///

## C. THE COURT SHOULD GRANT SUMMARY JUDGMENT BECAUSE PLAINTIFF CANNOT PROVE THE MASSIVE AND CONTINUOUS CLICK FRAUD ALLEGED IN THE FIRST AMENDED COMPLAINT

The two motions to dismiss and the resulting orders concern the legal difficulties Plaintiff faced in attempting to state claims based on the use of a search engine result available to the public. The Court allowed the case to proceed past the pleading stage, noting it was required to accept as true the click fraud allegations of the First Amended Complaint. 2017-12-08 [33] Order Re [17] MTD 1st Amended Complaint, p.6 of 15; p.7 of 15; p.9 of 15; and p.11 of 15.

The time for discovery has now come and gone and Satmodo's discovery responses demonstrate it lacks evidence of the click fraud allegations on which it bases each claim for relief.

The discovery responses demonstrate that the universe of clicks that Satmodo claims are actionable - - and even if they were all proven to be attributable to the Defendants - - is far too small to prove the click fraud allegation in the First Amended Complaint. 2018-02-22 Plt Response to S.Rog#1; NOL Ex. C. There is also no showing these clicks were grouped in such a way to cause the paid ad budget to be exhausted so that the ad would be taken off the search result.

In addition, Satmodo cannot attribute even this limited universe of clicks to the Defendants. Based on the IP address examination of Defendants' computers, only 20 of the clicks are logged as originating with the Defendants. Kent Declaration, para. 4; Winter Declaration, para. 4. Satmodo has no expert to disagree with this analysis.

Satmodo was given the extraordinary latitude in discovery to subpoena ownership information of IP addresses from numerous internet service providers. Even with the benefit of this information, Satmodo cannot attribute a single address to Defendants. 2018-10-24 Plt's Response to SROG#2; NOL Ex. I.

///

///

This case has proven to be a waste of judicial resources based on a competitor's scheme to vex Defendants into settling this baseless claim. The Court should dismiss the case because Satmodo cannot demonstrate a genuine issue of fact to avoid summary judgment.

**D.  CONCLUSION**

For the foregoing reasons, the Court should grant this motion.

Dated: November 16, 2018                         herronlaw, *apc*

By: /s/ Matthew V. Herron
Matthew V. Herron (SBN 71193)
mherron@herronlawapc.com
Attorneys for Defendants
WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM; and HENAA BLANCO

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 16, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated: November 16, 2018             herronlaw, *apc*

By:  /s/ Matthew V. Herron
Matthew V. Herron (SBN 71193)
mherron@herronlawapc.com
Attorneys for Defendants
WHENEVER COMMUNICATIONS, LLC, dba SATELLITEPHONESTORE.COM; and HENAA BLANCO