1
2  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
3  Scott J. Ivy, #197681
    *scott.ivy@mccormickbarstow.com*
4  Jared Gordon, #227980
    *Jared.gordon@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:  (559) 433-1300
   Facsimile:  (559) 433-2300

7  Attorneys for Plaintiff, SATMODO, LLC

8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

11
   SATMODO, LLC, a California limited    | Case No. 17-CV-0192-AJB MSB
12 liability company,                     |
                                          | **EX PARTE APPLICATION BY**
13              Plaintiff,                | **PLAINTIFF TO STAY DEADLINES**
                                          | **PENDING RESOLUTION OF**
14         v.                             | **DEFENDANT'S RULE 72(A)**
                                          | **OBJECTIONS TO MAGISTRATE'S**
15 WHENEVER COMMUNICATIONS,               | **DISCOVERY ORDER**
   LLC, d.b.a. SatellitePhoneStore.com, a |
16 Nevada limited liability company,      |
   HENAA BLANCO, an individual, and       |
17 DOES 1 through 50, inclusive,          |
                                          |
18              Defendants.               |

19
20         Plaintiff SATMODO, LLC ("Plaintiff") submits this Ex Parte Application for a
21 Stay of Discovery deadlines in the initial Scheduling Order (ECF #46), as previously
22 modified by the Magistrate (ECF #51), pending issuance of a ruling from this Court on
23 Defendants' Rule 72(a) Objections to the Magistrate's Discovery Order. The Order
24 involves production of information and forensic inspections necessary to allow Plaintiff
25 to ***begin*** discovery in this matter and prepare this case for trial.  Once the Objections are
26 resolved, the timing and scope of inspections are set, and the Magistrate addresses
27 Defendants' non-compliance with the portions of the Order not objected to, further
28 Scheduling Conference can be set with the Magistrate to re-set these dates.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17-CV-0192-AJB MSB

**EX PARTE APPLICATION TO STAY DISCOVERY PENDING ORDER**

## I.   **INTRODUCTION**

Plaintiff has since the inception of this case sought to obtain the basic information that provides the foundation of all of the claims it asserts in this action, i.e. the identity of all computing devices used by Defendants and its agents in the course of its business, and an inspection of the devices to confirm IP addresses that were used to fraudulently click Plaintiff's paid ads and/or evidence that these devices have been "wiped clean" since this litigation began to destroy such evidence. The Interrogatories seeking this information and accompanying Demand for Inspection of the identified devices were served on **February 1, 2018**.  It is now **November 19, 2018** and the information still has not been provided and the inspections have not taken place.

In July 2018, the Magistrate ordered Defendants to provide the information and permit inspections of all identified devices. (ECF #51)  The Order also continued the fact discovery deadline until **November 26, 2018** to allow the inspections to proceed, and indicated the remaining dates would be adjusted following the inspections. (ECF #51 page 10-11)  Defendants refused to provide the verified list of devices ordered by the Court, instead providing an unverified list contradicting earlier lists and specifically omitting 22+ cells phones previously disclosed as used for business purposes. Defendants also filed Rule 72(a) objections to the Magistrate's Order. Accordingly, because the inspections have yet to occur and the Objections remain pending, the Magistrate has not scheduled a hearing to adjust the remaining deadlines.

While the parties and the Magistrate await a ruling as to those Objections so the inspections, and discovery based upon the inspections can proceed, Defendants have filed a Motion for Summary Judgment based in large part on the premise that the Court should allow the fact and expert discovery cut-offs to expire while Defendant remains in non-compliance with the Order, and the Objections to the Order remain pending. Absent a stay from the Court, fact and expert discovery is currently set to close on the same day, **November 26, 2018**.

**NOTICE OF MOTION AND EX PARTE MOTION TO STAY DISCOVERY PENDING ORDER**

Defendants' counsel has refused requests to Stipulate to Stay the discovery deadlines pending resolution of the Objections by this Court so that discovery can proceed following receipt of the ruling.  Accordingly, Plaintiff is forced to expend time and resources to seek a Stay of the discovery deadlines contained in the initial Scheduling Order until this Court rules on the pending Objections, after which the Magistrate can re-set all dates to allow discovery to proceed in an orderly fashion based upon whatever inspections this Court deems warranted.

