McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scott J. Ivy, #197681
  Scott.Ivy@mccormickbarstow.com
Jared Gordon, #227980
  Jared.Gordon@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff, SATMODO, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC, a California limited liability company,<br><br>              Plaintiff,<br><br>      v.<br><br>WHENEVER COMMUNICATIONS, LLC, d.b.a. SatellitePhoneStore.com, a Nevada limited liability company, HENAA BLANCO, an individual, and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No. 17-CV-0192-AJB MSB<br><br>**DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE APPLICATION TO STAY DISCOVERY DEADLINES PENDING RESOLUTION OF DEFENDANTS RULE 72(a) OBJECTIONS TO MAGISTRATE'S DISCOVERY ORDER**<br><br>Action Filed:   February 1, 2017<br>Trial Date:      May 6, 2019 |

I, Scott J. Ivy, declare as follows:

1.      I am an attorney duly admitted to practice before the Courts of the State of California and before this Court. I am Of Counsel in the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth LLP, attorneys of record for Plaintiff, SATMODO, LLC ("Plaintiff") in the above-entitled action. If called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge except where stated upon information and belief and, as to these matters, I am informed and believe them to be true.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE APPLICATION FOR STAY OF
DISCOVERY DEADLINES

2.     I am submitting this Declaration in support of Plaintiff's Ex Parte Application for a Stay of Discovery Deadlines in the initial Scheduling Conference Order pending issuance of a ruling from the Court as to Defendants' Objections to the Magistrate's Discovery Order No. 1.

3.     In July 2018, Plaintiff finally obtained an Order from the Magistrate requiring Defendants to provide the basic foundational evidence upon which all other discovery will proceed, i.e. to identify all computing devices used by Defendants for business purposes, and allow Plaintiff's experts to conduct a subsequent inspection of those devices to uncover IP addresses used to fraudulently click Plaintiff's ads and/or evidence that some or all of those devices had been "wiped clean" of any such evidence since this litigation began.

4.     Recognizing the impact of Defendants' efforts to thwart this discovery on the dates in the initial Scheduling Order, the Magistrate's Discovery Order continued the fact discovery deadline from October 5, 2018 until November 26, 2018 to allow the production of device identity and inspections to proceed, and indicated that the remaining dates would be adjusted following receipt of a Joint Status Report from the parties after the inspections and subsequent conference or order from the Magistrate. (ECF #51 - page 10-11)  Thus, for example, until further adjusted by the Magistrate following the inspections and Joint Report from the parties, the date for designation of experts in the initial Scheduling Order (October 5, 2018) was *seven weeks before* fact discovery was even set to close (November 26, 2018).   Until further modifications from the Magistrate following the inspections and Joint Report from the parties, the dates to complete all expert discovery were *before* fact discovery even closed.

5.     Defendant refused to provide the verified discovery responses Ordered by the Magistrate as a pre-requisite to the inspections. (ECF #59)  Instead, Defendants provided an unverified list that did not include a single cell phone or tablet and specifically omitted the 20+ cell phones that Defendants had previously listed as being used by employees for business purposes. (ECF #59 - page 3)  Defendant also filed

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2

17-CV-0192-AJB MSB

DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE MOTION FOR STAY OF DISCOVERY

Rule 72(a) Objections to the Magistrate's Order regarding virtually every aspect of the inspection protocol as ordered by the Magistrate. (ECF #58)  As requested by this Court, Plaintiff filed a response to those Objections (ECF #62), Defendants filed an unsolicited Reply (ECF #63), and the Objections remain pending decision from this Court.

