UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Satmodo, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Whenever Communications, LLC, dba Satellitephonestore.com and Henna Blanco,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-0192-AJB-MSB<br><br>**ORDER DENYING DEFEDANTS' OBJECTIONS**<br><br>**(Doc. No. 58)** |

Following the magistrate judge's order on a jointly submitted discovery dispute, (Doc. No. 57), Defendants Whenever Communications, LLC and Henna Blanco filed an objection, arguing several of the magistrate judge's findings were wrong. (Doc. No. 58.) For the reasons stated below, the Court **OVERRULES** defendants' objections. (Doc. No. 58.)

## I. BACKGROUND

Plaintiff sought to discover information about defendants' computer devices, which they have alleged defendants used to engage in a click-bait scheme. Defendants opposed any such discovery and the parties filed a joint motion for determination of discovery dispute before the magistrate judge. (Doc. No. 51.) The magistrate judge entered an order, which in part included an inspection protocol for the parties to follow such that plaintiff

1

could inspect defendants' computers. (Doc. No. 57.) Defendants then objected to that order and the parties were ordered to brief their objections before this Court.

## II.  LEGAL STANDARDS

Under 28 U.S.C. § 636(b), "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

## III.  DISCUSSION

Defendants filed eight objections to the discovery order. (Doc. No. 58 at 2–3.)

### 1. Supplemental Declaration Objection (Objection No. 1)

First, defendants argue "[t]he Magistrate should have sustained, and not overruled, the objection to the Supplemental Declaration of Scott J. Ivy submitted after the Joint Motion and in violation of the Local Rules and Chamber Rules of the Magistrate." (Doc. No. 58 at 2.)

After the joint motion was filed, Scott J. Ivy—Satmodo's attorney—filed a supplemental declaration. (Doc. No. 53.) Mr. Ivy's declaration concerns a deposition he took of "Thikra Boles, the head of the billing department for Defendant Whenever Communications." (*Id.* ¶ 3.) He believed information given during the deposition "had a direct bearing on the issues presented in the Joint Motion" and that the information was not available when the motion was filed, as the deposition was taken the same day. (Doc. No. 62 at 8–9.) Defendants filed a subsequent objection conclusively stating the declaration was "untimely, not allowed under the court's joint motion procedure, irrelevant and hearsay." (Doc. No. 58 at 2.) The magistrate judge's order overruled these objections in a footnote. (Doc. No. 57 at 5 n.5.)

Although the magistrate judge overruled defendants' objections without analysis, the Court finds the decision to allow Mr. Ivy's declaration to be filed and considered under these circumstances reasonable and not contrary to the law. Thus, the Court **OVERRULES** defendants' first objection.

## 2. Inspection Protocol Objections (Objections No. 2, 3, 4, 5, 6)

The next five objections are based on the magistrate judge's ordered inspection protocol. (Doc. No. 58 at 2.) Defendants argue the magistrate judge: (2) failed to give the opportunity for a response or hearing before fashioning the protocol; (3) should not have ordered the onsite inspection of defendants' computer or the inspection of devices owned by employees; (4) should not have allowed the inspection to determine the computer's model and serial number, the operating system, the browsers installed, and the IP address associated with it; (5) should not have allowed plaintiff's expert to determine if certain things specified in the order, (Doc. No. 57 ¶¶ 3(a)–(e)), would be revealed by further forensic analysis; and (6) should have allowed plaintiff's expert to determine if the computers should be imaged.

Pertaining to these issues, the magistrate judge held that inspection was permitted because defendants are the only party who can access the information needed. The order states:

> Defendants have sole and exclusive access to devices and control over the information they share; inspection of the devices could resolve the issues of the case; and the Court finds that any burden and expense associated with the discovery is proportionate to the needs of the case, will be borne primarily by the Plaintiff, and will be important to the resolution of the issues.

(Doc. No. 57 at 8.) The magistrate judge considered both defendants' privacy interests and business interests in its analysis. Moreover, as the order states, fashioning an inspection protocol is within the discretion of the magistrate judge. (Doc. No. 57 at 8 (listing cases).) Reviewing both the magistrate judge's analysis and inspection protocol, the Court finds the order and protocol reasonable and containing no error. Accordingly, the Court agrees with the magistrate judge's findings and instructions. The Court, thus, **OVERRULES** defendants' objections 2–6.

## 3. Imaging Devices Owned by Employees Objection (Objection No. 7)

Defendants next object that the magistrate judge had no authority to order the imaging of devices owned by defendants' employees. (Doc. No. 58 at 2.) Again, while

defendants failed to give any argument as to why this order was improper, plaintiff states the objection is likely based on the argument that defendants lack possession, custody, or control of such devices. (Doc. No. 62 at 11.) Plaintiff notes that this argument is improperly before this Court because it was never presented to the magistrate judge. *Rodriguez v. Pataki*, 293 F. Supp. 2d 313, 315 (S.D.N.Y 2003) (denying the defendant's requests for rulings on issues not addressed by magistrate where court had referred all discovery disputes in the case to the magistrate since he is in the best position to review them in the first instance). Plaintiff also notes that this argument is now an about-face from what defendants argued in the original motion—which was that it had possession, custody, and control of their employee's devices. (Doc. No. 62 at 12.) Plaintiff argues that defendants had inspected those devices but would not produce the devices to plaintiff to conduct inspections. (*Id.*) The magistrate judge's order states that "Defendants have sole and exclusive access to devices and control over the information they share." (Doc. No. 57 at 6.) The issue before the magistrate judge was whether access could be provided to plaintiff and plaintiff's experts—not whether defendants had custody and control. The magistrate judge held that these devices were used in the scope of business and thus subject to inspection. Defendants fail to rebut any of these findings or plaintiff's arguments in its reply. (Doc. No. 63.)

Again, reviewing the magistrate judge's analysis and findings, the Court finds the order well-reasoned and thorough. As the objecting party, defendants have failed to make any argument, other than a conclusory one, that the magistrate judge's order was in legal error. Thus, the Court **OVERRULES** this objection.

**4.     Defendants' Objection that the Order is Unenforceable
          (Objection No. 8)**

Finally, defendants object stating "[t]he Magistrate's limitation of the scope of inspection of the imaged computer information is unenforceable and thus virtually meaningless given the fact the parties are direct competitors." (Doc. No. 58 at 3.) However, in its objection and its reply, defendants fail to give any authority or argument as to the fact

4

that the competition between the parties invalidates a federal judge's order. Thus, the Court **OVERRULES** this objection.

### IV. CONCLUSION

As stated herein, the Court **OVERRULES** each of defendants' objections. (Doc. No. 57). As previously instructed, the parties are ordered to contact magistrate judge Berg's chambers within three days of this order to reset discovery-related deadlines. (Doc. No. 68.)

**IT IS SO ORDERED.**

Dated: February 27, 2019

Hon. Anthony J. Battaglia
United States District Judge