UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATMODO, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>WHENEVER COMMUNICATIONS, LLC, et al.,<br><br>          Defendants. | Case No.: 17cv0192-AJB (MSB)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS FOR VIOLATION OF COURT ORDER**<br>**[ECF No. 78]** |

Pending before the Court is the parties' Joint Motion for Sanctions for Violation of Court Order, filed on May 15, 2019 [ECF No. 78]. In the joint motion, Defendants request, and Plaintiff opposes the imposition of sanctions for Plaintiff's alleged violation of Judge Stormes' Order setting out the protocol to be used by Plaintiff's experts for the inspection of Defendants' devices. For the reasons described below, the Court **DENIES** the motion.

### FACTUAL BACKGROUND

United States Magistrate Judge Nita L. Stormes ordered an inspection, and possible copying, of Defendants' computers and mobile devices on July 20, 2018 [ECF No. 57]. The Order set forth a specific sequence of events for the inspection to take place. (Id. at 8-10.) Specifically, Plaintiff's and Defendants' experts were to arrange a

1

time for Plaintiff's expert to inspect the relevant devices at Defendants' San Diego office, under the supervision of Defendants' expert. (Id. at 8-9.) During the onsite inspection, Defendants and their expert were to provide sufficient access to the devices to permit Plaintiff's expert to gather and/or confirm certain identifying and operating information, then to inspect the devices to determine whether further forensic analysis would reveal five enumerated categories of information. (Id. at 9.) The language at-issue to the dispute here provided "If the Plaintiff's expert determines that it cannot obtain any of the [enumerated information] within a reasonable time during an onsite inspection, then the Plaintiff's expert may image the devices from the San Diego office and employees . . . for off-site analysis." (Id.)

After a delay while the Court resolved Defendant's objection to Judge Stormes' order (see ECF Nos. 58, 69), the parties went forward with the inspection on April 12 and 13, 2019 (see ECF No. 78-2 at 3; ECF No. 78-4 at 3). Prior to the inspection, on April 3, Plaintiff's experts informed Plaintiff's counsel that after reviewing Judge Stormes' Order and the device list, they had determined that forensic analysis would likely reveal the enumerated information, but such forensic analysis could not be conducted within a reasonable time during an on-site inspection, as the analysis would take two to three hours per device. (ECF No. 78-4 at 2; ECF No. 78-2 at 2; ECF No. 78-3 at 3.) They informed Plaintiff's counsel that for these reasons, they would probably need to image all of the devices for off-site analysis. (Id.) The same day, Plaintiff's counsel contacted Defense counsel and requested an hour earlier start time, because "my experts are telling me that simply gathering the make, model and serial numbers to confirm each device identity on the list and then imaging them for later forensic analysis relating to the presence of any information or data listed in the Court's Order could itself take almost 2 days." (ECF No. 78-4 at 2-3.) Defendants' counsel did not object. (Id. at 3 (Defendant [sic] response was that the inspections could start at 9:00 a.m.).) Again, on April 8, 2019, Plaintiff's counsel made references to Defendants' counsel about his experts' anticipated imaging of the devices. (Id. at 3.)

On April 12, 2019, Plaintiff's experts arrived to perform the inspection and learned that they would have only fifteen hours total to perform their inspections, less than the two full days they anticipated. (See ECF No. 78-2 at 3, ECF No. 78-3 at 4.) After analyzing the situation, Plaintiff's experts finally determined that the available time was insufficient to collect the enumerated information, and informed Defendants' experts that they would be imaging the devices pursuant to paragraph 4 of the Court's Order. (ECF No. 78-2.) Two of Defendants' experts supervised Plaintiff's expert for the entire inspection process, and no one from Defendants' team objected to the way the inspection went forward. (Id.) Plaintiff's experts inspected each device on this list, with the help of Defendants' experts, to identify and record its make, model, serial number, and to whom it had been assigned before imaging the devices. (Id.) According to Defendants' expert, Plaintiff's experts did not conduct an inspection of each device pursuant to paragraph 2(b) through (d) or 3 of Judge Stormes' Order. (ECF No. 78-1 at 2.) Defendants' expert identifies steps that could have been taken to gather some of the information permitted in paragraphs 2 and 3, but does not state how long those steps would have taken. (See id.)

Defendants' counsel contacted Plaintiff's counsel on April 15, 2019, alleging that Plaintiff's experts had violated Judge Stormes Order. (ECF No. 78-4 at 3.) The parties filed the instant Joint Motion for Sanctions for Violation of Court Order on May 15, 2019. (See ECF No. 78.) With the Court's permission, Defendants filed a Reply Memorandum on May 28, 2019. (See ECF No. 81.) Defendants argue that because Plaintiff's experts did not inspect each device individually for the information described in paragraphs 2 and 3 of Judge Stormes' Order, the imaging of the devices violated the Order requests the remedy of sanctions, including "the immediate return of the images and all related work product and whatever other sanctions the court deems proper." (ECF No. 78 at 4.)

///

///

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure Rule 37(b)(2)(A) allows the Court to impose a wide range of sanctions against a party for failing to obey a discovery order. Fed. R. Civ. P. 37. Judge Stormes made reference to the Court's willingness to impose sanctions on the parties, their counsel, or their experts for "[f]ailure to follow the guidelines set forth in this order or any bad faith conduct by either side during the inspection process." (ECF No. 57 at 10.) In deciding the Defendants' request for sanctions, the Court must determine whether the Plaintiff's actions were inconsistent with Judge Stormes' Order.