## II.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Defendants' efforts to preclude Plaintiff from *beginning* to obtain the critical discovery necessary to serve as the basis for all other discovery necessary to prepare this case for trial have reached new extremes.  The factual and procedural background that led up to the Joint Motion (ECF #51-1), Discovery Order (ECF #57) and Rule 72(a) Objections now pending before this Court are set forth in detail in Plaintiff's Response to those Objections as requested by this Court. (ECF #62)

In July 2018, Plaintiff finally obtained an Order from the Magistrate requiring Defendants to provide the basic foundational evidence upon which all other discovery will proceed, i.e. to identify all computing devices used by Defendants for business purposes, and allow Plaintiff's experts to conduct a subsequent inspection of those devices to uncover IP addresses used to fraudulently click Plaintiff's ads and/or evidence that some or all of those devices had been "wiped clean" of any such evidence since this litigation began.

Recognizing the impact of Defendants' efforts to thwart this discovery on the dates in the initial Scheduling Order, the Magistrate's Discovery Order continued the fact discovery deadline from <u>October 5, 2018</u> until <u>November 26, 2018</u> to allow the production of device identity and inspections to proceed, and indicated that the remaining dates would be adjusted following receipt of a Joint Status Report from the parties after the inspections and subsequent conference or order from the Magistrate.

(ECF #51 page 10-11)  Thus, for example, until further adjusted by the Magistrate following the inspections and Joint Report from the parties, the date for designation of experts in the initial Scheduling Order (October 5, 2018) was *seven weeks before* fact discovery was even set to close (November 26, 2018).   Until further modifications from the Magistrate following the inspections and Joint Report from the parties, the dates to disclose and complete expert discovery were *before* fact discovery even closed.

Defendants refused to provide the verified discovery responses on device identity as ordered by the Magistrate, instead providing another unverified list omitting dozens of cell phones and tablets that had previously been identified but were now absent. That alone precluded Plaintiff from proceeding with the inspections as ordered by the Magistrate.  (ECF # 59)  However, Defendant also filed Rule 72(a) Objections to the Magistrate's Order regarding virtually every aspect of the inspection protocol as ordered by the Magistrate. (ECF #58)   As requested by this Court, Plaintiff filed a response to those Objections. (ECF #62)  Defendants filed an unsolicited Reply (ECF #63), and the Objections remain pending decision from this Court.

Given Defendants' refusal to comply with the Magistrate's Order to provide a verified list of all devices and identifying information, and Defendants' pending Objections to the extent and scope of the inspections as ordered by the Magistrate as to all identified devices, the inspections did not proceed in September as contemplated in the Magistrate's Order.  (Ivy Decl. ¶ 6) Thus, beyond extending the deadline for fact discovery to allow the inspections to proceed in September, the Magistrate has yet to adjust the remaining dates in the initial Scheduling Order pending resolution of the Objections by this Court and completion of the inspections.

Neither Plaintiff nor Defendants designated experts on October 5, 2018,  as this was seven weeks before the adjusted fact discovery deadline, and would be adjusted by the Magistrate once the device information was provided and the inspections proceeded. (Ivy Decl., ¶9)  When Plaintiff contacted the Magistrate's clerk to inquire whether the post-inspection Joint Status Report called for in the Magistrate's Order that

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

17-CV-0192-AJB MSB

would be considered in re-setting the remaining dates in the initial Scheduling Order (ECF #57 - page 11), they were informed that the parties need not file the report given that Defendants' Objections to the Order remained pending. (Ivy Decl., ¶ 7 ) Plaintiff's counsel notified Defendants' counsel no Joint Statement was required at this time. (Id.) Defendants' counsel's response was to file a status report (ECF #64) stating that Plaintiff refused to "participate in this process," rather than disclosing Plaintiff's communication that the Magistrate's clerk had indicated the parties need not file a Joint Statement while the Objections remained pending. (Ivy Decl., ¶ 8)