6.    Given Defendants' refusal to provide the verified information on device identity and Defendants' pending Objections to the extent and scope of the inspections as ordered by the Magistrate, the inspections did not proceed in September as contemplated in the Magistrate's Order. I provided a Supplemental Declaration to the Magistrate explaining the inability to proceed with the inspections due to Defendants' refusal to provide the device information as ordered by the Court. (See ECF #59)  I subsequently again notified Defendants' counsel that we were taking pending depositions off-calendar and would not proceed with "partial" inspections based upon unverified information that was incomplete and contradictory of prior information provided as to the identity of numerous other devices. Attached hereto as Exhibit 1 is a true and correct copy of my September 19, 2018 correspondence to Mr. Herron stating that the depositions and inspections could not and would not proceed until the information was provided or further Order from the Court in response to my Supplemental Declaration.

7.    When my secretary contacted the Magistrate's clerk to inquire whether the post-inspection Joint Status Report called for in the Magistrate's Order would considered in re-setting the remaining dates in the initial Scheduling Order (ECF #57, page 11), she was informed that the parties need not file the report given that Defendants' Objections to the Order remained pending. When Defendants' counsel inquired about the filing of a Joint Statement, my secretary notified them that the Magistrate's Clerk had indicated no report need be filed given that the Magistrate's Order was "pending" this Court's resolution of the Objections filed by Defendants.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3                              17-CV-0192-AJB MSB
DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE MOTION FOR STAY OF DISCOVERY

1 Attached hereto as Exhibit 2 is a true and correct copy of the email sent to Defendants'

2 counsel on October 17, 2018.

3       8.     Defendants' counsel's response was to file its own unilateral status report

4 (ECF #64) stating that Plaintiff had "stated they would not participate in this process,"

5 rather than disclosing Plaintiff's statement that the Magistrate's clerk had indicated the

6 parties need not file the Joint Statement while the Objections remained pending.

7 Nonetheless, pending resolution of the Objections, the Magistrate declined to set any

8 further conferences or issue any further orders adjusting the remaining dates in the

9 initial Scheduling Order.

10       9.     Given the pending Objections to the Magistrate's Order, neither Plaintiff

11 nor Defendants designated experts on October 5, 2018, as that date was seven weeks

12 before fact discovery even closed, and would be adjusted by the Magistrate once the

13 Objections were resolved, the device information was provided and the inspections

14 proceeded, and the parties provided their input as to adjustments to the dates as

15 contemplated by the Magistrate's Order. (See ECF #57, page 10)

16       10.    On October 26, 2018, Defendants sought to designate "Rebuttal" Experts.

17 This is despite the fact that there was nothing to "rebut" as neither party designated any

18 experts on October 5, 2018, since this was over a month before fact discovery closed

19 and would be adjusted by the Magistrate once the Objections were resolved and the

20 inspections proceeded.

21       11.    On the Friday before a Thanksgiving holiday week, Defendants doubled

22 down and filed a Motion for Summary Judgment. The Motion is based, in part, on a

23 claim that because the remaining dates in the initial Scheduling Order have yet to be

24 adjusted given the pending Objections to the Order and inspections, Plaintiffs would

25 not be able to prove their case and it should be dismissed.

26       12.    The information on device identity and inspection of the devices that are

27 the subject of the Magistrate's Discovery Order are critical foundational discovery that

28 Plaintiff needs to obtain to proceed with further depositions of Defendants and to obtain

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

4

17-CV-0192-AJB MSB

DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE MOTION FOR STAY OF DISCOVERY

expert input and consultation to prepare this matter for trial.  To date, this information has not been provided, no inspections have taken place, and the Objections to the Order remain pending.

13.    On November 16, 2018, I wrote to Defendants' counsel Matthew Herron and asked that he agree to a Stipulation staying the discovery deadlines pending a decision from this Court on the pending Objections to the Order.  Attached hereto as Exhibit 3 is a true and correct copy of my letter to Mr. Herron.   As of the date of this filing, I had received no response from Mr. Herron.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed by me on November 19, 2018, at Fresno, California.