## II. DISCUSSION

Based on the facts described above, Defendants argue that Plaintiff's experts were only permitted to image the devices "if the expert 'determined it cannot obtain *any of the information*' listed in paragraph [3(a)-(e)] within a reasonable time." (ECF No. 78 at 3 (quoting ECF No. 57 and adding emphasis).) Defendants argue that Plaintiff's experts ran afoul of Judge Stormes' Order by imaging the devices without first determining whether the enumerated information was available at the onsite inspection. (Id.)

Plaintiff's argue that paragraph 4 of Judge Stormes' Order gave their experts "complete discretion to determine whether [the enumerated] information could not be obtained during a reasonable time during an onsite inspection." (Id. at 4.) Plaintiff's counsel further notes that he provided defense counsel with notice that his experts would be imaging the devices as early as April 3, 2019 and received no objection from Defendants. (ECF No. 78-4 at 2-3; ECF No. 78 at 5-6.) Defendants' experts used their training and experience to determine that because it would take weeks to complete the inspections of all of the devices and two days just to image the devices, imaging the 47 devices pursuant to paragraph 4 of Judge Stormes' Order "was the only reasonable action." (ECF No. 78-2 at 2-3.) Based on these facts, Plaintiff argues that his "expert complied with the letter, the spirit and the intent of the Inspection Order at all times

and should be allowed to complete the forensic analysis of each device pursuant to the terms of the Court's Order." (ECF No. 78 at 8.)

Defendants' Reply essentially argues that any shortage of time was not created by Defendants, since Plaintiff only requested two days for the inspection, and never requested additional time that would have permitted Plaintiff to do the inspections onsite. (See ECF No. 81.)

After carefully reading Judge Stormes' Order setting out the process for inspecting the computer devices at Defendant's San Diego office [ECF No. 57], the Court concludes that Plaintiff's actions did not violate the Order and no sanctions should be imposed.

First, the Order gave Plaintiff's experts the discretion to determine if inspecting the devices would take an unreasonable amount of time. Contrary to Defendants' assertion, Judge Stormes' Order does not require that Plaintiff's experts first complete the inspections in paragraphs 2 and 3 before proceeding to image the devices pursuant to paragraph 4. Paragraphs 2 and 3 describe the opportunity that must be made available to Plaintiff's experts during the onsite inspection. Paragraph 2 begins "[t]he onsite inspection must permit the Plaintiff's expert to gather and/or confirm . . ." (ECF No. 57 at 9.) Paragraph 3 states that during the onsite inspection, "Plaintiff's expert is to be provided access sufficient to determine if further forensic analysis would reveal. . ." (Id.) The language of paragraph 4 gives Plaintiff's expert the discretion image the devices if it determines that it cannot obtain the enumerated information "within a reasonable time during the onsite inspection." (Id.) The Order does not dictate when Plaintiff's expert may make that determination, or what should be considered a reasonable time.

Second, Plaintiff's appears to have exercised its discretion in good faith. Plaintiff's expert was able to discern from the items listed in Judge Stormes' Order and the number of devices device list that necessary analysis would likely reveal the enumerated information but would take at least several weeks. It was a fair assessment that several weeks was an unreasonable amount of time for the onsite inspection, and the imaging

5

of the devices was the right course of action.  While Defendants argue that there are things Plaintiff's expert could have done to obtain some of the enumerated information, those means do not address all of the enumerated information and Defendants do not make any representations about the amount of time those efforts would have taken.

Third, despite advance notice from Plaintiff's counsel and Plaintiff's expert informing Defendants' experts about their decision to image pursuant to paragraph 4, no one objected on Defendants' behalf until after the inspection and imaging was completed.  Bringing this motion after the inspection and imaging was complete, and in fact at the very last moment[1], only threatens to further delay the inspections ordered by Judge Stormes nearly one year ago.

Finally, the Court believes that the guidelines for off-site inspection in paragraph 5 of Judge Stormes' Order sufficiently protect the privacy concerns of Defendants and their employees.  (See ECF No. 57 at 10 (designating imaged devices as Highly Confidential – Attorney's Eyes Only, limiting review of the imaged data by Plaintiff's experts, and requiring Plaintiffs to provide copies of all documents obtained from off-site review to Defendants' counsel for objection).)

///
///
///
///
///
///
///
///

---

[1] Although not raised by Plaintiff, the Court notes that pursuant to paragraph IV.D of Judge Berg's Chambers Rules the instant motion is actually untimely since the inspection was completed on April 13, 2019, but the Instant Joint Motion wasn't filed until May 15, 2019, more than "**thirty (30) days [after]** the date upon which the event giving rise to the dispute occurred."

### III.   CONCLUSION

Because the Court concludes that Plaintiff's experts' decision to image the devices on the stipulated list on April 12 and 13, 2019 did not violate the protocol set forth in Judge Stormes' July 20, 2018 Order, the Court **DENIES** Defendants' request for sanctions.

**IT IS SO ORDERED.**

Dated:  June 4, 2019

Honorable Michael S. Berg
United States Magistrate Judge