Accordingly, the parties and the Magistrate are simply waiting for a decision from this Court as to the scope of the inspections to be allowed, after which the Magistrate can address the failure to provide the device information previously ordered, and the inspections can proceed. Following the inspections, the parties can provide a Joint Status Report to the Magistrate regarding the inspection and each party's positions as to additional adjustments to the initial Scheduling Order as contemplated in the Magistrate's Order. (ECF #57 - page 11)   In any normal litigation, these should not be issues that require intervention from this Court.  However, it appears Defendants and their counsel have recently hatched a plan to use Defendants' efforts to delay this discovery, refusal to provide the information as Ordered by the Court, and Objections to this Court to preclude Plaintiff's from proceeding with any further discovery at all.

On October 26, 2018, Defendants sought to designate "Rebuttal" Experts. This is despite the fact that there was nothing to "rebut" as neither party designated any experts on October 5, 2018, since this was over a month before fact discovery closed and would be adjusted by the Magistrate once the Objections were resolved and the inspections proceeded. (Ivy Decl., ¶ 10)   On the Friday before a Thanksgiving holiday week, Defendants doubled down and filed a Motion for Summary Judgment. The Motion is based, in large part, on a claim that because the remaining dates in the initial Scheduling Order have yet to be adjusted by the Magistrate given the pending Objections to the Order and inspections, Plaintiffs would not be able to prove their case

1   and it should be dismissed.  (Ivy Decl., ¶ 11)

2       Plaintiff will address the remaining "merits" of the Motion in due course.  Here,

3   Plaintiff addresses Defendants' argument that because the Magistrate has yet to adjust

4   the remaining deadlines in the Scheduling Order pending resolution of Defendants'

5   Objections, Plaintiff should not only not be able to obtain the information and

6   inspections ordered by the Magistrate, but should also be precluded from conducting

7   any discovery at all because the current discovery deadlines are about to expire.

8

9   ## III.   RELIEF REQUESTED BY THIS EX PARTE APPLICATION

10      Defendants are certainly entitled to have this Court consider and rule upon their

11  Objections to the Magistrate's Discovery Order.  Defendants are not, however, entitled

12  to repeatedly obstruct and delay Plaintiff's efforts to obtain the foundational

13  information needed to proceed with the additional discovery necessary to prepare this

14  case for trial, and then seek to profit from those tactics by asking the Court to allow the

15  old discovery deadlines to expire while these issues remain pending and unresolved.

16      The Magistrate's Order contemplated this very fact by extending fact discovery

17  date to allow the information to be provided and the inspections to proceed, with the

18  additional dates in the initial Scheduling Order to be adjusted following input from the

19  parties after the inspections were completed. (ECF #57 - page 11)  The information

20  ordered to be provided has still not been provided, and the Objections to the extent and

21  scope of the inspections remain pending.   Yet, based upon Defendants' literal reading

22  of the Scheduling Order while ignoring the subsequent events, absent a stay from the

23  Court, fact and expert discovery is currently set to close on the same day, **November

24  26, 2018**.

25      The relief sought by way of this application is straightforward and should have

26  been the subject of a Stipulation between the attorneys.  Plaintiff requests that this

27  Court stay the discovery deadlines contained in the initial Scheduling Order pending a

28  decision from this Court on Defendants' Objections to the inspections, with a further

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

6                                                  17-CV-0192-AJB MSB
**NOTICE OF MOTION AND EX PARTE MOTION TO STAY DISCOVERY PENDING ORDER**

1  conference scheduled with the Magistrate following a decision and completion of the

2  inspections to re-set all applicable dates.

3

4  Dated:  November  19, 2018                    McCORMICK, BARSTOW, SHEPPARD,
                                                          WAYTE & CARRUTH LLP
5

6

7                                             By:_____*s/Scott J. Ivy*_____
                                                              Scott J. Ivy
8                                                          Jared Gordon
9                                   Attorneys for Plaintiff, SATMODO, LLC
                                    Email: scott.ivy@mcormickbarstow.com
10
   018265-000000 5502968.1
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7                                    17-CV-0192-AJB MSB

NOTICE OF MOTION AND EX PARTE MOTION TO STAY DISCOVERY PENDING ORDER