*s/ Scott J. Ivy*
_____
Scott J. Ivy
Email:
*Scott.Ivy@mccormickbarstow.com*
Attorneys for Plaintiff
SATMODO, LLC

018265-000000 5503083.1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5

17-CV-0192-AJB MSB

**DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE MOTION FOR STAY OF DISCOVERY**

*SATMODO, LLC v. WHENEVER COMMUNICATIONS, LLC, d.b.a.*
*SatellitePhoneStore.com, et al.*

United States Eastern District of California, Southern District of California Case No.
17-CV-0192-AJB MSB

Exhibits To:
**DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE MOTION
FOR STAY OF DISCOVERY PENDING**

| DESCRIPTION | LOCATION | PAGE NO. |
|---|---|---|
| Letter to Matthew V. Herron dated September 19, 2018 | Exhibit 1 | 1 |
| Email to Tammy DosSantos & Matthew V. Herron dated October 17, 2018 | Exhibit 2 | 3 |
| Letter to Matthew V. Herron dated November 16, 2018 | Exhibit 3 | 4 |

**DECLARATION OF SCOTT J. IVY IN SUPPORT OF EX PARTE MOTION FOR STAY OF DISCOVERY**

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720



**McCORMICK
BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

FRESNO, CA OFFICE
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-8912
Telephone (559) 433-1300
Fax (559) 433-2300

September 19, 2018

**VIA EMAIL AND U.S. MAIL**

Matthew V. Herron, Esq.
Tammy Dos Santos
HERRON LAW, APC
350 Tenth Avenue, Suite880
San Diego, CA 92101-3545


Re:   <u>Satmodo, LLC v. Whenever Communications, LLC, et al.</u>
      USDC, Southern District, Case No. 17-CV-0192-AJB NLS
      Our File No.:  18265-00000


Dear Mr. Herron & Ms. Dos Santos,

        As I noted in my Supplemental Declaration to the Court (ECF # 59), we have still not received verified Supplemental Responses to Interrogatories Nos. 1-5, providing a list and identifying information for ALL computing devices (cell phones, tables, computer towers, laptops, etc.) used by Whenever or its employees for business purposes from January 1, 2016 until the present. The information you provided in response to the Court order was unverified, incomplete, and contradictory of prior information provided by Whenever.

        As stated in the Joint Motion (ECF # 53) and the Court's Order (ECF # 57), full and complete, and verified, responses to these Interrogatories is needed to proceed with an inspection of the devices, and to proceed with additional depositions.

        Accordingly, this will confirm that we will not be proceeding with a partial inspection of devices on September 28, 2018.  This will also confirm that we are taking the following depositions off-calendar, to be reset upon receipt of responses to the Interrogatories and/or other further orders from the Court:

Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

BAKERSFIELD, CA OFFICE
5060 California Ave., Suite 1090
Bakersfield, California 93309
Telephone 661-616-1594
Fax 661-616-1595

CINCINNATI, OH OFFICE
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

DENVER, CO OFFICE
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

LAS VEGAS, NV OFFICE
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

MODESTO, CA OFFICE
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

**October 1, 2018**
9:00 a.m. Sue Shorees
1:30 p.m. Marco Spassoviski

**October 2, 2018**
9:00 a.m. Eric Talman
1:30 p.m. Angelo Shorees

**October 3, 2018**
9:00 a.m. Henaa "Tina" Blanco
1:30 p.m. Person Most Knowledgeable

EXHIBIT 1 - PAGE 1



M c C O R M I C K
BARSTOW LLP
ATTORNEYS AT LAW

September 19, 2018
Page 2

**October 8, 2018**
9:00 a.m. Callie Parsons

**October 9, 2018**
9:00 a.m. Gregory Pech

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:dmh

18265-00000 5348531.1

EXHIBIT 1 - PAGE 2

**Scott Ivy**

| | |
|---|---|
| **From:** | Dawn M. Houston <Dawn.Houston@mccormickbarstow.com> |
| **Sent:** | Wednesday, October 17, 2018 1:04 PM |
| **To:** | Tammy DosSantos (tdossantos@herronlawapc.com); 'mherron@herronlawapc.com' |
| **Cc:** | Scott Ivy; Michelle Gagnon |
| **Subject:** | RE: Satmodo v. Whenever Communications |

Ms. Dossantos,
On 10/9/18 I spoke with the clerk of the court.  She instructed me that until Judge Anthony J. Battaglia rules the objection (58) to the order (57), that order by Judge Nita L. Stormes is pending.  Satmodo, LLC will not be submitting a status report until instructed to do so by the court.
Thank you,
Regards,
Dawn

> **From:** Tammy Dos Santos <tdossantos@herronlawapc.com>
> **Date:** October 17, 2018 at 12:34:38 PM PDT
> **To:** Scott Ivy <scott.ivy@mccormickbarstow.com>
> **Cc:** Matthew Herron <mherron@herronlawapc.com>, Ken Lau <klau@herronlawapc.com>
> **Subject: Satmodo v. Whenever Communications**
>
> Counsel,
>
> The status report is due to the court tomorrow regarding the on-site inspection of the computers.  Please email us your five page statement by 4:00 p.m. today.
>
> Thank you.
>
> Regards,
>
> Tammy

## Scott Ivy

| | |
|---|---|
| **From:** | Dawn M. Houston |
| **Sent:** | Friday, November 16, 2018 4:41 PM |
| **To:** | 'mherron@herronlawapc.com'; Tammy DosSantos (tdossantos@herronlawapc.com) |
| **Cc:** | Scott Ivy; Michelle Gagnon |
| **Subject:** | Satmodo, LLC v. Whatever Communications, LLC |
| **Attachments:** | Ltr to M. Herron.PDF |

Please see attached.
Thank you

1

EXHIBIT 3 - PAGE 4



**McCORMICK**
**BARSTOW LLP**
ATTORNEYS AT LAW

Scott J. Ivy
scott.ivy@mccormickbarstow.com

FRESNO, CA OFFICE
7647 North Fresno Street
Fresno, CA 93720
P.O. Box 28912
Fresno, CA 93729-2912
Telephone (559) 433-1300
Fax (559) 433-2300

November 16, 2018

**VIA E-MAIL**

Matthew V. Herron, Esq.
HERRON LAW, APC
350 Tenth Avenue, Suite 880
San Diego, CA 92101-3545

Re:   Satmodo, LLC v. Whenever Communications, LLC, et al.
      USDC, Southern District, Case No. 17-CV-0192-AJB NLS
      Our File No.: 18265-00000

Dear Mr. Herron,

        I am in receipt of your client's Motion for Summary Judgment, which we will
oppose in due course. For now, we write to meet and confer with you regarding your
apparent position regarding the continued application of certain deadlines in the initial
Scheduling Order.

        As you are well aware, on July 20, 2018, the Magistrate issued an Order requiring
your clients to provide verified responses to Interrogatories and allowing inspection of
devices to proceed pursuant to certain protocols issued by the Court. The Order also
continued the deadline for fact discovery until November 26, 2018, and indicated that the
Court would schedule a telephonic hearing or issue a further order regarding
modification of the other dates in the initial Scheduling Order once the inspections
proceeded. The parties were then ordered to provide the court with a joint status report
following the onsite inspections.

Other offices of
McCORMICK, BARSTOW, SHEPPARD
WAYTE AND CARRUTH, LLP

www.mccormickbarstow.com

BAKERSFIELD, CA OFFICE
5060 California Ave., Suite 1090
Bakersfield, California 93309
Telephone 661-616-1594
Fax 661-616-1595

CINCINNATI, OH OFFICE
Scripps Center, Suite 1050
Cincinnati, Ohio 45202
Telephone (513) 762-7520
Fax (513) 762-7521

DENVER, CO OFFICE
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone (720) 282-8126
Fax (720) 282-8127

LAS VEGAS, NV OFFICE
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
Fax (702) 949-1101

MODESTO, CA OFFICE
1125 I Street, Suite 1
Modesto, California 95354
Telephone (209) 524-1100
Fax (209) 524-1188

        On August 2, 2018, you filed Objections to the Magistrate's Order. Shortly
before the deadline to file the joint status report with the Court regarding the inspections
and further modifications of the deadlines in the initial Scheduling Order, we notified
you that the Court clerk had indicated to us that the parties were not required to do so
until after the pending Objections to the Order were resolved by the District Court.
Instead, you filed your own unilateral report falsely telling the Court that we "refused to
participate" in the filing of a joint report, rather than disclosing our communication to
you that we had been advised no such report was required due to the pending Objections
to the Order. The Magistrate Judge did not schedule any further scheduling conference
or other orders re-setting the other dates from the initial Scheduling Order given that the
inspections had not yet proceeded and the Objections to the Order remained pending
with the District Judge.

        Because we could not proceed with the inspections due to your failure to provide
the information required and the pending Objections to the inspection protocols, all
depositions and the inspections were taken off-calendar pending receipt of information

EXHIBIT 3 - PAGE 5



Matthew V. Herron
November 16, 2018
Page 2

needed to proceed with the inspections, completion of the inspections, and/or further order from the Court. Neither party designated experts on October 5, 2018, the date from the original scheduling order, as that was 6 weeks before <u>fact discovery</u> was even set to expire pursuant to the Magistrate's Discovery Order, and the Magistrate had still not re-set the remaining deadlines pending resolution of your Objections by the District Judge.

With all of that background, on October 26, 2018 we received from you a designation of "rebuttal" experts.   This is despite the fact the Objections remained pending, and neither party designated experts that could be rebutted given we were all waiting on further orders from the Court adjusting the rest of the deadlines. Your designation of a "rebuttal" experts was also a full month before fact discovery was even set to expire under the Court's most recent Order.

Today, we received your Motion for Summary Judgment that appears to argue the Magistrate's delay in re-setting the rest of the pre-trial dates pending resolution of your Objections to the Order should somehow serve to preclude us from conducting any discovery in this matter. Your position that the Magistrate intended to hold the parties to an expert designation date <u>that was 6 weeks before fact discovery closed</u>, and that the current extended fact discovery deadline should stay in place even while we await a ruling on your Objections, is in conflict with her Order and clearly not made in good faith.

We write to request that you agree to a Stipulation staying all of the pending discovery deadlines in the initial Scheduling Order until the District Judge rules on your Objections to the Magistrate's Order.  The dates can be re-set after it is determined when and to what extent those inspections proceed, and whether further responses to the Interrogatories are required. Up until receiving your Motion, we did not believe such a Stipulation was necessary given that is clearly what was intended by the Magistrate's Order and how all parties have proceeded up until this point.  As you are now attempting to seize upon the delay in our ability to proceed with discovery caused by your failure to comply with the Magistrate's Order to provide verified Interrogatory responses, and pending objections to the inspections ordered by the Magistrate, we will have to waste further time and fees addressing this issue with the Court.  I would prefer to do that by Stipulation as opposed to an Ex Parte Application.

Please let me know <u>by noon on Monday</u> whether you will agree to the above Stipulation.  If we do not reach any agreement by then, we will be required to proceed with an Ex Parte Application seeking a stay of all of the pending discovery deadlines in the initial Scheduling Order until the District Judge rules on your Objections to the Magistrate's Order, with all dates to be re-set by the Magistrate after it is determined when and to what extent the inspections proceed.

If you have any questions, feel free to contact me.

EXHIBIT 3 - PAGE 6



**McCORMICK
BARSTOW LLP**
ATTORNEYS AT LAW

Matthew V. Herron
November 16, 2018
Page 3

Very truly yours,

Scott J. Ivy
McCormick Barstow LLP

SJI:dmh

018265-000000 5503323.1

EXHIBIT 3 - PAGE 7